Robert L. Sills (RS 8896)
Orrick, Herrington & Sutcliffe LLP
666 Fifth Avenue, New York, New York 10103
Telephone: (212) 506-5000
Facsimile: (212) 506-5151
Attorney for Petitioner

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x

TELENOR MOBILE
COMMUNICATIONS AS,

         Petitioner,

  -against-

STORM LLC,

         Respondent.

------------------------------------------------------------x

07 Civ. 6929

ECF CASE

**PETITION TO CONFIRM ARBITRATION AWARD**

    Telenor Mobile Communications AS ("Telenor Mobile"), by its undersigned attorneys for its petition herein, states as follows:

### NATURE OF THE PROCEEDING AND RELIEF SOUGHT

    1.    This is a proceeding to confirm an arbitration award against respondent Storm LLC, and to have judgment entered thereon pursuant to Sections 9 and 207 of the Federal Arbitration Act, 9 U.S.C. §§ 9, 207.

### PARTIES

    2.    Telenor Mobile is, and at all times relevant herein, has been, a corporation duly organized and existing under the laws of the Kingdom of Norway, with its principal place of business in Fornebu, Norway.

3.  Storm LLC ("**Storm**") is, and at all times relevant herein, has been, a limited liability company organized and existing under the laws of Ukraine, with its principal address at 1, Narodnogo Opolchennya Street, Kyiv 03151, Ukraine.

4.  Storm is a subsidiary of Altimo Holdings & Investments Limited ("**Altimo**"), a British Virgin Islands company, which owns 100% of Storm through two wholly owned Cypriot companies, Hardlake Limited ("**Hardlake**") and Alpren Limited ("**Alpren**"). The sole corporate purpose of both Alpren and Hardlake is to hold Storm's shares for Altimo.

## JURISDICTION AND VENUE

5.  This Court has jurisdiction over the subject matter of this proceeding pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, dated June 10, 1958 (the "**New York Convention**"), and Section 203 of the Federal Arbitration Act, 9 U.S.C. § 203.

6.  Venue is proper in this district pursuant to Section 204 of the Federal Arbitration Act, 9 U.S.C. § 204.

## FACTS

### The Parties' Agreement

7.  Telenor Mobile and Storm are the principal shareholders of Closed Joint Stock Company "Kyivstar G.S.M." ("Kyivstar"), the leading Ukrainian mobile telecommunications company.[1] On or about January 30, 2004, Telenor Mobile and Storm entered into the Shareholders Agreement dated January 30, 2004 (the "Shareholders Agreement") among Telenor Mobile, Storm and Kyivstar. The Shareholders Agreement contains the following broadly worded arbitration clause:

2

12.01 <u>Arbitration; Consent to Jurisdiction</u>

(a) Any and all disputes and controversies arising under, relating to or in connection with this Agreement shall be settled by arbitration by a panel of three (3) arbitrators under the United Nations Commission on International Trade Law (UNCITRAL) Arbitration Rules then in force (the "**UNCITRAL Rules**") in accordance with the following terms and conditions:

(i) In the event of any conflict between the UNCITRAL Rules and the provisions of this Agreement, the provisions of this Agreement shall prevail.

(ii) The place of the arbitration shall be New York, New York, United States of America.

(iii) Where there is only one claimant party and one respondent party, each shall appoint one arbitrator in accordance with the UNCITRAL Rules, and the two arbitrators so appointed shall appoint the third (and presiding) arbitrator in accordance with the UNCITRAL Rules within thirty (30) days from the appointment of the second arbitrator. In the event of an inability to agree on a third arbitrator, the appointing authority shall be the International Court of Arbitration of the International Chamber of Commerce, acting in accordance with such rules as it may adopt for such purpose. Where there is more than one claimant party, or more than one respondent party, all claimants and/or all respondents shall attempt to agree on their respective appointment(s). In the event that all claimants and all respondents cannot agree upon their respective appointments(s) within thirty (30) Business Days of the date of the notice of arbitration, all appointments shall be made by the International Court of Arbitration of the International Chamber of Commerce.

(iv) The English language shall be used as the written and spoken language for the arbitration and all matters connected to the arbitration.

(v) The arbitrators shall have the power to grant any remedy or relief that they deem just and equitable and that is accordance with the terms of this Agreement, including specific performance, and including, but not limited to injunctive relief, whether interim or final, and any such relief and any interim, provisional or conservatory measure ordered by the arbitrators may be specifically enforced by any court of competent jurisdiction. Each Party retains the right to seek interim, provisional or conservatory measures from judicial authorities and any such request shall not be deemed incompatible with the agreement to arbitrate or a waiver of the right to arbitrate.

(vi) The award of the arbitrators shall be final and binding on the Parties.

---

[1] The only other shareholders of Kyivstar are four wholly owned subsidiaries of Telenor Mobile which each own one share of Kyivstar.

3

(vii) The award of the arbitrators may be enforced by any court of competent jurisdiction and may be executed against the person and assets of the losing party in any competent jurisdiction.

(b) Except for arbitration proceedings pursuant to Section 12.01(a), no action, lawsuit or other proceeding (other than the enforcement of an arbitration decision, an action to compel arbitration or an application for interim, provisional or conservatory measures in connection with the arbitration) shall be brought by or between the Parties in connection with any matter arising out of or in connection with this Agreement.

8. A true and correct copy of the Shareholders Agreement is annexed hereto as Exhibit A, and is made a part hereof as if fully set forth herein.

### The Arbitration and Storm's Efforts to Derail the Arbitration Proceedings

9. In February 2006, Telenor Mobile commenced arbitration proceedings against Storm under the Shareholders Agreement (the "**Arbitration**"), seeking relief arising out of Storm's violations of the substantive provisions of the Shareholders Agreement.

10. An arbitration tribunal of three members (the "**Tribunal**") was duly appointed in accordance with the provisions of the Shareholders Agreement and the UNCITRAL Rules, and the arbitration thereafter proceeded in New York.

11. Although it appeared to contest Telenor Mobile's claims in the Arbitration, Storm and its corporate parents initiated a campaign of collusive litigation to derail the proceedings. In actions ostensibly brought against Storm by its direct corporate parent, Alpren, in the Ukrainian courts, Storm and Alpren secured court orders purporting to invalidate the Shareholders Agreement and purporting to enjoin Storm and Telenor Mobile's participation in the Arbitration.

12. The proceedings in Ukraine were patently collusive. The ostensible petitioner in all of the proceedings, Alpren, is wholly owned by Storm's ultimate corporate parent, Altimo,

and exists solely to hold Storm's shares for Altimo.[2] Thus, Alpren's suits against Storm were effectively suits by Altimo against itself.

13. Neither Telenor Mobile nor the Tribunal were given notice of the Ukrainian actions, which were conducted in summary fashion and in which Storm, the ostensible defendant, failed to present any defense.

14. Relying on the order purporting to invalidate the Shareholders Agreement, rendered in the campaign of collusive Ukrainian litigation that Storm and its corporate parents were, in effect, prosecuting against themselves, Storm requested the Tribunal to dismiss the Arbitration.

15. After hearing the evidence, the Tribunal issued an interim award denying Storm's motion and scheduled a hearing on the merits of Telenor's claims. In response, Storm filed a petition in the Supreme Court, New York County, again relying on the collusive Ukrainian proceedings, seeking to vacate the Tribunal's interim award and enjoin the Arbitration.

16. Telenor Mobile removed the case to this Court, which upheld the Tribunal's interim award and rejected Storm's petition and request for injunctive relief.

17. Shortly after this Court issued its decision denying Storm's petition, Alpren initiated another collusive action in the Ukraine, this time bringing suit against Vadim Klymenko, the General Director of Storm, seeking an injunction against Storm's participation in the hearing on the merits that had been scheduled by the Tribunal. Mr. Klymenko, Storm's General Director and the ostensible defendant in the collusive proceedings brought by Alpren in Ukrainian, is also a vice president of Altimo and Altimo's general representative in Ukraine. As noted above, Storm and Alpren are both wholly owned subsidiaries of Altimo, and Alpren's suit

---

[2] As noted above, Altimo owns 100% of Storm through two wholly owned subsidiaries, Alpren and Hardlake, which hold 49.9% and 50.1% of Storm, respectively.

against Mr. Kymenko was another instance of Altimo and its subsidiaries effectively instituting proceedings against themselves.

18. Moreover, although Telenor Mobile received no notice of this action and was not named as a party, the order issued by the Ukrainian court purported to bind Telenor Mobile and threatened Telenor Mobile with criminal sanctions if it continued with the Arbitration.

19. In order to prevent further interference with the Arbitration and halt Storm and its affiliates' campaign of collusive litigation in Ukraine, Telenor Mobile cross-petitioned this Court, in the same proceeding commenced by Storm to vacate the Tribunal's interim award, for an order compelling arbitration and an anti-suit injunction against Storm, Alpren and Altimo.

20. This Court granted a temporary retraining order enjoining Storm and its parent entities and, after an evidentiary hearing, preliminarily enjoined "Storm, Altimo and Alpren . . . from bringing or attempting to cause the enforcement of any legal action in the Ukraine that would disrupt, delay or hinder in any way the arbitration proceedings between Telenor and Storm in New York." Storm LLC v. Telenor Mobile, 06-Civ. 13157, Opinion and Order, dated December 15, 2006, at 27. Shortly after granting Telenor Mobile's motion for injunctive relief, this Court entered a further order, over the opposition of Altimo and Alpren, setting out the precise terms of the anti-suit injunction. Storm LLC v. Telenor Mobile, 06-Civ. 13157, Order, dated December 18, 2006. True and correct copies of this Court's Opinion and Orders are attached hereto as Exhibit B.

21. Altimo and Alpren appealed this Court's orders to the United States Court of Appeals for the Second Circuit. That appeal is still pending.

### The Arbitration Award

22.     Despite Storm's efforts (and those of its corporate parents) to derail the Arbitration, the Tribunal held hearings on the merits of Telenor Mobile's substantive claims.

23.     Storm was represented by counsel and participated in every stage of the arbitral proceedings.

24.     The Tribunal issued its unanimous final award on August 1, 2007 (the "**Award**"). A true and correct copy of the Award is attached hereto as Exhibit C, and is made a part hereof as if fully set forth herein.

### FIRST CLAIM FOR RELIEF
### (9 U.S.C. §207)

25.     Telenor Mobile repeats and realleges each and every allegation contained in paragraphs 1 through 24 above, inclusive, and incorporates them herein by reference.

26.     The Convention on the Recognition and Enforcement of Foreign Arbitral Awards, as implemented by the Federal Arbitration Act, 9 U.S.C. §§ 201, *et seq.* (the "**Act**"), governs the Award because the Award arises from a "commercial" relationship and involves citizens of different countries. 9 U.S.C. § 202.

27.     The Act provides that the "court *shall* confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." 9 U.S.C. § 207 (emphasis added).

28.     None of the grounds available for refusal or deferral of recognition or enforcement of an award specified in the New York Convention apply to the Award, and the Award should be confirmed pursuant to 9 U.S.C. § 207.

29.     By reason of the foregoing, Telenor Mobile is entitled to the entry of an order and judgment confirming the Award and entering the Award, and each and every term thereof, as a judgment of this Court.

## SECOND CLAIM FOR RELIEF
## (9 U.S.C. § 9)

30.     Telenor Mobile repeats and realleges each and every allegation contained in paragraphs 1 through 24 above, inclusive, and incorporate them herein by reference.

31.     The Shareholders Agreement establishes that the Tribunal's award is final and binding as to both parties, and may be enforced by any court of competent jurisdiction. As set forth above, Section 12.01(a) of the Shareholders Agreement provides that:

> (vi)    The award of the arbitrators shall be final and binding on the Parties; and
>
> (viii)   The award of the arbitrators may be enforced by any court of competent jurisdiction and may be executed against the person and assets of the losing party in any competent jurisdiction.

32.     Moreover, as set forth above, Storm has expressly consented to jurisdiction and venue in this Court for purposes of enforcement of the Award. Section 12.02 of the Shareholders Agreement states, inter alia, as follows:

> Each party hereby irrevocably submits to the non-exclusive jurisdiction of the United States District Court for the Southern District of New York and of any New York state court sitting in New York City, Borough of Manhattan, in connection with any such action, suit or proceeding, and agrees that any such action, suit or proceeding may be brought in such court.... Each party hereby irrevocably waives, to the fullest extent permitted by applicable law, any objection that it may now or hereafter have to the laying of the venue of any such action, suit or proceeding brought in such a court and any claim that any such action, suit or proceeding brought in such a court has been brought in an inconvenient forum.

8

33. Section 9 of the Act provides that a judgment of the court of competent jurisdiction shall be entered upon an arbitration award unless grounds exist to vacate modify or correct the award as prescribed by Sections 10 and 11 of the Act. 9 U.S.C. § 9.

34. None of the grounds available for vacating, modifying or correcting an arbitral award provided in the Act apply to the Award, and the Award should be confirmed pursuant to 9 U.S.C. § 9.

35. By reason of the foregoing, Telenor Mobile is entitled to the entry of an order and judgment confirming the Award and entering the Award, and each and every term thereof, as a judgment of this Court.

**WHEREFORE**, Telenor respectfully requests an order:

a. confirming the Award and entering a judgment in its favor and against Respondent in accordance with the Award; and

b. granting such other and further relief as the Court deems just and proper under the circumstances.

Dated: New York, New York
August 1, 2007

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _____
Robert L. Sills (RS 8896)
Jay K. Musoff (JM 8716)
666 Fifth Avenue
New York, New York 10103
Telephone: (212) 506-5000
Facsimile: (212) 506-5151

Peter O'Driscoll
ORRICK, HERRINGTON & SUTCLIFFE LLP
Tower 42, Level 35
25 Old Broad Street
London EC2N 1HQ
DX: 557 London/City
United Kingdom
Telephone: 011 44 20 7562 5000
Facsimile: 011 44 20 7628 0078

Attorneys for Plaintiff
Telenor Mobile Communications AS