# EXHIBIT B



# KYIV COMMERCIAL COURT

44-B Bogdana Khmelnytskogo Street, Kyiv 01030  Tel.: 486-65-72

## DECISION
## IN THE NAME OF UKRAINE

№40/242                                                                                                       25.04.2006

Under the claim of:  Alpren Limited, Legal entity under the laws of Cyprus Republic

against:                   Limited liability company "Storm"
RE:                         recognition of certain actions as unlawful and their termination

                                                                                The Judge: Smirnova L.G.

**Representatives:**
Of the plaintiff: Marchenko R.V., representative acting on the basis of the Power of Attorney (unnumbered), dated April 5, 2006
Of the defendant: Klimenko V.V., Director General acting on the basis of the Minutes, dated February 8, 2006

### FACTUAL BACKGROUND:

The Plaintiff filed a claim to recognize as unlawful the actions of the Defendant related to the execution of the Shareholder Agreement, dated January 30, 2004, and to terminate the actions of the Defendant related to its performance under the said agreement. During the case hearing, the Plaintiff has extended its statements of claim and asks to recognize as unlawful the actions of the Defendant related to the execution of the Shareholders Agreement, dated January 30, 2004, and the Voting Agreement, dated September 2, 2002, and to terminate the actions of the Defendant related to its performance under the said agreements.

By its Ruling, dated April 14, 2006, the Kyiv Commercial Court initiated court proceedings in the case, and the court hearing was scheduled for April 21, 2006.

At the court sitting of April 21, 2006 the case hearing was adjourned until April 25, 2006.

The Defendant submitted no statement of defense to the statement of claim.

The Plaintiff's representative, present at the court sitting, sustained the above statements of claim and asked the court to allow the claim in full.

The Defendant's representative denied the claim and asked the court to disallow it.

[round seal of the Clerk's Office No.1 of the Kyiv Commercial Court]                                    [stamp: A TRUE COPY]

Having studied the case papers and having heard the arguments of the parties' representatives, the Kyiv Commercial Court, -

### DETERMINED AS FOLLOWS:

Pursuant to Article 124 of the Constitution of Ukraine, the jurisdiction of the courts extends to all legal relations that arise in the State. Pursuant to Article 12 of the Commercial Procedural Code of Ukraine, commercial courts are competent to adjudicate in cases involving disputes arising in connection with execution, amendment, termination or performance of commercial agreements or otherwise, unless the parties refer the dispute for settlement to the court of arbitration (arbitration tribunal). The case papers reveal that the dispute in question has not been referred for settlement to the court of arbitration (arbitration tribunal) and is, therefore, within the jurisdiction of the commercial courts of Ukraine.

The Defendant is a limited liability company existing under the laws of Ukraine and its Charter.

The Plaintiff is one of the Defendant's participants holding 49.9 percent of votes. The Plaintiff, as the Defendant's participant, is entitled to participate in the management of the Defendant.

The Defendant's operations were and are managed by its bodies authorized by the Charter and the laws of Ukraine. Its current business operations are managed by its executive body – the Director General. Pursuant to Article 145 of the Civil Code of Ukraine, powers of the Defendant's Director General and their limitations are defined in Article 12 of the Defendant's Charter.

On September 9, 2002 the Defendant, as represented by its Director General, entered into the Voting Agreement between Telenor Mobile Communications AS and Storm Limited Liability Company. The said agreement bound the Defendant to purchase shares of Closed Joint Stock Company "Kyivstar G.S.M." on certain conditions (Clause 2.04(b)). Pursuant to the Defendant's Charter (Article 12), as in effect at the time of execution of the Voting Agreement, the Director General was authorized to sign the said agreement only upon approval by the Meeting of Participants, unless otherwise agreed between the participants. The court established that the Defendant's Meeting of Participants did not approve the above agreement, that there existed no other arrangements between the Defendant's participants other than those stipulated in its constituent documents, and that there was no evidence to suggest that the agreement was approved by the Defendant at any time later.

Therefore, having signed the Voting Agreement and actually trying to administer the Defendant's funds, the Defendant's Director General acted unlawfully and in excess of its powers, in violation of requirements of the laws of Ukraine, in particular, Article 145 of the Civil Code of Ukraine, and provisions of the Defendant's Charter.

On January 30, 2004 the Defendant, as represented by its Director General, entered into the Shareholders Agreement between Telenor Mobile Communications AS, Storm Limited Liability Company, and "Kyivstar G.S.M." Closed Joint Stock Company. The said agreement bound the Defendant to purchase shares of "Kyivstar G.S.M." CJSC on certain conditions (Clause 2.03(b)(i)). Pursuant to the Defendant's Charter (Article 12), as in effect at the time of execution of the Shareholders Agreement, the Director General was authorized to sign the said agreement only upon approval by the Meeting of Participants, unless otherwise agreed between

[round seal of the Clerk's Office No.1 of the Kyiv Commercial Court]     [stamp: A TRUE COPY]

the participants. The court established that the Defendant's Meeting of Participants did not approve the above agreement, that there existed no other arrangements between the Defendant's participants other than those stipulated in the constituent documents, and that there was no evidence to suggest that the agreement was approved by the Defendant at any time later.

Therefore, having signed the Shareholders Agreement and actually trying to administer the Defendant's funds, the Defendant's Director General acted unlawfully and in excess of its powers, in violation of requirements of the laws of Ukraine, in particular, Article 145 of the Civil Code of Ukraine, and provisions of the Defendant's Charter.

Pursuant to Article 228 of the Civil Code of Ukraine, a transaction is considered as such that violates public order, in particular, where it was aimed at illegal seizure of property of a legal entity. In view of the fact that the Voting Agreement, dated September 2, 2002, and the Shareholders Agreement, dated January 30, 2004, are aimed at illegal seizure of the Defendant's funds, the court concludes that, pursuant to Article 215 and Article 228 of the Civil Code of Ukraine, the Voting Agreement, dated September 2, 2002, entered between Telenor Mobile Communications AS and Storm Limited Liability Company, and the Shareholders Agreement, dated January 30, 2004, entered between Telenor Mobile Communications AS, Storm Limited Liability Company, and "Kyivstar G.S.M." Closed Joint Stock Company, should be rendered null and void in full, including the arbitration clause, from the time of their execution.

Pursuant to Article 216 of the Civil Code of Ukraine, an invalid transaction does not entail any legal consequences, except for those related to its invalidity. Any concerned person has the right to require to apply the consequences of invalidity of a void transaction.

Therefore, the court concludes that there are no legal grounds for the Defendant to take any actions for the purpose of performance under the Voting Agreement, dated September 2, 2002, entered between Telenor Mobile Communications AS and Storm Limited Liability Company, and the Shareholders Agreement, dated January 30, 2004, entered between Telenor Mobile Communications AS, Storm Limited Liability Company, and "Kyivstar G.S.M." Closed Joint Stock Company, and the court further concludes that any such actions must be terminated.

The court also takes into account the fact that the Voting Agreement and the Shareholders Agreement, being actually partial changes and amendments to the Charter of "Kyivstar G.S.M." CSJC, are not duly registered and are executed in English, contrary to the requirements of the public law as to the state language, as provided in Article 10 of the Constitution of Ukraine, and therefore, the above agreements violate the requirements of Article 203 of the Civil Code of Ukraine, and this fact even alone allows to invalidate the said agreements.

Subject to the foregoing and being governed by Articles 49, 82 – 85 of the Commercial Procedural Code of Ukraine, the court, -

### RESOLVES AS FOLLOWS:

1. To allow the claim partially.

2. To render unlawful the actions of the "Storm" Limited Liability Company related to the execution of the Voting Agreement, dated September 2, 2002, entered between Telenor Mobile Communications AS and "Storm" Limited Liability Company.

3. To render unlawful the actions of the "Storm" Limited Liability Company related to the execution of the Shareholders Agreement, dated January 30, 2004, entered between Telenor

[round seal of the Clerk's Office No.1 of the Kyiv Commercial Court]     [stamp: A TRUE COPY]

Mobile Communications AS, Storm Limited Liability Company, and "Kyivstar G.S.M." Closed Joint Stock Company.

4. To apply the consequences of invalidity of the void transaction – the Voting Agreement, dated September 2, 2002, entered between Telenor Mobile Communications AS and Storm Limited Liability Company – and terminate the actions of the "Storm" Limited Liability Company related to performance under the Voting Agreement, dated September 2, 2002, entered between Telenor Mobile Communications AS and "Storm" Limited Liability Company.

5. To apply the consequences of invalidity of the void transaction – the Shareholders Agreement, dated January 30, 2004, entered between Telenor Mobile Communications AS, Storm Limited Liability Company, and "Kyivstar G.S.M." Closed Joint Stock Company – and terminate the actions of the "Storm" Limited Liability Company related to performance under the Shareholders Agreement, dated January 30, 2004, entered between Telenor Mobile Communications AS, "Storm" Limited Liability Company, and "Kyivstar G.S.M." Closed Joint Stock Company.

6. To collect the following amounts from "Storm" Limited Liability Company (1 Narodnogo Opolchennya Street, Kyiv 01001, c/a 26000100675001 opened with Alfa-Bank CJSC, USREOU[1] Code 23163325, MFO 300346) for the benefit of Alpren Limited, Legal entity under the laws of Cyprus Republic: UAH 85.00 (eighty five) of the state duty and UAH 118.00 (one hundred eighteen) of the costs of services related to the technical and information support of the court proceedings.

7. To issue an appropriate order.

This decision shall come into legal force ten days after its adoption.

**The Judge**                                                                 Smirnova L.G.

[handwritten: Secretary [signature]]

---

[1] the Unified State Register of Enterprises and Organizations of Ukraine
[round seal of the Clerk's Office No.1 of the Kyiv Commercial Court]                    [stamp: A TRUE COPY]



розглянувши матеріали справи та заслухавши пояснення представників Господарський суд міста Києва, -

### ВСТАНОВИВ:

Згідно зі ст.124 Конституції України юрисдикція судів поширюється на всі правовідносини, що виникають у державі. Відповідно до ст.12 Господарського процесуального кодексу України господарським судам підвідомчі справи у спорах, що виникають при укладенні, зміні, розірванні і виконанні господарських договорів та з інших підстав, якщо сторони не передали спір на вирішення третейського суду (арбітражу). З матеріалів справи вбачається, що даний спір на вирішення третейського суду (арбітражу) не переданий, отже він підвідомчий господарським судам України.

Відповідач є товариством з обмеженою відповідальністю, яке діє на підставі законодавства України та статуту.

Позивач є одним із учасників Відповідача, якому належить 49,9 відсотків голосів. Позивачу, як учаснику Відповідача, належить право на участь в управлінні Відповідачем.

Керівництво діяльністю Відповідача здійснювалось та здійснюється його органами, повноваження яких визначені в Статуті, а також законодавством України. Поточною діяльністю керує виконавчий орган – генеральний директор. Повноваження генерального директора Відповідача та обмеження його повноважень, у відповідності до ст.145 Цивільного кодексу України, визначені в ст.12 Статуту Відповідача.

02.09.2002 року Відповідачем в особі генерального директора було підписано Договір про голосування між Теленор Мобайл Комьюнікейшнз АС і Товариством з обмеженою відповідальністю "Сторм". Вказаним договором встановлено обов'язок по придбанню Відповідачем акцій "Київстар Дж.Ес.Ем." за певних умов (п.2.04. b). У відповідності до Статуту Відповідача (ст.12) в редакції, що діяла на момент підписання Договору про голосування, генеральний директор мав право підписувати вказаний договір тільки після затвердження зборами учасників, якщо не існує іншої домовленості між учасниками. Судом встановлено, що зборами учасників Відповідача вказаний договір не затверджувався, будь-яких інших домовленостей між учасниками Відповідача, крім визначених в установчих документах, не існувало, докази його наступного схвалення Відповідачем відсутні.

Таким чином, підписуючи вказаний Договір про голосування та фактично намагаючись розпорядитися грошовими коштами Відповідача, генеральний директор Відповідача діяв незаконно, з перевищенням своїх повноважень, порушуючи вимоги законодавства України, зокрема ст.145 Цивільного кодексу України, та статуту Відповідача.

30.01.2004 року Відповідачем в особі генерального директора було підписано Акціонерну угоду між Теленор Мобайл Комьюнікейшнз АС

...ариством з обмеженою відповідальністю "Сторм" та Закритим акціонерним товариством "Київстар Дж.Ес.Ем.". Вказаною угодою встановлено обов'язок по придбанню Відповідачем акцій ЗАТ "Київстар Дж.Ес.Ем." за певних умов (п.2.03, b, i). У відповідності до Статуту Відповідача (ст.12) в редакції, що діяла на момент підписання Акціонерної угоди, генеральний директор мав право підписувати вказану угоду тільки після затвердження зборами учасників, якщо не існує іншої домовленості між учасниками. Судом встановлено, що зборами учасників Відповідача вказана угода не затверджувалась, будь-яких інших домовленостей між учасниками Відповідача, крім визначених в установчих документах, не існувало, докази її наступного схвалення Відповідачем відсутні.

Таким чином, підписуючи вказану Акціонерну угоду та фактично намагаючись розпорядитися грошовими коштами Відповідача, генеральний директор Відповідача діяв незаконно, з перевищенням своїх повноважень, порушуючи вимоги законодавства України, зокрема ст.145 Цивільного кодексу України, та статуту Відповідача.

Згідно зі ст.228 Цивільного кодексу України правочин вважається таким, що порушує публічний порядок, якщо, зокрема, він спрямований на незаконне заволодіння майном юридичної особи. Оскільки Договір про голосування від 02.09.2002 та Акціонерна угода від 30.01.2004 спрямовані на незаконне заволодіння грошовими коштами Відповідача суд приходить до висновку, що Договір про голосування від 02.09.2002 року між Телєнор Мобайл Комьюнікейшнз АС та Товариством з обмеженою відповідальністю "Сторм" є нікчемним правочином, також нікчемним правочином є Акціонерна угода від 30.01.2004 року між Телєнор Мобайл Комьюнікейшнз АС, Товариством з обмеженою відповідальністю "Сторм" та Закритим акціонерним товариством "Київстар Дж.Ес.Ем." згідно зі ст.215, 228 Цивільного кодексу України в повному обсязі, включаючи арбітражні застереження з моменту їх вчинення.

Відповідно до ст.216 Цивільного кодексу України недійсний правочин не створює юридичних наслідків, крім тих, що пов'язані з його недійсністю. Будь-яка заінтересована особа має право пред'явити вимогу про застосування наслідків недійсності нікчемного правочину.

Таким чином суд приходить до висновку про відсутність будь-яких правових підстав для вчинення Відповідачем дій по виконанню Договору про голосування від 02.09.2002 року між Телєнор Мобайл Комьюнікейшнз АС та Товариством з обмеженою відповідальністю "Сторм" та Акціонерної угоди від 30.01.2004 року між Телєнор Мобайл Комьюнікейшнз АС, Товариством з обмеженою відповідальністю "Сторм" та Закритим акціонерним товариством "Київстар Дж.Ес.Ем." та про необхідність зупинення цих дій.

Також суд враховує, що Договір про голосування та Акціонерна угода, являючись частково фактично змінами та доповненнями до Статуту ЗАТ "Київстар Дж.Ес.Ем." не зареєстровані належним чином, та всупереч вимогам...

...-правової норми про державну мову, що міститься в ст.10 ...туції України, викладені англійською мовою, отже не відповідаючи ...ст.203 Цивільного кодексу України є самостійно вже достатніми ...ами для визнання їх недійсними.

Виходячи з наведеного та керуючись ст.ст. 49, 82 – 85 ГПК України, суд

**ВИРІШИВ:**

1. Позов задовольнити повністю.

2. Визнати незаконними дії Товариства з обмеженою відповідальністю "Сторм" по підписанню Договору про голосування від 02.09.2002 року між Теленор Мобайл Комьюнікешнз АС та Товариством з обмеженою відповідальністю "Сторм".

3. Визнати незаконними дії Товариства з обмеженою відповідальністю "Сторм" по підписанню Акціонерної угоди від 30.01.2004 ... між Теленор Мобайл Комьюнікешнз АС, Товариством з обмеженою відповідальністю "Сторм" та Закритим акціонерним товариством "Київстар Дж.Ес.Ем."

4. Застосувати наслідки недійсності нікчемного правочину — Договору про голосування від 02.09.2002 року між Теленор Мобайл Комьюнікешнз АС та Товариством з обмеженою відповідальністю "Сторм" — припинити дії Товариства з обмеженою відповідальністю "Сторм" по ...нанню Договору про голосування від 02.09.2002 року між Теленор ...байл Комьюнікешнз АС та Товариством з обмеженою відповідальністю "Сторм".

5. Застосувати наслідки недійсності нікчемного правочину — ...ціонерної угоди від 30.01.2004 року між Теленор Мобайл Комьюнікешнз АС, Товариством з обмеженою відповідальністю "Сторм" та Закритим ...ціонерним товариством "Київстар Дж.Ес.Ем." та припинити дії Товариства з ...меженою відповідальністю "Сторм" по виконанню Акціонерної угоди від ...01.2004 року між Теленор Мобайл Комьюнікешнз АС, Товариством з ...меженою відповідальністю "Сторм" та Закритим акціонерним товариством "Київстар Дж.Ес.Ем."

6. Стягнути з Товариства з обмеженою відповідальністю "Сторм" (...001, м.Київ, вул.Народного ополчення,1, п/р 26000100675001 в ЗАТ "Альфа-Банк", код ЄДРПОУ 23163325, МФО 300346) на користь Юридичної ...би за законодавством Республіки Кіпр "Альпрен Лімітед" (Alpren Limited) ...85 (вісімдесят п'ять)грн.00коп. — державного мита та 118(сто ...надцять)грн.00коп. — витрат на оплату послуг з інформаційно-технічного ...печення судового процесу.

7. Видати наказ.

Рішення набирає законної сили після закінчення десятиденного строку з ...ного прийняття.

Суддя                                                                    Смірнова Л.Г.

