# EXHIBIT D

# KYIV APPELLATE COMMERCIAL COURT
8 Rylsky Prov., Kyiv 01025

## RULING
## IN THE NAME OF UKRAINE

**No. 40/242**                                                                                                          **May 25, 2006**

**The Kyiv Appellate Commercial Court** composed of the following Panel of Judges:
Presiding Judge:    V.O. Zelenin
Judges:              L.O. Repina and S.O. Aldanova

**With the following representatives of the parties participating:**
For the claimant:    M.I. Illiashev, by proxy.
For the respondent:  V.V. Klymenko, General Director.

**Having examined the petition of appeal filed by:** Storm Limited Liability Company (LLC) against the decision, dated April 25, 2006 of the Kyiv Commercial Court,
**on case No.:** 40/242 (Judge L.G. Smirnova),
**based on the claim filed by:** Alpren Limited, a legal entity under legislation of the Republic of Cyprus,
**against:** Storm LLC,
**for:** holding unlawful and terminating the actions,

## DETERMINED THE FOLLOWING:

By decision, dated April 25, 2006 of the Kyiv Commercial Court on case No. 40/242, the claim of Alpren Limited, a legal entity under legislation of the Republic of Cyprus, against Storm LLC for holding unlawful and terminating the actions was allowed.

Being in disagreement with the decision made, the respondent filed its petition of appeal and requested that the decision be cancelled, as it believes that the decision was made in violation of procedural law rules. In the respondent's opinion, the Kyiv Commercial Court was to refuse accepting the statement of claim on the basis of Article 62 of the Commercial Procedure Code of Ukraine, since the statement was not examinable by Ukrainian commercial courts.

By resolution, dated May 19, 2006 of the Kyiv Appellate Commercial Court, appellate proceedings on case No. 40/242 were instituted and the hearing was scheduled for May 25, 2006.

Having studied the materials before it, having reviewed the petition of appeal and having heard presentations of the appearing representatives of the parties, the Kyiv Appellate Commercial Court determined the following.

The Claimant is one of the participants of the Respondent and holds 49.9 percent of votes. As participant of the Respondent, the Claimant is entitled to participate in management of the Respondent.

The Respondent is a limited liability company acting on the basis of Ukrainian legislation and the Charter.

The Respondent's operations were managed and are managed by its bodies. Powers of each governance body are set forth in Ukrainian legislation and the Charter.

1

Under the Charter, the Respondent's day-to-day activities are managed by the General Director, whose authorities are specified in Article 12 of the Respondent's Charter.

As appears from the case materials, on September 2, 2002, the Respondent as represented by its General Director signed the Voting Agreement between Telenor Mobile Communications AS and Storm Limited Liability Company.

Pursuant to the said Agreement (Clause 2.04(b)), the Respondent was to purchase Kyivstar GSM shares subject to specific terms and conditions. Under the Respondent's Charter (Article 12) as amended at the time the Voting Agreement was signed, the Respondent's General Director was only authorized to sign that Agreement after it was approved by participants' meeting, unless otherwise agreed between the participants.

The first instance court determined that meeting of the Respondent's participants did not approve the said Agreement and that there were no other agreements between the Respondent's participants than those specified in the constituent documents; no evidence existed that the Respondent subsequently approved such Agreement.

The Panel of Judges agrees with the first instance court finding that, by signing the Voting Agreement, the Respondent's General Director actually sought to dispose of the Respondent's funds and acted unlawfully, in excess of his authority and in violation of requirements of Ukrainian legislation, in particular, Article 145 of the Civil Code of Ukraine and the Respondent's Charter.

Therefore, also valid is the local commercial court finding that, since the Voting Agreement, dated September 2, 2002 between Telenor Mobile Communications AS and Storm Limited Liability Company is meant to illegally take possession of the Respondent's funds, such Agreement is a null and void instrument, in its entirety, including its arbitration clause and since its execution, under Article 228 of the Civil Code of Ukraine as one breaching public order.

On January 30, 2004, the Respondent as represented by its General Director signed the Shareholders' Agreement between Telenor Mobile Communications AS, Storm Limited Liability Company and Kyivstar GSM Closed Joint Stock Company. Pursuant to the said agreement (Clause 2.03(b)(i)), the Respondent was to purchase Kyivstar GSM shares subject to specific terms and conditions.

Under the Respondent's Charter (Article 12) as amended at signing the Shareholders' Agreement, the General Director was only authorized to sign that agreement after it was approved by participants' meeting, unless otherwise agreed between the participants.

The first instance court determined that meeting of the Respondent's participants did not approve the said agreement and that there were no other agreements between the Respondent's participants than those specified in the constituent documents; no evidence existed that the Respondent subsequently approved such agreement.

The Panel of Judges agrees with the first instance court finding that, by signing the said Shareholders' Agreement, the General Director actually sought to dispose of the Respondent's funds and acted unlawfully in excess of his authority and in violation of requirements of Ukrainian legislation, in particular, Article 145 of the Civil Code of Ukraine and the Respondent's Charter.

Therefore, also valid is the local commercial court finding that, since the Shareholders' Agreement, dated January 30, 2004 is meant to illegally take possession of the Respondent's

funds, such agreement is null and void instrument, in its entirety, including its arbitration clause and since its execution, under Article 228 of the Civil Code of Ukraine as one breaching public order.

The Panel of Judges agrees with the first instance court finding that there are no legal grounds for the Respondent to act in pursuance of the Voting Agreement of September 2, 2002 between Telenor Mobile Communications AS and Storm Limited Liability Company and the Shareholders' Agreement of January 30, 2004 between Telenor Mobile Communications AS, Storm Limited Liability Company and Kyivstar GSM Closed Joint Stock Company, and that those actions are to be terminated.

With regard to the appellant's assertion that the Kyiv Commercial Court was to refuse accepting the statement of claim on the basis of Article 62 of the Commercial Procedure Code of Ukraine, as the statement is not examinable by Ukrainian commercial courts, the Panel of Judges deems it advisable to mention the following.

Under Article 12 of the Commercial Procedure Code of Ukraine, commercial courts have jurisdiction over cases based on disputes that arise in the process of executing, modifying, terminating and fulfilling economic agreements, as well as for other reasons, unless the parties have referred the dispute for settlement to arbitral tribunal (arbitration). This dispute was not referred to arbitral tribunal (arbitration); therefore, it falls within the jurisdiction of Ukrainian commercial courts. Moreover, under Article 124 of the Constitution of Ukraine, courts have jurisdiction over all legal relations that arise in the state.

Considering the foregoing, the Panel of Judges is of the opinion that the decision dated April 25, 2006 of the Kyiv Commercial Court on case No. 40/242 is in line with the court materials and applicable legislation; hence, there are no grounds to modify or cancel the same.

Being guided by Articles 99, 101, 103 and 105 of the Commercial Procedure Code of Ukraine, the Kyiv Appellate Commercial Court, -

## RULED AS FOLLOWS:

1. To leave the petition of appeal as filed by Storm Limited Liability Company against the decision dated April 25, 2006 of the Kyiv Commercial Court on case No. 40/242 unallowed.

2. To leave the decision, dated April 25, 2006 of the Kyiv Commercial Court on case No. 40/242 without any changes.

3. To return the materials of case No. 40/242 to the Kyiv Commercial Court.

**Presiding Judge**                                          V.O. Zelenin

**Judges:**                                                  S.O. Aldanova

                                                             L.O. Repina

[Stamp 'Conforms to the Original'; secretary's signature]



# КИЇВСЬКИЙ АПЕЛЯЦІЙНИЙ ГОСПОДАРСЬКИЙ СУД

01025, м. Київ, пров. Рильський, 8

П О С Т А Н О В А
І М Е Н Е М   У К Р А Ї Н И

№ 40/242                                                                                                    25. 05. 2006 р.

**Київський апеляційний господарський суд** у складі колегії суддів:
Головуючого судді – Зеленін В. О.
Суддів: Рєпіна Л. О., Алданова С. О.

**За участю представників сторін:**
Від позивача –Ілляшев М. І. – по довіреності.
Від відповідача – Клименко В. В. – Генеральний директор.

**Розглянувши апеляційну скаргу** Товариства з обмеженою відповідальністю (ТОВ) "Сторм" на рішення Господарського суду м. Києва від 25.04.2006 року
**у справі** № 40/242 (суддя Смірнова Л. Г.)
**за позовом** Альпрен Лімітед, юридична особа за законодавством Республіки Кіпр
**до** ТОВ "Сторм"
**про** визнання дій незаконними та припинення дій.

В С Т А Н О В И В :

Рішенням Господарського суду м. Києва від 25.04.2006 року у справі №40/242 позов Альпрен Лімітед, юридична особа за законодавством Республіки Кіпр до ТОВ "Сторм" про визнання дій незаконними та припинення дій був задоволений.

Не погоджуючись з прийнятим рішенням, відповідач звернувся з апеляційною скаргою, просить його скасувати, оскільки вважає, що воно було прийняте з порушенням норм процесуального права. На думку відповідача, Господарський суд м. Києва був зобов'язаний відмовити у прийнятті позовної заяви на підставі ст. 62 Господарського процесуального кодексу України, оскільки вона не підлягала розгляду в господарських судах України.

Ухвалою Київського апеляційного господарського суду від 19.05.2006 року було порушене апеляційне провадження у справі № 40/242, розгляд справи був призначений на 25.05.2006 року.

Дослідивши матеріали справи, розглянувши апеляційну скаргу, заслухавши пояснення присутніх представників сторін, Київським апеляційним господарським судом встановлено наступне.

Позивач є одним із учасників Відповідача, якому належить 49,9 відсотків голосів. Позивачу як учаснику Відповідача, належить право на участь в управлінні Відповідачем.

Відповідач є товариством з обмеженою відповідальністю, яке діє на підставі законодавства України та Статуту.

Керівництво діяльністю Відповідача здійснювалось та здійснюється його органами. Повноваження кожного органу управління встановлені законодавством України та Статутом.

Згідно Статуту керівництво поточною діяльністю Відповідача здійснюється генеральним директором, повноваження якого визначені в ст. 12 Статуту Відповідача.

Як вбачається з матеріалів справи, 02.09.2002 року Відповідачем в особі генерального директора було підписано Договір про голосування між Теленор Мобайл Комьюнікешнз АС та Товариством з обмеженою відповідальністю "Сторм".

Згаданим вище Договором (п. 2.04, b) встановлено обов'язок по придбанню Відповідачем акцій "Київстар Дж.Ес.Ем." за певних умов. У відповідності до Статуту Відповідача (ст. 12) в редакції, що діяла на момент підписання Договору про голосування, генеральний директор Відповідача був наділений повноваженнями підписувати згаданий Договір лише після затвердження зборами учасників, якщо не існує іншої домовленості між учасниками.

Судом першої інстанції було встановлено, що зборами учасників Відповідача згаданий Договір не затверджувався, будь-яких інших домовленостей між учасниками Відповідача, крім визначених в установчих документах, не існувало, докази його наступного схвалення Відповідачем відсутні.

Колегія погоджується з висновком суду першої інстанції про те, що підписуючи Договір про голосування генеральний директор Відповідача фактично намагався розпорядитися грошовими коштами Відповідача, та діяв незаконно, з перевищенням своїх повноважень, порушуючи вимоги законодавства України, зокрема, ст. 145 Цивільного Кодексу України та статуту Відповідача.

Таким чином, обґрунтованим є також висновок місцевого господарського суду про те, що оскільки Договір про голосування від 02.09.2002 року між Теленор Мобайл Комьюнікешнз АС та Товариством з обмеженою відповідальністю "Сторм" спрямований на незаконне заволодіння грошовими коштами Відповідача, то він є нікчемним правочином згідно ст. 228 Цивільного Кодексу України, як правочин, що порушує публічний порядок, в повному обсязі, включаючи арбітражне застереження з моменту його вчинення.

30.01.2004 року Відповідачем в особі генерального директора було підписано Акціонерну угоду між Теленор Мобайл Комьюнікешнз АС, Товариством з обмеженою відповідальністю "Сторм" та Закритим акціонерним товариством "Київстар Дж.Ес.Ем.". Вказаною угодою (п. 2.03, b. i) було встановлено обов'язок по придбанню Відповідачем акцій ЗАТ "Київстар Дж.Ес.Ем." за певних умов.

Згідно Статуту Відповідача (ст. 12) в редакції, що діяла на момент підписання Акціонерної угоди, генеральний директор був наділений повноваженнями підписувати вказану угоду тільки після затвердження зборами учасників, якщо не існує іншої домовленості між учасниками.

Судом першої інстанції було встановлено, що вище згадана угода не затверджувалась зборами учасників Відповідача, будь-яких інших домовленостей між учасниками Відповідача, крім визначених в установчих документах, не існувало, докази її наступного схвалення Відповідачем відсутні.

Колегія погоджується з висновком суду першої інстанції про те, що підписуючи вказану Акціонерну угоду генеральний директор фактично намагався розпорядитись грошовими коштами Відповідача, та діяв незаконно, з перевищенням своїх повноважень, порушуючи вимоги законодавства України, зокрема, ст. 145 Цивільного Кодексу України та Статуту Відповідача.

Таким чином, обґрунтованим є також висновок місцевого господарського суду про те, що оскільки Акціонерна угода від 30.01.2004 року спрямована на незаконне заволодіння грошовими коштами Відповідача, то вона є нікчемним правочином згідно ст. 228 Цивільного Кодексу України, як правочин, що порушує публічний порядок, в повному обсязі, включаючи арбітражне застереження, з моменту її вчинення.

Колегія погоджується з висновком місцевого господарського суду про те, що правові підстави для вчинення Відповідачем дій по виконанню Договору про голосування від 02.09.2002 року між Теленор Мобайл Комьюнікешнз АС та Товариством з обмеженою відповідальністю "Сторм" та Акціонерної угоди від 30.01.2004 року між Теленор Мобайл Комьюнікешнз АС, Товариством з обмеженою відповідальністю "Сторм" та Закритим

акціонерним товариством "Київстар Дж.Ес.Ем." – відсутні, а також про необхідність зупинення цих дій.

Що стосується твердження скаржника про те, що Господарський суд м. Києва був зобов'язаний відмовити у прийнятті позовної заяви на підставі ст. 62 Господарського процесуального кодексу України, оскільки вона не підлягала розгляду в господарських судах України, то колегія вважає за доцільне зазначити наступне.

Згідно ст. 12 Господарського процесуального кодексу України, господарським судам підвідомчі справи у спорах, що виникають при укладенні, зміні, розірванні і виконанні господарських договорів та з інших підстав, якщо сторони не передали спір на вирішення третейського суду (арбітражу). На вирішення третейського суду (арбітражу) даний спір не передавався, тому він підвідомчий господарським судам України. Крім того, статтею 124 Конституції України встановлено, що юрисдикція судів поширюється на всі правовідносини, що виникають у державі.

Враховуючи викладене вище, судова колегія вважає, що рішення Господарського суду м. Києва від 25.04.2006 року у справі № 40/242 відповідає матеріалам справи та чинному законодавству, а тому підстави для його зміни чи скасування відсутні.

Керуючись ст. ст. 99, 101, 103, 105 Господарського процесуального Кодексу України, Київський апеляційний господарський суд, -

## П О С Т А Н О В И В :

1. Апеляційну скаргу Товариства з обмеженою відповідальністю "Сторм" на рішення Господарського суду м. Києва від 25.04.2006 року у справі № 40/242 – залишити без задоволення.
2. Рішення Господарського суду м. Києва від 25.04.2006 року у справі № 40/242 – залишити без змін.
3. Матеріали справи № 40/242 повернути Господарському суду м. Києва.

Голова колегії, суддя          Зеленін В. О.

Судді:                          Алданова С. О.

                                Рєпіна Л. О.