# EXHIBIT F
# PART 1

## IN THE MATTER OF AN ARBITRATION
## UNDER THE UNCITRAL ARBITRATION RULES BETWEEN

---

**TELENOR MOBILE COMMUNICATIONS AS,**

Claimant,

Snarøyveien 30
N-1331 Fornebu
Norway

-and-

**STORM LLC,**

Respondent,

1 Narodnogo Opolchennya Street,
Kyiv 03151
Ukraine

---

**LEGAL OPINION BY LYUBOV LOGUSH**

---

## I.    Introduction.

I, Lyubov Logush, maintaining my professional address at 24, Shovkovychna St., Suite 15, Kyiv 01024, Ukraine, will say as follows:

1. I am an Associate Professor of Law at the National University of Kyiv-Mohyla Academy, Kyiv, Ukraine. I submit this affidavit in support of Respondent's position to dismiss arbitral proceedings and will opine on issues of Ukrainian law and procedure relevant in the current context.

2. I have reviewed the following documents: Telenor Mobile's Amended Notice of Arbitration dated April 25, 2006, Telenor Mobile's Amended Statement of Claim dated April 25, 2006, Storm's Statement of Defense dated May 30, 2006, Storm's Motion to Dismiss dated June 7, 2006, Storm's Supplemental Brief dated June 22, 2006, Telenor Mobile's Memorandum in Opposition to the Motion to Dismiss dated June 23, 2006, Telenor Mobile's Supplemental Brief dated June 27, 2006, and the transcripts of the Hearing held on June 29, 2006 in New York, New York.

3. I have been requested to issue an opinion regarding Ukrainian proceedings and Judgments which relate to claims made in this arbitration.

## II.    Qualifications to express an expert opinion regarding Ukrainian legal system.

4. I graduated from Lviv State I. Franko University in 1974 and hold a PhD in Law in 1997. In 1993, I also attended LL.M. program at Fordham University, School of Law, NY. I have been practicing law in Ukraine since 1975 (admitted in Ukraine), and am a member in good standing of the Kyiv and Lviv Bars. Currently, I am a Senior Partner with Logush, Borsuk, Bronfman, and Kalyshevych, a private Law Firm based in Kyiv, Ukraine. I have extensive experience in epresenting companies and individuals in civil, commercial and administrative litigation, as well as in international commercial arbitrations.

5. I am an Associate Professor at the Faculty of Law at the National University of Kyiv-Mohyla Academy, Kyiv, Ukraine. At the Academy, I am teaching the following courses: Civil and Commercial Procedure and International Commercial Arbitration, International Contracts.

6. I have published numerous articles in legal publications approved by the National Academy of Sciences of Ukraine, as well as in other periodicals. A more detailed account of my professional background is attached as Exhibit A to this affidavit.

### III.    Issues for which the Respondent has requested my expert legal opinion.

7.  I have been requested to review and analyze the Decision of the Kyiv Commercial Court dated April 25, 2006, ("April Decision") and the Ruling of the Kyiv Appellate Commercial Court dated May 25, 2006, ("May Ruling"), and to issue an opinion regarding their conformity with procedural and material requirements of Ukrainian law. I will comment on some specific rights and obligations of the parties in the commercial court proceedings. Finally, I will consider whether the enforcement of an arbitral award would be possible under Ukrainian law, should the tribunal assert jurisdiction over the current dispute.

### IV.    The April Decision and the May Ruling were consistent with Ukrainian procedure.

8.  Having analyzed the April Decision and the May Ruling, I find no violations of Ukrainian law. The content of these decisions is regulated by the Code of Commercial Procedure of Ukraine (the "CCPU")[1]. Both the April Decision and the May Ruling are consistent with its requirements.

9.  The Kyiv Commercial Court was competent to try Alpren's claim at first instance, while the Kyiv Appellate Commercial Court had jurisdiction over Storm's appeal.

10. This is so because commercial disputes between legal entities are – under the general rule – decided by commercial courts[2]. Also, the Kyiv Commercial Court was competent to consider Alpren's claim as the court of first instance [3] of the domicile of the respondent[4], *i.e.* Storm. Finally, the Kyiv Appellate Commercial Court was competent to consider Storm's appeal, as the appellate instance court over the Kyiv Commercial Court[5]. Therefore, there have been no violations of the rules of jurisdiction under Ukrainian law.

11. It was also correct for Alpren to file its claim before the Ukrainian courts. Alpren is a company governed by the laws of Cyprus; Storm is a Ukrainian law entity. According to Ukrainian rules of private international law, the claim in the present dispute must be brought in the court where respondent resides[6]. Storm is a legal entity under Ukrainian Law, and under Ukrainian rules its place of residence is to be understood as the state where it is registered or otherwise incorporated under the laws of that state[7]. Since Storm is registered in Ukraine, it was correct for Alpren to bring the claim against in the Ukrainian courts.

---

[1] Article 84 of the CCPU as regards the April Decision (Exhibit B); Article 105 of the CCPU as regards the May Ruling (Exhibit C).
[2] Articles 1 and 2 of the CCPU (Exhibit D); Article 12 of the CCPU (Exhibit E).
[3] Article 13 of the CCPU (Exhibit F); Articles 21(2) and 22(3) of the Law "On the Judiciary of Ukraine" (Exhibit G).
[4] Article 15(2) of the CCPU (Exhibit H); Article 21(2) of the Law "On the Judiciary of Ukraine" (Exhibit G).
[5] Article 92 of the CCPU (Exhibit I); Article 25(3) of the Law "On the Judiciary of Ukraine" (Exhibit J).
[6] Article 76(2) of the Law "On Private International Law" (Exhibit K).
[7] Article 25(2) of the Law "On Private International Law" (Exhibit L).

3

**V.    Under Ukrainian law, Alpren was entitled to sue Storm in order to protect its rights.**

12. Procedurally, Alpren correctly brought a claim against Storm before the Kyiv Commercial Court. Notwithstanding that both entities are said to have the same ultimate corporate parent company, they nevertheless remain separate entities under Ukrainian law. My opinion is not affected by the fact that Alpren is a parent company of Storm. Ukrainian legal practice provides numerous examples when companies-shareholders sue companies, of which they are shareholders[8].

13. As *de jure* and *de facto* separate legal entities, Alpren and Storm may indeed violate each other's rights.

14. According to the Civil Code of Ukraine (the "CCU"), every person is entitled to protection if deems its civil right violated, non-recognized or disputed[9]. The CCU also establishes that any person may seize the courts to protect its rights and interests[10]. A similar provision is laid down in the CCPU, providing that any legal entity may refer to a commercial court to protect its violated or disputed rights[11].

15. Thus, to the extent that Alpren considered certain of its rights to have been violated by Storm, it correctly brought the respective claim to the Kyiv Commercial Court.

**VI.    Telenor could have intervened in the Alpren v. Storm proceedings.**

16. Ukrainian commercial procedure stipulates a number of possibilities for third persons. Under these procedures, when third parties consider that their rights are affected by commercial proceedings, these parties may intervene into such proceedings.

17. Telenor Mobile could have applied to be included as a third person. The CCPU sets forth two types of third persons as parties to commercial proceedings: those with independent claims on the merits of the case[12] and those without such claims[13].

18. If Telenor Mobile had a claim on the merits of the case against Alpren, Storm or both of them, it could have filed a respective statement of claim[14] drafted in a general manner[15].

---

[8] *E.g.* Ruling of the Highest Commercial Court of Ukraine dated August 15, 2001, in Case # 19/449 (Exhibit M); Judgment of the Constitutional Court of Ukraine # 18-рп/2004 dated December 1, 2004, in Case # 1-10/2004 on the matter on the constitutional submission of 50 members of parliament of Ukraine regarding official interpretation of certain provisions of Article 4, part 1, of the Code of Civil Procedure of Ukraine (case on legitimate interest) (Excerpt is attached hereto as Exhibit N).
[9] Article 15(1) of the CCU (Exhibit O).
[10] Article 16(1) of the CCU (Exhibit P).
[11] Article 1 of the CCPU (Exhibit D).
[12] Article 26 of the CCPU (Exhibit Q).
[13] Article 27 of the CCPU (Exhibit R).
[14] Article 26(1) of the CCPU (Exhibit Q); Articles 55-57 of the CCPU (Exhibit S).
[15] Article 54 of the CCPU (Exhibit T).

Even if Telenor Mobile had no such claims but expected the proceedings to affect its rights, it could still intervene as a third person without independent claims on the merits of the case. In order to be included into the proceedings in such capacity, a mere application from Telenor Mobile would have sufficed[16]. Consequently, Telenor Mobile had the opportunity to employ any of the above-mentioned possibilities. I have not been presented with evidence that Telenor has attempted to do this.

19. Moreover, the CCPU allows persons who were not included into the proceedings to submit a cassation appeal if the court's decision influences their rights or obligations[17]. This means that in a general manner[18], Telenor Mobile could have appealed the April Decision, the May Ruling or both of them to the Highest Commercial Court of Ukraine. To my knowledge, Telenor Mobile has decided not to use this opportunity.

## VII.    It is customary for Directors General to represent their companies in the court proceedings in Ukraine

20. Unlike many other jurisdictions, Ukrainian law does not restrict representation in courts to admitted lawyers only. A party or any person, duly authorized by the party, is entitled to appear before the commercial courts of Ukraine[19]. As regards legal entities, the CCPU entitles management to represent the company [20] without any power of attorney.

21. Representation of legal entities by Directors General is possible not only in Ukrainian commercial procedures, but in other instances as well. Indeed, the substantive law of Ukraine[21] generally allows Directors General to act on behalf of limited liability companies (Storm is an LLC) without a power of attorney. This right is often exercised in court proceedings. Sometimes, other officers are entitled to do this[22].

22. I am not aware of the exact reason for Storm's Director General to have represented the company in the analyzed proceedings. But I will attest that in my experience I have often represented clients, and had directors or other officers (rather than lawyers) presenting arguments in the court hearings for the opposing party. I therefore see no problem in the fact that Mr. Klymenko represented Storm in the Alpren v. Storm proceedings. Certainly, in my opinion, the absence of representation by a lawyer in the proceedings in no way implies in itself that Storm was intentionally putting up a weak or illusory defense.

---

[16] Article 27(1, 2) of the CCPU (Exhibit R).
[17] Article 107 of the CCPU (Exhibit U).
[18] Articles 108-111¹ of the CCPU (Exhibit V).
[19] Article 28 of the CCPU (Exhibit W).
[20] Article 28(2) of the CCPU (Exhibit W).
[21] Article 62(5) of Law "On Commercial Entities" (Exhibit X).
[22] *Id.*

## VIII.  It is customary in Ukrainian court proceedings not to submit written statements and to argue orally instead

23. Ukrainian commercial procedure lays down no obligation under which a party to commercial proceedings must submit written statements in support of its position. Moreover, there is no obligation to support one's position at all, either in writing or orally at the hearing.  In fact, the Code of Commercial Procedure provides that a Respondent may agree with Claimant's claims, in which case the Court would rule accordingly[23].

24. The parties have the right to support their position in commercial proceedings, including in the form of written statements[24]. Moreover, the CCPU sets forth that a commercial dispute may be resolved even if the respondent has not sent its written reply to the statement of claim[25].

25. Although it is not a systematic practice, many parties refrain from submitting written statements. The reasons can be varied, including strategic planning. Sometimes parties do not want to present their evidence and arguments in advance of the hearing so that the opposing party will not have the benefit of being familiar with the arguments before the hearing. Some parties draft last-minute statements to present them orally during the hearing. This approach is common and sensible, bearing in mind that during hearings, courts almost always ask parties to repeat orally what they have presented in the written statements.

26. Sometimes a party may send its written statement to the court but, for various reasons, the court does not receive it on time. In such a case the party may simply present its statement orally, while the written brief is received by the court after the hearing, or even after the decision has already been delivered.

27. Therefore, it is my opinion that it is fairly common in Ukrainian court proceedings for parties to not submit written statements, and to argue orally instead.  The absence of a written statement of defense in no way implies that Storm was putting a weak or illusory defense.

---

[23] Article 78 of the CCPU (Exhibit Y).
[24] Article 22(2) of the CCPU (Exhibit Z).
[25] Article 75 of the CCPU (Exhibit A1).

IX.    **The April Decision held the entire Shareholders Agreement to be null and void in full, including the arbitration clause.**

28. The Ukrainian commercial courts in the April Decision and the May Ruling considered the Shareholders Agreement to be not merely an invalid contract, but a contract which is null and void in full. This type of invalidity (absolute nullity) means that the agreement never existed at all and cannot be executed. The April Decision specifically extended this absolute nullity to the arbitration clause. It is therefore reasonable to conclude that no disputes could arise from such a non-existent agreement. Further, as the nullity is absolute, the parties cannot modify its legal consequences by agreement.

29. Hence, if the parties wanted to resolve a dispute in arbitration, a new arbitration agreement must be signed between them.

X.    **An award in the present dispute ("Award") may run into enforcement problems in Ukraine**

30. If, notwithstanding my opinions above, the Tribunal decides not to follow the April Decision and considers the dispute, the resulting Award will likely not be enforceable in Ukraine.

31. As far as both the United States and Ukraine are parties to New York Convention, the Ukrainian court, in the matter on recognition and enforcement of the Arbitral Award in Ukraine, will be guided by its provisions.

32. Among various grounds to refuse recognition and enforcement, New York Convention stipulates the following:

> 2. Recognition and enforcement of an arbitral award may also be refused if the competent authority in the country where recognition and enforcement is sought finds that:
>> i.    [...]
>> ii.   (b) The recognition or enforcement of the award would be contrary to the public policy of that country. [26]

---

[26] Article V(2.b) of the New York Convention (Exhibit A2).

33. Public policy is one of the most undefined, yet widely used concepts in the Ukrainian law. In order to present a more or less clear picture of how it should be understood it is worth paying attention to case law[27] and doctrine.

34. By the Resolution[28], the Supreme Court of Ukraine defined the public policy concept as legal order of the state, basic principles, and foundations forming the cornerstone of its regime (they concern independence, integrity, self-determination and inviolability, fundamental constitutional rights, freedoms and guarantees, etc.). The approach of the Supreme Court of Ukraine is given considerable weight in one of the most frequently cited Ukrainian articles on public policy[29]. The author summarizes the portion of the Resolution dealing with public policy by stating that public policy is reflected in the mandatory rules of Ukrainian law, *i.e.* those, which are to be observed in order for the legal system of Ukraine to remain stable.

35. It is not disputed that the one of the most prominent example of mandatory rules in Ukrainian law is that which sets forth the obligatory nature of the Ukrainian courts' decisions throughout the territory of Ukraine. These rules are laid down in the Constitution of Ukraine:

Court decisions are delivered in the name of Ukraine and are mandatory throughout Ukraine's territory.[30]

and the Law "On the Judiciary of Ukraine":

Court decisions in force are obvious for execution by all state organs, local authorities, their officials, associations of citizens and other organizations, citizens and legal entities throughout Ukraine's territory.[31]

36. Consequently, insofar as the April Decision declares the Shareholders Agreement invalid in its entirety, a Ukrainian court, faced with an application for the recognition and enforcement of an Award, will be obliged to apply Ukrainian public policy and pay deference to the obligatory nature of the April Decision and will refuse recognition and enforcement.

---

[27] *E.g.* Resolution of the Plenum of the Supreme Court of Ukraine # 12 "On the Practice of the Courts' Consideration of the Applications for Recognition and Enforcement of the Foreign Court and Arbitral Awards and on Setting Aside of Awards Delivered in the International Commercial Arbitration in the Territory of Ukraine" dated December 24, 1999 ("Resolution") (Excerpt is attached hereto as Exhibit A3).
[28] Resolutions are summaries of the law issued by the Supreme Court which pertain to specific issues. These are considered highly persuasive under Ukrainian law.
[29] 'Public Policy Concept in Private International Law', Oleg Alyoshin, Yuridicheskaya Practika # 41 (303) dated October 14, 2003 (Excerpt is attached hereto as Exhibit A4).
[30] Article 124(5) of the Constitution of Ukraine (Exhibit A5).
[31] Article 11(2) of the Law "On the Judiciary of Ukraine" (Exhibit A6).

37. Ukrainian courts have dealt with this issue in the past. One of the most celebrated examples is the so-called Western NIS Enterprise Fund case, in which the Ukrainian courts refused to recognize and enforce a foreign arbitral award by reason of the invalidity of the underlying agreement. The Fund succeeded in a U.S. arbitration against a Ukrainian company, Sonola. However, recognition and enforcement of the US award was refused in Ukraine because the agreement between the Fund and Sonola had been previously declared invalid by Ukrainian courts. The Fund lodged a series of unsuccessful appeals and finally failed in the Supreme Court of Ukraine.

38. Thus, it is my considered opinion that if the Tribunal decides not to follow April Decision and considers the present dispute, Telenor may face serious enforcement problems in Ukraine.

**I declare that the foregoing is true and correct.**

**Executed on July 28, 2006.**

Lyubov Logush

**Table of Exhibits:**

**Exhibit A.**    Curriculum Vitae of Lyubov Logush;

**Exhibit B.**    Article 84 of the CCPU;

**Exhibit C.**    Article 105 of the CCPU;

**Exhibit D.**    Articles 1 and 2 of the CCPU;

**Exhibit E.**    Article 12 of the CCPU;

**Exhibit F.**    Article 13 of the CCPU;

**Exhibit G.**    Articles 21(2) and 22(3) of the Law "On the Judiciary of Ukraine";

**Exhibit H.**    Article 15(2) of the CCPU;

**Exhibit I.**    Article 92 of the CCPU;

**Exhibit J.**    Article 25(3) of the Law "On the Judiciary of Ukraine";

**Exhibit K.**    Article 76(2) of the Law "On Private International Law";

**Exhibit L.**    Article 25(2) of the Law "On Private International Law";

**Exhibit M.**    Ruling of the Highest Commercial Court of Ukraine dated August 15, 2001, in Case # 19/449;

**Exhibit N.**    Excerpt of Judgment of the Constitutional Court of Ukraine # 18-рп/2004 dated December 1, 2004, in Case # 1-10/2004 on the matter on the constitutional submission of 50 members of parliament of Ukraine regarding official interpretation of certain provisions of Article 4, part 1, of the Code of Civil Procedure of Ukraine (case on legitimate interest);

**Exhibit O.**    Article 15(1) of the CCU;

**Exhibit P.**    Article 16(1) of the CCU;

**Exhibit Q.**    Article 26 of the CCPU;

**Exhibit R.**    Article 27 of the CCPU;

**Exhibit S.**    Articles 55-57 of the CCPU;

**Exhibit T.**    Article 54 of the CCPU;

**Exhibit U.**    Article 107 of the CCPU;

**Exhibit V.**    Articles 108-111[1] of the CCPU;

**Exhibit W.**    Article 28 of the CCPU;

**Exhibit X.**    Article 62(5) of Law "On Commercial Entities";

**Exhibit Y.**    Article 78 of the CCPU;

**Exhibit Z.**    Article 22(2) of the CCPU;

**Exhibit A1.**    Article 75 of the CCPU;

**Exhibit A2.**    Article V(2.b) of the New York Convention;

**Exhibit A3.**    Excerpt of Resolution of the Plenum of the Supreme Court of Ukraine # 12 "On the Practice of the Courts' Consideration of the Applications for Recognition and Enforcement of the Foreign Court and Arbitral Awards and on Setting Aside of Awards Delivered in the International Commercial Arbitration in the Territory of Ukraine" dated December 24, 1999;

**Exhibit A4.**    Excerpt of 'Public Policy Concept in Private International Law', Oleg Alyoshin, Yuridicheskaya Practika # 41 (303) dated October 14, 2003;

**Exhibit A5.**    Article 124(5) of the Constitution of Ukraine;

**Exhibit A6.**    Article 11(2) of the Law "On the Judiciary of Ukraine".

# EXHIBIT Q



# Господарський процесуальний кодекс України

(Назва у редакції Закону
України від 21.06.2001 р. N 2539-III)

Із змінами і доповненнями, внесеними
Законами України

від 30 червня 1993 року N 3345-XII, ВВР, 1993, N 33, ст. 347,
від 2 березня 1995 року N 82/95-ВР, ВВР, 1995, N 14, ст. 90,
від 20 лютого 1996 року N 54/96-ВР, ВВР, 1996, N 9, ст. 44,
від 13 травня 1997 року N 251/97-ВР, ОВУ, 1997, число 22, с. 3,
від 30 червня 1999 року N 784-XIV, ОВУ, 1999, N 33, ст. 1699,
від 20 квітня 2000 року N 1664-III, ОВУ, 2000, N 20, ст. 809,
від 19 жовтня 2000 року N 2056-III, ОВУ, 2000, N 46, ст. 1975,
від 21 грудня 2000 року N 2181-III, ОВУ, 2001, N 7, ст. 259,
від 18 січня 2001 року N 2249-III, ОВУ, 2001, N 8, ст. 313,
від 17 травня 2001 року N 2413-III, ОВУ, 2001, N 24, ст. 1060,
від 21 червня 2001 року N 2539-III, ОВУ, 2001 р., N 25, ст. 1148,
від 10 січня 2002 року N 2922-III, ОВУ, 2002 р., N 7, ст. 275,
від 7 березня 2002 року N 3092-III, ОВУ, 2002 р., N 13, ст. 637,
від 15 травня 2003 року N 761-IV, ОВУ, 2003 р., N 23, ст. 1020,
від 22 травня 2003 року N 850-IV, ОВУ, 2003 р., N 25, ст. 1173,
від 18 листопада 2003 року N 1255-IV, ОВУ, 2003 р., N 52, ст. 2734,
від 24 червня 2004 року N 1892-IV, ОВУ, 2004 р., N 28, ст. 1865,
від 3 березня 2005 року N 2456-IV, ОВУ, 2005 р., N 13, ст. 656,
від 23 червня 2005 року N 2705-IV, ОВУ, 2005 р., N 29, ст. 1691,
від 8 вересня 2005 року N 2875-IV, ОВУ, 2005 р., N 38, ст. 2362,
від 22 вересня 2005 року N 2900-IV, ОВУ, 2005 р., N 41, ст. 2593,
від 15 березня 2006 року N 3538-IV, ОВУ, 2006 р., N 14, ст. 961,
від 15 березня 2006 року N 3541-IV, ОВУ, 2006 р., N 15, ст. 1066

(З 28 червня 2002 цей Кодекс доповнено статтею 81[1]
згідно із Законом України від 21 червня 2001 року N 2539-III)

Положенням абзацу четвертого частини першої статті 2 дано
офіційне тлумачення згідно з Рішенням Конституційного Суду
України від 8 квітня 1999 року N 3-рп/99)

Положенню абзацу першого пункту 1 частини першої статті 12
щодо підвідомчості господарським судам справ "у спорах про
визнання недійсними актів з підстав, зазначених у законодавстві"
дано офіційне тлумачення згідно з Рішенням Конституційного
Суду України від 2 липня 2002 року N 13-рп/2002)

Господарський суд не приймає відмови від позову, зменшення розміру позовних вимог, визнання позову відповідачем, якщо ці дії суперечать законодавству або порушують чиї-небудь права і охоронювані законом інтереси.

(Із доповненнями, внесеними згідно із
законами України від 17.05.2001 р. N 2413-III,
від 21.06.2001 р. N 2539-III)

### Стаття 23. Участь у справі кількох позивачів та відповідачів

Позов може бути подано кількома позивачами чи до кількох відповідачів. Кожний з позивачів або відповідачів щодо іншої сторони виступає в судовому процесі самостійно.

### Стаття 24. Залучення до участі у справі іншого відповідача. Заміна неналежного відповідача

Господарський суд за наявністю достатніх підстав має право до прийняття рішення залучити за клопотанням сторони або за своєю ініціативою до участі у справі іншого відповідача.

Частину другу виключено

Господарський суд, встановивши до прийняття рішення, що позов подано не до тієї особи, яка повинна відповідати за позовом, може за згодою позивача, не припиняючи провадження у справі, допустити заміну первісного відповідача належним відповідачем.

Про залучення іншого відповідача чи заміну неналежного відповідача виноситься ухвала, і розгляд справи починається заново.

(Із змінами і доповненнями, внесеними згідно із
Законом України від 17.05.2001 р. N 2413-III,
від 23.06.2005 р. N 2705-IV)

### Стаття 25. Процесуальне правонаступництво

В разі вибуття однієї з сторін у спірному або встановленому рішенням господарського суду правовідношенні внаслідок реорганізації підприємства чи організації господарський суд здійснює заміну цієї сторони її правонаступником, вказуючи про це в рішенні або ухвалі. Усі дії, вчинені в процесі до вступу правонаступника, є обов'язковими для нього в такій же мірі, в якій вони були б обов'язковими для особи, яку він замінив.

Правонаступництво можливе на будь-якій стадії судового процесу.

### Стаття 26. Треті особи, які заявляють самостійні вимоги на предмет спору

Треті особи, які заявляють самостійні вимоги на предмет спору, можуть вступити у справу до прийняття рішення господарським судом, подавши позов до однієї або двох сторін.

Про прийняття позовної заяви та вступ третьої особи у справу господарський суд виносить ухвалу.

Треті особи, які заявляють самостійні вимоги на предмет спору, користуються усіма правами і несуть усі обов'язки позивача.

(Із змінами і доповненнями, внесеними згідно із
законами України від 17.05.2001 р. N 2413-III,
від 23.06.2005 р. N 2705-IV)



# Code of Commercial Procedure of Ukraine

### Article 26. Third persons that advance independent claims on the merits of the case

Third persons that advance independent claims on the merits of the case may enter into proceedings before a decision is delivered by the commercial court by submission of a claim against any or both parties.

The commercial court shall deliver an order on acceptance of the claim and entrance of the third person.

Third persons that advance independent claims on the merits of the case shall have the procedural rights and obligations of claimant.

(As amended by the laws of Ukraine
of 17 May 2001 N 2413-III,
of 23 June 2005 N 2705-IV)

# EXHIBIT R



# Господарський процесуальний кодекс України

(Назва у редакції Закону
України від 21.06.2001 р. N 2539-III)

Із змінами і доповненнями, внесеними
Законами України
від 30 червня 1993 року N 3345-XII, ВВР, 1993, N 33, ст. 347,
від 2 березня 1995 року N 82/95-ВР, ВВР, 1995, N 14, ст. 90,
від 20 лютого 1996 року N 54/96-ВР, ВВР, 1996, N 9, ст. 44,
від 13 травня 1997 року N 251/97-ВР, ОВУ, 1997, число 22, с. 3,
від 30 червня 1999 року N 784-XIV, ОВУ, 1999, N 33, ст. 1699,
від 20 квітня 2000 року N 1664-III, ОВУ, 2000, N 20, ст. 809,
від 19 жовтня 2000 року N 2056-III, ОВУ, 2000, N 46, ст. 1975,
від 21 грудня 2000 року N 2181-III, ОВУ, 2001, N 7, ст. 259,
від 18 січня 2001 року N 2249-III, ОВУ, 2001, N 8, ст. 313,
від 17 травня 2001 року N 2413-III, ОВУ, 2001, N 24, ст. 1060,
від 21 червня 2001 року N 2539-III, ОВУ, 2001 р., N 25, ст. 1148,
від 10 січня 2002 року N 2922-III, ОВУ, 2002  р., N 7, ст. 275,
від 7 березня 2002 року N 3092-III, ОВУ, 2002 р., N 13, ст. 637,
від 15 травня 2003 року N 761-IV, ОВУ, 2003 р., N 23, ст. 1020,
від 22 травня 2003 року N 850-IV, ОВУ, 2003 р., N 25, ст. 1173,
від 18 листопада 2003 року N 1255-IV, ОВУ, 2003 р., N 52, ст. 2734,
від 24 червня 2004 року N 1892-IV, ОВУ, 2004 р., N 28, ст. 1865,
від 3 березня 2005 року N 2456-IV, ОВУ, 2005 р., N 13, ст. 656,
від 23 червня 2005 року N 2705-IV, ОВУ, 2005 р., N 29, ст. 1691,
від 8 вересня 2005 року N 2875-IV, ОВУ, 2005 р., N 38, ст. 2362,
від 22 вересня 2005 року N 2900-IV, ОВУ, 2005 р., N 41, ст. 2593,
від 15 березня 2006 року N 3538-IV, ОВУ, 2006 р., N 14, ст. 961,
від 15 березня 2006 року N 3541-IV, ОВУ, 2006 р., N 15, ст. 1066

(З 28 червня 2002 цей Кодекс доповнено статтею 81[1]
згідно із Законом України від 21 червня 2001 року N 2539-III)

(Положенням абзацу четвертого частини першої статті 2 дано
офіційне тлумачення згідно з Рішенням Конституційного Суду
України від 8 квітня 1999 року N 3-рп/99)

(Положенню абзацу першого пункту 1 частини першої статті 12
щодо підвідомчості господарським судам справ "у спорах про
визнання недійсними актів з підстав, зазначених у законодавстві"
дано офіційне тлумачення згідно з Рішенням Конституційного
Суду України від 2 липня 2002 року N 13-рп/2002)

**Стаття 27. Треті особи, які не заявляють самостійних вимог на предмет спору**

Треті особи, які не заявляють самостійних вимог на предмет спору, можуть вступити у справу на стороні позивача або відповідача до прийняття рішення господарським судом, якщо рішення з господарського спору може вплинути на їх права або обов'язки щодо однієї з сторін. Їх може бути залучено до участі у справі також за клопотанням сторін, прокурора або ініціативи господарського суду.

У заявах про залучення третіх осіб і у заявах третіх осіб про вступ у справу на стороні позивача або відповідача зазначається, на яких підставах третіх осіб належить залучити або допустити до участі у справі.

Питання про допущення або залучення третіх осіб до участі у справі вирішується господарським судом, який виносить з цього приводу ухвалу.

Треті особи, які не заявляють самостійних вимог, користуються процесуальними правами і несуть процесуальні обов'язки сторін, крім права на зміну підстави і предмета позову, збільшення чи зменшення розміру позовних вимог, а також на відмову від позову або визнання позову.

(Із змінами, внесеними згідно із
Законом України від 17.05.2001 р. N 2413-III)

**Стаття 28. Представники сторін і третіх осіб**

Справи юридичних осіб в господарському суді ведуть їх органи, що діють у межах повноважень, наданих їм законодавством та установчими документами, через свого представника.

Керівники підприємств та організацій, інші особи, повноваження яких визначені законодавством або установчими документами, подають господарському суду документи, що посвідчують їх посадове становище.

Представниками юридичних осіб можуть бути також інші особи, повноваження яких підтверджуються довіреністю від імені підприємства, організації. Довіреність видається за підписом керівника або іншої уповноваженої ним особи та посвідчується печаткою підприємства, організації.

Повноваження сторони або третьої особи від імені юридичної особи може здійснювати її відособлений підрозділ, якщо таке право йому надано установчими або іншими документами.

Громадяни можуть вести свої справи в господарському суді особисто або через представників, повноваження яких підтверджуються нотаріально посвідченою довіреністю.

(У редакції Закону України
від 13.05.97 р. N 251/97-ВР)

**Стаття 29. Участь прокурора у розгляді справ**

Прокурор бере участь у розгляді справ за його позовами, а також може вступити за своєю ініціативою у справу, порушену за позовом інших осіб, на будь-якій стадії її розгляду для представництва інтересів громадянина або держави. З метою вступу у справу прокурор може подати апеляційне, касаційне подання, подання про перегляд рішення за нововиявленими обставинами або повідомити суд і взяти участь у розгляді справи, порушеної за позовом інших осіб.



# The Code of Commercial Procedure of Ukraine

### Article 27. Third persons without independent claims on the merits of the case

Third persons without independent claims on the merits of the case may enter into proceedings on the side of claimant or defendant before a decision is delivered by the commercial court, if the decision in the commercial dispute may influence their rights or obligations before any party. They may also be included into the proceedings upon the motion of the parties, prosecutor or the commercial court.

Applications for inclusion of third persons and applications of third persons to be included into the proceedings on the side of claimant or defendant shall contain the grounds of their inclusion or admission into the proceedings.

Inclusion or admission of third persons into the case shall be decided by the commercial court, which shall deliver an order in this connection.

Third persons without independent claims on the merits of the case shall have the procedural rights and obligations of the parties, except the right to amend the grounds and the matter of the claim, to increase or decrease the amount of the claim, as well as to agree with the claim or to refuse from it.

(As amended by the law of Ukraine
of 17 May 2001 N 2413-III)

# EXHIBIT S



# Господарський процесуальний кодекс України

(Назва у редакції Закону
України від 21.06.2001 р. N 2539-III)

Із змінами і доповненнями, внесеними
Законами України
від 30 червня 1993 року N 3345-XII, ВВР, 1993, N 33, ст. 347,
від 2 березня 1995 року N 82/95-ВР, ВВР, 1995, N 14, ст. 90,
від 20 лютого 1996 року N 54/96-ВР, ВВР, 1996, N 9, ст. 44,
від 13 травня 1997 року N 251/97-ВР, ОВУ, 1997, число 22, с. 3,
від 30 червня 1999 року N 784-XIV, ОВУ, 1999, N 33, ст. 1699,
від 20 квітня 2000 року N 1664-III, ОВУ, 2000, N 20, ст. 809,
від 19 жовтня 2000 року N 2056-III, ОВУ, 2000, N 46, ст. 1975,
від 21 грудня 2000 року N 2181-III, ОВУ, 2001, N 7, ст. 259,
від 18 січня 2001 року N 2249-III, ОВУ, 2001, N 8, ст. 313,
від 17 травня 2001 року N 2413-III, ОВУ, 2001, N 24, ст. 1060,
від 21 червня 2001 року N 2539-III, ОВУ, 2001 р., N 25, ст. 1148,
від 10 січня 2002 року N 2922-III, ОВУ, 2002  р., N 7, ст. 275,
від 7 березня 2002 року N 3092-III, ОВУ, 2002 р., N 13, ст. 637,
від 15 травня 2003 року N 761-IV, ОВУ, 2003 р., N 23, ст. 1020,
від 22 травня 2003 року N 850-IV, ОВУ, 2003 р., N 25, ст. 1173,
від 18 листопада 2003 року N 1255-IV, ОВУ, 2003 р., N 52, ст. 2734,
від 24 червня 2004 року N 1892-IV, ОВУ, 2004 р., N 28, ст. 1865,
від 3 березня 2005 року N 2456-IV, ОВУ, 2005 р., N 13, ст. 656,
від 23 червня 2005 року N 2705-IV, ОВУ, 2005 р., N 29, ст. 1691,
від 8 вересня 2005 року N 2875-IV, ОВУ, 2005 р., N 38, ст. 2362,
від 22 вересня 2005 року N 2900-IV, ОВУ, 2005 р., N 41, ст. 2593,
від 15 березня 2006 року N 3538-IV, ОВУ, 2006 р., N 14, ст. 961,
від 15 березня 2006 року N 3541-IV, ОВУ, 2006 р., N 15, ст. 1066

(З 28 червня 2002 цей Кодекс доповнено статтею 81[1]
згідно із Законом України від 21 червня 2001 року N 2539-III)

(Положенням абзацу четвертого частини першої статті 2 дано офіційне тлумачення згідно з Рішенням Конституційного Суду України від 8 квітня 1999 року N 3-рп/99)

(Положенню абзацу першого пункту 1 частини першої статті 12 щодо підвідомчості господарським судам справ "у спорах про визнання недійсними актів з підстав, зазначених у законодавстві" дано офіційне тлумачення згідно з Рішенням Конституційного Суду України від 2 липня 2002 року N 13-рп/2002)

4) зміст позовних вимог; якщо позов подано до кількох відповідачів, - зміст позовних вимог щодо кожного з них;

5) виклад обставин, на яких грунтуються позовні вимоги; зазначення доказів, що підтверджують позов; обгрунтований розрахунок сум, що стягуються чи оспорюються; законодавство, на підставі якого подається позов;

6) відомості про вжиття заходів досудового врегулювання спору якщо такі проводилися;

6¹) відомості про вжиття запобіжних заходів відповідно до розділу V¹ цього Кодексу;

7) перелік документів та інших доказів, що додаються до заяви.

У позовній заяві можуть бути вказані й інші відомості, якщо вони необхідні для правильного вирішення спору.

(Із змінами і доповненнями, внесеними згідно із
законами України від 13.05.97 р. N 251/97-ВР,
від 17.05.2001 р. N 2413-III,
від 21.06.2001 р. N 2539-III,
від 22.05.2003 р. N 850-IV,
від 18.11.2003 р. N 1255-IV,
від 23.06.2005 р. N 2705-IV)

### Стаття 55. Ціна позову

Ціна позову визначається:

1) у позовах про стягнення грошей - стягуваною сумою або сумою, оспорюваною за виконавчим чи іншим документом, за яким стягнення провадиться у безспірному (безакцептному) порядку;

2) у позовах про витребування майна - вартістю майна, що витребується;

3) у позовах, які складаються з кількох самостійних вимог, - загальною сумою усіх вимог;

4) у позовах про стягнення іноземної валюти - в іноземній валюті та у карбованцях відповідно до офіційного курсу, встановленого Національним банком України на день подання позову.

В ціну позову включаються також вказані в позовній заяві суми неустойки (штрафу, пені), а якщо вони не вказані, - суми їх, визначені суддею.

Ціну позову вказує позивач. У випадках неправильного зазначення ціни позову вона визначається суддею.

(Із змінами, внесеними згідно із
Законом України від 13.05.97 р. N 251/97-ВР)

### Стаття 56. Надсилання копії позовної заяви і доданих до неї документів

Позивач, прокурор чи його заступник зобов'язані при поданні позову надіслати сторонам копії позовної заяви та доданих до неї документів, якщо цих документів у сторін немає.

Такий самий обов'язок покладається на позивача у разі залучення господарським судом до участі у справі іншого відповідача, заміни господарським судом неналежного відповідача.

(Із змінами, внесеними згідно із
Законом України від 13.05.97 р. N 251/97-ВР)

### Стаття 57. Документи, що додаються до позовної заяви

До позовної заяви додаються документи, які підтверджують:

1) вжиття заходів досудового врегулювання господарського спору у випадках, передбачених статтею 5 цього Кодексу, з кожним із відповідачів (у спорах, що виникають при укладанні, зміні та розірванні договорів, - відповідно договір, проект договору, лист, який містить вимогу про укладання, зміну чи розірвання договору, відомості про пропозиції однієї сторони і розгляд їх у встановленому порядку, відповідь другої сторони, якщо її одержано, та інші документи; у спорах, що виникають при виконанні договорів та з інших підстав, - копія претензії, докази її надсилання відповідачу, копія відповіді на претензію, якщо відповідь одержано);

2) відправлення відповідачеві копії позовної заяви і доданих до неї документів;

3) сплату державного мита у встановлених порядку і розмірі;

3¹) сплату витрат на інформаційно-технічне забезпечення судового процесу;

4) обставини, на яких ґрунтуються позовні вимоги.

До заяви про визнання акта недійсним додається також копія оспорюваного акта або засвідчений витяг з нього.

До позовної заяви, підписаної представником позивача, додається довіреність чи інший документ, що підтверджує повноваження представника позивача.

(Із змінами і доповненнями, внесеними згідно із
законами України від 17.05.2001 р. N 2413-III,
від 21.06.2001 р. N 2539-III)

### Стаття 58. Об'єднання позовних вимог

В одній позовній заяві може бути об'єднано кілька вимог, зв'язаних між собою підставою виникнення або поданими доказами.

Суддя має право об'єднати кілька однорідних позовних заяв або справ, у яких беруть участь ті ж самі сторони, в одну справу, про що зазначається в ухвалі про порушення справи або в рішенні.

(Із змінами, внесеними згідно із
Законом України від 13.05.97 р. N 251/97-ВР)

### Стаття 59. Відзив на позовну заяву

Відповідач має право після одержання ухвали про порушення справи надіслати:

1) господарському суду - відзив на позовну заяву і всі документи, що підтверджують заперечення проти позову;

2) позивачу, іншим відповідачам, а також прокурору, який бере участь в судовому процесі, - копію відзиву.



# The Code of Commercial Procedure of Ukraine

### Article 55. Cost of action

Cost of action shall be defined:

1) in claims for collection of money – by amount to be collected or amount challenged under a writ of execution or another document entitling to undisputable (direct) collection;

2) in claims for vindication of property – by value of property to be vindicated;

3) in claims including several independent claims – by the total amount of all the claims;

4) in claims for collection of foreign currency – in foreign currency and rubles according to the official rate, defined by the National Bank of Ukraine on the day when the claim is brought.

Cost of action shall also include the amounts of forfeit (fine, penalty interest) indicated in the statement of claim or, if they are not indicated, their amounts defined by judge.

Cost of action shall be indicated by claimant. If cost of action is indicated incorrectly, it shall be defined by judge.

> (As amended by the Law of Ukraine
> of 13 May 1997 N 251/97-BP)

### Article 56. Service of a copy of the statement of claim with documents attached

Claimant, prosecutor or his deputy shall be obliged, when submitting the statement of claim, to serve the parties with a copy of the statement of claim with documents attached, if the parties do not possess these documents.

Claimant shall be under the same obligation if the commercial court includes another respondent into the proceeding or substitute the improper respondent.

> (As amended by the Law of Ukraine
> of 13 May 1997 N 251/97-BP)

### Article 57. Documents to be attached to the statement of claim

Statement of claim shall be accompanied with the documents confirming:

1) that the measures of pretrial settlement have been applied in the way prescribed in Article 5 of this Code as regards each respondent (in disputes arising out of conclusion, amendment or

denunciation of agreement, - accordingly the agreement, draft agreement, letter that contains request to conclude, amend or denounce the agreement, information about offers of one party and about their due consideration, reply of the other party if received, as well as other documents; in disputes arising out of execution of agreements and other grounds, - a copy of request, proof of its sending to respondent, a copy of reply to the request if such reply is received);

2) that a copy of the statement of claim and documents attached has been sent to respondent;

3) that the court fee has been duly paid;

3¹) that information and technical services of commercial court have been paid;

4) grounds in support of claim.

Statement of claim for invalidation of an act shall also be accompanied with a copy of the act in dispute or a certified excerpt from it.

Statement of claim, signed by claimant's representative, shall be accompanied with a power of attorney or another document certifying the authority of the claimant's representative.

(As amended and supplemented by the Laws
of Ukraine of 17 May 2001 N 2413-III,
of 21 June 2001 N 2539-III)

# EXHIBIT T



# Господарський процесуальний кодекс України

(Назва у редакції Закону
України від 21.06.2001 р. N 2539-III)

Із змінами і доповненнями, внесеними
Законами України
від 30 червня 1993 року N 3345-XII, ВВР, 1993, N 33, ст. 347,
від 2 березня 1995 року N 82/95-ВР, ВВР, 1995, N 14, ст. 90,
від 20 лютого 1996 року N 54/96-ВР, ВВР, 1996, N 9, ст. 44,
від 13 травня 1997 року N 251/97-ВР, ОВУ, 1997, число 22, с. 3,
від 30 червня 1999 року N 784-XIV, ОВУ, 1999, N 33, ст. 1699,
від 20 квітня 2000 року N 1664-III, ОВУ, 2000, N 20, ст. 809,
від 19 жовтня 2000 року N 2056-III, ОВУ, 2000, N 46, ст. 1975,
від 21 грудня 2000 року N 2181-III, ОВУ, 2001, N 7, ст. 259,
від 18 січня 2001 року N 2249-III, ОВУ, 2001, N 8, ст. 313,
від 17 травня 2001 року N 2413-III, ОВУ, 2001, N 24, ст. 1060,
від 21 червня 2001 року N 2539-III, ОВУ, 2001 р., N 25, ст. 1148,
від 10 січня 2002 року N 2922-III, ОВУ, 2002 р., N 7, ст. 275,
від 7 березня 2002 року N 3092-III, ОВУ, 2002 р., N 13, ст. 637,
від 15 травня 2003 року N 761-IV, ОВУ, 2003 р., N 23, ст. 1020,
від 22 травня 2003 року N 850-IV, ОВУ, 2003 р., N 25, ст. 1173,
від 18 листопада 2003 року N 1255-IV, ОВУ, 2003 р., N 52, ст. 2734,
від 24 червня 2004 року N 1892-IV, ОВУ, 2004 р., N 28, ст. 1865,
від 3 березня 2005 року N 2456-IV, ОВУ, 2005 р., N 13, ст. 656,
від 23 червня 2005 року N 2705-IV, ОВУ, 2005 р., N 29, ст. 1691,
від 8 вересня 2005 року N 2875-IV, ОВУ, 2005 р., N 38, ст. 2362,
від 22 вересня 2005 року N 2900-IV, ОВУ, 2005 р., N 41, ст. 2593,
від 15 березня 2006 року N 3538-IV, ОВУ, 2006 р., N 14, ст. 961,
від 15 березня 2006 року N 3541-IV, ОВУ, 2006 р., N 15, ст. 1066

(З 28 червня 2002 цей Кодекс доповнено статтею 81¹
згідно із Законом України від 21 червня 2001 року N 2539-III)

(Положенням абзацу четвертого частини першої статті 2 дано
офіційне тлумачення згідно з Рішенням Конституційного Суду
України від 8 квітня 1999 року N 3-рп/99)

(Положенню абзацу першого пункту 1 частини першої статті 12
щодо підвідомчості господарським судам справ "у спорах про
визнання недійсними актів з підстав, зазначених у законодавстві"
дано офіційне тлумачення згідно з Рішенням Конституційного
Суду України від 2 липня 2002 року N 13-рп/2002)

прокурора чи з своєї ініціативи.

(Із змінами, внесеними згідно із
Законом України від 21.06.2001 р. N 2539-III)

## Розділ VIII
## ПОДАННЯ ПОЗОВУ

### Стаття 54. Форма і зміст позовної заяви

Позовна заява подається до господарського суду в письмовій формі і підписується повноважною посадовою особою позивача або його представником, прокурором чи його заступником, громадянином - суб'єктом підприємницької діяльності або його представником.

Позовна заява повинна містити:

1) найменування господарського суду, до якого подається заява;

2) найменування (для юридичних осіб) або ім'я (прізвище, ім'я та по батькові за його наявності для фізичних осіб) сторін, їх місцезнаходження (для юридичних осіб) або місце проживання (для фізичних осіб), ідентифікаційні коди суб'єкта господарської діяльності за їх наявності (для юридичних осіб) або індивідуальні ідентифікаційні номери за їх наявності (для фізичних осіб - платників податків);

2-1) документи, що підтверджують за громадянином статус суб'єкта підприємницької діяльності;

3) зазначення ціни позову, якщо позов підлягає грошовій оцінці; суми договору (у спорах, що виникають при укладанні, зміні та розірванні господарських договорів);

4) зміст позовних вимог; якщо позов подано до кількох відповідачів, - зміст позовних вимог щодо кожного з них;

5) виклад обставин, на яких ґрунтуються позовні вимоги; зазначення доказів, що підтверджують позов; обґрунтований розрахунок сум, що стягуються чи оспорюються; законодавство, на підставі якого подається позов;

6) відомості про вжиття заходів досудового врегулювання спору якщо такі проводилися;

6¹) відомості про вжиття запобіжних заходів відповідно до розділу V¹ цього Кодексу;

7) перелік документів та інших доказів, що додаються до заяви.

У позовній заяві можуть бути вказані й інші відомості, якщо вони необхідні для правильного вирішення спору.

(Із змінами і доповненнями, внесеними згідно із
законами України від 13.05.97 р. N 251/97-ВР,
від 17.05.2001 р. N 2413-III,
від 21.06.2001 р. N 2539-III,
від 22.05.2003 р. N 850-IV,
від 18.11.2003 р. N 1255-IV,
від 23.06.2005 р. N 2705-IV)

### Стаття 55. Ціна позову



# The Code of Commercial Procedure of Ukraine

## Section VIII
## SUBMITTING THE CLAIM

### Article 54. Form and content of the statement of claim

Statement of claim shall be submitted to the commercial court in written form and signed by the plenipotentiary officer of claimant or its representative, prosecutor or his deputy, a citizen – entrepreneur or his representative.

Statement of claim shall contain:

1) name of the commercial court seized;

2) names of the parties (for natural persons first, last and, if any, middle names), their domicile, identification codes of entrepreneurs, if any (for legal entities), or individual identification codes, if any (for natural persons - taxpayers);

2-1) documents certifying the status of citizen – entrepreneur;

3) indication of cost of action, if the claim is of monetary value; agreement value (in disputes, arising out of conclusion, amendment and discontinuation of commercial agreements);

4) substance of claim; if the claim is brought against several respondents, - substance of counts of the claim against each of them;

5) statement of facts, upon which the claim is based; indication of evidence in support of the claim; substantiated calculation of amounts disputed or to be collected; rules of law, upon which the claim is based;

6) information on measures of pretrial settlement applied, if any;

6¹) information on provisional measures applied under section V¹ of this Code;

7) list of documents and other evidence attached to the statement of claim.

Statement of claim may contain other information, necessary for correct consideration of dispute.

(As amended and supplemented by the Laws
of Ukraine of 13 May 1997 N 251/97-BP,
of 17 May 2001 N 2413-III,
of 21 June 2001 N 2539-III,
of 22 May 2003 N 850-IV,
of 18 November 2003 N 1255-IV,
of 23 June 2005 N 2705-IV)