# EXHIBIT L

## Fried, Lisa

**From:** Van Tol, Pieter
**Sent:** Tuesday, November 21, 2006 3:48 PM
**To:** 'Ken Feinberg'; adrjentes@rcn.com; Craig, Gregory
**Cc:** 'Sills, Robert L.'; Zeballos, Gonzalo; Chang, Eric; Fried, Lisa
**Subject:** Certified translation

Dear Members of the Tribunal --

Per my earlier e-mail, attached is a certified translation of the submission that was made in connection with the Clarification Order.

Regards,

Pieter Van Tol
Lovells
590 Madison Avenue
New York, New York  10022
Tel: (212) 909-0661
Fax: (212) 909-0660
pieter.vantol@lovells.com



**GEOTEXT**
Translations, Inc.

STATE OF NEW YORK   )
                    )  ss
                    )
COUNTY OF NEW YORK  )

### CERTIFICATION

This is to certify that the attached translation is, to the best of my knowledge and belief, a true and accurate translation from Ukrainian into English of the attached document titled "Application To Clarify the Ruling of 25 May 2006 in re Case No. 40/242."

_____
Robert Adler, Senior Project Manager
Geotext Translations, Inc.

Sworn to and subscribed before me
this 21 day of November, 2006.

_____
EMERSON HOFF
NOTARY PUBLIC-STATE OF NEW YORK
No. 01HO6152437
Qualified in Kings County
My Commission Expires September 11, 2010

New York
259 West 30th Street  17th Floor
New York, NY 10001
tel 212.631.7432  fax 212.631.7778
www.geotext.com
e-mail translations@geotext.com

San Francisco
220 Montgomery Street, 3rd Floor
San Francisco, CA 94104
tel 415.576.9500  fax 415.520.0525
www.geotext.com
e-mail sanfrancisco@geotext.com

London
107-111 Fleet Street
London EC4A 2AB
tel +44 (0)20 7936 9002  fax +44 (0)20 7990 9909
www.geotext.com
e-mail london@geotext.com

To
V.O. Zelenin
Chairman
Kiev State Court of Appeals
Case No. 40/242

26 October 2006

**Claimant:**
*Name*: Alpren Limited
A corporation under the laws of the Republic of Cyprus
*Location*: 3 Themistocles Dervis Street
Julia House, 1st Floor, 1066, Nicosia, Cyprus
**Mailing address**: 4 Chapaeva St., Room 12
Kiev, 01030

**Respondent (Applicant):**
*Name*: Storm Limited Liability Company
*Location*: 1 Narodnogo opolchennia St.
Kiev, 01001
*Corporate Identification Code*: 23163325
Account 26000100675001 at CJSC Alfa Bank
MFO 300346

## APPLICATION
## TO CLARIFY THE RULING OF 25 MAY 2006
## IN RE CASE No. 40/242

In its ruling of 25 May 2006 Kiev State Court of Appeals denied the complaint by Storm LLC appealing the decision of the Kiev State Court. The decision of the Kiev State Court dated 25 April 2006 in re case No. 40/242 has been upheld.

Pursuant to article 89 of the Ukraine Civil Procedure Code, the Respondent requests clarification of the contents of the ruling, in particular to clarify the following issues:
1. The Court has ruled that the Shareholder Agreement, as an authority that violated public order, is a void authority in its entirety, including the arbitration clause, from the moment of its execution. Does this mean that said authority and the arbitration clause as its integral part do not and did not have any legal force, notwithstanding the so called independence of the arbitration clause, established by the UNCITRAL rules or any other statutes?
2. Does the declaration of the Shareholder Agreement as a void authority result in restoring the parties to the status existing prior to the agreement?
3. Does the declaration of the Shareholder Agreement as a void authority preclude the application of the arbitration clause contained in its text?
4. The Court has ruled that the parties have no grounds for performing the Shareholder Agreement and the actions related to its performance have been suspended by the Court. Does this mean that if disputes arise the parties are denied the opportunity for their review under the Shareholder Agreement, and in particular the arbitration clause therein, while the arbitration in New York (U.S.) has no basis to recognize itself competent to hear such

disputes, and any decisions or rulings it passes will contradict the court ruling, the clarification of which is the reason for this request?
5. Does the court ruling apply to third parties who were not parties in the case?
6. Can parties or any other persons voluntarily waive the application to them of the consequences of the invalidity of the void authority – the Shareholder Agreement, and/or its integral part – the arbitration clause?

[Signed]
V.V. Klimenko
General Manager
[Round seal]
Kiev, Ukraine
Limited Liability Company
Storm
License No. 23163325

26.10.2006                           **Київський апеляційний господарський суд**
                                     **Головуючому колегії Зеленіну В.О.**
                                     **справа №40/242**

                                     **Позивач:**
                                     *Найменування:* "Альпрен Лімітед"
                                     юридична особа за законодавством Республіки Кіпр
                                     *Місцезнаходження:* 3 Themistocles Dervis Street,
                                     Julia House, 1st Floor, 1066, Nicosia, Cyprus
                                     (Кіпр)
                                     <u>Адреса для кореспонденції</u>: 01030, м. Київ,
                                     вул. Чапаєва, буд. 4, оф. 12.

                                     **Відповідач (Заявник):**
                                     *Найменування:* Товариство з обмеженою
                                     відповідальністю "Сторм"
                                     *Місцезнаходження:* 01001, м. Київ, вул.
                                     Народного ополчення, буд.1
                                     *Ідентифікаційний код* юридичної особи
                                     23163325
                                     п/р 26000100675001 в ЗАТ "Альфа-Банк",
                                     МФО 300346


# ЗАЯВА
## ПРО РОЗ'ЯСНЕННЯ ПОСТАНОВИ ВІД 25.05.2006 року
## у справі №40/242.

Київським апеляційним господарським судом 25.05.2006 року було прийнято постанову, якою відмовлено в задоволенні апеляційної скарги ТОВ "Сторм" на рішення, господарського суду міста Києва. Рішення господарського суду міста Києва від 25.04.2006 року у справі №40/242 залишено без змін.

Керуючись статтею 89 ГПК України Відповідач просить роз'яснити зміст прийнятої постанови, зокрема роз'яснити наступні питання.

1. Судом встановлено, що Акціонерна угода, як правочин, який порушує публічний порядок, є нікчемним правочином в повному обсязі, включаючи арбітражне застереження, з моменту її вчинення. Чи означає це, що вказаний правочин та його складова частина – арбітражне застереження не мають та не мали жодної юридичної сили, незважаючи на так звану автономність арбітражного застереження, визначену правилами ЮНСІТРАЛ чи іншими актами?

2. Чи має наслідком визнання Акціонерної угоди нікчемним правочином повернення сторін в переддоговірне становище?

1

3. Чи має наслідком визнання Акціонерної угоди нікчемним правочином неможливість застосування арбітражного застереження, що міститься в її тексті?
4. Судом встановлено, що у сторін відсутні будь-які підстави для виконання Акціонерної угоди, а дії щодо її виконання судом припинені. Чи означає це, що сторони при наявності спорів позбавлені можливості на їх розгляд у відповідності до Акціонерної угоди, та зокрема арбітражного застереження в її тексті, а арбітраж, що відбувається в Нью Йорку (США) не має підстав для визнання себе компетентним на розгляд таких спорів, та будь-які рішення, ухвали, прийняті ним, суперечитимуть рішенню суду, про роз'яснення якого подана ця заява?
5. Чи розповсюджується рішення суду на треті особи, які не були сторонами справи?
6. Чи можуть сторони та інші особи добровільно відмовитись від застосування до них наслідків недійсності нікчемного правочину – Акціонерної угоди та/або її складової частини – арбітражного застереження?

Клименко В.В.
Генеральний директор

2