# EXHIBIT R

# THE HIGHEST COMMERCIAL COURT OF UKRAINE

## RULING
### IN THE NAME OF UKRAINE

December 22, 2005                                                                                              No. 46/501

    The Highest Commercial Court of Ukraine, sitting as a chamber composed of:
**Presiding Judge**    V. V. Semchuk
**Judges**    H. V. Savenko
    I. P. Khodakivska

**having considered**
the cassation appeal of    Storm Limited Liability Company
against the decision of Kyiv City Commercial Court of October 12, 2005 and
the ruling of Kyiv City Commercial Court of Appeal of November 11, 2005
in the case    No. 46/501
under the claim of    Storm Limited Liability Company (hereinafter Storm LLC)
against    Closed Joint-Stock Company "Kyivstar G.S.M." (hereinafter CJSC "Kyivstar")
    Telenor Mobile Communications AS (hereinafter Telenor)
about    invalidation of charter provisions
with participation of representatives of
the plaintiff: T. O. Tertychnyi, S. V. Avramenko, O. V. Poliak;
the defendants: did not appear;

**determined:**

    Storm LLC applied to the Kyiv City Commercial Court with a claim against CJSC "Kyivstar" and Telenor to invalidate the provisions of CJSC "Kyivstar" Charter of April 27, 2004, specifically Paragraph 9.1 of Article 9 and Paragraph 10.3 of Article 10 in the part establishing the election procedure of CJSC "Kyivstar" President, as well as to invalidate the decisions of Shareholders Meetings of CJSC "Kyivstar" in the part of appointment of the Board members – Paragraph 6 of the Minutes No. 30 of April 27, 2004 and Paragraph 2 of the Minutes No. 32 of January 11, 2005.
    The claim was entirely dismissed by the decision of Kyiv City Commercial Court of October 12, 2005 (judges – S.V. Shabunin, T. Y. Trofimenko, I.V. Usatenko).
    The decision of the local commercial court was affirmed by the decision of the Kyiv City Commercial Court of Appeal of November 11, 2005 (judges V.V. Andryenko, M.M. Maletych, V.I. Studenets).
    Storm LLC appealed to the Highest Commercial Court of Ukraine requesting to repeal the decision of the local and the ruling of the commercial court of appeal since they have breached material law, and to deliver a new decision that will invalidate Paragraph 9.1 of Article 9 of the Closed Joint-Stock Company "Kyivstar G.S.M." Charter in the part establishing the election procedure of the Members of the Board and decisions of the Shareholders' Meetings in the part of appointment of the Board members, specifically, Paragraph 6 of the Minutes No. 30 of April 27, 2004; Paragraph 2 of the Minutes No. 32 of January 11, 2005;
    - to invalidate the Charter provisions of Paragraph 10.3 of Article 10 of the Closed Joint-Stock Company "Kyivstar G.S.M." in the part establishing the Company President election procedure.
    The Chamber, having heard the plaintiff representatives' explanations, discussed arguments of the appeal, examined the available materials for the purposes of their legal

assessment by the commercial court, decided to satisfy the cassation appeal of Storm LLC on the following grounds.

CJSC "Kyivstar" was registered by Zaliznychnyi District State Administration on September 3, 1997 on the basis of decision No. 5959.

As of the date of consideration of the case the shareholders of CJSC "Kyivstar" are two legal entities – Storm Limited Liability Company (the plaintiff) holding 4,647,127 shares, an equivalent to 43.482342% of CJSC "Kyivstar G.S.M." charter fund, and Telenor Mobile Communications AS (hereinafter Defendant-2) holding 6,040,262 shares, equivalent to 56.517658% of CJSC "Kyivstar G.S.M" charter fund.

CJSC "Kyivstar G.S.M." is acting on the basis of the Charter approved by the General Meeting of the Company Shareholders – Minutes No. 30 of April 27, 2004 and registered by Solomyanskyi District State Administration in the City of Kyiv on June 14, 2004.

In accordance with the Paragraph 9.1 of CJSC "Kyivstar G.S.M" Charter, "The Company shall establish a board of the Company (the "Board") consisting of a total of nine (9) Directors. Each Shareholder shall vote or cause to be voted all of the Shares now or hereafter owned or controlled by it at all times in favor of the following actions:
(a)     Subject to Article 9.1(b), (c), (d) and (e):
(i)     to elect to the Board five (5) candidates nominated by Telenor (the "Telenor Directors"); and
(ii)    to elect to the Board four (4) candidates nominated by Storm (the "Storm Directors"); and the Shareholders shall take all actions necessary from time to time (...) to (A) ensure the election of such candidates and (B) maintain the membership of the Board as specified in this Article 9.1."

According to item "g" of Paragraph 9.1 of the Charter, shareholders shall also be entitled, "If so requested by Storm, to authorize up to four (4) individuals, each eligible to serve as a substitute for any of the individuals designated as a Storm Director in the event such Director is unable to attend a meeting of the Board."

Under the decision of the general meeting of defendant 1 shareholders of April 27, 2004 (Paragraph "g", Minutes of the Meeting No. 30), it was approved "... (c) to elect Oleksiy Khudyakov and Svitlana Tumanova as the Board Members of Storm; (d) to elect Pavlo Kulikov and Ernest Haliyev as Deputies of Storm Board Members; (e) to elect Paul Vien Espen as Board Member of Telenor; (f) to substitute Deputy of Board Member of Telenor Morten Carlsen Soerbi and transfer his authority to Oleh Yakymchuk; and (g) to substitute the deputy of the Board Member from Telenor Ragnar Corsaets and transfer his authority to Inger Malmanger Flaa."

On the general meetings of the defendant 1 shareholders of January 11, 2005 (Paragraph "c", Minutes of the Meeting No. 32) it was decided "to approve the following Members and substitutes of the Board from Storm: (i) Board Members from Storm: Yuriy Tumanov, Andriy Kosohov, Volodymyr Zhmak and Pavlo Kulikov; and (ii) substitutes of the Board Members from Storm: Valeriy Nilov, Oleksiy Modin and Oleksiy Khudiakov."

In accordance with Article 46 of the Law of Ukraine "On Commercial Entities", a board of joint-stock company (supervisory board) may be composed of the company shareholders, which board shall represent the interests of shareholders during the period between general meetings and within the competence determined by the charter, and shall supervise and regulate activities of management.

Since the law clearly defines that the supervisory board may be composed of shareholders, only the shareholders may be elected as a chairman and members of the supervisory board.

In accordance with CJSC "Kyivstar G.S.M." Charter, the members of the Board (supervisory board) of the company are the shareholders, namely the plaintiff and defendant-2.

According to the Explanation of the State Commission for Securities and Stock Exchange "Regarding the composition of the board (supervisory board) of a joint stock company from the shareholders in case when a shareholder is a legal entity" of November 26, 2002, No. 7, a legal entity, being a shareholder, can be elected to a joint-stock company board (supervisory board). A legal entity, elected as a shareholder to a joint-stock company board (supervisory board) may participate in the work of the supervisory board via its authorized representative(s).

Thus, according to the legislation provisions, a supervisory board of a the joint-stock company may be composed exclusively of shareholders, both individuals and legal entities. At the same time, the election to a supervisory board of individuals, who are not shareholders of this company but are the representatives of one of the shareholders–legal entity, contradicts the applicable legislation.

The possibility to establish a supervisory board of the joint-stock company is also contemplated by Article 160 of the Civil Code of Ukraine, which provides that the board shall supervise the activities of the executive body of the company and protect shareholders' rights.

The Code does not contemplate the establishment of the board exclusively out of the company shareholders. At the same time, the requirements of the Law regarding to the membership of the board are applicable, since they do not contradict the Civil Code.

Since the provisions of Paragraph 9.1 of CJSC "Kyivstar" Charter do not comply with the applicable legislation and under the said provisions individuals who were not the shareholders of the company were illegally elected to the Board during the general meetings of CJSC "Kyivstar" shareholders of April 27, 2004 and January 11, 2005, therefore the plaintiff's demands of invalidation of provisions stipulated in Paragraph 9.1 of Article 9 of CJSC "Kyivstar" Charter and invalidation of decisions made at the general meetings of the CJSC "Kyivstar" shareholders are subject to satisfaction.

According to Paragraph 10.3 of Article 10 of CJSC "Kyivstar" Charter "The President shall be appointed from among the members of the Management, and may be dismissed, by a simple majority vote of the Board. The President shall be nominated by Telenor, and each Shareholder shall cause the Directors nominated by such Shareholder to vote in favor of a nominee for a position of President nominated by Telenor. On the nomination of the President, the Board shall appoint, from among the members of the Management, a Vice President of the Company."

According to Paragraph 10.7, Article 10 of CJSC "Kyivstar" Charter, "The President shall have all the authority to manage and supervise the Company's day-to-day operations unless otherwise provided in this Charter. To the extent permitted by this Charter and applicable Ukrainian law, and within the limits established by the Board, the President shall manage the property and monetary funds of the Company, represent the Company, without a power of attorney, in relations with other Persons, in any legal or arbitration proceedings; execute contracts and agreements and documentation that relate to the operations and activities of the Company on behalf of the Company; issue powers of attorney for the execution of such agreements."

At the same time, according to Article 46 of the Law of Ukraine "On Commercial Enterprises", the board of a joint-stock company (supervisory board) shall represent interests of the shareholders in the period between convocations of the general meetings and shall supervise and regulate the activities of the management. One of the ways to influence the activities of the management of a joint-stock company is the possibility to change its composition, including the change of its chairman. This right is granted by the CJSC

"Kyivstar" Charter to the Board as a body that represents the interests of the shareholders between the general meetings of shareholders. Herewith the shareholders enjoy, under the legislation, equal rights to participate in the management of the company, and only when decisions are made at the general meeting of the shareholders with application of the principle "one share – one vote" (Article 44 of the Law of Ukraine "On Commercial Entities"), the equality of shareholders' rights as to the influence on company's activities is not adhered.

Therefore, the law does not provide for any restrictions as to shareholder's rights concerning participation in the work of a supervisory board of a company and decision making pertaining to its competence. Thus, Paragraph 10.3 of the Charter concerning the obligation of plaintiff's members of the Board to agree with candidacy of the President nominated by defendant-2 is a breach of right to participate in the management of a company and is subject to invalidation.

The Laws do not contemplate the obligation of a company shareholder to protect its rights by way of bringing forth disputable matters/issues for consideration at general meeting or other bodies of the company. At the same time, in compliance with paragraph 1 of Article 16 of the Civil Code of Ukraine, each person is entitled to submit to the court for protection of its personal property and non-property rights and interests. Accordingly, defendant's statement that the absence of initiatives of the plaintiff to consider disputable provisions of the Charter at a general meeting of shareholders proves the absence of breach of plaintiff's right, or its unwillingness to protect its rights, are groundless and are not supported by the law.

Governed by Articles $111^5$, $111^7$, $111^9$-$111^{11}$ of the Commercial Procedural Code of Ukraine, the Highest Commercial Court of Ukraine

### RULED:

To satisfy the cassation appeal of the Storm Limited Liability Company. To repeal the decision of the Kyiv City Commercial Court of October 12, 2005 and ruling of Kyiv City Commercial Court of Appeal of November 11, 2005 in the case No. 46/501.

To satisfy the claim of Storm Limited Liability Company.

To invalidate provisions of Paragraph 9.1 of Article 9 of the Charter of the Closed Joint-Stock Company "Kyivstar G.S.M."

To invalidate the decisions of Closed Joint-Stock Company "Kyivstar GSM" shareholders meetings in the part of election of the Board members (Paragraph 6 of the Minutes No. 30 of April 27, 2004; Paragraph 2 of the Minutes No. 32 of January 11, 2005).

To oblige shareholders of the Closed Joint-Stock Company "Kyivstar GSM", Storm Limited Liability Company, Telenor Mobile Communications AS to amend the text of the Charter in conformity with the applicable legislation of Ukraine. Invalidate Paragraph 10.3 of Article 10 of CJSC "Kyivstar GSM" Charter in the part that reads "The President shall be nominated by Telenor, and each Shareholder shall cause the Directors nominated by such Shareholder to vote in favor of a nominee for a position of President nominated by Telenor".

Recover the court fees expenses from the Closed Joint-Stock Company "Kyivstar GSM" in favor of Storm LLC.

To charge the Kyiv City Commercial Court with issuance of the order.

Chief Judge                                          V. Semchuk

Judges:                                              H. Savenko

I. Khodarkovska

[Stamp]: A true copy with the original

[Signature]: Specialist of the 1 Category (signature) L. Duda

[Round Seal]: The Highest Commercial Court of Ukraine, Secretariat No. 2

Case 1:07-cv-06929-GEL    Document 8-21    Filed 08/17/2007    Page 7 of 12



# ВИЩИЙ ГОСПОДАРСЬКИЙ СУД УКРАЇНИ
## ПОСТАНОВА
### ІМЕНЕМ УКРАЇНИ

22 грудня 2005 року                         №46/501

Вищий господарський суд України у складі колегії суддів:

| | |
|---|---|
| головуючого, судді | Семчука В.В. |
| суддів | Савенко Г.В. |
|  | Ходаківська І.П. |
| розглянувши касаційну скаргу | товариства з обмеженою відповідальністю "Сторм" |

на рішення господарського суду м.Києва від 12 жовтня 2005 року та постанову Київського апеляційного господарського суду від 11 листопада 2005 року

| | |
|---|---|
| у справі | №46/501 |
| за позовом | товариства з обмеженою відповідальністю "Сторм" (далі – ТОВ "Сторм") |
| до | закритого акціонерного товариства "Київстар Дж.Ес.Ем."(далі – ЗАТ "Київстар") |
|  | Теленор Мобайл Ком'юнікейшнз АС (далі - Теленор) |
| про | визнання недійсними положень статуту |

за участю представників:
позивача: Тертичний Т.О., Авраменко С.В., Поляк О.В.;
відповідачів: не з'явились;

**встановив:**

ТОВ "Сторм" звернулося до господарського суду міста Києва з позовом до ЗАТ "Київстар", Теленор про визнання недійсними положень Статуту ЗАТ „Київстар" від 27 квітня 2004 року, а саме п. 9.1 статті 9 та п. 10.3 статті 10 в частині порядку обрання Президента ЗАТ „Київстар", а також про визнання недійсними рішень Зборів акціонерів ЗАТ "Київстар" в частині обрання членів Ради – п.6 Протоколу №30 від 27 квітня 2004 року та п.2 Протоколу №32 від 11 січня 2005 року.

Рішенням господарського суду м. Києва від 12 жовтня 2005 року (судді Шабунін С.В., Трофименко Т.Ю., Усатенко І.В.) в позові відмовлено повністю.

Постановою Київського апеляційного господарського суду від 11 листопада 2005 року (судді Андрієнко В.В., Малетич М.М., Студенець В.І.) рішення місцевого господарського суду залишено без змін.

ТОВ "Сторм" звернулося з касаційною скаргою до Вищого господарського суду України, в якій просить рішення місцевого та постанову апеляційного господарських судів скасувати, оскільки ними порушені норми матеріального права та прийняти нове рішення, яким - визнати недійсним положення п.9.1 статті 9 Статуту закритого акціонерного товариства "Київстар Дж. ЕС. Ем." в частині порядку обрання членів Ради товариства та рішення

Зборів акціонерів Товариства в частині обрання членів Ради – а саме п. 6 Протоколу №30 від 27.04.2004 року; п. 2 Протоколу №32 від 11.01.2005 року;

- визнати недійсним положення п. 10.3 статті 10 Статуту закритого акціонерного товариства "Київстар Дж. ЕС. Ем." в частині порядку обрання Президента товариства.

Заслухавши пояснення представників позивача, обговоривши доводи касаційної скарги, перевіривши наявні матеріали на предмет їх юридичної оцінки господарським судом, колегія суддів встановила, що касаційна скарга ТОВ "Сторм" підлягає задоволенню з наступних підстав.

ЗАТ „Київстар" зареєстровано Залізничною районною державною адміністрацією 3 вересня 1997 року на підставі рішення № 5959.

На час розгляду справи акціонерами ЗАТ „Київстар" є дві юридичні особи - Товариство з обмеженою відповідальністю „Сторм" (позивач), якому належить 4 647127 акцій, що становить 43,482342% статутного фонду ЗАТ „Київстар Дж.Ес.Ем.", та компанія Теленор Мобайл Ком'юнікейшнз АС (далі - відповідач -2), якій належить 6 040 262 акцій, що становить 56,517658% статутного фонду ЗАТ „Київстар Дж.Ес.Ем.".

ЗАТ „Київстар Дж.Ес.Ем." діє на підставі Статуту, затвердженого Загальними Зборами акціонерів товариства - протокол № 30 від 27 квітня 2004 року та зареєстрованого Солом'янською районною в місті Києві державною адміністрацією 14 червня 2004 року.

Відповідно до п. 9.1 Статуту ЗАТ „Київстар Дж.Ес.Ем.", „У Товаристві створюється рада Товариства (далі – „Рада"), до складу якої входять 9 (дев'ять) Директорів. Кожен Акціонер голосує чи забезпечує голосування всіма Акціями, якими він володіє або які контролює на даний момент чи в будь-який час в майбутньому, для здійснення наступних дій:

(а)     З урахуванням Статті 9.1(б), (в), (г) і (д):
(і)      обрання до Ради 5 (п'ять) кандидатів, запропонованих Теленором (далі – „Директори Теленора"); та
(іі)     обрання до Ради 4 (чотири) кандидатів, запропонованих Стормом (далі – „Директори Сторма");

і Акціонери здійснюють всі дії, які є час від часу необхідними (...) для (А) забезпечення обрання таких кандидатів і (Б) збереження складу Ради, визначеного цією Статтею 9.1."

Відповідно до пп. „є" п. 9.1 Статуту, акціонери також можуть „На прохання Сторма уповноважити до 4 (чотири) осіб, кожна з яких має право заміняти будь-яку з осіб, призначених Директорами Сторма, у випадку, якщо такий Директор не може бути присутній на засіданні Ради."

Рішенням загальних зборів акціонерів відповідача 1 від 27.04.2004 р. (п. "є" Протоколу № 30 зборів) було ухвалено "...(в) обрати Олексія Худякова та Світлану Туманову членами Ради від Сторма; (г) обрати Павла Кулікова та Ернеста Галієва заступниками членів Ради від Сторма; (д) обрати Пола Вієна Еспена членом Ради від Теленора; (е) замінити заступника члена Ради від Теленора, Мортена Карлсена Соербі, і передати його повноваження Олегу

Якимчуку; та (є) замінити заступника члена Ради від Теленора, Рагнара Корсаетса, і передати його повноваження Інгер Малмангер Флаа."

Рішенням загальних зборів акціонерів відповідача 1 від 11.01.2005 р. (п. „в" Протоколу № 32 зборів) було ухвалено „Затвердити наступний склад членів та заступників членів Ради від Сторма: (і) члени Ради від Сторма: Юрій Туманов, Андрій Косогов, Володимир Жмак та Павло Куліков; та (іі) заступники членів Ради від Сторма: Валерій Нілов, Олексій Модін, та Олексій Худяков."

Відповідно до ст. 46 Закону України „Про господарські товариства", в акціонерному товаристві з числа акціонерів може створюватися рада акціонерного товариства (спостережна рада), яка представляє інтереси акціонерів у період між проведенням загальних зборів і в межах компетенції, визначеної статутом, контролює і регулює діяльність правління.

Оскільки в законі чітко визначено, що спостережна рада може створюватися з числа акціонерів, то головою та членами спостережної ради можуть обиратися тільки акціонери.

Відповідно до Статуту ЗАТ „Київстар Дж.Ес.Ем." членами Ради (спостережної ради) товариства є акціонери, а саме Позивач та Відповідач – 2.

Відповідно до роз'яснення Державної комісії з цінних паперів та фондового ринку від 26 листопада 2002 року №7 "щодо створення ради акціонерного товариства (спостережної ради) з числа акціонерів у разі, якщо акціонером є юридична особа", юридична особа, яка є акціонером, може бути обраною до ради акціонерного товариства (спостережної ради). Юридична особа, обрана як акціонер до складу ради акціонерного товариства (спостережної ради), може брати участь у роботі спостережної ради через свого уповноваженого представника (представників).

Відтак, за змістом законодавчих приписів спостережна рада акціонерного товариства може утворюватися виключно із числа акціонерів – як фізичних, так і юридичних осіб. Одночасно з цим, обрання до складу спостережної ради фізичних осіб, які не є акціонерами цього товариства, а є представниками одного із акціонерів – юридичної особи, суперечить чинному законодавству.

Можливість створення спостережної ради акціонерного товариства також передбачено в ст. 160 Цивільного кодексу України, де вказано, що рада здійснює контроль за діяльністю виконавчого органу товариства та захист прав акціонерів.

Кодексом не передбачається формування ради виключно з числа акціонерів товариства. Разом з тим, вимоги Закону щодо складу ради застосовуються, оскільки не суперечать Цивільному кодексу.

Оскільки положення пункту 9.1 Статуту ЗАТ "Київстар" не відповідають чинному законодавству, і відповідно до вказаних положень неправомірно на загальних зборах акціонерів ЗАТ "Київстар" від 27 квітня 2004 року та 11 січня 2005 року до складу Ради обрано фізичних особи, які не є акціонерами, тому вимоги позивача про визнання недійним положень п.9.1 статті ( Статуту ЗАТ "Київстар" та визнання недійсними рішень загальних зборів акціонерів ЗАТ "Київстар" підлягають задоволенню.

Відповідно до п. 10.3 статті 10 Статуту ЗАТ „Київстар", „Президент призначається з числа членів Правління, та може бути звільнений з посади, простою більшістю голосів Ради. Кандидата на посаду Президента пропонує Теленор, і кожний Акціонер забезпечує, щоб Директори, призначені таким Акціонером, проголосували за обрання такого кандидата, запропонованого Теленором, на посаду Президента. За поданням Президента Рада призначає з числа членів Правління Віце-Президента Товариства."

Відповідно до п. 10.7 статті 10 Статуту ЗАТ „Київстар", „Президент має всі повноваження для керівництва і нагляду за поточною діяльністю Товариства, якщо інше не передбачено цим Статутом. В обсязі, дозволеному цим Статутом та чинним законодавством України, та у межах, визначених Радою, Президент розпоряджається майном та грошовими коштами Товариства; без доручення представляє Товариство у відносинах з іншими Особами, у будь-якому судовому або арбітражному провадженні, підписує від імені Товариства контракти та договори, а також документацію, пов'язану з діяльністю Товариства; видає довіреності на підписання таких угод."

Разом з цим, відповідно до ст. 46 Закону України „Про господарські товариства" рада акціонерного товариства (спостережна рада) представляє інтереси акціонерів у період між проведенням загальних зборів і контролює і регулює діяльність правління. Одним зі способів впливу на діяльність правління акціонерного товариства є можливість зміни його складу, у тому числі зміни його голови. Статутом ЗАТ „Київстар" це право надано Раді, як органу, що представляє інтереси акціонерів між загальними зборами акціонерів. При цьому відповідно до законодавства акціонери мають однакові права щодо участі в управлінні товариством, і лише при прийнятті рішень на загальних зборах акціонерів при застосуванні принципу одна акція - один голос (ст. 44 Закону України „Про господарські товариства") рівність прав акціонерів щодо впливу на діяльність товариства не дотримується.

Таким чином, законом не передбачено обмеження прав акціонера щодо участі у роботі спостережної ради товариства та прийнятті питань, віднесених до її компетенції. Таким чином, положення п. 10.3 Статуту щодо обов'язку членів Ради від позивача погодитися з кандидатурою Президента, запропонованою відповідачем 2, є порушенням права на участь в управлінні товариством і підлягають визнанню недійсними.

Законодавством не передбачено обов'язку акціонера товариства захищати свої права шляхом винесення спірних питань на розгляд загальних зборів чи інших органів товариства. Разом з тим, відповідно до ч. 1 ст. 16 ЦК України, кожна особа має право звернутися до суду за захистом свого особистого немайнового або майнового права та інтересу. Відповідно, посилання відповідачів про те, що відсутність ініціатив позивача розглянути спірні положення Статуту на загальних зборах акціонерів свідчить про відсутність порушення права позивача або його небажання захистити свої права, є безпідставними і не підтверджуються нормами закону.

Керуючись ст.ст.111⁵, 111⁷, 111⁹ 111¹¹ Господарського процесуального кодексу України, Вищий господарський суд України,

## ПОСТАНОВИВ:

Касаційну скаргу товариства з обмеженою відповідальністю "Сторм" задовольнити. Рішення господарського суду м.Києва від 12 жовтня 2005 року та постанову Київського апеляційного господарського суду від 11 листопада 2005 року у справі №46/501 скасувати.

Позов товариства з обмеженою відповідальністю "Сторм" задовольнити.

Визнати недійсним положення п.9.1 статті 9 Статуту закритого акціонерного товариства "Київстар Дж.Ес.Ем.".

Визнати недійсними рішення зборів акціонерів закритого акціонерного товариства "Київстар Дж.Ес.Ем." в частині обрання членів Ради (п.6 Протоколу №30 від 27 квітня 2004 року; п.2 Протоколу №32 від 11 січня 2005 року).

Зобов'язати акціонерів ЗАТ "Київстар Дж.Ес.Ем.", товариство з обмеженою відповідальністю "Сторм", Теленор Мобайл Ком'юнікейшнз АС провести зміст Статуту у відповідність з вимогами чинного законодавства України. Визнати недійсним положення п.10.3. ст.10 Статуту ЗАТ "Київстар Дж.Ес.Ем" в частині "Кандидата на посаду Президента пропонує Теленор і кожний Акціонер забезпечує, щоб Директори, призначені таким акціонером, проголосували за обрання такого кандидата, запропонованого Теленором, на посаду Президента".

Стягнути з закритого акціонерного товариства "Київстар Дж. Ес. Ем." на користь ТОВ "Сторм" витрати по державному миту.

Доручити господарському суду м. Києва видати наказ.

Головуючий суддя             В.Семчук

Судді:                         Г. Савенко

                               І. Ходаківська