# EXHIBIT S

21.12.2006                      Kyiv City Commercial Court      *8*

[*Handwritten: Smirnova L.G.*
*22.12.06*]
[*signature*]

**Claimant:**
*Name:* Limited Liability Company "Storm"
*Location:* 1 Narodnogo Opolchennya Str.
Kyiv, 01001
*Identification code* of legal entity: 23163325
Current account No. 26000100675001 in CJSC "Alfa-Bank",
MFO code 300346

**Respondent 1:**
Closed Joint Stock Company "Kyivstar G.S.M."
*Location:* 51 Chervonozoryany Prospect
Kyiv, 03110.
*Identification code* of legal entity:
21673832
Current account No. 26007011250098 in "Kyivske Regionalne Upravlinnya" Branch of JSCIB "UkrSibbank", MFO code 300733

**Respondent 2:**
*Name:* Limited Liability Company "Ernst & Young Audit Services"
*Location:* 19a, Khreschatyk St.,
Kyiv, 01001
*Identification code* of legal entity:
33306921
Current account No. 26008200313003 in Citibank (Ukraine),
MFO code 300584

**Respondent 3:**
*Name:* Limited Liability Company "Ernst & Young"
*Location:* 19a, Khreschatyk St.,
Kyiv, 01001
*Identification code* of legal entity:
33306958
Current account No. 26005200311019 in Citibank (Ukraine),
MFO code 300584

[*Stamp*: Kyiv City Commercial Court
December 21, 2006     RECEIVED
No. *37352*    Signature [*signed*]]

1

*9*

# STATEMENT OF CLAIM
## on recognizing agreements as null and void, recognizing actions as unlawful and compelling to take actions

The Claimant is a shareholder of Respondent 1, holding 43.4823% of the shares.

In accordance with the Civil Code of Ukraine, the Commercial Code of Ukraine, the Law of Ukraine "On Business Entities", the Claimant is entitled to manage Respondent 1 as a member of the general meeting of shareholders, the highest governing body of Respondent 1.

Under Article 4 of the Law of Ukraine "On Business Entities", the procedure for managing Respondent 1 is established in the Charter and the founding agreement, which must define the competence of governing bodies and their decision-making procedure. The Claimant, in its capacity as a shareholder of Respondent 1, approved the charter of Respondent 1 and defined the competence of the governing bodies of Respondent 1. In particular, Article 9.10 of the Charter provided that: "... [the following matters] shall fall within the exclusive authority of the Board...:

...

*(j) the appointment of the Company's external auditors".*

Article 161 of the Civil Code of Ukraine defines the powers of executive body of a joint stock company. In particular, part 1 of Article 161 provides that executive body acts on behalf of a joint stock company within the limits established by the charter and the law.

However, as the Claimant has found out, Respondent 1 has acted and is acting contrary to the requirements of the Charter, has systematically ignored and is ignoring its provisions, has violated and is violating the Ukrainian law, the rights of the Claimant to participate in managing Respondent 1.

Thus, Respondent 1 (represented by Trond Moe, an attorney-in-fact) appointed Respondent 2 and Respondent 3 as auditors of Respondent 1 and signed the Agreement on Provision of Professional Services No. 9331 of January 6, 2006 (with Respondent 2 and Respondent 3), hereinafter "Disputed Agreement 1", and the Agreement on Provision of Professional Services No. 12352 of May 3, 2006 (with Respondent 3), hereinafter "Disputed Agreement 2", as well as has partially performed them.

However, the mentioned actions of the Respondents are illegal, and the disputed agreements are null and void transactions in connection with the following.

So, according to Article 203 of the Civil Code of Ukraine, a person performing a transaction shall have the required scope of civil capacity.

A legal entity incurs rights and obligations through its bodies acting in accordance with constituent documents and the law.

2

*10*

Under Article 215 of the Civil Code of Ukraine, a ground for invalidity of a transaction is party's non-compliance with the requirements provided for, in particular, by parts 1 – 3 of Article 203 of the Civil Code of Ukraine at the time when a transaction is performed, namely, its performance by a person without the required scope of civil capacity (in excess of his/her powers).

Hence, Trond Moe, a representative of Respondent 1, did not have the sufficient scope of civil capacity to appoint Respondents 2 and 3 as auditors of Respondent 1. Neither Respondent 1, nor Trond Moe, a representative of Respondent 2, had sufficient powers to enter into the disputed agreements without a resolution of the Board of Respondent 1 on appointment of the auditors, and this undoubtedly evidences the need to recognize them [the disputed agreements] as null and void and recognize the actions relating to appointment of the auditors by the executive body of Respondent 1 and execution of the disputed agreements with them as unlawful.

Under Article 216 of the Civil Code of Ukraine, an invalid transaction does not entail any legal consequences, except for those related to its invalidity. Therefore, the Respondents have no grounds whatsoever to continue taking any actions to perform the disputed agreements, any such actions must be ceased, and each Party must return to the other one everything it obtained under the disputed agreements.

At the same time, one should note that, under Article 18 of the Law of Ukraine "On Business Entities", financial statements of a company shall be confirmed by an auditor (an audit firm).

Pursuant to Article 20 of the Law of Ukraine "On Audit Activity", an audit shall be conducted on the basis of an agreement.

Under Article 28 of the Law of Ukraine "On Audit Activity", an entity, for which an audit is mandatory under the law, shall notify a relevant tax inspectorate of execution of an agreement for conducting an audit by December 1.

Since an audit is mandatory for Respondent 1, as under Article 40 of the Law of Ukraine "On Securities and Stock Market", an issuer (in this case, Respondent 1) shall submit an auditor's report to the State Securities and Stock Market Commission by April 30 of the year following the reporting year, Respondent 1 was to have appointed an auditor and have entered into a respective agreement with it by December 1, 2006, and have notified thereof a tax inspectorate where it is registered within December 1, 2006.

Contrary to the above-mentioned statutory rules, Respondent 1 has failed to appoint any auditor for the year 2006 and, as a result, did not enter into any audit agreement with it and did not notify the tax inspectorate thereof. This may negatively influence its activity and inflict losses both on Respondent 1 and the Claimant as a shareholder of Respondent 1 since this may affect the amount of profit subject for distribution between the shareholders.

*11*

Pursuant to Article 124 of the Ukrainian Constitution, the courts' jurisdiction shall encompass all legal relations arising in the state, including those relating to this particular case.

Under part 1 of Article 20 of the Civil Code of Ukraine, a person exercises the right to protection at its own discretion, i.e. a person freely chooses a legal remedy for its violated rights and legitimate interests.

In view of the foregoing, based on Article 124 of the Ukrainian Constitution, Articles 13, 20, 161, 203, 215 and 216 of the Civil Code of Ukraine, Articles 20 and 28 of the Law of Ukraine "On Audit Activity", Article 40 of the Law of Ukraine "On Securities and Stock Market", Articles 4 and 18 of the Law of Ukraine "On Business Entities", Articles 83 and 84 of the Code of Commercial Procedure of Ukraine,

### IT IS HEREBY REQUESTED TO:

- recognize as null and void the Agreement on Provision of Professional Services No. 9331 dated January 6, 2006, entered into between Closed Joint Stock Company "KYIVSTAR G.S.M.", Limited Liability Company "Ernst & Young Audit Services" and Limited Liability Company "Ernst & Young", as from the time of its signing;

- recognize as null and void the Agreement on Provision of Professional Services No. 12352 dated May 3, 2006, entered into between Closed Joint Stock Company "KYIVSTAR G.S.M." and Limited Liability Company "Ernst & Young", as from the time of its signing;

- recognize as unlawful the actions taken by Closed Joint Stock Company "KYIVSTAR G.S.M.", Limited Liability Company "Ernst & Young Audit Services" and Limited Liability Company "Ernst & Young" where they concern entering into and performing the Agreement on Provision of Professional Services No. 9331 dated January 6, 2006;

- recognize as unlawful the actions taken by Closed Joint Stock Company "KYIVSTAR G.S.M." and Limited Liability Company "Ernst & Young" where they concern entering into and performing the Agreement on Provision of Professional Services No. 12352 dated May 3, 2006;

- recognize as unlawful the appointment of Limited Liability Company "Ernst & Young Audit Services" and Limited Liability Company "Ernst & Young" as auditors of Closed Joint Stock Company "KYIVSTAR G.S.M." for the year 2005;

- compel Closed Joint Stock Company "KYIVSTAR G.S.M." and Limited Liability Company "Ernst & Young" to return to one another the documents, data, information, funds and everything else obtained under the Agreement on Provision of Professional Services No. 12352 dated May 3, 2006 and in the course of its performance;

4

*12*

- compel Closed Joint Stock Company "KYIVSTAR G.S.M.", as represented by its competent body – the Board, to appoint an auditor for the year 2005;

- compel Closed Joint Stock Company "KYIVSTAR G.S.M.", as represented by its competent body – the Board, to appoint an auditor for the year 2006;

- compel Closed Joint Stock Company "KYIVSTAR G.S.M." to execute audit agreements with the auditors and to notify the tax inspectorate of their execution after the Board appoints such auditors for the years 2005 and 2006;

- hold Closed Joint Stock Company "KYIVSTAR G.S.M.", Limited Liability Company "Ernst & Young Audit Services" and Limited Liability Company "Ernst & Young" jointly liable for reimbursing Limited Liability Company "Storm" for the litigation costs in the ratio of 80%, 10% and 10% respectively.

Annexes:

1. Copy of the charter of CJSC "KYIVSTAR G.S.M.";
2. Copy of the Agreement on Provision of Professional Services No. 9331 dated January 6, 2006;
3. Copy of the Agreement on Provision of Professional Services No. 12352 dated May 3, 2006;
4. Evidence that a copy of the statement of claim and the annexed documents (which respondents do not have) have been sent to the respondents;
5. Evidence of payment of the state duty;
6. Evidence of payment of costs for information and technical support of the legal process;

*[Signature]*

V.V. Klymenko
General Director


I, Oksana Kharchenko, hereby certify that I have knowledge of English and Russian/Ukrainian languages and that I am competent to translate to and from the said languages. I declare that the above translation was done by me and is true, accurate and correct translation of the Statement of Claim of Limited Liability Company "Storm" on Recognizing Agreements as Null and Void, Recognizing Actions as Unlawful and Compelling to Take Actions dated December 21, 2006, of which I have seen a copy of the original.

March 6, 2007, I, Nariinskii F.M., director of Translation Agency "Eridan – 2002", certify the authenticity of signature which is made by translator Oksana Kharchenko.

[Seal]

5

21.12.06

Господарський суд міста Києва

**Позивач:**
*Найменування:* Товариство з обмеженою відповідальністю "Сторм"
*Місцезнаходження:* 01001, м. Київ, вул. Народного ополчення, буд.1
*Ідентифікаційний* код юридичної особи 23163325
п/р 26000100675001 в ЗАТ "Альфа-Банк", МФО 300346

**Відповідач 1:**
Закрите акціонерне товариство "КИЇВСТАР Дж. Ес. Ем."
*Місцезнаходження:* 03110, м. Київ, Червонозоряний проспект, 51.
*Ідентифікаційний* код юридичної особи 21673832
п/р 26007011250098 в Філія АКІБ "УкрСиббанк" "Київське регіональне управління, МФО 300733

**Відповідач 2:**
*Найменування:* Товариство з обмеженою відповідальністю "Ернст енд Янг Аудиторські Послуги"
*Місцезнаходження:* 01001, м. Київ, вул. Хрещатик, буд.19а.
*Ідентифікаційний* код юридичної особи 33306921
п/р 26008200313003 в Сітібанк (Україна), МФО 300584

**Відповідач 3:**
*Найменування:* Товариство з обмеженою відповідальністю "Ернст енд Янг"
*Місцезнаходження:* 01001, м. Київ, вул. Хрещатик, буд.19а
*Ідентифікаційний* код юридичної особи 33306958
п/р 26005200311019 в Сітібанк (Україна), МФО 300584

Господарський суд міста Києва
21 ГРУ 2006 ОДЕРЖАНО
№ 37352  Підпис

1

9

## ПОЗОВНА ЗАЯВА
про визнання договорів недійсними, дій незаконними та зобов'язання вчинити дії

Позивач є акціонером Відповідача 1, якому належить 43,4823 % акцій.

У відповідності до Цивільного кодексу України, Господарського кодексу, Закону України "Про господарські товариства" Позивач має право на управління Відповідачем 1, як один з членів вищого органу управління Відповідача 1 – загальних зборів акціонерів.

Порядок управління Відповідачем 1 згідно зі ст.4 Закону України "Про господарські товариства" встановлюється в Статуті та установчому договорі, який має містити компетенцію органів управління та порядок прийняття рішень. Позивачем, як акціонером Відповідача 1, було ухвалено статут Відповідача 1 та визначено компетенцію органів управління Відповідача 1. В п.9.10 Статуту було встановлено, що: "...належать до виключної компетенції Ради ...:

...

*(и) призначення незалежних аудиторів Товариства".*

Ст.161 ЦК України визначено повноваження виконавчого органу акціонерного товариства. Зокрема ч.1 ст.161 встановлено, що виконавчий орган управляє акціонерного товариства в межах, встановлених статутом і законом.

Проте, як стало відомо Позивачу, Відповідач 1 діяв та діє всупереч Статуту, систематично ігнорував та ігнорує його положення, а також порушує законодавство України, права Позивача на участь в управлінні Відповідачем 1.

Так, Відповідачем 1 (в особі представника Тронд Мое) Відповідача 2 та Відповідача 3 було призначено аудиторами Відповідача 1 та підписано договір про надання професійних послуг №9331 від 06.01.2006 року (з Відповідачем 2, Відповідачем 3), надалі "Спірний договір 1", та договір про надання професійних послуг №12352 від 03.05.2006 року (з Відповідачем 3), надалі "Спірний договір 2", а також частково було здійснено їх виконання.

Проте вказані дії Відповідачів є незаконними, а спірні договори є недійсними правочинами з огляду на таке.

Так, згідно зі ст.203 ЦК України особа, яка вчиняє правочин, повинна мати необхідний обсяг цивільної дієздатності.

Права та обов'язки юридична особа набуває через свої органи, які діють згідно до установчих документів та закону.

2

...ставою недійсності правочину згідно зі ст.215 ЦК України є ...ння в момент вчинення правочину стороною вимог, визначених ...частинах 1-3 ст. 203 ЦК України, а саме вчинення його особою, без ...го обсягу своєї цивільної дієздатності (з перевищенням повноважень).

...же представник Відповідача 1 Тронд Мое не мав достатнього обсягу ...дієздатності для призначення Відповідачів 2 та 3 аудиторами ...1. Ані Відповідач 1, ані представник Відповідача 1 Тронд Мое не ...них повноважень для укладання спірних договорів за відсутності ...ди Відповідача 1 про призначення аудиторів, що беззаперечно ...о необхідність визнання їх недійсними, а дії по призначенню ...конавчим органом Відповідача 1 та укладанню з ними спірних ...законними.

...но зі ст.216 ЦК України недійсний правочин не створює жодних ...наслідків, крім тих, що пов'язані з його недійсністю. Отже у ...відсутні будь-які підстави для продовження дій по виконанню ...говорів, будь-які подібні дії повинні бути припинені, а кожна зі ...на повернути іншій стороні все одержане за спірними договорами.

...ом з тим, слід зазначити, що у відповідності до ст.18 Закону України ...рські товариства" звітність товариства повинна бути підтверджена ...аудиторською фірмою).

...20 Закону України "Про аудиторську діяльність" передбачено, що ...иться на підставі договору.

...28 Закону України "Про аудиторську діяльність" передбачено, що ...для якого обов'язковість проведення аудиту встановлена ...ом, зобов'язаний повідомити про укладення договору відповідну ...пекцію про укладення договору на проведення аудиту до 01

...льки для Відповідача 1 встановлена обов'язковість проведення ...ст.40 Закону України «Про цінні папери та фондовий ринок" ...що емітент (в даному випадку Відповідач 1) повинен надати ...місії з цінних паперів та фондового ринку аудиторський висновок ...наступного за звітним року, то Відповідач 1 зобов'язаний був ...удитора та укласти з ним відповідний договір до 01.12.2006 року ...нен був повідомити податкову інспекцію, де він перебуває на ...12.2006 року.

...рушення вказаних норм законодавства Відповідач 1 не призначив ...2006 рік, та, як наслідок, не уклав з ним договір про проведення ...іслав про це повідомлення в податкову інспекцію. Це може ...начитися на його діяльності та завдати збитків як самому ...так і Позивачу, як акціонеру Відповідача 1, оскільки може ...о вплинути на розмір прибутку, що підлягає розподілу між

3

...124 Конституції України передбачає, що юрисдикція судів ...ться на всі правовідносини, що виникають у державі, зокрема й ті, що ... в даному випадку.

Відповідно до ч. 1 ст. 20 Цивільного кодексу України право на захист ...снює на свій розсуд, тобто, вільно обирає спосіб захисту порушених охоронюваних законом інтересів.

Враховуючи вищевикладене, керуючись ст. 124 Конституції України, ст.20, ст.161, ст.203, ст.215, ст.216 Цивільного кодексу України, ст.20 Закону України "Про аудиторську діяльність", ст.40 Закону України «Про ...пери та фондовий ринок", ст.4, ст.18 Закону України "Про господарські ...ва" ст.83, ст.84 Господарського процесуального кодексу України,

## ПРОСИМО:

...ти недійсним договір про надання професійних послуг №9331 від ...006 року між Закритим акціонерним товариством "КИЇВСТАР Дж. Ес. ...овариством з обмеженою відповідальністю "Ернст енд Янг Аудиторські ... Товариством з обмеженою відповідальністю "Ернст енд Янг з ... його укладання;

...ти недійсним договір про надання професійних послуг №12352 від ...006 року між Закритим акціонерним товариством "КИЇВСТАР Дж. Ес. ...овариством з обмеженою відповідальністю "Ернст енд Янг з моменту ...адання;

...и незаконними дії Закритого акціонерного товариства "КИЇВСТАР Дж. ... Товариства з обмеженою відповідальністю "Ернст енд Янг Аудиторські ... Товариства з обмеженою відповідальністю "Ернст енд Янг" по ...ню та виконанню договору про надання професійних послуг №9331 від ...006 року;

...и незаконними дії Закритого акціонерного товариства "КИЇВСТАР Дж. ... Товариства з обмеженою відповідальністю "Ернст енд Янг" по ...ню та виконанню договору про надання професійних послуг №12352 від ...006 року;

...и незаконним призначення Товариства з обмеженою відповідальністю ...енд Янг Аудиторські Послуги" та Товариства з обмеженою ...альністю "Ернст енд Янг" аудиторами Закритого акціонерного ...ва "КИЇВСТАР Дж. Ес. Ем." на 2005 рік;

...ати Закрите акціонерне товариство "КИЇВСТАР Дж. Ес. Ем.", ...ство з обмеженою відповідальністю "Ернст енд Янг" повернути один ... документи, дані, відомості, кошти та все інше одержане за договором ...ння професійних послуг №12352 від 03.05.2006 року та в ході його ...

4



Закрите акціонерне товариство "КИЇВСТАР Дж. Ес. Ем." в особі ного органу - Ради призначити аудитора на 2005 рік;

Закрите акціонерне товариство "КИЇВСТАР Дж. Ес. Ем." в особі ного органу - Ради призначити аудитора на 2006 рік;

Закрите акціонерне товариство "КИЇВСТАР Дж. Ес. Ем." після Радою аудиторів на 2005 та 2006 роки укласти з такими аудиторами проведення аудиту та повідомити про їх укладення податкову

на Закрите акціонерне товариство "КИЇВСТАР Дж. Ес. Ем.", з обмеженою відповідальністю "Ернст енд Янг Аудиторські Товариство з обмеженою відповідальністю "Ернст енд Янг" обов'язок по відшкодуванню Товариству з обмеженою ністю "Сторм" судових витрат в співвідношенні 80%, 10%, 10%

статуту ЗАТ "КИЇВСТАР Дж. Ес. Ем.";
договору про надання професійних послуг №9331 від 06.01.2006
договору про надання професійних послуг №12352 від 03.05.2006
про забезпечення позову;



5