# EXHIBIT T

                                        **Kyiv City Commercial Court**
                                        44$^B$ B. Khmelnytskogo Str., Kyiv, 01030

| | |
|---|---|
| **Claimant:** | **Limited Liability Company "Storm"** <br> 1 Narodnogo Opolchennya Str., Kyiv, 01001 <br> Identification code: 23163325 <br> Current account No. 26000100675001 in CJSC "Alfa-Bank", <br> MFO code 300346 |
| **Respondent 1:** | **Closed Joint Stock Company "Kyivstar G.S.M."** <br> 51 Chervonozoryany Prospect, Kyiv, 03110 <br> Identification code: 21673832 <br> Current account No. 26007011250098 in "Kyivske Regionalne Upravlinnya" Branch of JSCIB "UkrSibbank", MFO code 300733 |
| **Respondent 2:** | **Limited Liability Company "Ernst & Young Audit Services"** <br> 19a, Khreschatyk Str., Kyiv, 01001 <br> Identification code: 33306921 <br> Current account No. 26008200313003 in Citibank (Ukraine), <br> MFO code 300584 |
| **Respondent 3:** | **Limited Liability Company "Ernst & Young"** <br> 19a, Khreschatyk Str., Kyiv, 01001 <br> Identification code: 33306958 <br> Current account No. 26005200311019 in Citibank (Ukraine), <br> MFO code 300584 |
| **Third person:** | **Telenor Mobile Communications AS** <br> Snarøyveien 30, Fornebu, N-1331, Norway <br><br> *Mailing address:* "Law Firm "Shevchenko Didkovskiy and Partners" Attorneys' Partnership, <br> 2A Kostyantynivska Str., Kyiv 04071, Ukraine |

January 18, 2007                                                                                              No. 40/37

## PETITION
### to cancel injunctive relief

    The Kyiv City Commercial Court is hearing case No. 40/37 initiated upon a claim by Limited Liability Company "Storm" ("**LLC "Storm"**") against Closed Joint Stock Company "Kyivstar G.S.M." ("**CJSC "Kyivstar G.S.M."**"), Limited Liability Company "Ernst & Young Audit Services" ("**LLC "Ernst & Young Audit Services"**") and Limited Liability Company "Ernst & Young" ("**LLC "Ernst & Young"**"), seeking recognition of [certain] agreements as null and void and compelling [certain parties] to take actions.

[*Handwritten:* 12$^{58}$]      [*Stamp:* Kyiv City Commercial Court 44-B B. Khmelnytskogo Str., Kyiv, 01030]      [*Signature*] [*Stamp:* 19 JAN 2007] [*Initials*]

On December 29, 2006, the Kyiv City Commercial Court issued a decree whereby it:

1. Granted the petition of LLC "Storm" on applying injunctive relief;

2. Enjoined the respondents and any of their authorized persons, officers and shareholders of CJSC "Kyivstar G.S.M." from taking any actions aimed at performance of any contracts (agreements), the subject matter of which consists in providing (obtaining) audit services, including to enjoin from providing and receiving any information on financial and commercial activity of CJSC "Kyivstar G.S.M.", including underlying accounting documents, reports and information, from signing and submitting any reports; letters;

3. Enjoined the respondents and any of their authorized persons, officers and shareholders of CJSC "Kyivstar G.S.M." from using in any way the financial statements, reports, documents or information already obtained from one another; and

4. Enjoined CJSC "Kyivstar G.S.M." from entering into any transactions (contracts, agreements), the subject matter of which consists in providing (obtaining) audit services.

While Telenor addresses procedural issues, as the majority shareholder in CJSC "Kyivstar G.S.M.", Telenor's rights and interests are affected by the above-mentioned decree. Telenor notes that the claimant's filing of its claim in this case is a violation of an agreement between Telenor and the claimant that is the subject of an ongoing arbitration proceeding in New York, New York, United States of America, and that Telenor has brought the claimant's filing of its claim to the attention of the arbitration tribunal in such proceeding. By filing this petition Telenor is not waiving its right to arbitrate this or any other dispute with the claimant.

**We believe that the abovementioned decree is subject to cancellation since there are currently no grounds in this case requiring the claim to be secured.**

1) Pursuant to Article 66 of the Commercial Procedural Code of Ukraine, upon petition of a party, public prosecutor or its deputy who brought a claim, or upon its own initiative, a Commercial Court has the right to grant injunctive relief to secure a claim. Applying injunctive relief is allowed at any stage of the proceeding if non-application of such relief may complicate the enforcement of a Commercial Court decision or render it impossible.

In securing the claim in this case, the Court proceeded from the premise that withholding such relief would render restitution under the disputed agreements impossible, because these agreements relate to the provision of services and that performing the agreements involved the illegal use of information classified as commercial secrets by respondents.

Under Article 216 of the Civil Code of Ukraine, in the event of any invalid transaction, each party must return in kind to the other party everything it [the first party] obtained while performing such transaction and if such restitution is impossible, particularly when what has been obtained relates to property use, work that has been performed, or <u>services that have been provided</u>, to reimburse [the other party] for everything [the first party] obtained, at the prices existing at the moment of such reimbursement.

Hence, non-application of such relief and recognizing the disputed services agreements as null and void will not make restitution under such agreements impossible, as stipulated by Article 216 of the Civil Code of Ukraine.

Besides, the Court's statement that performance of the disputed agreements involves the illegal provision of information classified as commercial secrets from CJSC "Kyivstar G.S.M." to the respondents cannot be a basis for granting injunctive relief, since the disputed agreements do not provide for any <u>illegal</u> distribution of information.

In view of the foregoing, at present, the non-application of such injunctive relief will not complicate enforcement of the decision in this case or render it impossible.

**Accordingly, the Court's decree dated December 29, 2006 on applying injunctive relief should be canceled, since there are no grounds in this case requiring the claim to be secured.**

2) Part 1 of Article 3 of the Commercial Code of Ukraine defines business activity as an

2

[Initials]

activity of business entities within social production area, aimed at manufacturing and marketing of products, performing works or providing services of value with defined price.

Pursuant to Article 1 of the Law of Ukraine "On Accounting and Financial Reporting in Ukraine", financial statements are accounts that contain information about financial standing, activity results and cash-flow of a company for an accounting period.

Hence, the financial statements of a business company are one of the aspects of how it conducts its business activity.

Pursuant to Article 18 of the Law of Ukraine "On Business Companies", a company shall keep accounting records, prepare and file statistical information and administrative data according to the procedure established by the law. Reliability and completeness of annual financial statements of a company shall be confirmed by an auditor (audit firm). Compulsory auditing of annual financial statements of companies with their turnover of less than two hundred and fifty tax-free allowances shall be carried out every third year.

Pursuant to Article 20 of the Law of Ukraine "On Audit and Auditing Activity", auditing shall be conducted on the basis of an agreement between an auditor (audit firm) and a client.

Considering the foregoing, the existing relations between CJSC "Kyivstar G.S.M." and its relevant auditors make up a part of their business relations.

Article 6 of the Commercial Code of Ukraine forbids illegitimate interference of state authorities and agencies of local self-governance, as well as their officers into any business relations.

**Hence, granting the aforementioned injunctive relief leads, in fact, to illegitimate interference into the business relations and activity of the respondents.**

3) Pursuant to Article 68 of the Commercial Procedural Code of Ukraine, the issue on cancelling injunction relief shall be decided by the Commercial Court that is considering the case, specifying it in a decision or a decree.

**In view of the foregoing, based on Article 22 of the Commercial Procedural Code of Ukraine,**

### IT IS HEREBY REQUESTED TO:

Cancel the injunctive relief in case No. 40/37 upon a claim brought by LLC "Storm" against CJSC "Kyivstar G.S.M.", LLC "Ernst & Young Audit Services" and LLC "Ernst & Young" on recognizing [certain] agreements as null and void and compelling to take actions.

A copy of the power of attorney is in the case files.

**Attorney-in-Fact of Telenor Mobile Communications AS**
**on the basis of Power of Attorney dated August 21, 2006**   [*signature*]   O.V. Didkovskiy

I, Oksana Kharchenko, hereby certify that I have knowledge of English and Russian/Ukrainian languages and that I am competent to translate to and from the said languages. I declare that the above translation was done by me and is true, accurate and correct translation of the Petition to the Kyiv City Commercial Court to cancel injunctive relief, dated January 18, 2007, of which I have seen a copy of the original.

March 6, 2007, I, Narinskii F.M., director of Translation Agency "Eridan – 2002", certify the authenticity of signature which is made by translator Oksana Kharchenko.

[Seal]

3

|  | Господарський суд м. Києва<br>01030, м. Київ, вул. Б. Хмельницького, 44Б |
|---|---|
| Позивач: | Товариство з обмеженою відповідальністю «Сторм»<br>01001 м. Київ, вул. Народного ополчення, 1<br>Ідентифікаційний код: 23163325<br>п/р 26000100675001 в ЗАТ «Альфа-Банк»,<br>МФО: 300346 |
| Відповідач 1: | Закрите акціонерне товариство «Київстар Дж.Ес.Ем.»<br>03110 м. Київ, Червонозоряний проспект, 51<br>Ідентифікаційний код: 21673832<br>п/р 26007011250098 в Філії АКІБ «УкрСиббанк» Київське регіональне управління, МФО 300733 |
| Відповідач 2: | Товариство з обмеженою відповідальністю «Ернст енд Янг Аудиторські Послуги»<br>01001 м. Київ, вул. Хрещатик, 19а.<br>Ідентифікаційний код: 33306921<br>п/р 26008200313003 в Сітібанк (Україна)<br>МФО 300584 |
| Відповідач 3: | Товариство з обмеженою відповідальністю «Ернст енд Янг»<br>01001 м. Київ, вул. Хрещатик, 19а<br>Ідентифікаційний код: 33306958<br>п/р 26052003110119 в Сітібанк (Україна)<br>МФО 300584 |
| Третя особа: | Теленор Мобайл Ком'юнікейшнз АС<br>(Telenor Mobile Communications AS)<br>Норвегія, N-1331, м. Форнебу, Снаройвейєн, 30<br>(Snarøyveien 30, Fornebu, N-1331, Norway)<br><br>*Адреса для листування: 04071, м. Київ, вул. Костянтинівська, 2А, Адвокатське об'єднання "Юридична фірма "Шевченко Дідковський і Партнери"* |

18 січня 2007 року                                                                                      № 40/37

## ЗАЯВА
про скасування заходів забезпечення позову

В провадженні Господарського суду м. Києва знаходиться справа № 40/37 за позовом Товариства з обмеженою відповідальністю «Сторм» (надалі – **ТОВ «Сторм»**) до Закритого акціонерного товариства «Київстар Дж.Ес.Ем.» (надалі – **ЗАТ «Київстар Дж.Ес.Ем.»**), Товариства з обмеженою відповідальністю «Ернст енд Янг Аудиторські Послуги» (надалі – **ТОВ«Ернст енд Янг Аудиторські Послуги»**), Товариства з обмеженою відповідальністю «Ернст енд Янг» (надалі – **ТОВ «Ернст енд Янг»**) про визнання договорів недійсними, зобов'язання вчинити дії.

29.12.2006 року Господарський суд м. Києва виніс ухвалу, якою:
1. Заяву ТОВ «Сторм» про забезпечення позову задовольнив;
2. Заборонив відповідачам та будь-яким уповноваженим ними особам, посадовим особам, акціонерам ЗАТ «Київстар Дж.Ес.Ем.» вчиняти будь-які дії по виконанню будь-яких договорів (угод) предметом яких є надання (отримання) аудиторських послуг, в тому числі заборонити надавати та отримувати будь-яку інформацію про фінансово-господарську діяльність ЗАТ «Київстар Дж.Ес.Ем.», в тому числі первинні бухгалтерські документи, звіти, відомості, підписувати та подавати будь-які звіти; листи;
3. Заборонив відповідачам та будь-яким уповноваженим ними особам, посадовим особам, акціонерам ЗАТ «Київстар Дж.Ес.Ем.» використовувати вже отримані одне від одного фінансову звітність, звіти, документи, відомості в будь-який спосіб; та
4. Заборонив ЗАТ «Київстар Дж.Ес.Ем.» укладати будь-які правочини (договори, угоди) предметом яких є надання (отримання) аудиторських послуг.

У той час як Теленор наводитиме міркування з процесуальних питань, вищезазначена ухвала впливає на права та інтереси Теленора як основного акціонера ЗАТ «Київстар Дж.Ес.Ем.». Теленор відзначає, що подання позивачем позову у цій справі є порушенням угоди між Теленором та позивачем, яка є предметом арбітражного розгляду, що ведеться у Нью-Йорку, штат Нью-Йорк, Сполучені Штати Америки, та що Теленор повідомив колегію арбітрів у зазначеному провадженні про подання позивачем цього позову. Поданням цієї заяви Теленор не відмовляється від свого права передати цей або інший спір з позивачем на вирішення арбітражу.

**Вважаємо вищезазначену ухвалу такою, що підлягає скасуванню у зв'язку з тим, що на сьогодні підстави для забезпечення позову у даній справі відсутні.**

1) Згідно зі ст. 66 ГПК України, господарський суд за заявою сторони, прокурора чи його заступника, який подав позов, або з своєї ініціативи має право вжити заходів до забезпечення позову. Забезпечення позову допускається в будь-якій стадії провадження у справі, якщо невжиття таких заходів може утруднити чи зробити неможливим виконання рішення господарського суду.

Забезпечуючи позов у даній справі, суд виходив з того, що не вжиття таких заходів унеможливить реституцію за спірними договорами, оскільки ці договори стосуються надання послуг, та що виконання договорів передбачає незаконне використання відповідачами інформації, яка становить комерційну таємницю.

Відповідно до ст. 216 Цивільного кодексу України, у разі недійсності правочину кожна із сторін зобов'язана повернути другій стороні у натурі все, що вона одержала на виконання цього правочину, а в разі неможливості такого повернення, зокрема тоді, коли одержане полягає у користуванні майном, виконаній роботі, <u>наданій послузі</u>, - відшкодувати вартість того, що одержано, за цінами, які існують на момент відшкодування.

Отже, невжиття заходів забезпечення позову та визнання спірних договорів про надання послуг недійсними не унеможливить реституцію за такими договорами, як це передбачено ст. 216 Цивільного кодексу України.

Крім того, посилання суду на те, що виконання спірних договорів передбачає незаконне надання ЗАТ «Київстар Дж.Ес.Ем.» відповідачам інформації, яка становить комерційну таємницю, також не може бути підставою для вжиття заходів забезпечення позову, оскільки спірні договори не передбачають <u>незаконне</u> поширення інформації.

З вищезазначеного вбачається, що на даний момент невжиття заходів забезпечення позову не призведе до утруднення чи унеможливлення виконання рішення у даній справі.

**Таким чином, ухвала суду від 29.12.2006 року про забезпечення позову підлягає скасуванню у зв'язку з відсутністю підстав для забезпечення позову у даній справі.**

2) Частина 1 ст. 3 Господарського кодексу України визначає господарську діяльність як діяльність суб'єктів господарювання у сфері суспільного виробництва, спрямовану на

2

виготовлення та реалізацію продукції, виконання робіт чи надання послуг вартісного характеру, що мають цінову визначеність.

Згідно ст. 1 Закону України «Про бухгалтерський облік та фінансову звітність в Україні», фінансова звітність – це, бухгалтерська звітність, що містить інформацію про фінансове становище, результати діяльності та рух грошових коштів підприємства за звітний період.

Отже, фінансова звітність господарського товариства є одним із аспектів ведення ним господарської діяльності.

Відповідно до ст. 18 Закону України «Про господарські товариства», товариство веде бухгалтерський облік, складає і подає статистичну інформацію та адміністративні дані у порядку, встановленому законодавством. Достовірність та повнота річної фінансової звітності товариства повинні бути підтверджені аудитором (аудиторською фірмою). Обов'язкова аудиторська перевірка річної фінансової звітності товариств з річним господарським оборотом менш як двісті п'ятдесят неоподатковуваних мінімумів проводиться один раз на три роки.

Згідно ст. 20 Закону України «Про аудит і аудиторську діяльність», аудит проводиться на підставі договору між аудитором (аудиторською фірмою) та замовником.

З вищезазначеного вбачається, що відносини, які складаються між ЗАТ «Київстар Дж.Ес.Ем.» та його відповідними аудиторами, складають частину їх господарських відносин.

Приписами ст. 6 Господарського кодексу України встановлено заборону незаконного втручання органів державної влади та органів місцевого самоврядування, їх посадових осіб у господарські відносини.

**Таким чином, вжиття вищезазначених заходів забезпечення позову фактично призводить до забороненого законом втручання в господарські відносини та діяльність відповідачів.**

3) Відповідно до ст. 68 ГПК України, питання про скасування забезпечення позову вирішується господарським судом, що розглядає справу, із зазначенням про це в рішенні чи ухвалі.

**З урахуванням вищенаведеного, на підставі ст.ст. 22 ГПК України,**

**ПРОСИМО:**

Скасувати забезпечення позову у справі № 40/37 за позовом ТОВ «Сторм» ЗАТ «Київстар Дж.Ес.Ем.», ТОВ«Ернст енд Янг Аудиторські Послуги», ТОВ «Ернст енд Янг» про визнання договорів недійсними, зобов'язання вчинити дії.

Копія довіреності в матеріалах справи.

**Представник Теленор Мобайл Ком'юнікейшнз АС**
**на підставі довіреності від 21 серпня 2006 року**                                         Дідковський О.В.

3

*[Letterhead of the Kyiv City Commercial Court]*

## DECREE

**No. 40/37**                                                       **January 19, 2007**

### Kyiv City

| | |
|---|---|
| Upon the claim of: | Limited Liability Company "Storm", Kyiv City |
| to: | Closed Joint Stock Company "KYIVSTAR G.S.M.", Kyiv City |
| to: | Limited Liability Company "Ernst & Young Audit Services", Kyiv City |
| to: | Limited Liability Company "Ernst & Young", Kyiv City |
| on: | recognizing [certain] agreements as null and void, recognizing [certain] actions as unlawful and compelling to take [certain] actions |

**Representatives:** not summoned                        **Judge L.G. Smirnova**

### MERITS OF THE CASE:

Limited Liability Company "Storm" brought for consideration of the Kyiv City Commercial Court the claim against Closed Joint Stock Company "KYIVSTAR G.S.M."; Limited Liability Company "Ernst & YOUNG Audit Services"; Limited Liability Company "Ernst & Young", seeking to recognize as null and void the Agreement on Provision of Professional Services No. 9331 dated January 6, 2006, entered into between Closed Joint Stock Company "KYIVSTAR G.S.M.", Limited Liability Company "Ernst & Young Audit Services" and Limited Liability Company "Ernst & Young", as from the time of its signing; to recognize as null and void the Agreement on Provision of Professional Services No. 12352 dated May 3, 2006, entered into between Closed Joint Stock Company "KYIVSTAR G.S.M." and Limited Liability Company "Ernst & Young", as from the time of its signing; to recognize as unlawful the actions taken by Closed Joint Stock Company "KYIVSTAR G.S.M.", Limited Liability Company "Ernst & Young Audit Services" and Limited Liability Company "Ernst & Young" where they concern entering into and performing the Agreement on Provision of Professional Services No. 9331 dated January 6, 2006; to recognize as unlawful the actions taken by Closed Joint Stock Company "KYIVSTAR G.S.M." and Limited Liability Company "Ernst & Young" where they concern entering into and performing the Agreement on Provision of Professional Services No. 12352 dated May 3, 2006; to recognize as unlawful the appointment of Limited Liability Company "Ernst

*[Round seal of the Kyiv City Commercial Court, Records Management Office]*

& Young Audit Services" and Limited Liability Company "Ernst & Young" as auditors of Closed Joint Stock Company "KYIVSTAR G.S.M." for the year 2005; to compel Closed Joint Stock Company "KYIVSTAR G.S.M." and Limited Liability Company "Ernst & Young" to return to one another the documents, data, information, funds and everything else obtained under the Agreement on Provision of Professional Services No. 12352 dated May 3, 2006 and in the course of its performance; to compel Closed Joint Stock Company "KYIVSTAR G.S.M.", as represented by its competent body – the Board, to appoint an auditor for the year 2005; to compel Closed Joint Stock Company "KYIVSTAR G.S.M.", as represented by its competent body – the Board, to appoint an auditor for the year 2006; to compel Closed Joint Stock Company "KYIVSTAR G.S.M." to execute audit agreements with the auditors and to notify the tax inspectorate of their execution after the Board appoints such auditors for the years 2005 and 2006.

By its decree dated December 28, 2006, the Kyiv City Commercial Court commenced proceedings in the case, and consideration of the case was scheduled for January 22, 2007.

By its decree dated December 29, 2006, the Kyiv City Commercial Court allowed the claimant's petition to grant injunctive relief to secure the claim, namely: enjoined, until resolution of the case *per se*, Closed Joint Stock Company "KYIVSTAR G.S.M.", Limited Liability Company "Ernst & Young Audit Services", Limited Liability Company "Ernst & Young" and any of their authorized persons, officers and shareholders of CJSC "KYIVSTAR G.S.M.", from taking any actions aimed at performance of any contracts (agreements), the subject matter of which consists in providing (obtaining) audit services, including enjoined from providing and receiving any information on financial and commercial activity of Closed Joint Stock Company "KYIVSTAR G.S.M.", including underlying accounting documents, reports and information, from signing and submitting any reports; letters; enjoined, until resolution of the case *per se*, Closed Joint Stock Company "KYIVSTAR G.S.M.", Limited Liability Company "Ernst & Young Audit Services", Limited Liability Company "Ernst & Young" and any of their authorized persons, officers and shareholders of CJSC "KYIVSTAR G.S.M." from using in any way the financial statements, reports, documents or information already obtained from one another; to enjoin, until resolution of the case *per se*, Closed Joint Stock Company "KYIVSTAR G.S.M." from entering into any transactions (contracts, agreements), the subject matter of which consists in providing (obtaining) audit services.

On January 19, 2007, the Court received a petition of Telenor Mobile Communications AS seeking permission to participate in the case as a third person without independent claims on the subject matter of the dispute. Having considered the above-mentioned petition, the Court found it necessary to permit Telenor Mobile Communications AS to participate in the case as a third person, since the latter is a majority shareholder of Closed Joint Stock Company

*[Round seal of the Kyiv City Commercial Court,
Records Management Office]*

3

"KYIVSTAR G.S.M." and, therefore, the decision in this case may influence the rights and obligations of the latter with regard to one of the parties.

Furthermore, Telenor Mobile Communications AS brought a petition to cancel the injunctive relief to secure the claim granted by the decree of the Kyiv City Commercial Court dated December 29, 2006.

Upon review of the case files and the above-mentioned petition, considering the fact that the Court has learnt about the circumstances that had not been reported by the claimant when bringing its claim to the Court, and also considering the fact that any interference of state authorities into companies' business activity shall not be allowed provided that it does not affect the rights of the state authorities envisaged by Ukrainian law to control companies' activity, the Court deems it necessary to cancel the injunctive relief to secure the claim granted by the decree of the Kyiv City Commercial Court dated December 29, 2006.

Based on Articles 27, 68 and 86 of the Code of Commercial Procedure of Ukraine, the Court –

## RULED TO:

1. Permit Telenor Mobile Communications AS to participate in the case as a third person without independent claims on the subject matter of the dispute.

2. Grant the petition of Telenor Mobile Communications AS to cancel injunctive relief to secure the claim.

3. Cancel the injunctive relief to secure the claim granted by the decree of the Kyiv City Commercial Court dated December 29, 2006.

*[Round seal of the Kyiv City Commercial Court]*

**Judge**          *[Signature]*          **L.G. Smirnova**

I, Oksana Kharchenko, hereby certify that I have knowledge of English and Russian/Ukrainian languages and that I am competent to translate to and from the said languages. I declare that the above translation was done by me and is true, accurate and correct translation of the Decree of the Kyiv City Commercial Court No. 40/37, dated January 19, 2007, of which I have seen a copy of the original.

March 6, 2007, I, Narinskii F.M., director of Translation Agency "Eridan – 2002", certify the authenticity of signature which is made by translator Oksana Kharchenko.

[Seal]



# ГОСПОДАРСЬКИЙ СУД міста КИЄВА

01030, м.Київ, вул.Б.Хмельницького,44-Б    тел.216-65-72

## УХВАЛА

№40/37                                                                                    19.01.2007

м. Київ

| | |
|---|---|
| За позовом | Товариства з обмеженою відповідальністю «Сторм», м.Київ |
| до | Закритого акціонерного товариства «КИЇВСТАР Дж.Ес.Ем., м.Київ |
| до | Товариства з обмеженою відповідальністю «Ернст енд Янг Аудиторські Послуги», м.Київ |
| до | Товариства з обмеженою відповідальністю «Ернст енд Янг», м.Київ |
| про | визнання недійсними договорів, визнання незаконними дій та зобов'язання вчинити дії |

Суддя Смірнова Л.Г.

**Представники:** не викликались

### ОБСТАВИНИ СПРАВИ:

На розгляд Господарського суду міста Києва передано позовні вимоги Товариства з обмеженою відповідальністю "Сторм» до Закритого акціонерного товариства "КИЇВСТАР Дж.Ес.Ем»; до Товариства з обмеженою відповідальністю «Ернст енд ЯНГ Аудиторські Послуги»; до Товариства з обмеженою відповідальністю «Ернст енд Янг» про визнання недійсним договору про надання професійних послуг №9331 від 06.01.2006, укладеного між Закритим акціонерним товариством "КИЇВСТАР Дж. Ес. Ем.", Товариством з обмеженою відповідальністю "Ернст енд Янг Аудиторські Послуги", Товариством з обмеженою відповідальністю "Ернст енд Янг з моменту його укладання; визнання недійсним договору про надання професійних послуг №12352 від 03.05.2006, укладеного між Закритим акціонерним товариством "КИЇВСТАР Дж. Ес. Ем." та Товариством з обмеженою відповідальністю "Ернст енд Янг з моменту його укладання; визнання незаконними дій Закритого акціонерного товариства "КИЇВСТАР Дж. Ес. Ем.", Товариства з обмеженою відповідальністю "Ернст енд Янг Аудиторські Послуги", Товариства з обмеженою відповідальністю "Ернст енд Янг" щодо укладання та виконання договору про надання професійних послуг №9331 від 06.01.2006; визнання незаконними дій Закритого акціонерного товариства "КИЇВСТАР Дж. Ес. Ем.", Товариства з обмеженою

2

відповідальністю "Ернст енд Янг" по укладанню та виконанню договору про надання професійних послуг №12352 від 03.05.2006; визнання незаконним призначення Товариства з обмеженою відповідальністю "Ернст енд Янг Аудиторські Послуги" та Товариства з обмеженою відповідальністю "Ернст енд Янг" аудиторами Закритого акціонерного товариства "КИЇВСТАР Дж. Ес. Ем." на 2005 рік; про зобов'язання Закритого акціонерного товариства "КИЇВСТАР Дж. Ес. Ем.", Товариства з обмеженою відповідальністю "Ернст енд Янг" повернути один одному документи, дані, відомості, кошти та все інше одержане за договором про надання професійних послуг №12352 від 03.05.2006 року та в ході його виконання; про зобов'язання Закритого акціонерного товариства "КИЇВСТАР Дж. Ес. Ем." в особі його компетентного органу - Ради призначити аудитора на 2005 рік; про зобов'язання Закритого акціонерного товариства "КИЇВСТАР Дж. Ес. Ем." в особі його компетентного органу - Ради призначити аудитора на 2006 рік; про зобов'язання Закритого акціонерного товариства "КИЇВСТАР Дж. Ес. Ем." після призначення Радою аудиторів на 2005 та 2006 роки укласти з такими аудиторами договори про проведення аудиту та повідомити про їх укладення податкову інспекцію.

Ухвалою Господарського суду міста Києва від 28.12.2006 було порушено провадження у справі, розгляд справи призначено на 22.01.2007.

Ухвалою Господарського суду міста Києва від 29.12.2006 було задоволено заяву позивача про вжиття заходів забезпечення позову, а саме: до вирішення справи по суті заборонено Закритому акціонерному товариству "КИЇВСТАР Дж. Ес. Ем.", Товариству з обмеженою відповідальністю "Ернст енд Янг Аудиторські Послуги", Товариству з обмеженою відповідальністю "Ернст енд Янг" та будь-яким уповноваженим ними особам, посадовим особам, акціонерам ЗАТ "КИЇВСТАР Дж. Ес. Ем.", вчиняти будь-які дії по виконанню будь-яких договорів (угод) предметом яких є надання (отримання) аудиторських послуг, в тому числі заборонено надавати та отримувати будь-яку інформацію про фінансово-господарську діяльність Закритого акціонерного товариства "КИЇВСТАР Дж. Ес. Ем.", в тому числі первинні бухгалтерські документи, звіти, відомості, підписувати та подавати будь-які звіти; листи; заборонено до вирішення справи по суті Закритому акціонерному товариству "КИЇВСТАР Дж. Ес. Ем.", Товариству з обмеженою відповідальністю "Ернст енд Янг Аудиторські Послуги", Товариству з обмеженою відповідальністю "Ернст енд Янг" та будь-яким уповноваженим ними особам, посадовим особам, акціонерам Закритого акціонерного товариства "КИЇВСТАР Дж. Ес. Ем." використовувати вже отримані одне від одного фінансову звітність, звіти, документи, відомості в будь-який спосіб; заборонити до вирішення справи по суті Закритому акціонерному товариству "КИЇВСТАР Дж. Ес. Ем." укладати будь-які правочини (договори, угоди) предметом яких є надання (отримання) аудиторських послуг.

До суду 19.01.2007 надійшла заява Теленор Мобайл Ком'юнікейшнз АС (Telenor Mobile Communications AS) про залучення до участі у справі третьою особою без самостійних вимог на предмет спору. Розглянувши вищезазначену заяву, суд дійшов висновку про необхідність залучення до участі у справі

3

третьою особою Теленор Мобайл Ком'юнікейшнз АС, оскільки останній є основним акціонером Закритого акціонерного товариства «Київстар Дж.Ес.Ем.», а тому рішення у даній справі може вплинути на права та обов'язки останнього щодо однієї із сторін.

Крім того, надійшла **заява** Теленор Мобайл Ком'юнікейшнз АС про скасування заходів забезпечення позову вжитих ухвалою Господарського суду міста Києва від 29.12.2006.

Розглянувши матеріали справи та вищезазначену заяву, враховуючи той факт, що суду стали відомі обставини, про наявність яких не було зазначено позивачем при зверненні з позовом до суду, а також враховуючи, що втручання державних органів у господарську діяльність підприємств не допускається, якщо вона не зачіпає передбачених законодавством України прав державних органів по здійсненню контролю за діяльністю підприємств суд вважає за необхідне скасувати заходи забезпечення позову вжиті ухвалою Господарського суду міста Києва від 29.12.2006.

Керуючись ст.ст. 27, 68, 86 Господарського процесуального кодексу України, суд –

## УХВАЛИВ:

1. Залучити до участі у справі третьою особою без самостійних вимог на предмет спору Теленор Мобайл Ком'юнікейшнз АС.

2. Заяву Теленор Мобайл Ком'юнікейшнз АС про скасування заходів забезпечення позову задовольнити.

3. Заходи забезпечення позову вжиті ухвалою Господарського суду міста Києва від 29.12.2006 скасувати.

Суддя                                                                                                    Л.Г.Смірнова