# EXHIBIT U

January 31, 2007               **Krasnolutsky District Court of Lugansk Region**

**Claimant:**
Name: Alpren Limited
a legal entity under the laws of Cyprus
Location: 3 Themistocles Dervis Street, Julia House,
1st Floor, 1066, Nicosia, Cyprus

**Respondent 1:**
Vadym Viktorovych Klymenko
Address: _____

**Respondent 2:**
Trond Moe
Address: St. Olavs Plass, Oslo, 6701, Norway
DRFO [State Registry of Individuals] code 2284024870

**Respondent 3:**
Closed Joint Stock Company "KYIVSTAR G.S.M."
Location: 51 Chervonozoryany Prospect, Kyiv, 03110
Identification code of a legal entity: 21673832
Current account No. 26007011250098 in "Kyivske
Regionalne Upravlinnya" Branch of JSCIB "UkrSibbank",
MFO 300733

**Respondent 4:**
Name: Limited Liability Company "Ernst & Young Audit Services"
Location: 19a Khreschatyk Street, Kyiv, 01001
Identification code of a legal entity: 33306921
Current account No. 26008200313003 in Citibank Ukraine,
MFO 300584

**Respondent 5:**
Name: Limited Liability Company "Ernst & Young"
Location: 19a Khreschatyk Street, Kyiv, 01001
Identification code of a legal entity: 33306958
Current account No. 26005200311019 in Citibank Ukraine,
MFO 300584

**STATEMENT OF CLAIM**

[Stamp: Krasnolutsky City Court of Lugansk Region
Identification code 05331314
RECEIVED
Inc. No. 1238   January 31, 2007]

1

## for Recognizing Actions as Unlawful and Compelling to Take Actions

The Claimant is a founder of LLC "STORM", of which Respondent 1 is a director. In its turn, LLC "Storm" is a shareholder of CJSC "Kyivstar G.S.M." (CJSC), holding 43.4823% of its shares.

In accordance with the Civil Code of Ukraine, Commercial Code of Ukraine and the Law of Ukraine "On Business Associations", the Claimant is entitled to manage Respondent 3 indirectly (via LLC "Storm").

In accordance with Article 4 of the Law of Ukraine "On Business Associations", the corporate governance procedures of Respondent 3 should be set forth in the charter and foundation agreement, which should contain competences and decision-making procedures of its governing bodies. As a shareholder of Respondent 3, LLC "Storm" has approved the Charter of Respondent 3 and has determined the authorities of the governing bodies of Respondent 3. Specifically, Section 9.10 of the Charter reads "… shall fall within the exclusive authority of the Board…:

...

*(j)   the appointment of the Company's external auditors".*

Article 161 of the Civil Code of Ukraine determines the authorities of the executive body of a joint stock company. Specifically, Part 1 of Article 161 requires the executive body to act on behalf of a joint stock company within the limits established by the charter and applicable law.

However, the Claimant learned that Respondent 3 acted, and continues to act, in conflict with the requirements set forth in the Charter, systematically ignored, and continues to ignore, its provisions, and violated, and continues to violate, the laws of Ukraine and the rights of LLC "Storm" to participate in the management of Respondent 3.

For instance, Respondent 3 (as represented by Trond Moe, Respondent 2) appointed Respondent 4 and Respondent 5 to serve in the capacity of auditors of Respondent 3 and executed agreement on provision of professional services No. 9331, dated January 6, 2006 (with Respondent 4 and Respondent 5), hereinafter referred to as the "Disputed Agreement 1", and agreement on provision of professional services No. 12352, dated May 3, 2006 (with Respondent 5), hereinafter referred to as the "Disputed Agreement 2", and have partially performed such agreements.

Nonetheless, such acts of the Respondents are illegal and the disputed agreements are not valid for the following reasons.

In accordance with Article 203 of the Civil Code of Ukraine, a person entering into a transaction should have appropriate civil capacity.

A legal entity accrues rights and obligations through its bodies that act in accordance with founding documents and applicable law.

In accordance with Article 215 of the Civil Code of Ukraine, a ground for invalidity of a transaction is party's non-compliance with the requirements provided for, in particular, by parts 1 - 3 of Article 203 of the Civil Code of Ukraine at the time when a transaction is performed, namely, its performance by a person without the required scope of civil capacity (in excess of his/her powers).

Therefore, Trond Moe (Respondent 2), the representative of Respondent 3, did not have appropriate civil capacity to appoint Respondent 4 and Respondent 5 as auditors of Respondent 3. Neither Respondent 3, nor Trond Moe (Respondent 2), the representative of Respondent 3, had sufficient authorities to enter into the disputed agreements without a decision of the Board of Respondent 3 on the appointment of auditors, which is a valid ground for holding them [such agreements] null and void and for declaring as unlawful the actions related to the appointment of auditors by the executive body of Respondent 3 and to the execution of disputed agreements with such auditors.

Pursuant to Article 216 of the Civil Code of Ukraine, invalid transaction shall not give rise to any legal consequences, other than those associated with its invalidity. Hence, there are no grounds on which Respondents may continue to take actions aimed at the performance of disputed agreements, any similar actions should be discontinued, and each Party should return and refund to the other party anything and everything it has received under the disputed agreements.

It should be noted that, in accordance with Article 18 of the Law of Ukraine "On Business Associations", financial statements of a company should be verified by auditor (auditing firm).

It is prescribed under Article 20 of the Law of Ukraine "On Audit Activities" that audits are to be carried out under an agreement.

Pursuant to Article 28 of the Law of Ukraine "On Audit Activities", entity that is required by law to have its accounts audited should notify a relevant tax inspectorate, prior to the first day of December, of the execution of audit agreement.

As Respondent 3 is required to have its accounts audited, since Article 40 of the Law of Ukraine "On Securities and Stock Market" compels the issuer (in this case, Respondent 3) to submit auditor's opinion to the State Securities and Stock Market Commission prior to April 30 of the year immediately following a reporting year, Respondent 3 was obligated to appoint an auditor and enter into appropriate agreement with it [such auditor] prior to December 1, 2006, and send a notice to that effect to its tax inspectorate prior to December 1, 2006.

In violation of the specified legal requirements, Respondent 3 has failed to appoint an auditor for 2006, and, therefore, has neither entered into an audit agreement with it, nor sent an appropriate notice to the tax inspectorate. This may have adverse effects on its activities and may cause both Respondent 3 and LLC "Storm", as a shareholder of Respondent 3, to incur losses, since such failure may directly affect the amount of incomes distributable among the shareholders.

Article 124 of the Constitution of Ukraine provides that courts have jurisdiction over all legal relationships existing in the country, including the relationships that have arisen in this particular case.

3

In accordance with Part 1 of Article 20 of the Civil Code of Ukraine, the right of protection is exercised by a person at its own discretion, i.e., such person may freely select a legal remedy for its infringed rights and legitimate interests

In accordance with Section 1 of the operative part of the Decision of the Constitutional Court of Ukraine, dated December 1, 2004, No. 18-rp/2004, the term "legally protected interest" means a wish to use a specific material and/or non-material benefit, a simple legitimate permission implied by general sense of law, but not directly reflected in a right, which is the object of judicial defense and of other means of legal protection, with the purpose of satisfying individual and collective needs that are not in conflict with the Constitution and laws of Ukraine, public interests, fairness, bona fides, reasonableness and other legal fundamentals.

The Claimant is a co-founder of LLC "Storm". Illegal actions of the respondents may cause adverse effects on the claimant's activities.

Given the foregoing and governed by Article 124 of the Constitution of Ukraine, Articles 13, 20, 161, 203, 215 and 216 of the Civil Code of Ukraine, Articles 20 and 28 of the Law of Ukraine "On Audit Activities", Article 40 of the Law of Ukraine "On Securities and Stock Market", Articles 4 and 18 of the Law of Ukraine "On Business Associations" and by the norms of the Civil Procedure Code of Ukraine,

**WE HEREBY REQUEST TO:**

- recognize as null and void agreement on provision of professional services No. 9331, dated January 6, 2006, among Closed Joint Stock Company "KYIVSTAR G.S.M.", Limited Liability Company "Ernst & Young Audit Services" and Limited Liability Company "Ernst & Young", as from the time of its execution;

- recognize as null and void agreement on provision of professional services No. 12352, dated May 3, 2006, between Closed Joint Stock Company "KYIVSTAR G.S.M." and Limited Liability Company "Ernst & Young", as from the time of its execution;

- recognize as unlawful the actions of Trond Moe, Closed Joint Stock Company "KYIVSTAR G.S.M.", Limited Liability Company "Ernst & Young Audit Services" and Limited Liability Company "Ernst & Young" regarding the execution and performance of agreement on provision of professional services No. 9331, dated January 6, 2006;

- recognize as unlawful the actions of Trond Moe, Closed Joint Stock Company "KYIVSTAR G.S.M." and Limited Liability Company "Ernst & Young" regarding the execution and performance of agreement on the provision of professional services No. 12352, dated May 3, 2006;

- recognize as unlawful the appointment of Limited Liability Company "Ernst & Young Audit Services" and Limited Liability Company "Ernst & Young" as auditors to Closed Joint Stock Company "KYIVSTAR G.S.M." for 2005;

- compel Closed Joint Stock Company "KYIVSTAR G.S.M." and Limited Liability Company "Ernst & Young" to return documents, data and information, refund monetary funds and return any and all things and items received by them from each other under the agreement on provision of professional services No. 12352, dated May 3, 2006, and in the course of performance thereof;

- recognize Mr. V.V. Klymenko's omission to appeal the disputed agreements as unlawful;

- compel Closed Joint Stock Company "KYIVSTAR G.S.M.", represented by the Board as its authorized body, to appoint an auditor for 2005;

- compel Closed Joint Stock Company "KYIVSTAR G.S.M.", represented by the Board as its authorized body, to appoint an auditor for 2006;

- compel Closed Joint Stock Company "KYIVSTAR G.S.M." to enter into audit agreements, following the Board's appointment of auditors for 2005 and 2006, with the auditors so appointed, and notify the tax inspectorate of the execution of such agreements;

- compel the respondents to reimburse, on a joint and several basis, the claimant for the claim costs.

Attachments:
1. Copy of the Charter of CJSC "KYIVSTAR G.S.M.";
2. Copy of the Charter of LLC "Storm";
3. Copy of agreement on the provision of professional services No. 9331, dated January 6, 2006;
4. Copy of agreement on the provision of professional services No. 12352, dated May 3, 2006;
5. Copy of the power of attorney;
6. Application for injunctive relief.

Trokhymchuk O.I.
Advocate, under the power of attorney

*[signature]*

5

I, Oksana Kharchenko, hereby certify that I have knowledge of English and Russian/Ukrainian languages and that I am competent to translate to and from the said languages. I declare that the above translation was done by me and is true, accurate and correct translation of the Statement of Claim of Alpren Limited for Recognizing Actions as Unlawful and Compelling to Take Actions, dated January 31, 2007, of which I have seen a copy of the original.

March 6, 2007, I, Narinskii F.M., director of Translation Agency "Eridan – 2002", certify the authenticity of signature which is made by translator Oksana Kharchenko.

[Seal]

31.01.2007

**Краснолуцький районний суд Луганської області**

**Позивач:**
Найменування: "Альпрен Лімітед"
юридична особа за законодавством Республіки Кіпр
Місцезнаходження: 3 Themistocles Dervis Street, Julia House, 1st Floor, 1066, Nicosia, Cyprus (Кіпр)

**Відповідач 1:**
Клименко Вадим Вікторович
Адреса: _____

**Відповідач 2:**
Тронд Мое
Адреса: Норвегія, Осло, вул. Сант Олавс Плас 6701,
код ДРФО 2284024870

**Відповідач 3:**
Закрите акціонерне товариство "КИЇВСТАР Дж. Ес. Ем."
Місцезнаходження: 03110, м. Київ, Червонозоряний проспект, 51.
Ідентифікаційний код юридичної особи 21673832
п/р 26007011250098 в Філія АКІБ "УкрСиббанк" "Київське регіональне управління, МФО 300733

**Відповідач 4:**
Найменування: Товариство з обмеженою відповідальністю "Ернст енд Янг Аудиторські Послуги"
Місцезнаходження: 01001, м. Київ, вул. Хрещатик, буд.19а.
Ідентифікаційний код юридичної особи 33306921
п/р 26008200313003 в Сітібанк (Україна), МФО 300584

**Відповідач 5:**
Найменування: Товариство з обмеженою відповідальністю "Ернст енд Янг"
Місцезнаходження: 01001, м. Київ, вул. Хрещатик, буд.19а
Ідентифікаційний код юридичної особи 33306958
п/р 26052003110119 в Сітібанк (Україна), МФО 300584

ПОЗОВНА ЗАЯВА



про визнання дій незаконними та зобов'язання вчинити дії

Позивач є засновником ТОВ «СТОРМ», директором якого є Відповідач 1. В свою чергу ТОВ «Сторм» є акціонером ЗАТ «Київстар» (ЗАТ) з пакетом акцій 43,4823 %.

У відповідності до Цивільного кодексу України, Господарського кодексу України, Закону України "Про господарські товариства" позивач має право на опосередковане (через ТОВ «Сторм») управління Відповідачем 3.

Порядок управління Відповідачем 3 згідно зі ст.4 Закону України "Про господарські товариства" встановлюється в Статуті та установчому договорі, який повинен містити компетенцію органів управління та порядок прийняття ними рішень. ТОВ «Сторм» як акціонером Відповідача 3, було ухвалено статут Відповідача 3 та визначено компетенцію органів управління Відповідача 3. Зокрема, п.9.10 Статуту було встановлено, що: "...належать до виключної компетенції Ради ...:

...

(и) призначення незалежних аудиторів Товариства".

Ст.161 ЦК України визначено повноваження виконавчого органу акціонерного товариства. Зокрема ч.1 ст.161 встановлено, що виконавчий орган діє від імені акціонерного товариства в межах, встановлених статутом і законом.

Проте, як стало відомо Позивачу, Відповідач 3 діяв та діє всупереч вимогам Статуту, систематично ігнорував та ігнорує його положення, порушував та порушує законодавство України, права ТОВ «Сторм» на участь в управлінні Відповідачем 3.

Так, Відповідачем 3 (в особі представника Тронда Мое – відповідача 2) Відповідача 4 та Відповідача 5 було призначено аудиторами Відповідача 3 та підписано договір про надання професійних послуг №9331 від 06.01.2006 року (з Відповідачем 4, та Відповідачем 5), надалі "Спірний договір 1", та договір про надання професійних послуг №12352 від 03.05.2006 року (з Відповідачем 5), надалі "Спірний договір 2", а також частково було здійснено їх виконання.

Проте вказані дії Відповідачів є незаконними, а спірні договори є недійсними правочинами з огляду на таке.

Так, згідно зі ст.203 ЦК України особа, яка вчиняє правочин, повинна мати необхідний обсяг цивільної дієздатності.

Права та обов'язки юридична особа набуває через свої органи, які діють відповідно до установчих документів та закону.

Підставою недійсності правочину згідно зі ст.215 ЦК України є недодержання в момент вчинення правочину стороною вимог, визначених зокрема в частинах 1-3 ст. 203 ЦК України, а саме вчинення його особою, без необхідного обсягу своєї цивільної дієздатності (з перевищенням повноважень).

2

Отже представник Відповідача 3 Тронд Мое (відповідач 2) не мав достатнього обсягу цивільної дієздатності для призначення Відповідачів 4 та 5 аудиторами Відповідача 3. Ані Відповідач 3, ані представник Відповідача 3 Тронд Мое (відповідач 2) не мали достатніх повноважень для укладання спірних договорів за відсутності рішення Ради Відповідача 3 про призначення аудиторів, що беззаперечно свідчить про необхідність визнання їх недійсними, а дії по призначенню аудиторів виконавчим органом Відповідача 3 та укладання ними спірних договорів незаконними.

Згідно зі ст.216 ЦК України недійсний правочин не створює жодних юридичних наслідків, крім тих, що пов'язані з його недійсністю. Отже у Відповідачів відсутні будь-які підстави для продовження дій по виконанню спірних договорів, будь-які подібні дії повинні бути припинені, а кожна зі Сторін повинна повернути іншій стороні все одержане за спірними договорами.

Разом з тим, слід зазначити, що у відповідності до ст.18 Закону України "Про господарські товариства" звітність товариства повинна бути підтверджена аудитором (аудиторською фірмою).

Ст.20 Закону України "Про аудиторську діяльність" передбачено, що аудит проводиться на підставі договору.

Ст.28 Закону України "Про аудиторську діяльність" передбачено, що суб'єкт, для якого обов'язковість проведення аудиту встановлена законодавством, зобов'язаний повідомити про укладення договору відповідну податкову інспекцію про укладання договору на проведення аудиту до 01 грудня.

Оскільки для Відповідача 3 встановлена обов'язковість проведення аудиту, адже ст.40 Закону України «Про цінні папери та фондовий ринок" передбачено, що емітент (в даному випадку Відповідач 3) повинен надати Державній комісії з цінних паперів та фондового ринку аудиторський висновок до 30 квітня наступного за звітним року, то Відповідач 3 зобов'язаний був призначити аудитора та укласти з ним відповідний договір до 01.12.2006 року про що повинен був повідомити податкову інспекцію, де він перебуває на обліку, до 01.12.2006 року.

На порушення вказаних норм законодавства Відповідач 3 не призначив аудитора на 2006 рік, та, як наслідок, не уклав з ним договір про проведення аудиту, не надіслав про це повідомлення в податкову інспекцію. Це може негативно позначитися на його діяльності та завдати збитків як самому Відповідачу 3, так ТОВ «Сторм» як акціонеру Відповідача 3, оскільки може безпосередньо вплинути на розмір прибутку, що підлягає розподіленню між акціонерами.

Ст.124 Конституції України передбачає, що юрисдикція судів поширюється на всі правовідносини, що виникають у державі, зокрема та ті, що склалися в даному випадку.

3

Відповідно до ч. 1 ст. 20 Цивільного кодексу України право на захист особа здійснює на свій розсуд, тобто, вільно обирає спосіб захисту порушених прав і охоронюваних законом інтересів.

Згідно п. 1 резолютивної частини Рішення Конституційного Суду України від 1.12.2004р. за № 18-рп/2004 термін "охоронюваний законом інтерес" розуміється як прагнення до користування конкретним матеріальним та/або нематеріальним благом, як зумовлений загальним змістом об'єктивного і прямо не опосередкований у суб'єктивному праві простий легітимний дозвіл, що є самостійним об'єктом судового захисту та інших засобів правової охорони з метою задоволення індивідуальних і колективних потреб, які не суперечать Конституції і законам України, суспільним інтересам, справедливості, добросовісності, розумності та іншим загальноправовим засадам.

Позивач є співзасновником ТОВ «Сторм». Незаконні дії відповідачів можуть призвести до погіршення показників позивача.

Враховуючи вищевикладене, керуючись ст. 124 Конституції України, ст.13, ст.20, ст.161, ст.203, ст.215, ст.216 Цивільного кодексу України, ст.20, ст.28 Закону України "Про аудиторську діяльність", ст.40 Закону України «Про цінні папери та фондовий ринок", ст.4, ст.18 Закону України "Про господарські товариства", нормами ЦПК України,

**ПРОСИМО:**

- визнати недійсним договір про надання професійних послуг №9331 від 06.01.2006 року між Закритим акціонерним товариством "КИЇВСТАР Дж. Ес. Ем.", Товариством з обмеженою відповідальністю "Ернст енд Янг Аудиторські Послуги", Товариством з обмеженою відповідальністю "Ернст енд Янг з моменту його укладання;

- визнати недійсним договір про надання професійних послуг №12352 від 03.05.2006 року між Закритим акціонерним товариством "КИЇВСТАР Дж. Ес. Ем." та Товариством з обмеженою відповідальністю "Ернст енд Янг з моменту його укладання;

- визнати незаконними дії Тронда Мое, Закритого акціонерного товариства "КИЇВСТАР Дж. Ес. Ем.", Товариства з обмеженою відповідальністю "Ернст енд Янг Аудиторські Послуги", Товариства з обмеженою відповідальністю "Ернст енд Янг" по укладанню та виконанню договору про надання професійних послуг №9331 від 06.01.2006 року;

- визнати незаконними дії Тронда Мое, Закритого акціонерного товариства "КИЇВСТАР Дж. Ес. Ем.", Товариства з обмеженою відповідальністю "Ернст енд Янг" по укладанню та виконанню договору про надання професійних послуг №12352 від 03.05.2006 року;

4

- визнати незаконним призначення Товариства з обмеженою відповідальністю "Ернст енд Янг Аудиторські Послуги" та Товариства з обмеженою відповідальністю "Ернст енд Янг" аудиторами Закритого акціонерного товариства "КИЇВСТАР Дж. Ес. Ем." на 2005 рік;

- зобов'язати Закрите акціонерне товариство "КИЇВСТАР Дж. Ес. Ем." Товариство з обмеженою відповідальністю "Ернст енд Янг" повернути одному одному документи, дані, відомості, копії та все інше одержане за договором про надання професійних послуг №12352 від 03.05.2006 року та в ході його виконання;

- визнати незаконною бездіяльність пана Клименка В.В. щодо неоскарження спірних договорів;

- зобов'язати Закрите акціонерне товариство "КИЇВСТАР Дж. Ес. Ем." в особі його компетентного органу - Ради призначити аудитора на 2005 рік;

- зобов'язати Закрите акціонерне товариство "КИЇВСТАР Дж. Ес. Ем." в особі його компетентного органу - Ради призначити аудитора на 2006 рік;

- зобов'язати Закрите акціонерне товариство "КИЇВСТАР Дж. Ес. Ем." після призначення Радою аудиторів на 2005 та 2006 роки укласти з такими аудиторами договори про проведення аудиту та повідомити про їх укладення податкову інспекцію;

- покласти на відповідачів солідарний обов'язок по відшкодуванню позивачу судових витрат.

Додатки:
1. Копія статуту ЗАТ "КИЇВСТАР Дж. Ес. Ем.";
2. Копія статуту ТОВ «Сторм»;
3. Копія договору про надання професійних послуг №9331 від 06.0 .2006 року;
4. Копія договору про надання професійних послуг №12352 від 03.05.2006 року;
5. Копія доручення;
6. Заява про забезпечення позову;

Грохимчук О.І.,
Адвокат, по дов.

5