# EXHIBIT V

February 1, 2007                  Kyiv City Commercial Court

**Claimant:**
Name: Alpren Limited
a legal entity under the laws of the Republic of Cyprus
Location: 3 Themistocles Dervis Street, Julia House,
1st Floor, 1066, Nicosia, Cyprus

[*Handwritten: to Donnicheva I.O.*
[*signature*]
*16.02.07*]

**Respondent 1:**
Closed Joint Stock Company "Kyivstar G.S.M."
*Location*: 51 Chervonozoryany Prospect, Kyiv, 03110
*Identification code* of a legal entity: 21673832
Current account No. 26007011250098 in "Kyivske Regionalne Upravlinnya" Branch of JSCIB "UkrSibbank", MFO 300733

**Respondent 2:**
*Name*: Limited Liability Company "Ernst & Young Audit Services"
*Location*: 19a Khreschatyk Street, Kyiv, 01001
*Identification code* of a legal entity: 33306921
Current account No. 26008200313003 in Citibank Ukraine, MFO 300584

**Respondent 3:**
*Name*: Limited Liability Company "Ernst & Young"
*Location*: 19a Khreschatyk Street, Kyiv, 01001
*Identification code* of a legal entity: 33306958
Current account No. 26005200311019 in Citibank Ukraine, MFO 300584

[Stamp: Kyiv City Commercial Court
RECEIVED
February 16, 2007, No. *4264* Signature [*signed*]]

## STATEMENT OF CLAIM

## for Recognizing Agreements as Null and Void, Actions as Unlawful and Compelling to Take Actions

The Claimant is a founder of LLC "STORM". In its turn, LLC "Storm" is a shareholder of CJSC "Kyivstar G.S.M.", holding 43.4823% of its shares.

In accordance with the Civil Code of Ukraine, the Commercial Code of Ukraine and the Law of Ukraine "On Business Associations", the Claimant is entitled to manage (indirectly, via LLC "Storm") Respondent 1.

In accordance with Article 4 of the Law of Ukraine "On Business Associations", the corporate governance procedures of Respondent 1 should be set forth in the Charter and foundation agreement, which should contain competences and decision-making procedures of its governing bodies. As a shareholder of Respondent 1, LLC "Storm" has approved the charter of Respondent 1 and has determined the powers and authorities of the governing bodies of Respondent 1. Specifically, Section 9.10 of the Charter reads "... shall fall within the exclusive authority of the Board ...:

...

(j)  *the appointment of the Company's external auditors* ".

Article 161 of the Civil Code of Ukraine determines the powers and authorities of the executive body of a joint stock company. Specifically, Part 1 of Article 161 requires the executive body to act on behalf of a joint stock company within the limits established by the charter and applicable law.

However, the Claimant learned that Respondent 1 acted, and continues to act, in conflict with the requirements set forth in the Charter, systematically ignored, and continues to ignore, its provisions, and violated, and continues to violate, the laws of Ukraine and the rights of LLC "Storm" to participate in the management of Respondent 1, and, respectively, the rights of the Claimant to receive its portion of the profit (dividends).

For instance, Respondent 1 (represented by Trond Moe) appointed Respondent 2 and Respondent 3 to serve in the capacity of auditors of Respondent 1, and executed agreement on provision of professional services No. 9331, dated January 6, 2006 (with Respondent 2 and Respondent 3), hereinafter referred to as the "Disputed Agreement 1", and agreement on provision of professional services No. 12352, dated May 3, 2006 (with Respondent 3), hereinafter referred to as the "Disputed Agreement 2", and has partially performed such agreements.

Nonetheless, such acts of the Respondents are illegal and the disputed agreements are not valid for the following reasons.

In accordance with Article 203 of the Civil Code of Ukraine, a person entering into a transaction should have appropriate civil capacity.

A legal entity accrues rights and obligations through its bodies that act in accordance with founding documents and applicable law.

In accordance with Article 215 of the Civil Code of Ukraine, a ground for invalidity of a transaction is party's non-compliance with the requirements provided for, in particular, by parts 1 – 3 of Article 203 of the Civil Code of Ukraine at the time when a transaction is performed, namely, its performance by a person without the required scope of civil capacity (in excess of his/her powers).

Therefore, Trond Moe, as representative of Respondent 1, did not have appropriate civil capacity to appoint Respondent 2 and Respondent 3 as auditors of Respondent 1. Neither Respondent 1, nor Trond Moe, as representative of Respondent 1, had sufficient authorities to enter into the disputed agreements without a decision of the Board of Respondent 1 on the appointment of auditors, which is a valid ground for holding them [such agreements] null and void and for declaring as unlawful the actions related to the appointment of auditors by the executive body of Respondent 1 and to the execution of disputed agreements with such auditors.

Pursuant to Article 216 of the Civil Code of Ukraine, invalid transaction shall not give rise to any legal consequences, other than those associated with its invalidity. Hence, there are no grounds on which Respondents may continue to take actions aimed at the performance of disputed agreements, any similar actions should be discontinued, and each Party should return and refund to the other party anything and everything it has received under the disputed agreements.

At the same time, it should be noted that, in accordance with Article 18 of the Law of Ukraine "On Business Associations", financial statements of a company should be verified by auditor (auditing firm).

It is prescribed under Article 20 of the Law of Ukraine "On Audit Activities" that audits are to be carried out under an agreement.

Pursuant to Article 28 of the Law of Ukraine "On Audit Activities", entity that is required by law to have its accounts audited, should notify a relevant tax inspectorate, prior to the first day of December, of the execution of audit agreement.

As Respondent 1 is required to have its accounts audited, since Article 40 of the Law of Ukraine "On Securities and Stock Market" compels the issuer (in this case, Respondent 1) to submit auditor's opinion to the State Securities and Stock Market Commission prior to April 30 of the year immediately following a reporting year, Respondent 1 was obligated to appoint an auditor and enter into appropriate agreement with it [such auditor] prior to December 1, 2006, and send a notice to that effect to its tax inspectorate prior to December 1, 2006.

In violation of the specified legal requirements, Respondent 1 has failed to appoint an auditor for 2006, and, therefore, has neither entered into an audit agreement with it, nor sent an appropriate notice to the tax inspectorate. This may have adverse effects on its activities and may cause Respondent 1 and LLC "Storm", as a shareholder of Respondent 1, and the Claimant to incur losses, since such failure may directly affect the amount of incomes distributable among the shareholders.

Article 124 of the Constitution of Ukraine provides that courts have jurisdiction over all legal relationships arising in the country, including the relationships that have arisen in this particular case.

In accordance with Part 1 of Article 20 of the Civil Code of Ukraine, the right of protection is exercised by a person at its own discretion, i.e., such person is free to select a legal remedy for its infringed rights and legitimate interests.

In accordance with Section 1 of the operative part of the Decision of the Constitutional Court of Ukraine, dated December 1, 2004, No. 18-rp/2004, the term "legally protected interest" means a wish to use a specific material and/or non-material benefit, a simple

legitimate permission implied by general sense of law, but not directly reflected in a right, which is the object of judicial defense and of other means of legal protection, with the purpose of satisfying individual and collective needs that are not in conflict with the Constitution and laws of Ukraine, public interests, fairness, bona fides, reasonableness and other legal fundamentals.

The Claimant is a co-founder of LLC "Storm". Illegal actions of the Respondents may cause adverse effects on the Claimant's activities.

Given the foregoing and governed by Article 124 of the Constitution of Ukraine, Articles 13, 20, 161, 203, 215 and 216 of the Civil Code of Ukraine, Articles 20 and 28 of the Law of Ukraine "On Audit Activities", Article 40 of the Law of Ukraine "On Securities and Stock Market", Articles 4 and 18 of the Law of Ukraine "On Business Associations" and Articles 83 and 84 of the Commercial Procedure Code of Ukraine,

## WE HEREBY REQUEST TO:

- recognize as null and void agreement on provision of professional services No. 9331, dated January 6, 2006, among Closed Joint Stock Company "KYIVSTAR G.S.M.", Limited Liability Company "Ernst & Young Audit Services" and Limited Liability Company "Ernst & Young", from the time of its execution;

- recognize as null and void agreement on provision of professional services No. 12352, dated May 3, 2006, between Closed Joint Stock Company "KYIVSTAR G.S.M." and Limited Liability Company "Ernst & Young", from the time of its execution;

- recognize as unlawful the actions of Closed Joint Stock Company "KYIVSTAR G.S.M.", Limited Liability Company "Ernst & Young Audit Services" and Limited Liability Company "Ernst & Young" regarding the execution and performance of agreement on provision of professional services No. 9331, dated January 6, 2006;

- recognize as unlawful the actions of Closed Joint Stock Company "KYIVSTAR G.S.M." and Limited Liability Company "Ernst & Young" regarding the execution and performance of agreement on provision of professional services No. 12352, dated May 3, 2006;

- recognize as unlawful the appointment of Limited Liability Company "Ernst & Young Audit Services" and Limited Liability Company "Ernst & Young" as auditors to Closed Joint Stock Company "KYIVSTAR G.S.M." for 2005;

- compel Closed Joint Stock Company "KYIVSTAR G.S.M." and Limited Liability Company "Ernst & Young" to return documents, data and information, refund monetary funds and return any and all things and items received by them from each other under the agreement on provision of professional services No. 12352, dated May 3, 2006, and in the course of performance thereof;

- compel Closed Joint Stock Company "KYIVSTAR G.S.M.", represented by the Board as its authorized body, to appoint an auditor for 2005;

- compel Closed Joint Stock Company "KYIVSTAR G.S.M.", represented by the Board as its authorized body, to appoint an auditor for 2006;

- compel Closed Joint Stock Company "KYIVSTAR G.S.M." to enter into audit agreements, following the Board's appointment of auditors for 2005 and 2006, with the auditors so appointed, and notify the tax inspectorate of the execution of such agreements;

- compel Closed Joint Stock Company "KYIVSTAR G.S.M.", Limited Liability Company "Ernst & Young Audit Services" and Limited Liability Company "Ernst & Young", to bear, on a joint and several basis, the claim costs.

Attachments:
1. Copy of the Charter of CJSC "KYIVSTAR G.S.M.";
2. Copy of the Charter of LLC "Storm";
3. Copy of agreement on provision of professional services No. 9331, dated January 6, 2006;
4. Copy of agreement on provision of professional services No. 12352, dated May 3, 2006;
5. Copy of the power of attorney;
6. Petition for injunctive relief;
7. Evidence of the payment of duty and costs of information and technical support of the process;
8. Evidence of the service of copies on the parties.

Marchenko R.V.
Advocate, under the power of attorney

*[round seal, signature]*

I, Oksana Kharchenko, hereby certify that I have knowledge of English and Russian/Ukrainian languages and that I am competent to translate to and from the said languages. I declare that the above translation was done by me and is true, accurate and correct translation of the Statement of Claim of Alpren Limited for Recognizing Agreements as Null and Void, Actions as Unlawful and Compelling to Take Actions, dated February 1, 2007, of which I have seen a copy of the original.

March 7, 2007, I, Narinskii F.M., director of Translation Agency "Eridan – 2002", certify the authenticity of signature which is made by translator Oksana Kharchenko.

[Seal]

...02.2007                                    Господарський суд міста Києва

                                              Позивач:
                                              Найменування: "Альпрен Лімітед"
                                              юридична особа за законодавством Республіки
                                              Кіпр
                                              Місцезнаходження: 3 Themistocles Dervis Street,
                                              Julia House, 1st Floor, 1066, Nicosia, Cyprus
                                              (Кіпр)

                                              Відповідач 1:
                                              Закрите акціонерне товариство "СІПСТАР
                                              Дж. Ес. Ем."
                                              Місцезнаходження: 03110, м. Київ,
                                              Червонозоряний проспект, 51.
                                              Ідентифікаційний код юридичної особи
                                              21673832
                                              п/р 26007011250098 в Філія АКІБ
                                              "УкрСиббанк" "Київське регіональне
                                              управління, МФО 300733

                                              Відповідач 2:
                                              Найменування: Товариство з обмеженою
                                              відповідальністю "Ернст енд Янг Аудиторські
                                              Послуги"
                                              Місцезнаходження: 01001, м. Київ, вул.
                                              Хрещатик, буд.19а.
                                              Ідентифікаційний код юридичної особи
                                              33306921
                                              п/р 26008200313003 в Сітібанк (Україна),
                                              МФО 300584

                                              Відповідач 3:
                                              Найменування: Товариство з обмеженою
                                              відповідальністю "Ернст енд Янг"
                                              Місцезнаходження: 01001, м. Київ, вул.
                                              Хрещатик, буд.19а
                                              Ідентифікаційний код юридичної особи
                                              33306958
                                              п/р 26005200311019 в Сітібанк (Україна),
                                              МФО 300584

                                                         ПОЗОВНА ЗАЯВА

**про визнання договорів недійсними, дій незаконними та зобов'язання вчиняти дії**

Позивач є засновником ТОВ «СТОРМ». В свою чергу ТОВ «Сторм» є акціонером ЗАТ «Київстар» з пакетом акцій 43,4823 %.

У відповідності до Цивільного кодексу України, Господарського кодексу України, Закону України "Про господарські товариства" Позивач (опосередковано через ТОВ «Сторм») має право на управління Відповідачем 1.

Порядок управління Відповідачем 1 згідно зі ст.4 Закону України "Про господарські товариства" встановлюється в Статуті та установчому договорі, який повинен містити компетенцію органів управління та порядок прийняття ними рішень. ТОВ «Сторм» як акціонером Відповідача 1, було ухвалено статут Відповідача 1 та визначено компетенцію органів управління Відповідача 1. Зокрема, п.9.10 Статуту було встановлено, що: "...належать до виключної компетенції Ради ...:

...

*(ш) призначення незалежних аудиторів Товариства".*

Ст.161 ЦК України визначено повноваження виконавчого органу акціонерного товариства. Зокрема ч.1 ст.161 встановлено, що виконавчий орган діє від імені акціонерного товариства в межах, встановлених статутом і законом.

Проте, як стало відомо Позивачу, Відповідач 1 діяв та діє всупереч вимогам Статуту, систематично ігнорував та ігнорує його положення, порушував та порушує законодавство України, права ТОВ «Сторм» на участь в управлінні Відповідачем 1 та, відповідно, права позивача на отримання доходів (дивідендів).

Так, Відповідачем 1 (в особі представника Тронд Мое) Відповідача 2 та Відповідача 3 було призначено аудиторами Відповідача 1 та підписано договір про надання професійних послуг №9331 від 06.01.2006 року (з Відповідачем 2, та Відповідачем 3), надалі "Спірний договір 1", та договір про надання професійних послуг №12352 від 03.05.2006 року (з Відповідачем 3), надалі "Спірний договір 2", а також частково було здійснено їх виконання.

Проте вказані дії Відповідачів є незаконними, а спірні договори є недійсними правочинами з огляду на таке.

Так, згідно зі ст.203 ЦК України особа, яка вчиняє правочин, повинна мати необхідний обсяг цивільної дієздатності.

Права та обов'язки юридична особа набуває через свої органи, які діють відповідно до установчих документів та закону.

Підставою недійсності правочину згідно зі ст.215 ЦК України є недотримання в момент вчинення правочину стороною вимог, визначених зокрема в частинах 1-3 ст. 203 ЦК України, а саме вчинення його особою, без необхідного обсягу своєї цивільної дієздатності (з перевищенням повноважень).

Отже представник Відповідача 1 Тронд Мое не мав достатнього обсягу цивільної дієздатності для призначення Відповідачів 2 та 3 аудиторами Відповідача 1. Ані Відповідач 1, ані представник Відповідача 1 Тронд Мое не мали достатніх повноважень для укладання спірних договорів за відсутності рішення Ради Відповідача 1 про призначення аудиторів, що беззаперечно свідчить про необхідність визнання їх недійсними, а дії по призначенню аудиторів виконавчим органом Відповідача 1 та укладанню з ними спірних договорів незаконними.

Згідно зі ст.216 ЦК України недійсний правочин не створює жодних юридичних наслідків, крім тих, що пов'язані з його недійсністю. Отже у Відповідачів відсутні будь-які підстави для продовження дій по виконанню спірних договорів, будь-які подібні дії повинні бути припинені, а кожна зі Сторін повинна повернути іншій стороні все одержане за спірними договорами.

Разом з тим, слід зазначити, що у відповідності до ст.18 Закону України "Про господарські товариства" звітність товариства повинна бути підтверджена аудитором (аудиторською фірмою).

Ст.20 Закону України "Про аудиторську діяльність" передбачено, що аудит проводиться на підставі договору.

Ст.28 Закону України "Про аудиторську діяльність" передбачено, що суб'єкт, для якого обов'язковість проведення аудиту встановлена законодавством, зобов'язаний повідомити про укладення договору відповідну податкову інспекцію про укладання договору на проведення аудиту до 01 грудня.

Оскільки для Відповідача 1 встановлена обов'язковість проведення аудиту, адже ст.40 Закону України «Про цінні папери та фондовий ринок» передбачено, що емітент (в даному випадку Відповідач 1) повинен надати Державній комісії з цінних паперів та фондового ринку аудиторський висновок до 30 квітня наступного за звітним року, то Відповідач 1 зобов'язаний був призначити аудитора та укласти з ним відповідний договір до 01.12.2006 року про що повинен був повідомити податкову інспекцію, де він перебуває на обліку, до 01.12.2006 року.

На порушення вказаних норм законодавства Відповідач 1 не призначив аудитора на 2006 рік, та, як наслідок, не уклав з ним договір про проведення аудиту, не надіслав про це повідомлення в податкову інспекцію. Це може негативно позначитися на його діяльності та завдати збитків як самому Відповідачу 1, так і ТОВ «Сторм» як акціонеру Відповідача 1 і Позивачу, оскільки може безпосередньо вплинути на розмір прибутку, що підлягає розподіленню між акціонерами.

Ст.124 Конституції України передбачає, що юрисдикція судів поширюється на всі правовідносини, що виникають у державі, зокрема й ті, що склалися в даному випадку.

Відповідно до ч. 1 ст. 20 Цивільного кодексу України право на захист особа здійснює на свій розсуд, тобто, вільно обирає спосіб захисту порушених прав і охоронюваних законом інтересів.

Згідно п. 1 резолютивної частини Рішення Конституційного Суду України від 1.12.2004р. за № 18-рп/2004 термін "охоронюваний законом інтерес" розуміється як прагнення до користування конкретним матеріальним та/або нематеріальним благом, як зумовлений загальним змістом об'єктивного і прямо не опосередкований у суб'єктивному праві простий легітимний дозвіл, що є самостійним об'єктом судового захисту та інших засобів правової охорони з метою задоволення індивідуальних і колективних потреб, які не суперечать Конституції і законам України, суспільним інтересам, справедливості, добросовісності, розумності та іншим загальноправовим засадам.

Позивач є співзасновником ТОВ «Сторм». Незаконні дії відповідачів можуть призвести до погіршення показників позивача.

Враховуючи вищевикладене, керуючись ст. 124 Конституції України, ст.13, ст.20, ст.161, ст.203, ст.215, ст.216 Цивільного кодексу України, ст.20, ст.28 Закону України "Про аудиторську діяльність", ст.40 Закону України «Про цінні папери та фондовий ринок", ст.4, ст.18 Закону України "Про господарські товариства" ст.83, ст.84 Господарського процесуального кодексу України.

## ПРОСИМО:

- визнати недійсним договір про надання професійних послуг №9331 від 06.01.2006 року між Закритим акціонерним товариством "КИЇВСТАР Дж. Ес. Ем.", Товариством з обмеженою відповідальністю "Ернст енд Янг Аудиторські Послуги", Товариством з обмеженою відповідальністю "Ернст енд Янг з моменту його укладання;

- визнати недійсним договір про надання професійних послуг №12352 від 03.05.2006 року між Закритим акціонерним товариством "КИЇВСТАР Дж. Ес. Ем." та Товариством з обмеженою відповідальністю "Ернст енд Янг з моменту його укладання;

- визнати незаконними дії Закритого акціонерного товариства "КИЇВСТАР Дж. Ес. Ем.", Товариства з обмеженою відповідальністю "Ернст енд Янг Аудиторські Послуги", Товариства з обмеженою відповідальністю "Ернст енд Янг" по укладанню та виконанню договору про надання професійних послуг №9331 від 06.01.2006 року;

- визнати незаконними дії Закритого акціонерного товариства "КИЇВСТАР Дж. Ес. Ем.", Товариства з обмеженою відповідальністю "Ернст енд Янг" по укладанню та виконанню договору про надання професійних послуг №12352 від 03.05.2006 року;

- визнати незаконним призначення Товариства з обмеженою відповідальністю "Ернст енд Янг Аудиторські Послуги" та Товариства з обмеженою

відповідальністю "Ернст енд Янг" аудиторами Закритого акціонерного товариства "КИЇВСТАР Дж. Ес. Ем." на 2005 рік;

- зобов'язати Закрите акціонерне товариство "КИЇВСТАР Дж. Ес. Ем.", Товариство з обмеженою відповідальністю "Ернст енд Янг" повернути один одному документи, дані, відомості, кошти та все інше одержане за договором про надання професійних послуг №12352 від 03.05.2006 року та в ході його виконання;

- зобов'язати Закрите акціонерне товариство "КИЇВСТАР Дж. Ес. Ем." в особі його компетентного органу - Ради призначити аудитора на 2005 рік;

- зобов'язати Закрите акціонерне товариство "КИЇВСТАР Дж. Ес. Ем." в особі його компетентного органу - Ради призначити аудитора на 2006 рік;

- зобов'язати Закрите акціонерне товариство "КИЇВСТАР Дж. Ес. Ем." після призначення Радою аудиторів на 2005 та 2006 роки укласти з такими аудиторами договори про проведення аудиту та повідомити про їх укладення податкову інспекцію;

- покласти на Закрите акціонерне товариство "КИЇВСТАР Дж. Ес. Ем.", Товариство з обмеженою відповідальністю "Ернст енд Янг Аудиторські Послуги", Товариство з обмеженою відповідальністю "Ернст енд Янг" солідарний обов'язок по відшкодуванню судових витрат.

Додатки:
1. Копія статуту ЗАТ "КИЇВСТАР Дж. Ес. Ем.";
2. Копія статуту ТОВ «Сторм»;
3. Копія договору про надання професійних послуг №9331 від 06.01.2006 року;
4. Копія договору про надання професійних послуг №12352 від 03.05.2006 року;
5. Копія доручення;
6. Заява про забезпечення позову;
7. Докази сплати мита та витрат на ІТЗ;
8. Докази направлення копій сторонам.

Марченко Р.В.
Адвокат, по дов.