UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
TELENOR MOBILE COMMUNICATIONS AS,

                                     Petitioner,

          - against -

STORM LLC

                                   Respondent.
----------------------------------------------------------------x

07 Civ. 6929 (UA)

DECLARATION OF
ANNA-MARTA KHOMYAK

I, ANNA-MARTA KHOMYAK declare under penalty of perjury as follows:

    1.    I am a counsel at Magister & Partners, 38, Volodymyrska St., Kyiv, 01034, Ukraine, attorneys for Storm LLC ("Storm") in Ukraine and Russia, the Respondent in the UNCITRAL arbitration brought by Telenor Mobile Communications AS, which resulted in a final award issued on August 1, 2007 (the "Final Award").

    2.    I hold an LL.M in Public International Law from the University of Nottingham, UK and Diploma of Jurisprudence from the Lviv National University School of Law in Ukraine. I have practiced law for seven years, rendering advice on international economic law, corporate and state litigation matters, and international arbitration. I am also a litigator and have acted for both private and public entities in the courts of Ukraine. I am fluent in Ukrainian, Russian and English and submit this declaration in English.

    3.    I have reviewed the Final Award and submit this declaration in support of Storm's Opposition to Petition to Confirm and Motion to Vacate Arbitration Award (the

"Motion"). The purpose of this affidavit is to confirm that the implementation of the Final Award will force Storm to violate Ukrainian law.

4. My conclusion that the Final Award mandates a violation of Ukrainian law is based on the following facts:

   a) The Final Award, *inter alia*, enforces the non-compete clause contained in Section 12.01 of the Shareholders Agreement[1] (the "Non-Compete Clause") by requiring either: (1) the sale of Storm's Kyivstar shares, or (2) the divestiture by certain of Storm's indirect affiliates of their respective interest in two Ukrainian companies. In either event, the sale or divestiture, if accomplished, would qualify as an enforcement of the Non-Compete Clause.

   b) Non-compete clauses under Ukrainian law are presumptively considered to be anticompetitive concerted actions, which are prohibited under Ukrainian anti-monopoly law. Ukrainian law prohibits the entering into or enforcement of a non-compete clause without prior approval from the Ukrainian Anti-Monopoly Committee (the "AMC"). As such, because the AMC has never reviewed the Non-Compete Clause, it is illegal and any attempt to enforce it would violate Ukrainian law.

   c) Ukrainian law contains an exhaustive list of the circumstances under which a concerted action such as a non-compete clause might be allowed. However, the Final Award does not qualify as a recognized ground that would render compliance with the Non-Compete Clause lawful under Ukrainian law.

   d) Ukrainian law prohibits inducing a party to violate Ukraine's antimonopoly legislation or the aiding and abetting of such a violation.

5. Because the Final Award enforces the Non-Compete Clause in the Shareholders Agreement, enforcing this award is the substantial equivalent of enforcing the Non-Compete Clause. Based on the finding that Storm is in breach of the Non-Compete Clause, the Final Award orders Storm to remedy the purported breach by either (1) "sell[ing] its shares in Kyivstar to a person other than a Storm affiliate" or (2) "divest[ing] ... holdings in Turkcell and Ukrainian High Technologies that exceed five

---

[1] "Shareholders Agreement" is used herein as that term is defined in the Motion.

percent." Enforcing or executing either of these remedies gives effect to the Non-compete Clause and thus violates Ukrainian law.

6. Non-compete clauses, which by definition are a restriction on competition, are generally prohibited under Ukrainian law unless they have been previously reviewed and approved by the AMC. Under the Ukrainian anti-monopoly law, the entering into and enforcement[2] of a non-compete clause is considered to be an anticompetitive concerted action in violation of the Ukrainian anti-monopoly law. Illegal concerted actions are defined as "actions that result or may result in the prevention, elimination or restriction of competition."[3] The law expressly provides that such actions are "prohibited and entail substantial liability pursuant to the law."[4] Entities found guilty of participating in concerted actions are subject to substantial fines and penalties.[5]

7. Ukrainian law contains an exhaustive list of the grounds upon which concerted actions may be allowed, subject to approval of the AMC.[6] For example, concerted actions may be allowed where, among other things, the entities can demonstrate that their proposed concerted action will enhance the progress of manufacturing; the purchase or sale of goods; technical, technological or economic development; or growth of small or medium-sized businesses. Arbitral awards are not included in this exhaustive list of grounds under which a concerted action may be permitted. The Final Award, thus, cannot serve a ground to legalize the concerted actions at issue here under Ukrainian law.

---

[2] Law of Ukraine on the Protection of Economic Competition, of January 11, 2001 at Art.5(1). (a copy of which is attached hereto as Exhibit A.)
[3] *Id.* at Art. 6 (1). (A copy of which is attached hereto as Exhibit B)
[4] *Id.* at Art. 6 (4). (A copy of which is attached hereto as Exhibit B)
[5] *Id.* at Art. 50 and 52 (2). (A copy of which is attached hereto as Exhibit C)
[6] *Id.* at Art. 10 (1). (A copy of which is attached hereto as Exhibit D)

8. Moreover, Ukrainian law prohibits inducing a third party to violate the Ukrainian antimonopoly legislation, facilitating such violations, or aiding and abetting such violations. The law dictates as follows:

> Actions or failure to act of bodies of state power, bodies of local government, bodies of administrative management and control (collegial body or an officer) which induce business entities, bodies of state power, bodies of local government, bodies of administrative management and control to violate legislation on protection of economic competition, create conditions for committing violations of legislation on protection of economic competition or their legitimization, are prohibited.[7]

9. Furthermore, the law clearly vests the exclusive authority to allow performance of concerted actions in the territory of Ukraine in only two entities, both of which are state-controlled authorities: (1) the AMC; and (2) the Cabinet of Ministers of Ukraine.[8]

10. Ukrainian law dictates unambiguously that engaging in concerted actions "is forbidden until permission is granted by the bodies of the Antimonopoly Committee of Ukraine or by the bodies of the Cabinet of Ministers of Ukraine."[9] As such, the Final Award cannot legally permit the execution of the Non-Compete Clause.

11. Because the Final Award contradicts Ukrainian law, forcing Storm to fulfil such award would amount to inducing Storm to violate Ukrainian law, which is, in turn, illegal under Ukrainian law. Moreover, it would subject Storm to substantial liability for such violations.

---

[7] *Id.* at Art. 17 *Ibid.* (A copy of which is attached as Exhibit E)
[8] *Id.* at Art.10 (3) *Ibid.* (A copy of which is attached as Exhibit D)
[9] *Id.* at Art.10 (5) *Ibid.* (A copy of which is attached as Exhibit D)

I declare that the foregoing is true and correct.

Executed on August 16 2007, Kyiv, Ukraine.

                                                            Anna-Marta Khomyak