

ORRICK

January 16, 2007

Robert L. Sills
(212) 506-5110
rsills@orrick.com

Kenneth R. Feinberg, Esq.
The Feinberg Group LLP
The Willard Office Building
1455 Pennsylvania Avenue, N.W.
Suite 390
Washington, DC 20004

Gregory B. Craig, Esq.
Williams & Connolly LLP
725 Twelfth St., N.W.
Washington, DC 20005

William R. Jentes, Esq.
1500 North Lake Shore Drive
Suite 4C
Chicago, IL 60610

## Telenor Mobile Communications AS v. Storm LLC

Dear Messrs. Feinberg, Craig and Jentes:

I write to bring to the Panel's attention two new Ukrainian judicial decisions obtained by Storm LLC ("Storm") over the holidays, which Telenor Mobile Communications AS ("Telenor Mobile") only learned of last week.

1.    On December 28, 2006, in response to a petition filed by Storm on November 15, 2006, the Higher Commercial Court of Ukraine (the "HCC") issued a decision further clarifying its ruling of December 22, 2005 in Case No. 46/501, *Storm v. Closed Joint Stock Company "Kyivstar G.S.M." and Telenor Mobile.* A copy of that decision (the "December 28, 2006 Decision"), together with a certified English translation thereof, is attached hereto as Exhibit A. Consistent with the other actions and proceedings commenced by Storm in Ukraine to date, neither Telenor Mobile nor Kyivstar received notice of Storm's petition or the HCC's consideration of the petition, nor were either of them given the opportunity to present their views to the HCC, prior to the HCC's issuance of the December 28, 2006 Decision.



ORRICK

Kenneth R. Feinberg, Esq.
Gregory B. Craig, Esq.
William R. Jentes, Esq.
January 16, 2007
Page 2

The December 28, 2006 Decision purports to "clarify" the HCC's ruling of December 22, 2005 (the "December 22, 2005 Ruling") by stating that "[t]he legal entity elected as a shareholder to the board of a joint stock company . . . may participate in the proceedings of the supervisory board, as represented by its authorized representative (representatives) . Thus, in the event of election of the CJSC "Kyivstar G.S.M." shareholders (Telenor and Storm) to the supervisory board, they will have one vote each, respectively, regardless of the number of persons representing them on the Board (supervisory board)."   Neither the December 28, 2006 Decision nor the December 22, 2005 Ruling itself addresses the issue of how the Kyivstar Board should be restructured to comply with the December 22, 2005 Ruling, nor does either address the role of Kyivstar's shareholders, other than Telenor Mobile and Storm.[1]  Telenor Mobile's Amended Statement of Claim requests that the Panel issue an award compelling Storm to attend a meeting of Kyivstar shareholders and vote to approve an amendment to Kyivstar's charter that would permit Telenor Mobile and its four affiliates which are Kyivstar shareholders, and Storm and three of its affiliates, each to appoint a representative to the Kyivstar Board, thereby preserving the five – four composition of the Kyivstar Board mandated by Section 2.01(b)(ii) of the Shareholders Agreement.  As will be set out in detail in Telenor Mobile's proposed findings of fact and conclusions of law, nothing in the December 22, 2005 Ruling or the December 28, 2006 Decision would preclude Telenor Mobile's request to the Panel.[2]

2.    On December 29, 2006, in response to a petition filed by Storm without notice to Kyivstar or Telenor Mobile, the Kyiv City Commercial Court issued an injunction (the "December 29, 2006 Injunction") purporting to prohibit Kyivstar, Limited Liability Company "Ernst & Young Audit Services", Limited Liability Company "Ernst & Young" (collectively, "E&Y") and "any of their authorized persons, officers and shareholders of [Kyivstar]" from, among other things, taking any action aimed at performance of any contracts or agreements the subject matter of which is the provision of audit services for Kyivstar, including signing and submitting any reports or letters.  A copy of the December 29, 2006 Injunction, together with a certified English translation thereof, is attached hereto as Exhibit B.

The December 29, 2006 Injunction purports to take effect immediately.  In fact, Storm obtained from the State Enforcement Service of Ukraine an order dated December 29, 2006 (the "Enforcement Order") requiring Kyivstar and E&Y to comply with the December 29, 2006

---

[1] In addition to Telenor Mobile, Telenor Ukraina I AS, Telenor Ukraina II AS, Telenor Ukraina III AS and Telenor Ukraina IV AS are each shareholders of Kyivstar, and each is eligible to serve as director.

[2] Neither the December 22, 2005 Ruling nor the December 28, 2006 Decision even mentions the governance provisions of the Shareholders Agreement, let alone rule on them.



ORRICK

Kenneth R. Feinberg, Esq.
Gregory B. Craig, Esq.
William R. Jentes, Esq.
January 16, 2007
Page 3

Injunction immediately. A copy of the Enforcement Order, together with a certified English translation thereof, is attached hereto as Exhibit C.

The purported basis for the December 29, 2006 Injunction is Storm's claim that Kyivstar's contracts with E&Y relating to the provision of audit services were not approved by the Kyivstar Board. The December 29, 2006 Injunction fails to address the fact that the reason those contracts were not approved by the Kyivstar Board is that Storm's nominees have, in violation of Storm's obligations under Section 2.05(b) of the Shareholders Agreement, deliberately failed to attend meetings of the Kyivstar Board since March 18, 2005.

Under Section 2.05(b) of the Shareholders Agreement, Storm undertook "to comply with its obligations under [the Shareholders Agreement]" and "to act in a good faith and constructive manner such as to give effect to the provisions of this Agreement ... ." In addition to the evident violation of that general standard by Storm's attack on Kyivstar's ability to obtain audited financials, Storm's conduct violates Section 8.07 of the Shareholders Agreement, which provides as follows:

> [N]o Shareholder shall take any action or engage in any conduct ... the direct or indirect consequence of which would be to prevent the Company from having access to the United States or other international capital markets, or from undertaking an IPO.

Without audited financial statements, Kyivstar cannot continue to access the international capital markets, whether through the issuance of Eurobonds or otherwise.[3] Storm's filing of the petition that led to the December 29, 2006 Injunction and the Enforcement Order is a direct violation of Sections 2.05(b) and 8.07 of the Shareholders Agreement.

---

[3] It appears that at least part of Storm's purpose in seeking the December 29, 2006 Decision and the Enforcement Order is to frustrate Telenor ASA's efforts to comply with its obligations under United States securities laws, including the Sarbanes-Oxley Act. In that regard, as the Panel will recall from Mr. Moland's testimony, Storm has repeatedly used the December 22, 2005 Ruling to attack the consolidation of Kyivstar's financial results by Telenor ASA ("Telenor") in Telenor's financial statements, in a transparent effort to pressure Telenor by harming its standing with investors and regulators.



**ORRICK**

Kenneth R. Feinberg, Esq.
Gregory B. Craig, Esq.
William R. Jentes, Esq.
January 16, 2007
Page 4

   Accordingly, on behalf of Telenor Mobile, we hereby request that the Panel include in any award that it renders:

   (a)  a declaration that Storm is in breach of the Shareholders Agreement for seeking the December 29, 2006 Injunction and the Enforcement Order;

   (b)  an injunction against Storm, its affiliates and anyone acting in concert with Storm or its affiliates from seeking to enforce the December 29, 2006 Injunction or the Enforcement Order; and

   (c)  a requirement that Storm take all actions necessary to cause the December 29, 2006 Injunction and the Enforcement Order to be withdrawn in their entirety.

       Respectfully,

       Robert L. Sills

Copy (by e-mail) to Pieter Van Tol, Esq.

Attachments

RLS/pso

# Exhibit A

[*National Emblem of Ukraine*]

# HIGHER COMMERCIAL COURT OF UKRAINE

## DECREE

December 28, 2006                                                     Case No. 46/501

The Higher Commercial Court of Ukraine represented by a panel of judges composed of:

Presiding Judge               S.R. Shevchuk

Judges                        S.S. Samusenko
                              T.P. Kozyr

having reviewed a petition by        Limited Liability Company "Storm"

re clarification of the ruling issued by the Higher Commercial Court of Ukraine on December 22, 2005
In case No. 46/501

upon a claim by               Limited Liability Company "Storm" (LLC "Storm")

against                       Closed Joint Stock Company "Kyivstar G.S.M." (CJSC "Kyivstar G.S.M.")
                              Telenor Mobile Communications AS ("Telenor")

re                            invalidating charter provisions

### has established that:

LLC "Storm" filed with the Kyiv City Commercial Court a claim against CJSC "Kyivstar G.S.M." and Telenor Mobile Communications AS, requesting the court to invalidate the provisions of CJSC "Kyivstar G.S.M." Charter of April 27, 2004, specifically Section 9.1 of Article 9 and Section 10.3 of Article 10 where it concerns the procedure for election of CJSC "Kyivstar G.S.M." President, as well as to invalidate the resolutions of the Shareholders Meetings of CJSC "Kyivstar G.S.M." where they concern the election of the Board members -- Section 6 of Minutes No. 30 of April 27, 2004 and Section 2 of Minutes No. 32 of January 11, 2005.

The claim was dismissed in its entirety by a decision issued by the Kyiv City Commercial Court on October 12, 2005.

The decision of the local commercial court was affirmed by a ruling issued by the Kyiv Commercial Court of Appeals on November 11, 2005.

The ruling issued by the Higher Commercial Court of Ukraine on December 22, 2005 reversed the decision by the Kyiv City Commercial Court of October 12, 2005 and the ruling by the Kyiv Commercial Court of Appeals of November 11, 2005 and granted the claim filed by LLC "Storm".

The decree issued by the Supreme Court of February 16, 2005 denied the commencement of cassation review of the ruling issued by the Higher Commercial Court of Ukraine on December 22, 2005, petitioned for by Telenor Mobile Communications AS.

The ruling issued by the Higher Commercial Court of Ukraine on June 27, 2006 granted the petition of Telenor Mobile Communications AS, requesting review of the ruling issued by the

Higher Commercial Court of Ukraine on December 22, 2005 based on newly discovered circumstances, and reversed the ruling issued by the Higher Commercial Court of Ukraine on December 22, 2005 in case No. 46/501.

The ruling issued by the Supreme Court of Ukraine on October 3, 2006 granted the cassation appeal by LLC "Storm", reversed the ruling issued by the Higher Commercial Court of Ukraine on June 27, 2006, and affirmed the ruling issued by the Higher Commercial Court of Ukraine on December 22, 2005.

The ruling issued by the Higher Commercial Court of Ukraine on December 22, 2005 granted the claim filed by LLC "Storm". [The ruling] invalidated the provisions of Section 9.1 of Article 9 of the Charter of CJSC "Kyivstar G.S.M."; invalidated the decisions of the General Meetings of Shareholders of CJSC "Kyivstar G.S.M." where they concerned the election of Board members (Section 6 of Minutes No. 30 of April 27, 2004; Section 2 of Minutes No. 32 of January 11, 2005). [The ruling] Obligated the shareholders of CJSC "Kyivstar G.S.M.", LLC "Storm", Telenor Mobile Communications AS to bring the contents of the Charter in conformity with the requirements of applicable Ukrainian laws. [The ruling] Invalidated the provisions of Section 10.3 of Article 10 of the CJSC "Kyivstar G.S.M." Charter where they read, "The President shall be nominated by Telenor, and each Shareholder shall cause the Directors nominated by such Shareholder to vote in favor of a nominee for a position of President nominated by Telenor."

On November 15, 2006, the Higher Commercial Court of Ukraine received a petition of LLC "Storm" whereby it requested to clarify ruling issued by Higher Commercial Court of Ukraine No. 46/501 on December 22, 2005, considering the decree issued by the HCCU of October 20, 2006 on correction of the typographical errors and clarification of the ruling in case No. 46/501 issued by Higher Commercial Court of Ukraine on December 22, 2005.

The petitioner is asking whether all of the provisions of Section 9.1 of Article 9 of the Charter of CJSC "Kyivstar G.S.M." set forth in the Charter restatement of April 27, 2004 are null and void, including those governing the election procedure and the number of representatives of each shareholder (Telenor and Storm) on the supervisory board (Board) of CJSC "Kyivstar G.S.M."? May the Parties be governed in their actions by the provisions of Section 9.1 of Article 9 of the Charter of CJSC "Kyivstar G.S.M." set forth in the Charter restatement of April 27, 2004 until the moment when the same are deleted from the text of the Charter at the General Meeting of Shareholders? What number of votes does each of the shareholders of CJSC "Kyivstar G.S.M." (Telenor and Storm) have if they are elected to the supervisory board? Which of the resolutions of the General Meeting of Shareholders of CJSC "Kyivstar G.S.M." out of those set forth in Section 6 of Minutes No. 30 of April 27, 2004 remain effective, considering the Higher Commercial Court of Ukraine ruling in case No. 46/501?

Considering the foregoing and in compliance with Articles 86, 89, and 111-5 of the Code of Commercial Procedure of Ukraine, [the court]

## HAS RULED TO:

Provide a clarification of the ruling issued by the Higher Commercial Court of Ukraine on December 22, 2005 in case 46/501.

As appears from the operative part of the ruling issued by the Higher Commercial Court of Ukraine on December 22, 2005 in case No. 46/501, the court invalidated the provisions of Section 9.1 of Article 9 of the Charter of CJSC "Kyivstar G.S.M.".

Therefore, the panel of judges of the Higher Commercial Court of Ukraine clarifies that the provisions of Section 9.1 of Article 9 of the CJSC "Kyivstar G.S.M." Charter, set forth in the Charter restatement of April 27, 2004, were invalidated in their entirety without any exceptions, in particular the provisions governing the election procedure and the number of representatives of each shareholder (Telenor and Storm) on the supervisory board (Board) of CJSC "Kyivstar G.S.M." were invalidated.

According to Article 216 of the Civil Code of Ukraine, an invalid transaction does not create any legal consequences, other than those related to its invalidity. Since the court invalidated Section 9.1 of Article 9 of the CJSC "Kyivstar G.S.M." Charter in its entirety, the parties (Telenor and Storm) may not be governed in their actions by its provisions.

When issuing the ruling of December 22, 2005 in case No. 46/501, the court established the following: according to Article 46 of the Law of Ukraine "On Business Associations", a joint stock company may establish, from among its shareholders, a board of shareholders (supervisory board), which represents the shareholders in between the general meetings and supervises and regulates the operations of the management board within the authority determined in the charter. The law does not provide for any restrictions of a shareholder's right to participate in the Board's proceedings and issuance of resolutions within its authority. According to the law, shareholders have equal rights to participate in managing the company, and the equality of shareholders' rights in respect of influence on the company's activity is not upheld solely when issuing resolutions at the general meetings of shareholders based on the "one share – one vote" principle (Article 44 of the Law of Ukraine "On Business Associations").

Pursuant to the CJSC "Kyivstar G.S.M." Charter, the shareholders, namely, the claimant and respondent-2 in case No. 46/501, are members of the Board (supervisory board). According to Clarification of the State Securities and Stock Market Commission No. 7 of November 26, 2002 "On Establishing a Board of a Joint Stock Company (Supervisory Board) from among the Shareholders if a Legal Entity is a Shareholder", a legal entity, which is a shareholder, may be elected to the board of a joint stock company (supervisory board). The legal entity elected as a shareholder to the board of a joint stock company (supervisory board) may participate in the proceedings of the supervisory board, as represented by its authorized representative (representatives). Thus, in the event of election of the CJSC "Kyivstar G.S.M." shareholders (Telenor and Storm) to the supervisory board, they will have one vote each, respectively, regardless of the number of persons representing them on the Board (supervisory board).

As appears from the operative part of the ruling issued by the Higher Commercial Court of Ukraine on December 22, 2005 in case No. 46/501, the court invalidated the resolutions issued by the meeting of shareholders of CJSC "Kyivstar G.S.M." where they concern the election of the Board members (Section 6 of Minutes No. 30 of April 27, 2004).

From the operative part of the resolution on Section 6 of the agenda of the General Meeting of Shareholders of CJSC "Kyivstar G.S.M." dated April 27, 2004 (Minutes No. 30), it appears that the meeting decided on the issues of removal and election of the company's Board members. Thus, since the court invalidated the resolutions issued by the meeting where they concern the election of the CJSC "Kyivstar G.S.M." Board members, the court did not invalidate the resolutions where they concern the removal of the CJSC "Kyivstar G.S.M." Board members, and they remain effective.

Presiding Judge                          S.R. Shevchuk

Judge                                    S.S. Samusenko
Judge                                    T.P. Kozyr

*[Round Seal No. 15 of the Higher
Commercial Court of Ukraine
Administrative Department]*

*[Stamp]*
"TRUE COPY OF THE ORIGINAL"

*[Signature illegible]*

I, Oksana Kharchenko, hereby certify that I have knowledge of English and Russian/Ukrainian languages and that I am competent to translate to and from the said languages. I declare that the above translation was done by me and is true, accurate and correct translation of the Decree of the Higher Commercial Court of Ukraine dated December 28, 2006 regarding case No. 46/501, of which I have seen a copy of the original.

January 12, 2007 I, Narinskii F.M., director of Translation Agency "Eridan – 2002", certify the authenticity of signature which is made by translator Oksana Kharchenko.

[Seal]



## ВИЩИЙ ГОСПОДАРСЬКИЙ СУД УКРАЇНИ
### УХВАЛА

28.12.2006 р.                                                          Справа № 46/501

**Вищий господарський суд України у складі колегії суддів:**

головуючого, судді     Шевчук С.Р.

суддів             СамусенкоС.С.,

                    Козир Т.П.

розглянувши заяву      товариства з обмеженою відповідальністю "Сторм"

про роз'яснення постанови Вищого господарського суду від 22.12.2005 р.

У справі № 46/501

за позовом            товариства з обмеженою відповідальністю "Сторм"

                    (далі – ТОВ "Сторм")

до                  закритого акціонерного товариства "Київстар

                    Дж.Ес.Ем."(далі – ЗАТ "Київстар")

                    Теленор Мобайл Ком'юнікейшнз АС (далі -

                    Теленор)

про                 визнання недійсними положень статуту

### Встановив:

ТОВ „Сторм" звернулося до господарського суду м. Києва з позовом до ЗАТ „Київстар Дж.Ес.Ем.", Теленор Мобайл Ком'юнікейшнз АС про визнання недійсними положень Статуту ЗАТ „Київстар Дж.Ес.Ем." від 27.04.2004 р., а саме п. 9.1 статті 9 та п. 10.3 статті 10 в частині порядку обрання Президента ЗАТ „Київстар Дж.Ес.Ем.", а також про визнання недійсними рішень Зборів акціонерів ЗАТ „Київстар Дж.Ес.Ем." в частині обрання членів Ради - п.6 Протоколу № ЗО від 27 квітня 2004 року та п. 2 Протоколу № 32 від 11 січня 2005 р.

Рішенням господарського суду м. Києва від 12.10.2005 року в позові відмовлено повністю.

Постановою Київського апеляційного господарського суду від 11.11.2005 р. рішення місцевого господарського суду залишено без змін.

Постановою Вищого господарського суду України від 22.12.2005 р. рішення господарського суду м. Києва від 12.10.2005 р. та постанову Київського апеляційного господарського суду від 11.11.2005 р. скасовано, позов ТОВ «Сторм» задоволено.

Ухвалою Верховного суду від 16.02.2005 р. у порушенні касаційного провадження Теленор Мобайл Ком'юнікейшнз АС з перегляду постанови Вищого господарського суду України від 22.12.2005 р. відмовлено.

Постановою Вищого господарського суду України від 27.06.2006 р. заява Теленор Мобайл Ком'юнікейшнз АС про перегляд за

нововиявленими обставинами постанови від 22 грудня 2005 року Вищого господарського суду України задоволена, постанова Вищого господарського суду України від 22 грудня 2005 року у справі №46/501 скасована.

Постановою Верховного Суду України від 03.10.2006 р. касаційна скарга ТОВ «Сторм» задоволена, постанова Вищого господарського суду України від 27.06.2006 р. скасована, постанова Вищого господарського суду України від 22.12.2005 р. залишена без змін.

Постановою Вищого господарського суду України від 22.12.2005 р. позов ТОВ «Сторм» задоволено. Визнано недійсними положення п. 9.1. ст. 9 Статуту ЗАТ «Київстар Дж. Ес. Ем.»; визнано недійсними рішення загальних зборів акціонерів ЗАТ «Київстар Дж. Ес. Ем.» в частині обрання членів Ради (п. 6 Протоколу № ЗО від 27 квітня 2004 року; п. 2 Протоколу №32 від 11 січня 2005 року. Зобов'язано акціонерів ЗАТ «Київстар Дж. Ес. Ем.», ТОВ «Сторм», Теленор Мобайл Ком'юнікейшинз АС привести зміст Статуту у відповідність з вимогами чинного законодавства України. Визнано недійсним положення п. 10.3. ст. 10 Статуту ЗАТ "Київстар Дж. Ес. Ем." в частині "Кандидата на посаду Президента пропонує Теленор і кожний Акціонер забезпечує, щоб Директори, призначені таким акціонером, проголосували за обрання такого кандидата, запропонованого Теленором, на посаду Президента».

15 листопада 2006 року до Вищого господарського суду України надійшла заява ТОВ "Сторм" про роз'яснення постанови Вищого господарського суду України від 22 грудня 2005 року №46/501 з урахуванням ухвали ВГСУ від 20.10.2006 року про виправлення описок та роз'яснення постанови від 22 грудня 2005 року Вищого господарського суду України у справі №46/501.

Заявник ставить питання чи є недійсними всі положення п.9.1 ст.9 Статуту ЗАТ „Київстар Дж.Ес.Ем", викладені в новій редакції Статуту від 27.04.2004 року, в тому числі ті, що регулюють порядок обрання та кількісного складу представників від кожного з акціонерів (Теленора та Сторма) в спостережній раді (Раді) ЗАТ „Київстар Дж.Ес.Ем"? Чи можуть Сторони керуватися в своїх діях положеннями п.9.1 ст.9 Статуту ЗАТ „Київстар Дж.Ес.Ем", викладеними в новій редакції Статуту від 27.04.2004 року, до моменту їх виключення з тексту Статуту на загальних зборах акціонерів? Яка кількість голосів належить кожному з акціонерів ЗАТ „Київстар Дж.Ес.Ем" (Теленор та Сторм) у випадку їх обрання до складу спостережної ради? Які рішення з викладених в п.6 Протоколу № 30 від 27.04.2004 року рішень Загальних зборів акціонерів ЗАТ "Київстар Дж.Ес.Ем." залишилися чинними з урахуванням постанови Вищого господарського суду України у справі №46/501?

Враховуючи викладене та керуючись ст. ст. 86, 89, 111-5 Господарського процесуального кодексу України,

**УХВАЛИВ:**

Роз'яснити постанову Вищого господарського суду України від 22.12.2005 року у справі 46/501.

Як вбачається з резолютивної частини Постанови Вищого господарського суду України від 22.12.2005 р. у справі 46/501 судом було визнано недійсним положення п.9.1. ст.9 Статуту ЗАТ "Київстар Дж.Ес.Ем".

Отже, колегія суддів Вищого господарського суду України роз'яснює, що положення п.9.1. ст.9 Статуту ЗАТ „Київстар Дж.Ес.Ем", що викладені в новій редакції Статуту від 27.04.2004 року, визнано недійсним в повному обсязі без будь-яких виключень, в тому числі визнано недійсними положення, що регулюють порядок обрання та кількісний склад представників від кожного з акціонерів (Теленор та Сторма) в спостережній раді (Раді) ЗАТ „Київстар Дж.Ес.Ем."

У відповідності до ст. 216 Цивільного кодексу України недійсний правочин не створює юридичних наслідків, крім тих, що пов'язані з його недійсністю. Оскільки п.9.1 ст.9 Статуту ЗАТ „Київстар Дж.Ес.Ем" визнаний судом недійсним в повному обсязі, сторони (Теленор та Сторм) не можуть керуватись в своїх діях його положеннями.

При прийнятті постанови від 22.12.2005 р. у справі № 46/501 судом було встановлено наступне: у відповідності до ст. 46 Закону України "Про господарські товариства" в акціонерному товаристві з числа акціонерів може створюватися рада акціонерів (спостережна рада), яка представляє інтереси акціонерів у період між проведенням загальних зборів і у межах компетенції, визначеної статутом, контролює і регулює діяльність правління. Законом не передбачено обмеження прав акціонера щодо участі у роботі Ради та прийнятті рішень, віднесених до її компетенції. Відповідно до законодавства акціонери мають однакові права щодо участі в управлінні товариством, і лише при прийнятті рішень на загальних зборах акціонерів при застосуванні принципу "одна акція – один голос" (ст. 44 Закону України "Про господарські товариства") рівність прав акціонерів щодо впливу на діяльність товариства не дотримується.

Відповідно до Статуту ЗАТ "Київстар Дж.Ес.Ем" членами Ради (спостережної ради) товариства є акціонери, а саме, позивач та відповідач-2 у справі № 46/501. Згідно з роз'ясненням Державної комісії з цінних паперів та фондового ринку від 26 листопада 2002 року №7 "Щодо створення ради акціонерного товариства (спостережної ради) з числа акціонерів у разі, якщо акціонером є юридична особа", юридична особа, яка є акціонером, може бути обраною до ради акціонерного товариства (спостережної ради). Юридична особа, обрана як акціонер до складу ради акціонерного товариства (спостережної ради), може брати участь у роботі спостережної ради через свого уповноваженого представника (представників). Отже, у випадку обрання акціонерів ЗАТ "Київстар Дж.Ес.Ем" (Теленор та Сторм) до складу спостережної ради вони матимуть кожен по одному голосу відповідно, незалежно від кількості осіб, що представлятимуть їх інтереси в роботі Ради (спостережної ради).

Як вбачається з резолютивної частини Постанови Вищого господарського суду України від 22.12.2005 р. у справі 46/501, судом було визнано недійсними

рішення зборів акціонерів ЗАТ «Київстар Дж. Ес. Ем.» в частині обрання членів Ради (п. 6 Протоколу №30 від 27 квітня 2004 року).

З резолютивної частини рішення  пункту 6 порядку денного загальних зборів акціонерів ЗАТ "Київстар Дж. Ес. Ем" від 27 квітня 2004 року (протокол №30) вбачається, що цими  зборами були вирішені питання про звільнення та обрання членів Ради товариства. Таким чином, оскільки судом було визнано недійсними рішення зборів в частині обрання членів Ради ЗАТ "Київстар Дж. Ес. Ем.", то  рішення в частині звільнення членів Ради ЗАТ "Київстар Дж. Ес. Ем." не  визнавались судом недійсними і  залишаються чинними.

| | |
|---|---|
| Головуючий | Шевчук С.Р. |
| С у д д я | Самусенко С.С. |
| С у д д я | Козир Т.П. |



# Exhibit B

*[Letterhead of the Kyiv City Commercial Court]*

## DECREE

No. 40/37                                              December 29, 2006

### Kyiv City

| | |
|---|---|
| **Upon the claim of:** | Limited Liability Company "Storm", Kyiv City |
| **to:** | Closed Joint Stock Company "KYIVSTAR G.S.M.", Kyiv City |
| **to:** | Limited Liability Company "Ernst & Young Audit Services", Kyiv City |
| **to:** | Limited Liability Company "Ernst & Young", Kyiv City |
| **on:** | recognizing agreements as null and void, recognizing actions as unlawful and compelling to take actions |

**Judge L.G. Smirnova**

**Representatives:** not summoned

### MERITS OF THE CASE:

Limited Liability Company "Storm" brought for consideration of the Kyiv City Commercial Court the claim against Closed Joint Stock Company "KYIVSTAR G.S.M."; Limited Liability Company "Ernst & Young Audit Services"; Limited Liability Company "Ernst & Young", seeking to recognize as null and void the Agreement on Provision of Professional Services No. 9331 dated January 6, 2006, entered into between Closed Joint Stock Company "KYIVSTAR G.S.M.", Limited Liability Company "Ernst & Young Audit Services" and Limited Liability Company "Ernst & Young", as from the time of its signing; to recognize as null and void the Agreement on Provision of Professional Services No. 12352 dated May 3, 2006, entered into between Closed Joint Stock Company "KYIVSTAR G.S.M." and Limited Liability Company "Ernst & Young", as from the time of its signing; to recognize as unlawful the actions taken by Closed Joint Stock Company "KYIVSTAR G.S.M.", Limited Liability Company "Ernst & Young Audit Services" and Limited Liability Company "Ernst & Young" where they concern entering into and performing the Agreement on Provision of Professional Services No. 9331 dated January 6, 2006; to recognize as unlawful the actions taken by Closed Joint Stock Company "KYIVSTAR G.S.M." and Limited

Liability Company "Ernst & Young" where they concern entering into and performing the Agreement on Provision of Professional Services No. 12352 dated May 3, 2006; to recognize as unlawful the appointment of Limited Liability Company "Ernst & Young Audit Services" and Limited Liability Company "Ernst & Young" as auditors of Closed Joint Stock Company "KYIVSTAR G.S.M." for the year 2005; to compel Closed Joint Stock Company "KYIVSTAR G.S.M." and Limited Liability Company "Ernst & Young" to return to one another the documents, data, information, funds and everything else obtained under the Agreement on Provision of Professional Services No. 12352 dated May 3, 2006 and in the course of its performance; to compel Closed Joint Stock Company "KYIVSTAR G.S.M.", as represented by its competent body – the Board, to appoint an auditor for the year 2005; to compel Closed Joint Stock Company "KYIVSTAR G.S.M.", as represented by its competent body – the Board, to appoint an auditor for the year 2006; to compel Closed Joint Stock Company "KYIVSTAR G.S.M." to execute audit agreements with the auditors and to notify the tax inspectorate of their execution after the Board appoints such auditors for the years 2005 and 2006.

By its decree dated December 28, 2006, the Kyiv City Commercial Court commenced proceedings in the case, and consideration of the case is scheduled for January 22, 2007.

The claimant has also brought a petition to apply injunctive relief to secure the claim, whereby the latter requested to enjoin, until resolution of the case *per se*, Closed Joint Stock Company "KYIVSTAR G.S.M.", Limited Liability Company "Ernst & Young Audit Services", Limited Liability Company "Ernst & Young" and any of their authorized persons, officers and shareholders of CJSC "KYIVSTAR G.S.M.", from taking any actions aimed at performance of any contracts (agreements), the subject matter of which consists in providing (obtaining) audit services, including to enjoin from providing and receiving any information on financial and commercial activity of Closed Joint Stock Company "KYIVSTAR G.S.M.", including underlying accounting documents, reports and information, from signing and submitting any reports; letters; to enjoin, until resolution of the case *per se*, Closed Joint Stock Company "KYIVSTAR G.S.M.", Limited Liability Company "Ernst & Young Audit Services", Limited Liability Company "Ernst & Young" and any of their authorized persons, officers and shareholders of CJSC "KYIVSTAR G.S.M.", from using in any way the financial statements, reports, documents or information already obtained from one another; to enjoin, until resolution of the case *per se*, Closed Joint Stock Company "KYIVSTAR G.S.M." from entering into any transactions (contracts, agreements), the subject matter of which consists in providing (obtaining) audit services.

The petition is substantiated with the fact that the actions taken by the respondents, particularly regarding the performance of the disputed agreements (that are sought to be recognized as null and void), and the respondents' failing to take actions required by the law jeopardize the possibility for the claimant to exercise its rights as a shareholder of respondent 1. Under the disputed agreements,

the respondents should take certain actions that render any subsequent restitution impossible since the agreements in question concern provision of services that cannot be restituted. In addition, the performance of the disputed agreements involves illegal provision of information classified as commercial secret by respondent 1 to respondents 2 and 3.

Pursuant to Article 66 of the Commercial Procedural Code of Ukraine, upon petition of a party, public prosecutor or its deputy who brought a claim, or upon its own initiative, the commercial court has the right to apply injunctive relief to secure the claim. Applying injunctive relief is allowed in any stage of the proceeding if non-application of such relief may complicate the enforcement of a commercial court decision or render it impossible.

Under Article 67 of the Code of Commercial Procedure of Ukraine, a claim is secured by: seizure of property or money owned by a respondent; enjoining a respondent from taking certain actions; enjoining other persons from taking actions relating to the subject matter of the dispute; suspending collection on the basis of an enforcement document or other document under which collection is performed without recourse.

Injunctive relief to secure a claim is applied as an instrument for preventing possible infringements on property rights or legitimate interests of a legal entity or an individual.

Upon review of the statement of claim materials and arguments of the claimant set forth in its petition for injunctive relief, the court has come to a conclusion that they are well-grounded and, therefore, there are reasons to apply injunctive relief to secure the claim since non-application of injunctive relief may complicate the enforcement of a court decision on the case or render it impossible, if the relief sought is granted.

Based on Articles 66, 67 and 86 of the Code of Commercial Procedure of Ukraine, the court

## RULED TO:

1. Grant the petition of Limited Liability Company "Storm" on applying injunctive relief.

2. Enjoin, until resolution of the case *per se*, Closed Joint Stock Company "KYIVSTAR G.S.M." (51 Chervonozoryany Prospect, Kyiv, 03110; code 21673832); Limited Liability Company "Ernst & Young Audit Services" (19a, Khreshchatyk St., Kyiv, 01001; code 33306921) and Limited Liability Company "Ernst & Young" (19a, Khreshchatyk St., Kyiv, 01001; code 33306958) and any of their authorized persons, officers and shareholders of CJSC "KYIVSTAR G.S.M.", from taking any actions aimed at performance of any contracts (agreements), the subject matter of which consists in providing (obtaining) audit services, including to enjoin from providing and receiving any information on financial and commercial activity of Closed Joint Stock Company "Kyivstar G.S.M.", including underlying accounting documents, reports and information, from signing and submitting any reports; letters.

3. Enjoin, until resolution of the case *per se*, Closed Joint Stock Company "KYIVSTAR G.S.M." (51 Chervonozoryany Prospect, Kyiv, 03110; code 21673832); Limited Liability Company "Ernst & Young Audit Services" (19a, Khreshchatyk St., Kyiv, 01001; code 33306921) and Limited Liability Company "Ernst & Young" (19a, Khreshchatyk St., Kyiv, 01001; code 33306958) and any of their authorized persons, officers and shareholders of CJSC "KYIVSTAR G.S.M.", from using in any way the financial statements, reports, documents or information already obtained from one another.

4. Enjoin, until resolution of the case *per se*, Closed Joint Stock Company "KYIVSTAR G.S.M." (51 Chervonozoryany Prospect, Kyiv, 03110; code 21673832) from entering into any transactions (contracts, agreements), the subject matter of which consists in providing (obtaining) audit services.

The Decree becomes legally effective as from the time of its adoption and is binding.

*[Stamp:* TRUE COPY*]*

**Judge**          *[Signature]*                           **L.G. Smirnova**

*[Handwriting illegible]*

I, Oksana Kharchenko, hereby certify that I have knowledge of English and Russian/Ukrainian languages and that I am competent to translate to and from the said languages. I declare that the above translation was done by me and is true, accurate and correct translation of the Decree of the Kyiv City Commercial Court No. 40/37, dated December 29, 2006, of which I have seen a copy of the original.

January 12, 2007. I, Narinskii F.M., director of Translation Agency "Eridan – 2002", certify the authenticity of signature which is made by translator Oksana Kharchenko.

[Seal]



## ГОСПОДАРСЬКИЙ СУД міста КИЄВА

01030, м.Київ, вул.Б.Хмельницького,44-Б    тел.216-65-72

### У Х В А Л А

№40/37                                                    29.12.2006

**м. Київ**

| | |
|---|---|
| За позовом | Товариства з обмеженою відповідальністю «Сторм», м.Київ |
| до | Закритого акціонерного товариства «КИЇВСТАР Дж.Ес.Ем., м.Київ |
| до | Товариства з обмеженою відповідальністю «Ернст енд Янг Аудиторські Послуги», м.Київ |
| до | Товариства з обмеженою відповідальністю «Ернст енд Янг», м.Київ |
| про | визнання недійсними договорів, визнання незаконними дій та зобов'язання вчинити дії |

Суддя Смірнова Л.Г.

**Представники:** не викликались

### ОБСТАВИНИ СПРАВИ:

На розгляд Господарського суду міста Києва передано позовні вимоги Товариства з обмеженою відповідальністю "Сторм" до Закритого акціонерного товариства "КИЇВСТАР Дж.Ес.Ем"; до Товариства з обмеженою відповідальністю "Ернст енд ЯНГ Аудиторські Ес. Послуги"; до Товариства з обмеженою відповідальністю «Ернст енд Янг» про визнання недійсним договору про надання професійних послуг №9331 від 06.01.2006, укладеного між Закритим акціонерним товариством "КИЇВСТАР Дж. Ес. Ем.", Товариством з обмеженою відповідальністю "Ернст енд Янг Аудиторські Послуги", Товариством з обмеженою відповідальністю "Ернст енд Янг з моменту його укладання; визнання недійсним договору про надання професійних послуг №12352 від 03.05.2006, укладеного між Закритим акціонерним товариством "КИЇВСТАР Дж. Ес. Ем.» та Товариством з обмеженою відповідальністю "Ернст енд Янг з моменту його укладання; визнання незаконними дій Закритого акціонерного товариства "КИЇВСТАР Дж. Ес. Ем.", Товариства з обмеженою відповідальністю "Ернст енд Янг Аудиторські Послуги", Товариства з обмеженою відповідальністю "Ернст енд Янг" щодо укладання та виконання договору про надання професійних послуг №9331 від 06.01.2006; визнання незаконними дій Закритого акціонерного товариства "КИЇВСТАР Дж. Ес. Ем.", Товариства з обмеженою

2

відповідальністю "Ернст енд Янг" по укладанню та виконанню договору про надання професійних послуг №12352 від 03.05.2006; визнання незаконним призначення Товариства з обмеженою відповідальністю "Ернст енд Янг Аудиторські Послуги" та Товариства з обмеженою відповідальністю "Ернст енд Янг" аудиторами Закритого акціонерного товариства "КИЇВСТАР Дж. Ес. Ем." на 2005 рік; про зобов'язання Закритого акціонерного товариства "КИЇВСТАР Дж. Ес. Ем.", Товариства з обмеженою відповідальністю "Ернст енд Янг" повернути один одному документи, дані, відомості, кошти та все інше одержане за договором про надання професійних послуг №12352 від 03.05.2006 року та в ході його виконання; про зобов'язання Закритого акціонерного товариства "КИЇВСТАР Дж. Ес. Ем." в особі його компетентного органу - Ради призначити аудитора на 2005 рік; про зобов'язання Закритого акціонерного товариства "КИЇВСТАР Дж. Ес. Ем." в особі його компетентного органу - Ради призначити аудитора на 2006 рік; про зобов'язання Закритого акціонерного товариства "КИЇВСТАР Дж. Ес. Ем." після призначення Радою аудиторів на 2005 та 2006 роки укласти з такими аудиторами договори про проведення аудиту та повідомити про їх укладання податкову інспекцію.

Ухвалою Господарського суду міста Києва від 28.12.2006 було порушено провадження у справі, розгляд справи призначено на 22.01.2007.

Від позивача надійшла також заява про вжиття заходів забезпечення позову, відповідно до якої останній просив заборонити до вирішення справи по суті Закритому акціонерному товариству "КИЇВСТАР Дж. Ес. Ем.", Товариству з обмеженою відповідальністю "Ернст енд Янг Аудиторські Послуги", Товариству з обмеженою відповідальністю "Ернст енд Янг" та будь-яким уповноваженим ними особам, посадовим особам, акціонерам ЗАТ "КИЇВСТАР Дж. Ес. Ем.", вчиняти будь-які дії по виконанню будь-яких договорів (угод) предметом яких є надання (отримання) аудиторських послуг, в тому числі заборонити надавати та отримувати будь-яку інформацію про фінансово-господарську діяльність Закритого акціонерного товариства "КИЇВСТАР Дж. Ес. Ем.", в тому числі первинні бухгалтерські документи, звіти, відомості, підписувати та подавати будь-які звіти; листи; заборонити до вирішення справи по суті Закритому акціонерному товариству "КИЇВСТАР Дж. Ес. Ем.", Товариству з обмеженою відповідальністю "Ернст енд Янг Аудиторські Послуги". Товариству з обмеженою відповідальністю "Ернст енд Янг" та будь-яким уповноваженим ними особам, посадовим особам, акціонерам Закритого акціонерного товариства "КИЇВСТАР Дж. Ес. Ем." використовувати вже отримані одне від одного фінансову звітність, звіти, документи, відомості в будь-який спосіб; заборонити до вирішення справи по суті Закритому акціонерному товариству "КИЇВСТАР Дж. Ес. Ем." укладати будь-які правочини (договори, угоди) предметом яких є надання (отримання) аудиторських послуг.

Заяву обґрунтовано тим, що дії відповідачів, зокрема щодо виконання спірних договорів (про визнання яких недійсними йдеться), та не вчинення відповідачами дій, необхідність вчинення яких встановлена законодавством, ставить під загрозу можливість реалізації позивачем своїх прав, як акціонера

3

відповідача 1. Спірні договори передбачають необхідність виконання Відповідачами певних дій, які унеможливлюють наступну реституцію, адже йдеться про договори про надання послуг, повернення яких неможливе. Крім того, виконання спірних договорів передбачає незаконне надання відповідачем 1 відповідачам 2 та 3 інформації, яка становить комерційну таємницю.

Відповідно до приписів статті 66 ГПК України господарський суд за заявою сторони, прокурора чи його заступника, який подав позов, або з своєї ініціативи має право вжити заходів до забезпечення позову. Забезпечення позову допускається в будь-якій стадії провадження у справі, якщо невжиття таких заходів може утруднити чи зробити неможливим виконання рішення господарського суду.

Згідно з статтею 67 ГПК України позов забезпечується: накладанням арешту на майно або грошові суми, що належать відповідачеві; забороною відповідачеві вчиняти певні дії; забороною іншим особам вчиняти дії, що стосуються предмета спору; зупиненням стягнення на підставі виконавчого документа або іншого документа, за яким стягнення здійснюється у безспірному порядку.

Забезпечення позову застосовується як засіб запобігання можливим порушенням майнових прав чи охоронюваних законом інтересів юридичної або фізичної особи.

Дослідивши матеріали позовної заяви і доводи позивача, викладені у заяві про заходів до забезпечення позову, суд дійшов до висновку про їх достатню обґрунтованість, у зв'язку з чим є підстави для вжиття заходів по забезпеченню позову, оскільки невжиття заходів по забезпеченню позову, може утруднити або унеможливити виконання, у випадку задоволення позовних вимог, судового рішення по справі.

Керуючись ст. ст. 66, 67, 86 ГПК України, суд -

**У Х В А Л И В:**

1.    Заяву    Товариства з обмеженою відповідальністю «Сторм» про забезпечення позову задовольнити.

2.    Заборонити до вирішення справи по суті Закритому акціонерному товариству "КИЇВСТАР Дж. Ес. Ем." (03110, м. Київ, Червонозоряний проспект, 51; код 21673832); Товариству з обмеженою відповідальністю "Ернст енд Янг Аудиторські Послуги" (01001, м. Київ, вул. Хрещатик, буд.19а; код 33306921), Товариству з обмеженою відповідальністю "Ернст енд Янг" (01001, м. Київ, вул.Хрещатик, буд.19а; код 33306958) та будь-яким уповноваженим ними особам, посадовим особам, акціонерам Закритого акціонерного товариства "КИЇВСТАР Дж. Ес. Ем.", вчиняти будь-які дії по виконанню будь-яких договорів (угод) предметом яких є надання (отримання) аудиторських послуг, в тому числі заборонити надавати та отримувати будь-яку інформацію про фінансово-господарську діяльність Закритого акціонерного товариства "КИЇВСТАР Дж. Ес. Ем.", в тому числі первинні бухгалтерські документи, звіти, відомості, підписувати та подавати будь-які звіти; листи.

4

3.Заборонити до вирішення справи по суті Закритому акціонерному товариству "КИЇВСТАР Дж. Ес. Ем." (03110, м. Київ, Червонозоряний проспект, 51; код 21673832), Товариству з обмеженою відповідальністю "Ернст енд Янг Аудиторські Послуги" (01001, м. Київ, вул. Хрещатик, буд.19а; код 33306921), Товариству з обмеженою відповідальністю "Ернст енд Янг" (01001, м. Київ, вул. Хрещатик, буд.19а; код 33306958) та будь-яким уповноваженим ними особам, посадовим особам, акціонерам Закритого акціонерного товариства "КИЇВСТАР Дж. Ес. Ем." використовувати вже отримані одне від одного фінансову звітність, звіти, документи, відомості в будь-який спосіб.

4. Заборонити до вирішення справи по суті Закритому акціонерному товариству "КИЇВСТАР Дж. Ес. Ем." (03110, м. Київ, Червонозоряний проспект, 51; код 21673832) укладати будь-які правочини (договори, угоди) предметом яких є надання (отримання) аудиторських послуг.


Ухвала набирає законної сили з моменту її прийняття і є обов'язковою для її виконання.


Суддя                                                                                           Л.Г.Смірнова

# Exhibit C

*[National Emblem of Ukraine]*

## DEPARTMENT OF THE STATE ENFORCEMENT SERVICE

### STATE ENFORCEMENT SERVICE
in the Pechersky District of Kyiv City

11b, Riznytska St., Kyiv City                                                  tel. 280-96-79

December 29, 2006

To:                                            CJSC "Kyivstar G.S.M."
                                               51 Chervonozoryany Prospect, Kyiv

                                               LLC "Ernst & Young Audit Services"
                                               19a, Khreshchatyk St., Kyiv

                                          ✓ LLC "Ernst & Young"
                                               19a, Khreshchatyk St., Kyiv

## ORDER – REQUIREMENT

The State Enforcement Service in the Pechersky District of Kyiv City is carrying out the enforcement proceedings regarding Decree No. 40/37 of December 29, 2006 issued by the Kyiv City Commercial Court to:

- Enjoin, until resolution of the case *per se*, Closed Joint Stock Company "KYIVSTAR G.S.M.", Limited Liability Company "Ernst & Young Audit Services" and Limited Liability Company "Ernst & Young" and any of their authorized persons, officers and shareholders of CJSC "KYIVSTAR G.S.M.", from taking any actions aimed at performance of any contracts (agreements), the subject matter of which consists in providing (obtaining) audit services, including to enjoin from providing and receiving any information on financial and commercial activity of Closed Joint Stock Company "Kyivstar G.S.M.", including underlying accounting documents, reports and information, from signing and submitting any reports; letters;
- Enjoin Closed Joint Stock Company "KYIVSTAR G.S.M.", Limited Liability Company "Ernst & Young Audit Services" and Limited Liability Company "Ernst & Young" and any of their authorized persons, officers and shareholders of CJSC "KYIVSTAR G.S.M.", from using in any way the financial statements, reports, documents or information already obtained from one another;
- Enjoin, until resolution of the case *per se*, Closed Joint Stock Company "KYIVSTAR G.S.M." from entering into any transactions (contracts, agreements), the subject matter of which consists in providing (obtaining) audit services.

We hereby oblige you to perform the court decision IMMEDIATELY and report about the performance to the State Enforcement Service at the address: 11b, Riznytska St., Kyiv City

*Pursuant to Article 6 of the Law of Ukraine "On Enforcement Proceedings", the requirements issued by a state enforcement officer shall be binding for all bodies, organizations, officials, citizens, legal entities in the Ukrainian territory. Any failure to comply with lawful requirements issued by a state enforcement officer shall entail liability in accordance with the applicable Ukrainian law.*

*Should you fail to comply with the court decision, the state enforcement officer will bring a motion to the court to hold the persons guilty of failing to comply with the court decision criminally liable.*

State Enforcement Officer          *[signature]*          A.V. Filonchuk

*[Round seal of the Department of the State Enforcement Service in the Pechersky District of Kyiv City]*

---

I, Oksana Kharchenko, hereby certify that I have knowledge of English and Russian/Ukrainian languages and that I am competent to translate to and from the said languages. I declare that the above translation was done by me and is true, accurate and correct translation of the Order – Requirement of the State Enforcement Service in the Pechersky District of Kyiv City dated December 29, 2006, of which I have seen a copy of the original.

January 12, 2007, I, Narinskii F.M., director of Translation Agency "Eridan – 2002", certify the authenticity of signature which is made by translator Oksana Kharchenko.

[Seal]



## ДЕПАРТАМЕНТ ДЕРЖАВНОЇ ВИКОНАВЧОЇ СЛУЖБИ

### ДЕРЖАВНА ВИКОНАВЧА СЛУЖБА
у Печерському районі   м. Києва

м. Київ, вул. Різницька, 11б                                                                          т. 280-96-79
№ 12.2006р

ЗАТ „Київстар Дж.Ес.Ем."
м. Київ, пр-т Червонозоряний, 51

ТОВ „Ернст енд Янг Аудиторські Послуги"
м. Київ, Хрещатик, 19а

√   ТОВ „Ернст енд Янг"
м. Київ, Хрещатик, 19а

## В И М О Г А – ЗОБОВ"ЯЗАННЯ

В провадженні державної виконавчої служби у Печерському районі м. Києва
знаходиться ухвала № 40/37 від 29.12.2006р. Господарського суду м. Києва
...

- Заборонити до вирішення справи по суті Закритому акціонерному товариству
  „КИЇВСТАР Дж. Ес. Ем.", Товариству з обмеженою відповідальністю „Ернст енд
  Янг Аудиторські Послуги", Товариству з обмеженою відповідальністю „Ернст енд
  Янг" та будь-яким уповноваженим ними особам, посадовим особам, акціонерам
  Закритого акціонерного товариства „КИЇВСТАР Дж. Ес. Ем.", вчиняти будь-які дії
  по виконанню будь-яких договорів (угод) предметом яких є надання (отримання)
  аудиторських послуг, в тому числі заборонити надавати та отримувати будь-яку
  інформацію про фінансово-господарську діяльність Закритого акціонерного
  товариства „КИЇВСТАР Дж. Ес. Ем.", в тому числі первинні бухгалтерські
  документи, звіти, відомості, підписувати та подавати будь-які звіти, листи.
- Заборонити Закритому акціонерному товариству „КИЇВСТАР Дж. Ес. Ем.",
  Товариству з обмеженою відповідальністю „Ернст енд Янг Аудиторські Послуги",
  Товариству з обмеженою відповідальністю „Ернст енд Янг" та будь-яким
  уповноваженим ними особам, посадовим особам, акціонерам Закритого
  акціонерного товариства „КИЇВСТАР Дж. Ес. Ем.", використовувати вже отриманні
  одне від одного фінансову звітність, звіти, документи, відомості в будь-який спосіб.
- Заборонити до вирішення справи по суті Закритому акціонерному товариству
  „КИЇВСТАР Дж. Ес. Ем." Укладати будь-які право чини(договори, угоди) предметом
  яких  надання(отримання) аудиторських послуг

Зобов'язуємо Вас НЕГАЙНО виконати рішення суду та повідомити про виконання на адресу виконавчої служби: м. Київ, Різницька, 11б

Згідно ст.6 Закону України "Про виконавче провадження", вимоги державного виконавця є обов'язковими для всіх органів, організацій, посадових осіб, громадян, юридичних осіб на території України. Невиконання законних вимог державного виконавця тягне відповідальність, згідно чинного законодавства України.

У разі невиконання Вами рішення суду, державним виконавцем буде порушено клопотання перед судом про притягнення винних у невиконанні рішення суду осіб до кримінальної відповідальності.

Державний виконавець                                                                А.В.Філончук