# Lovells

590 Madison Avenue
New York NY 10022
Tel: +1 212 909 0600
Fax: +1 212 909 0660

By E-mail

January 26, 2007

Direct line (212) 909-0661
pieter.vantol@lovells.com
Direct fax (212) 909-0660

Our ref NYPT/112815.1
Matter ref V2336/00016

Kenneth R. Feinberg, Esq.
The Feinberg Group LLP
The Willard Office Building
1455 Pennsylvania Ave., NW
Suite 390
Washington, DC 20004

William R. Jentes, Esq.
1500 North Lake Shore Drive
Suite 4C
Chicago, IL 60610

Gregory B. Craig, Esq.
Williams & Connolly LLP
725 Twelfth St., NW
Washington, DC 20005

RE:   TELENOR MOBILE COMMUNICATIONS AS V. STORM LLC

Gentlemen:

We write in response to Telenor Mobile's letter of January 16, 2007.

At the outset, we wish to emphasize that the purpose of this letter is not to discuss the merits of the arbitration. The December 1, 2006 injunction from the Ukrainian court is still in place and it continues to impose limitations on Storm's ability to participate in the arbitration. Instead, we are writing because Telenor Mobile has improperly attempted, in the January 16 letter, to bring clearly non-arbitrable issues before the Tribunal.

We do not address the first part of the January 16 letter, which relates to the December 22, 2005 Order that has come up in the parties' prior submissions. The December 1, 2006 injunction prevents us from doing so. Instead, we will rest on the record before the Tribunal.

The balance of the January 16 letter, however, discusses a completely separate Ukrainian action brought by Storm against Kyivstar and two Ernst & Young entities (collectively, "E & Y") involving 2006 agreements for the provision of professional services by E & Y. Those contracts have no connection to this arbitration whatsoever. As Telenor Mobile notes, Storm's action and the resulting preliminary injunction are based on an assertion that the Kyivstar board did not approve the contracts. (Jan. 16 Letter at 3.) Telenor Mobile ignores the fact that the merits of the case are

Alicante Amsterdam Beijing Berlin Brussels Chicago Dusseldorf Frankfurt Hamburg Ho Chi Minh City Hong Kong London Madrid Milan
Moscow Munich New York Paris Prague Rome Shanghai Singapore Tokyo Warsaw   Associated offices: Budapest Zagreb

Lawyers (USA) Solicitors Rechtsanwälte Avocats Advocaten Notarissen Avvocati Abogados

being considered by the Kyiv City Commercial Court. (*See* Ex. B to Jan. 16 Letter at 2.)[1] Indeed, it is our understanding that Telenor Mobile has sought to intervene in the Ukrainian action and it has stated publicly that it will be asking the Ukrainian higher courts to reverse the injunction. (*See* enclosed press release dated January 23, 2007.)  At a minimum (and without prejudice to Storm's arguments below), the Tribunal should not take any action that would intrude upon the jurisdiction of the Ukrainian courts as they determine the issues.  The Tribunal also should not attempt to interfere with the Ukrainian court proceedings while it is still deciding the issue of whether the Shareholders Agreement was validly entered into.[2]

Telenor Mobile makes two bootstrapping arguments in an effort to bring the E & Y issues before the Tribunal.  First, it relies on the "good faith" provisions in Section 2.05(b) of the Shareholders Agreement.  Of course, the good faith required of the parties is limited to their obligations under the Shareholders Agreement and it does not govern all Kyivstar-related issues, such as the contracts between Kyivstar and third parties like E & Y.  Disputes under those contracts must be resolved in the forum and under the dispute-resolution mechanisms agreed to by those parties; there is no evidence (or any case law cited by Telenor Mobile) to support the notion that the arbitration clause in the Shareholders Agreement is intended to cover agreements involving third-party vendors.

Second, Telenor Mobile claims that the Ukrainian action violates Section 8.07 of the Shareholders Agreement because Kyivstar allegedly "cannot continue to access the international capital markets." (Jan. 16 Letter at 3.)  Telenor Mobile has not presented <u>any</u> evidence to support its assertion regarding Kyivstar's future access to financing, the apparent allegation that Storm brought the Ukrainian action in order to prevent Kyivstar from having such access, or the contention that Section 8.07 was intended to be read as broadly as Telenor Mobile claims.

Under the circumstances, Telenor Mobile has not come close to carrying its burden of establishing that the Tribunal should even consider the new matters, let alone grant the sweeping relief that Telenor Mobile seeks in the January 16 letter.

Respectfully,

*Pieter Van Tol* (signature)

Pieter Van Tol

Enc.

cc:   Robert L. Sills, Esq.

---

[1]   It is our understanding that the hearing before the Kyiv City Commercial Court scheduled for January 22, 2007 was adjourned (although the injunction was left in place).  We will advise the Tribunal as soon as we are aware of the new date.

[2]   We note that Telenor Mobile has not provided any authority for the proposition that an arbitration tribunal may issue the type of anti-suit injunction requested in the January 16 letter.



About Telenor | Press centre | Investor Relations | Corporate responsibility | Career centre

**Press releases**
Subscribe
Archive
Press and media contacts
Image gallery
Telektronikk

## Press releases

Telenor, 23 January, 2007

### Alfa Attempts to Obstruct Kyivstar Audit

(Kyiv/Oslo, 23 January 2007) A Court ruling in Ukraine Monday continued injunctions preventing Ernst & Young from completing its audit of the 2006 financial statements of Kyivstar.

The lawsuit brought by Storm, an affiliate of Alfa/Altimo, claims that Kyivstar lacked Board authority to enter into any agreement with Ernst & Young in relation to the audit. Such approval has not been possible to obtain as Storm for the past two years has boycotted Kyivstar's Board and shareholders meetings, causing such meetings not to be held. A hearing on the merits in Kyiv City Commercial Court was on Monday adjourned before the parties were heard and no new hearing date has been set.

"The lawsuit in itself is absurd. Alfa still refuses to participate in Board and shareholder meetings. Now Alfa is launching legal attacks against Kyivstar on the basis of a situation Alfa has itself created. Telenor will definitely not put up with such tactics and we trust the government of Ukraine and the higher courts of Ukraine to intervene to end this outrage. Telenor is confident that Kyivstar's management will take the necessary steps to secure continued auditing of the company," said Executive Vice President and head of Telenor's operations in Central and East Europe, Jan Edvard Thygesen.

**Further information:**
Dag Melgaard, Vice President and press spokesman of Telenor ASA, tel +47 901 92 000, email: dag.melgaard@telenor.com