IN THE MATTER OF AN ARBITRATION UNDER
THE UNCITRAL ARBITRATION RULES BETWEEN:

TELENOR MOBILE COMMUNICATIONS AS,

Claimant

-and-

STORM LLC,

Respondent

## INTERIM ORDER DIRECTING FURTHER BRIEFING

The Tribunal has carefully considered Claimant's Proposed Findings of Fact and Conclusions of Law, dated January 19, 2007. The Tribunal is confronted with an unusual situation because, although it invited a similar submission from Respondent, it was notified by letter from Respondent's Counsel, dated January 26, 2007, that "The December 1, 2006 injunction from the Ukrainian court is still in place and it continues to impose limitations on Storm's ability to participate in the arbitration."

Faced with the absence of any post-evidentiary submission from Respondent, but desirous of giving as full a consideration as possible to Respondent's position on the evidence and merits of this Arbitration, the Tribunal has again reviewed Respondent's Pre-Hearing Brief. That brief makes several contentions on the key issues of "choice of law" and the effect of foreign judgments, and the Tribunal wishes further input on these issues. It therefore directs Claimant to file, on or before February 28, 2007, a brief not to exceed 30 pages addressing the following issues designated below that are discussed primarily, but not exclusively, in the paragraphs from Respondent's Pre-Trial Brief. The Tribunal once again invites Respondent to file on or before February 28, 2007 a brief not to exceed 30 pages addressing, if it desires, the same issues.

1. Assuming New York law applies as an initial matter to this Arbitration pursuant to the parties' choice of that law in the Shareholders Agreement, and pursuant to Article 33 of the UNICITRAL Rules, do New York choice of law rules nonetheless direct this Tribunal to apply Ukrainian law to disputes affecting the governance of a Ukrainian corporation, like Storm, including disputes over the authority of corporate officials contractually to bind the corporation? (*See* Storm brief, Paragraphs 33-37.)

2. Making the same initial assumption, do New York choice of law rules nonetheless hold that the parties' choice of law is not binding where, among other factors, another state has more significant contacts with the transaction in question? Would application of New York law to the issue at bar be contrary to a

fundamental policy of that other state? Do these or other exceptions apply so that the parties' choice of New York law should be rejected in favor of Ukrainian law? (*See* Storm brief, Paragraphs 38-40.)

3. If Ukrainian law must be applied by this Tribunal under either of the preceding two assumptions, does Ukrainian law provide that matters of corporate governance in a corporation's constituent documents cannot be modified by private contract? (*See* Storm brief, Paragraphs 56-61.)

4. Making the same initial assumption as in paragraph 1 above, do New York choice of law rules require that conclusive effect be given by this Tribunal to the various decisions of the Ukrainian courts relied on by Respondent, unless (a) the Ukrainian courts lack subject-matter or personal jurisdiction; (b) the judgments were fraudulently obtained; or (c) enforcement would offend New York public policy. Has Claimant established any of these purported grounds? (*See* Storm brief, Paragraphs 48-53.)

Finally, the Tribunal directs Claimant and invites Respondent to include in their submitted briefs a further discussion of the Tribunal's authority to include in its Order the award set out in Paragraph E of the Proposed Relief in Claimant's Proposed Findings and Conclusions. The Tribunal also inquires whether there are other alternatives for accomplishing the same objectives as those articulated in the December 22, 2005 Order of the Higher Commercial Court of Kyiv.

SO ORDERED this 12th day of February, 2007.

_____/s/_____          _____/s/_____
Gregory B. Craig                              William R. Jentes

_____
Kenneth R. Feinberg
Chair