| | |
|---|---|
| **From:** | Zeballos, Gonzalo [gonzalo.zeballos@lovells.com] |
| **Sent:** | Monday, May 07, 2007 5:14 PM |
| **To:** | Ken Feinberg; Craig, Gregory; adrjentes@rcn.com |
| **Cc:** | Van Tol, Pieter; Chang, Eric; Sills, Robert L.; Thompson, Karen |
| **Subject:** | Telenor Mobile Communications AS v. Storm LLC |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Red |

Confidential

Dear Mr. Chairman, Members of the Tribunal,

Storm writes with what it hopes will be the final word from the parties pertaining to the E & Y. actions unless and until the Tribunal directs the parties to provide further briefing, or orders a hearing on the merits. Storm believes that it is inappropriate for Telenor Mobile to arrogate to itself the right to submit an unlimited number of supplemental briefs to the Tribunal on this issue. We respectfully request that the Tribunal order that no further briefing may be submitted unless leave is obtained first.

In brief response to Telenor Mobile's latest correspondence, Telenor Mobile continues to misread Section 6.03(b) and Storm's position. By its plain terms, Section 6.03(b) comes into play if the applicable law (1) requires that a provision from the Shareholders Agreement must appear in the Charter (or a reference to such provision must appear in the Charter); or (2) requires an amendment to the Charter. Ukrainian law -- as determined in the December 22 Order in an action where Telenor Mobile fully participated -- does not require that the parties include any provision from the Shareholders Agreement in the Charter. Moreover, the December 22 Order does not require any other amendment to the Charter because the corporate governance provisions that are referred to in the December 22 Order are invalid as a matter of law. The text of the December 22 Order enumerates the exact provisions of the Charter that are excised by operation of law. No further amendment of the Charter is required under the December 22 Order and nothing in Section 6.03(b) of the Shareholders Agreement compels an amendment of the Charter beyond that already ordered by the Ukrainian courts. The Charter in its current state, without the invalidated provisions, complies with Ukrainian law. Even more importantly, Ukrainian law does not permit the relief sought by Telenor Mobile under Section 6.03(a) because it would impermissibly give the Shareholders Agreement precedence over the Charter.

As for Telenor Mobile's second point, it appears to argue that no standard should apply to its request for an antisuit injunction. It simply cannot be the case that relief as drastic as that requested by Telenor Mobile could be granted without any cognizable standard for such relief. In fact, there is a standard. As noted in our letter of April 30th, that standard is clearly set forth in *Paramedics Electromedicina Comercial Ltda. v. GE Medical Systems Information*

8/28/2007

*Technologies*, 369 F.3d 645, 652 (2d Cir. 2004) (which in turn cites *China Trade*). It is the same standard that Telenor Mobile recited to Judge Lynch in the Southern District. (*See* Telenor Mobile Memorandum in Support of Telenor Mobile's Motion to Compel Arbitration and for an Antisuit Injunction at 11.) Telenor Mobile has failed to meet that standard.

Telenor Mobile cites *Indosuez Internat'l Fin. v. Nat'l Reserve Bank*, 304 A.D.2d 429 (N.Y. App. Div. 2004), but it in no way supports Telenor Mobile's position. That case, which upheld a lower court's issuance of a broad permanent antisuit injunction, does not even recite the standard for an antisuit injunction applied by the lower court, other than to note the existence of a mandatory choice of law and forum selection (designating New York law) and that "comity was not implicated because there was no possibility of treading on the legitimate prerogatives of the foreign jurisdictions to which defendant had repeatedly turned." (*Id.* at 430) In the E & Y actions, the underlying contract contains mandatory choice of law and forum clauses respectively designating Ukrainian law and the Ukrainian courts. And, unlike *Indosuez*, comity is at play here because any action by this Tribunal would tread on the legitimate interests of the Ukrainian courts, which are already seized of the matter. The reasoning of *Indosuez*, therefore, supports Storm's contention that the Tribunal should not enjoin the E & Y actions.

For the foregoing reasons, Storm respectfully reiterates its request that the relief requested by Telenor Mobile be denied in its entirety.

Respectfully yours,

Gonzalo Zeballos

**Gonzalo S. Zeballos**
Associate

**Lovells LLP**
590 Madison Avenue
New York NY 10022

Tel:     +1 212 909 0600
Direct:  +1 212 909 0618
Mobile:  +1 646 320 4201
Fax:     +1 212 909 0660
Email:   gonzalo.zeballos@lovells.com

**REDACTED**

8/28/2007