| | |
|---|---|
| **From:** | O'Driscoll, Peter |
| **Sent:** | Thursday, July 26, 2007 7:47 AM |
| **To:** | kfeinberg@thefeinberggroup.com; adrjentes@rcn.com; gcraig@wc.com |
| **Cc:** | pieter.vantol@lovells.com; gonzalo.zeballos@lovells.com; Fried, Lisa; Sills, Robert L. |
| **Subject:** | Telenor Mobile Communications AS v. Storm LLC |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Red |

Dear Chairman Feinberg:

We write in brief response to Mr. Van Tol's email of yesterday evening (the "July 25 Email").

The July 25 Email makes it clear that Storm's goal is simply one of delay. On June 22, the Tribunal asked that the parties pay any outstanding invoices within a few days, so that the final award could be issued. After four weeks passed without any communication from Storm, let alone payment, Telenor Mobile, by email dated July 23, offered to advance payment in respect of Storm's unpaid fees owed to you and Mr. Craig. Mr. Zeballos' response of that day asserted that Storm's counsel was seeking information from their client regarding the status of payment, and would revert to the Tribunal "as soon as possible". Now, allegedly because Mr. Van Tol has been traveling, communications between Storm's counsel and their client have been "difficult", and the only assurance provided to the Tribunal is that information--not payment--will be provided at some indefinite point in the future. It is simply implausible that Storm's attorneys have attempted to determine when Storm will pay invoices that have been outstanding for over a month, but have been unable to do so.

In his voicemail message to Mr. Van Tol on Monday, while Mr. Sills did state that Telenor Mobile would prefer not to pay the invoices owed by Storm, that is only natural, since no party wishes to pay its opponent's fees unless necessary. That statement hardly constitutes a basis for allowing Storm to continue to block issuance of the final award. Telenor Mobile is prepared to pay those invoices. It is not at all clear why Storm would object to Telenor Mobile making such payments, let alone in the strident terms of the July 25 Email. Under the circumstances, the solution proposed by Telenor Mobile is neither "draconian" nor "unwarranted", but appears to be the only means by which to prevent Storm from frustrating the issuance of the Tribunal's final award.

Accordingly, Telenor Mobile respectfully suggests that, in accordance with your email of July 23, and in view of Storm's failure to make any meaningful response, the Tribunal permit Telenor Mobile promptly to advance payment of Storm's debts owed to you and Mr. Craig, so that the final award can be issued.

Respectfully,

Robert L. Sills
Peter S. O'Driscoll

---

**From:** Van Tol, Pieter [mailto:Pieter.VanTol@LOVELLS.com]
**Sent:** Wednesday, July 25, 2007 10:31 PM
**To:** KFeinberg@thefeinberggroup.com; adrjentes@rcn.com; gcraig@wc.com
**Cc:** Zeballos, Gonzalo; Fried, Lisa; Sills, Robert L.; O'Driscoll, Peter
**Subject:** RE: Telenor Mobile Communications AS v. Storm LLC

8/28/2007

Confidential

---

Mr. Chairman --

We respectfully submit that Mr. O'Driscoll's request under Article 41.4 of the UNCITRAL Rules is both premature and unwarranted.

First, as Mr. Zeballos noted in his earlier e-mail, we are currently seeking information from our client on the status of the payments. I have been traveling since Monday, which has made communications over the past few days more difficult. As soon as we have any information for the Tribunal, we will advise you immediately. Under the circumstances, there is no need for the draconian measures suggested by Mr. O'Driscoll. Indeed, just two days ago, Mr. Sills left me a voicemail saying that his client would prefer not to pay the outstanding amounts. We suggest that the better course for all parties would be to await information from our client on the status.

Second, Article 41.4 does not even provide the relief that Mr. O'Driscoll seeks. Article 41.4 applies where the tribunal, at the beginning of the arbitration, has made a request for a deposit under the UNCITRAL Rules. Mr. Feinberg's e-mail of July 23, 2007 does not refer to such a request for deposit under Article 41 and instead asks Storm about the anticipated timing of the payments. That is precisely the information we are now seeking. Moreover, even if the July 23 e-mail could be properly construed as a request for deposit, Article 41.4 states that an order permitting the opposing party to make the deposit cannot be made until 30 days after the request has gone unsatisfied. Here, it has only been two days since Mr. Feinberg's e-mail.

Therefore, we respectfully request that the Tribunal deny Mr. O'Driscoll's request.

Regards,

Pieter Van Tol

---

**From:** O'Driscoll, Peter [mailto:podriscoll@orrick.com]
**Sent:** Wed 7/25/2007 4:01 PM
**To:** KFeinberg@thefeinberggroup.com; adrjentes@rcn.com; gcraig@wc.com
**Cc:** Van Tol, Pieter; Zeballos, Gonzalo; Fried, Lisa; Sills, Robert L.
**Subject:** Telenor Mobile Communications AS v. Storm LLC

Dear Chairman Feinberg:

On June 22, you requested that the parties satisfy all outstanding invoices so that the Tribunal could release its final award. Over one month later, on July 23, in response to Telenor Mobile's offer to advance payment of Storm's unpaid invoices, you requested a response from Storm's counsel as to the status of those payments. At the end of that day, Mr. Zeballos sent an e-mail stating that he and his colleagues were seeking information from Storm concerning payment of the fees owing to members of the Tribunal and would revert to the Tribunal as soon as possible. Two days have now passed, with no indication from Storm or its counsel as to when those long overdue invoices will be paid. At this point in time, it is difficult to understand the complete absence of payment or information, other than as part of an effort to delay the issuance of the Tribunal's final award. Therefore, in accordance with your e-mail of July 23 and Article 41.4 of the UNCITRAL Arbitration Rules, we would be grateful if you would (a) provide to Mr. Sills and me by e-mail copies of the relevant unpaid invoices in respect of the fees owed to members of the Tribunal, so that Telenor Mobile can effect their prompt payment, and (b) make provision in the Tribunal's final award for Telenor Mobile's recovery from Storm of the amount advanced by Telenor Mobile to settle such invoices.

Respectfully,

Peter O'Driscoll

8/28/2007

**PETER O'DRISCOLL**
*Partner*

ORRICK, HERRINGTON & SUTCLIFFE
TOWER 42
LEVEL 35
25 OLD BROAD STREET
LONDON EC2N 1HQ

*tel* +44 20 7422 4639
*mobile* +44 7767 348 330
*fax* +44 20 7628 0078
*email* podriscoll@orrick.com

www.orrick.com

=====================================================================

Orrick, Herrington & Sutcliffe is a partnership of registered foreign lawyers and English solicitors. It is regulated by the Solicitors Regulation Authority. A list of the partners' names and their professional qualifications is open to inspection at Tower 42, Level 35, 25 Old Broad Street, London EC2N 1HQ.

=====================================================================

NOTICE TO RECIPIENT: THIS E-MAIL IS MEANT FOR ONLY THE INTENDED RECIPIENT OF THE TRANSMISSION, AND MAY BE A COMMUNICATION PRIVILEGED BY LAW. IF YOU RECEIVED THIS E-MAIL IN ERROR, ANY REVIEW, USE, DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS E-MAIL IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY OF THE ERROR BY RETURN E-MAIL AND PLEASE DELETE THIS MESSAGE FROM YOUR SYSTEM. THANK YOU IN ADVANCE FOR YOUR COOPERATION.
For more information about Orrick, please visit http://www.orrick.com/

=====================================================================

```
Lovells is an international legal practice comprising Lovells LLP and its affiliated businesses.
Lovells LLP is a limited liability partnership registered in England and Wales with registered
number OC323639 and is regulated by the Solicitors Regulation Authority of England and
Wales.  Registered office and principal place of business: Atlantic House, Holborn Viaduct,
London EC1A 2FG.

The word "partner" is used to refer to a member of Lovells LLP, or an employee or consultant
with equivalent standing and qualifications, and to a partner, member, employee or consultant
in any of its affiliated businesses who has equivalent standing.  A list of the members of
Lovells LLP and of the non-members who are designated as partners, and of their respective
professional qualifications, is open to inspection at the above address.  Further important
information about Lovells can be found on www.lovells.com.

CONFIDENTIALITY.  This email and any attachments are confidential and may also be
privileged.  If received in error, please do not disclose the contents to anyone, but notify the
sender by return email and delete this email (and any attachments) from your system.
```

8/28/2007