# EXHIBIT B

# IN THE MATTER OF AN ARBITRATION
## UNDER THE UNCITRAL ARBITRATION RULES BETWEEN

**TELENOR MOBILE COMMUNICATIONS AS,**

        Claimant,

        Snarøyveien 30
        N-1331 Fornebu
        Norway

        -and-

**STORM LLC,**

        Respondent,

        1 Narodnogo Opolchennya Street,
        Kyiv 03151
        Ukraine

## SUPPLEMENTAL LEGAL OPINION
## BY LYUBOV LOGUSH

I.  **Introduction.**

I, Lyubov Logush, maintaining my professional address at 24, Shovkovychna St., Suite 15, Kyiv 01024, Ukraine, will say as follows:

1. I submit this further legal opinion to supplement my legal opinion dated July 28, 2006. I submit both opinions in support of Respondent's position to dismiss arbitral proceedings and will opine on issues of Ukrainian law and procedure relevant in the current context.
2. I have reviewed the case file (no. 40/242) in the dispute between Alpren Limited ("Alpren") and Storm LLC ("Storm") which resulted in the April 25, 2006 Order of the Kyiv Commercial Court (the "April Decision"), and the May 25, 2006 Decision of the Kyiv Commercial Court of Appeals (the "May Ruling"). The documents contained in the case file are the same as those which I understand to be exhibited in the present arbitration under Anna-Marta Khomyak's Attorney Affidavit.
3. I have been requested to review the case file in its entirety, and to issue an opinion regarding its conformity with procedural and material requirements of Ukrainian law.

II.  **The April Decision and the May Ruling were consistent with Ukrainian procedure.**

4. Having reviewed and analyzed the case file of the April Decision and the May Ruling, I am of the opinion that the documents contained in the case file reveal a commercial procedure that is entirely in conformity with Ukrainian law. I reaffirm my opinion that both the April Decision and May Ruling are consistent with the requirements of the Code of Commercial Procedure of Ukraine (the "CCPU"), and that both the Kyiv Commercial Court and the Kyiv Appellate Commercial Court had proper jurisdiction over the dispute. (paras. 8-11 of my first Affidavit)
5. I note in passing that it is entirely customary for commercial court hearings to be brief, and take around 10 to 15 minutes. In fact, it is typical for commercial judges in Ukraine to render anywhere between 15 to 20 decisions a day.

**III. The case file shows no irregularity concerning Alpren's standing to sue Storm in order to protect its rights under Ukrainian law.**

6. Having reviewed the case file, I also reaffirm that Alpren correctly brought a claim against Storm before the Kyiv Commercial Court. (paras. 12-15 of my first Affidavit) Nothing in the case file shows any irregularity, procedural or otherwise, concerning the fact that Storm was sued by its own shareholder, Alpren. Again, as *de jure* and *de facto* separate legal entities, Alpren may indeed consider that Storm violated its rights, and as such it correctly brought the respective claim to the Kyiv Commercial Court.

**IV. The case file shows no irregularity concerning the April Decision's holding that the entire Shareholders Agreement to be null and void in full, including the arbitration clause.**

7. After a review of the case file, I can also see no irregularity in the fact that the Ukrainian commercial courts in the April Decision and the May Ruling considered the Shareholders Agreement to be not merely an invalid contract, but a contract which is null and void in full.

**V. An Award in the present dispute may run into enforcement problems in Ukraine**

8. Finally, as concerns the Western NIS Enterprise Fund case which I referred to in my first legal opinion (at para. 37), I attach as Exhibits A7 and A8 the Appellate and Supreme Court cases as additional exhibits.

**I declare that the foregoing is true and correct.**

**Executed on August 9, 2006.**

                                                          Lyubov Logush

3

# EXHIBIT A7

У Х В А Л А
ІМЕНЕМ УКРАЇНИ

15 травня 2002 року Судова палата в цивільних справах апеляційного суду Кіровоградської області в складі:

Головуючого — Кривохижі В.І.
Суддів — Чорниш Т.В.
— Кварталової А.М.
при секретарі — Глащій Н.В.

розглянула у відкритому судовому засіданні в місті Кіровограді цивільну справу за клопотанням корпорації "Вестерн Ен-Ай-Ес Ентерпрайз Фонд" про визнання та виконання на території України рішення іноземного арбітражу,—

ВСТАНОВИЛА:

Корпорація "Вестерн Ен-Ай-Ес Ентерпрайз Фонд" звернулася в суд з клопотанням про визнання та виконання на території України рішення арбітра Міжнародного Центру Американської Арбітражної Асоціації від 30 січня 2001 року у справі за позовом корпорації "Вестерн Ен-Ай-Ес Ентерпрайз Фонд" до акціонерного товариства закритого типу з іноземними інвестиціями "Сонола".

Зазначала, що в зв"язку з тим, що у зазначеному рішенні були допущені арифметичні помилки, а також помилково пропущений "текст", за їхнім клопотанням було постановлене переглянуте арбітражне рішення від 29 березня 2001 року, відповідно до якого боржник зобов"язаний сплатити стягувачу: 3769 839 доларів США /три мільйони сімсот шістдесят дев"ять тисяч вісімсот тридцять дев"ять доларів США/ — основну суму боргу, проценти та проценти після порушення, витрати стягувача на оплату послуг юристів, які підлягають відшкодуванню, інші витрати стягувача, які підлягають відшкодуванню; 19 187,50 доларів США /дев"ятнадцять тисяч сто вісімдесят сім доларів США п"ятдесят центів/ — витрати стягувача на оплату винагороди на користь Американської Арбітражної Асоціації; 6 081,01 доларів США /шість тисяч вісімдесят один долар 01 один цент/ — витрати стягувача на сплату адміністративного збору та витрат Американської Арбітражної Асоціації, а всього 3 788 107,51 доларів США /три мільйони сімсот вісімдесят вісім тисяч сто сім доларів США п"ятдесят один цент/.

Тому й просила визнати та надати дозвіл на примусове виконання на території України рішення арбітра Міжнародного Центру Американської Арбітражної Асоціації /м.Нью-Йорк, США/ від 30 січня 2001 року з урахуванням переглянутого рішення від 29 березня 2001 року, а також рішень Верховного Суду штату Нью-Йорк від 2 серпня 2001 року та 28 грудня 2001 року у справі № 50 Т 199 00164 00 за позовом корпорації "Вестерн Ен-Ай-Ес Ентерпрайз Фонд" до АТЗТ з іноземними інвестиціями "Сонола", та видати корпорації виконавчий лист на стягнення з АТЗТ з іноземними інвестиціями "Сонола" 3 788 107,51 долара США.

В судовому засіданні представник стягувача підтримав своє клопотання.

Представник боржника в судовому засіданні просив відмовити в задоволенні клопотання, як такого, що протирічить публічному порядку та принципам міжнародного публічного права.

-2-

Заслухавши доводи стягувача і боржника, вивчивши матеріали справи, судова палата вважає, що клопотання не підлягає задоволенню з таких підстав.

Із матеріалів справи вбачається, що 30 січня 2001 року арбітром Міжнародного Центру Американської Арбітражної Асоціації в м.Нью-Йорк було постановлене рішення по справі № 50 Т 1990016400 за позовом корпорації "Вестерн Ен-Ай-Ес Ентерпрайз Фонд" до АТЗТ з іноземними інвестиціями "Сонола" /а.с.38-49/. 29 березня 2001 року за клопотанням стягувача в зв"язку з виправленням помилок в розрахунках та поданням пропущеного тексту арбітражне рішення було переглянуте /а.с.50-51/ і ним зобов"язано боржника сплатити стягувачу всього 3 788 107,51 доларів США /три мільйони сімсот вісімдесят вісім тисяч сто сім доларів США п"ятдесят один цент/.

Рішеннями Верховного Суду Штату Нью-Йорк від 2 серпня та 26 грудня 2001 року зазначене арбітражне рішення було підтверджене /а.с.37-38,52-55/.

Згідно рішення Кіровського районного суду м.Кіровограда від 25 травня 2000 року, залишеного без зміни ухвалою судової колегії в цивільних справах Кіровоградського обласного суду від 30 листопада 2000 року, ухвалою колегії суддів судової палати з цивільних справ Верховного Суду України від 5 жовтня 2001 року, кредитна угода № 1 від 12 лютого 1997 року, укладена між корпорацією "Вестерн Ен-Ай-Ес Ентерпрайз Фонд" та АТЗТ з іноземними інвестиціями "Сонола", визнана недійсною з зобов"язанням останньої повернути корпорації "Вестерн Ен-Ай-Ес Ентерпрайз Фонд" 401 528 доларів США, отриманих за цією угодою, а також визнаний недійсним договір застави, як додаткова угода до кредитного договору /а.с. 81-83/.

Відповідно до ст.8 Закону України "Про визнання та виконання в Україні рішень іноземних судів" клопотання про надання дозволу на примусове виконання рішення іноземного суду не задовольняється у випадках, передбачених міжнародними договорами України.

У разі коли міжнародними договорами України такі випадки не передбачено, у задоволенні клопотання може бути відмовлено, якщо постановлене рішення суду України у спорі між тими самими сторонами, з того ж предмета і на тих же підставах, що набрало законної сили.

Оскільки рішення Кіровського районного суду м.Кіровограда від 25 травня 2000 року, що набрало законної сили, постановлене у спорі між тими самими сторонами, з того ж предмета і на тих же підставах, що й постановлене пізніше рішення арбітра Міжнародного Центру Американської Арбітражної Асоціації від 30 січня 2001 року, судова палата вважає, що клопотання корпорації "Вестерн Ен-Ай-Ес Ентерпрайз Фонд" про надання дозволу на примусове виконання рішення іноземного суду не підлягає задоволенню.

Окрім вказаного вище, судова палата вважає, що підставою для відмови у виконанні судового рішення на території України є і вимоги ст.5 Конвенції про визнання й виконання іноземних арбітражних рішень /Нью-Йорк, 1958 р./, ратифікованої Указом ПВР України від 22 серпня 1960 року, згідно якої в визнанні та приведенні до виконання арбітражного рішення може бути відмовлено, якщо рішення суду постановлено по питанням, які виходять за межі арбітражного договору.

139

-3-

Вивчивши матеріали справи та рішення Американської Арбітражної Асоціації від 30 січня 2001 року /а.с.38-43/ можливо зробити висновок, що задовольняючи позовні вимоги позивача, арбітр виходив з того, що рішення Українського суду з питань недійсності угоди між сторонами по арбітражній справі не може вважатися таким, що має преюдиціальне значення, оскільки розгляд справ в цих судах є далеким від відповідності стандартам, та що українська судова система є під значним політичним тиском і страждає від корупції та неефективності.

Судова палата вважає, що вказаний висновок Американської Арбітражної Асоціації виходить за межі не тільки арбітражної угоди і господарсько-правового спору, а і за межі компетенції судових органів, а тому таке рішення не може бути прийняте по виконанню на території України.

Доводи ж представника стягувача щодо розгляду судами справ у спорах не між тими ж сторонами і не з тих же підстав є безпідставними, оскільки предметом розгляду Американської Арбітражної Асоціації і Українських судів є кредитна угода № 1 від 12 лютого 1997 року, а стягнення сум по ній здійснено між тими ж сторонами.

Керуючись Конвенцією про визнання й виконання іноземних арбітражних рішень /Нью-Йорк, 1958 р./, Законами України "Про міжнародний комерційний арбітраж", "Про визнання та виконання в Україні рішень іноземних судів", ст.232 ЦПК України, судова палата,

У Х В А Л И Л А:

Відмовити у задоволенні клопотання корпорації "Вестерн Ен-Ай-Ес Ентерпрайз Фонд" про визнання та виконання на території України рішення іноземного арбітражу.

Ухвала може бути оскаржена до Верховного Суду України на протязі одного місяця з дня проголошення через апеляційний суд Кіровоградської області.

Головуюча: підпис
Судді: підписи
Згідно з оригіналом:
Суддя апеляційного суду                В.І.Кривохижа

*137*

ORDER
IN THE NAME OF UKRAINE

On May 16, 2002, the Civil Chamber of the Kirovograd Region Appellate Court composed of:

| | | |
|---|---|---|
| Presiding Judge | – | Kryvohyzha V.I. |
| J u d g e s | – | Chernysh T.V. |
| | – | Kvartalova A.M. |
| with the secretary | – | Glatska P.V. |

considered in open court, in Kirovograd, a civil case based on the motion of "Western NIS Enterprise Fund" Corporation on recognition and enforcement a foreign arbitral award in the territory of Ukraine, –

DETERMINED:

"Western NIS Enterprise Fund" Corporation seized the court with the motion on recognition and enforcement in the territory of Ukraine of the award delivered by the arbitrator of the International Center of the American Arbitration Association dated January 30, 2001, in case based on the claim of "Western NIS Enterprise Fund" Corporation against Closed Joint Stock Company with Foreign Investments "Sonola".

The Corporation stated that, since the mentioned decision contained arithmetical mistakes and a part of its text was erroneously omitted, a revised arbitral award dated March 29, 2001, was delivered upon its motion. According to the latter award, the Debtor was obliged to pay the Creditor 3,769,839 US Dollars (three million seven hundred and sixty nine thousand eight hundred and thirty nine US Dollars) as the principal debt, interest and interest after violation, Creditor's attorneys' fees to be reimbursed, other Creditor's expenses to be reimbursed; 12,187.50 US Dollars (twelve thousand one hundred and eighty seven US Dollars, fifty cents) as Creditor's expenses for the American Arbitration Association fees; 6,081.01 US Dollars (six thousand and eighty one US Dollars, one cent) as Creditor's expenses for the administrative fee and the American Arbitration Association expenses – total 3,788,107.51 US Dollars (three million seven hundred and eighty eight thousand one hundred and seven US Dollars, fifty one cents).

Therefore, the Corporation asked to recognize and enforce in the territory of Ukraine the award delivered by the arbitrator of the International Center of the American Arbitration Association (New York, USA) dated January 30, 2001, as revised by the award dated March 29, 2001, as well as the Decisions of the Supreme Court of the State of New York dated August 2, 2001, and December 26, 2001, in case № 50 T 199 0016400 based on the claim of "Western NIS Enterprise Fund" Corporation against Closed Joint Stock Company with Foreign Investments "Sonola", and to issue a writ of execution for collection of 3,788,107.51 US Dollars from Closed Joint Stock Company with Foreign Investments "Sonola" in favor of the Corporation.

During the court hearing the Creditor's representative upheld his motion.

During the court hearing the Debtor's representative asked the court to dismiss the motion as violating public policy of Ukraine and principles of public international law.

Having heard the arguments of the Creditor and the Debtor, having studied the case file, the Chamber considers that the motion must be dismissed on the following grounds.

*[Round seal of the Kirovograd
Region Appellate Court]*

2
*138*

As it appears from the case file, on January 30, 2001, the arbitrator of the International Center of the American Arbitration Association in New York delivered an award in case № 50 T 1990016400 based on the claim of "Western NIS Enterprise Fund" Corporation against Closed Joint Stock Company with Foreign Investments "Sonola" (file p.p. 38-49). On March 29, 2001, upon the Creditor's motion, with the view to correction of arithmetic mistakes and insertion of the omitted text, the arbitral award was revised (file p.p. 50-51) to oblige the Debtor to pay total 3,788,107.51 US Dollars (three million seven hundred and eighty eight thousand one hundred and seven US Dollars, fifty one cents) in favor of the Creditor.

The mentioned arbitral award was upheld by Decisions of the Supreme Court of the State of New York dated August 2 and December 26, 2001 (file p.p. 37-38,52-55).

By Decision of the Kirov District Court of Kirovograd dated May 25, 2000, upheld by order of the Civil Panel of the Kirovograd Region Court dated November 30, 2000, and order of the Panel of Judges of the Civil Chamber of the Supreme Court of Ukraine dated October 5, 2001, the Loan Agreement № 1 dated July 12, 1997, between "Western NIS Enterprise Fund" Corporation and Closed Joint Stock Company with Foreign Investments "Sonola" was invalidated; Closed Joint Stock Company with Foreign Investments "Sonola" was obliged to pay 401,528 US Dollars, received under that agreement, back to "Western NIS Enterprise Fund" Corporation; the Pledge Agreement, supplementing the Loan Agreement, was also invalidated (file p.p. 81-83).

According to Art. 8 of the Law of Ukraine "On Recognition and Enforcement of Foreign Awards in Ukraine", a motion for enforcement of a foreign award shall be dismissed in cases, set forth in international agreements of Ukraine.

If such cases are not set forth in international agreements of Ukraine, the motion may be dismissed if there is an effective decision of a court of Ukraine in a dispute between the same parties under the same cause of action.

Since the effective Decision of the Kirov Ditrict Court of Kirovograd dated May 25, 2000, is delivered in the dispute between the same parties and under the same cause of action as the more recent award of the arbitrator of the International Center of the American Arbitration Association dated January 30, 2001, the Chamber considers that the motion of "Western NIS Enterprise Fund" Corporation for enforcement of a foreign award must be dismissed.

Furthermore, the Chamber considers that another ground to refuse recognition of an award in the territory of Ukraine is provided by requirements of Art. 5 of Convention on the Recognition and Enforcement of Foreign Arbitral Awards (New York, 1958) ratified by Decree of the Plenum of Verkhovna Rada of Ukraine dated August 22, 1960, according to which recognition and enforcement of the arbitral award may be refused if it contains decisions on matters beyond the scope of the submission to arbitration.

Having studied the case file and the award of the American Arbitration Association dated January 30, 2001 (file p.p. 38-43) one may conclude that, when satisfying the Claimant's claims, the arbitrator proceeded from the fact that the Decision of the Ukrainian court, invalidating the agreement between the parties to the arbitration, cannot be regarded as prejudicing, as far as dispute settlement in such courts is of low standards and that the Ukrainian judiciary is under burden of political pressure, corruption and inefficiency.

*[Round seal of the Kirovograd Region Appellate Court]*

3
*139*

The Chamber considers that the mentioned conclusion of the American Arbitration Association is not only beyond the scope of the submission to arbitration and a commercial dispute, but beyond the competence of judicial bodies as well. Therefore, such award cannot be enforced in Ukraine.

The arguments of the Creditor's representative as regards the courts' consideration of cases in disputes not between the same parties and not under the same cause of action are groundless, as far as both, the American Arbitration Association and the Ukrainian courts, considered the Loan Agreement № 1 dated February 12, 1997, while collection of funds under it was between the same parties.

Guided by Convention on the Recognition and Enforcement of Foreign Arbitral Awards (New York, 1958), the Laws of Ukraine "On International Commercial Arbitration" and "On Recognition and Enforcement of Foreign Awards in Ukraine", Art. 232 of the Code of Civil Procedure of Ukraine, the Chamber,

ORDERED:

To dismiss the motion of "Western NIS Enterprise Fund" Corporation for recognition and enforcement of a foreign arbitral award in the territory of Ukraine.

This Order is subject to appeal to the Supreme Court of Ukraine via the Kirovograd Region Appellate Court within one month since the day on which it is delivered.

*[Round seal of the Kirovograd*
*Region Appellate Court]*
    Presiding Judge :signature
    J u d g e s:signatures
    True copy:
    Judge of the Appellate Court    *[Signature]*    V.I. Kryvohyzha
    23.05.2002

# EXHIBIT A8



# ВЕРХОВНИЙ СУД УКРАЇНИ

## У Х В А Л А
### ІМЕНЕМ УКРАЇНИ

"14" травня 2003 р.                                                                 м. Київ

**Судова палата у цивільних справах Верховного Суду України в складі:**

| | | | |
|---|---|---|---|
| Головуючого | Кривенка В.В. | | |
| Суддів : | Балюка М.І., | Барсукової В.М., | Григор'євої Л.І., |
| | Гуменюка В.І., | Дідківського А.О., | Домбровського І.П., |
| | Колесника П.І., | Прокопчука Ю.В., | Маринченка В.Л., |
| | Панталієнка П.В., | Потильчака О.І., | Яреми А.Г. |
| | Пшонки М.П., | Терлецького О.О., | |
| | Сеніна Ю.Л., | | |
| | Шабуніна В.М., | | |

розглянувши в судовому засіданні справу за клопотанням корпорації "Вестер Ен-Ай-Ес Ентерпрайз Фонд" про визнання та виконання на території України рішення іноземного арбітражу,

в с т а н о в и л а:

У березні 2002 року корпорація "Вестерн Ен-Ай-Ес Ентерпрайз Фонд" звернулась до суду з клопотанням про визнання та виконання на території України рішення арбітра Міжнародного Центру Американської Арбітражної Асоціації від 30 січня 2001 року з урахуванням переглянутого рішення від 29 березня 2001 року в справі за позовом корпорації "Вестерн Ен-Ай-Ес Ентерпрайз Фонд" до акціонерного товариства закритого типу з іноземними інвестиціями "Сонола" про стягнення 3788107, 51 доларів США по кредитній угоді від 12 лютого 1997 року. Просили задовольнити їх клопотання, оскільки зазначені рішення набрали чинності і визнані законними Верховним Судом Штату Нью-Йорк.

Ухвалою апеляційного суду Кіровоградської області від 16 травня 2002 року в задоволенні клопотання відмовлено.

---

| | |
|---|---|
| Справа № 06-12397кс02 | Категорія ЦП: 4.6. |
| Головуючий у першій інстанції : Кривохиж В.І. | АПП: 036 |
| Доповідач : Барсукова В.М. | |

У касаційній скарзі корпорація "Вестерн Ен-Ай-Ес Ентерпрайз Фонд" просить скасувати ухвалу апеляційного суду і задоволити клопотання корпорації про визнання і виконання на території України рішення арбітра Міжнародного Центру Американської Арбітражної Асоціації від 30 січня 2001 р. з урахуванням переглянутого рішення від 29 березня 2001 року, а також рішень Верховного Суду Штату Нью-Йорк від 2 серпня 2001 року та 26 грудня 2001 року у справі за позовом корпорації до АТЗТ з іноземними інвестиціями "Сонола" посилаючись на те, що суд не врахував положень статті 5 Конвенції "Про визнання і виконання іноземних арбітражних рішень" (м. Нью-Йорк, 1958 року) і помилково встановив, що рішення арбітра постановлено по питаннях, які виходять за межі арбітражного рішення, а також розглянув справу з порушенням процесуального закону у складі трьох суддів, а не одноособово.

Касаційна скарга не підлягає задоволенню з таких підстав.

Відповідно до ст. 5 Нью-Йоркської Конвенції "Про визнання і виконання іноземних арбітражних рішень" у визнанні і виконанні арбітражних рішень може бути відмовлено на прохання тієї сторони, проти якої воно направлено, тільки при умові, якщо ця сторона подасть компетентній владі за місцем, де проситься визнання і виконання, докази того, що, зокрема, вказане рішення винесено по спору, не передбаченому або який не підпадає під умови арбітражної угоди або арбітражного застереження у договорі, або містить постанови з питань, що виходять за межі арбітражної угоди або арбітражного застереження у договорі.

У визнанні і виконанні арбітражного рішення може бути також відмовлено, якщо компетентна влада країни, в якій проситься визнання і виконання, знайде, що: об'єкт спору не може бути предметом арбітражного розгляду за законами цієї країни, або визнання і виконання цього рішення суперечить публічному порядку цієї країни.

Судом встановлено, що кредитна угода від 12 лютого 1997 року та договір застави від 12 лютого 1997 року на підставі яких арбітр Міжнародного Центру Американської Арбітражної Асоціації постановив рішення, були визнані недійсними рішенням Кіровського районного суду м. Кіровограда від 25 травня 2000 року, тобто судом України рішення про недійсність кредитної угоди прийнято до розгляду справи у Нью-Йорку арбітром Міжнародного Центру Американської Арбітражної Асоціації.

Якщо кредитна угода в установленому законом порядку визнана недійсною Українським судом, а відповідно до ст. 124 Конституції України рішення суду є обов'язковим для виконання на всій території України, тому виконання рішення арбітру Міжнародного Центру Американської Арбітражної Асоціації буде суперечить Конституції України, а відтак його визнання і виконання вступає в конфлікт з імперативними нормами українського законодавства і тягне порушення публічного порядку.

3

За наявності вказаних процесуальних порушень, виходячи з вимог Нью-Йоркської Конвенції, апеляційний суд обгрунтовано відмовив у визнанні і виконанні на території України рішень арбітра Міжнародного Центру Американської Арбітражної Асоціації від 30 січня 2001 року та 26 грудня 2001 року.

Посилання в скарзі на неповноважний склад суду при розгляді клопотання є безпідставним, оскільки ст. 124$^1$ ЦПК України не містить заборони щодо розгляду справи по першій інстанції у колегіальному складі суду.

З врахуванням наведеного підстав для скасування ухвали апеляційного суду судова палата не вбачає.

Керуючись ст. 334 ЦПК України, судова палата Верховного Суду України

у х в а л и л а :

Касаційну скаргу корпорації "Вестерн Ен-Ай-Ес Ентерпрайз Фонд" залишити без задоволення, а ухвалу апеляційного суду Кіровоградської області від 16 травня 2002 року – без зміни.

Ухвала оскарженню не підлягає.

| | |
|---|---|
| Головуючий: | В.В. Кривенко |
| Суддя-доповідач: | В.М. Барсукова |

# THE SUPREME COURT OF UKRAINE

# ORDER

# IN THE NAME OF UKRAINE

May 14, 2003                                                                                                    Kyiv

**Civil Chamber of the Supreme Court of Ukraine composed of:**

| Presiding Judge: | Kryvenko V.V. | | |
|---|---|---|---|
| Judges: | Balyuk M.I., | Barsukova V.M., | Grygoryeva L.I., |
| | Humenyuk V.I., | Didkivsky A.O., | Dombrovsky I.P., |
| | Kolesnyk P.I., | Prokopchuk U.V., | Marynchenko V.L., |
| | Pantalienko P.V., | Potylchak O.I., | Yarema A.G. |
| | Pshonka M.P., | Terletsky O.O., | |
| | Senin U.L., | | |
| | Shabunin V.M., | | |

having considered in the court hearing the case upon the motion of "Western NIS Enterprise Fund" Corporation for recognition and enforcement of the foreign arbitral award in the territory of Ukraine,

d e t e r m i n e d:

In March 2002 "Western NIS Enterprise Fund" Corporation seized the court with the motion for recognition and enforcement in the territory of Ukraine of the award delivered by the arbitrator of the International Center of the American Arbitration Association dated January 30, 2001, as revised by the award dated March 29, 2001, in case based on the claim of "Western NIS Enterprise Fund" Corporation against Closed Joint Stock Company with Foreign Investments "Sonola" on collection of 3,788,107.51 US Dollars under the Loan Agreement dated February 12, 1997. The Corporation asked the court to satisfy its motion, as far as these awards came into effect and were recognized as lawful by the Supreme Court of the State of New York.

By Order of the Kirovograd Region Appellate Court dated May 16, 2002, the motion was dismissed.

In its petition of cassation appeal "Western NIS Enterprise Fund" Corporation requests the court to reverse the Order of the Appellate Court and to satisfy the motion of the Corporation for recognition and enforcement in the territory of Ukraine of the award delivered by the arbitrator of the International Center of the American Arbitration Association dated January 30, 2001, as revised by the award dated March 29, 2001, as well as the Decisions of the Supreme Court of the State of New York dated August 2, 2001, and December 26, 2001, in case based on the claim of "Western NIS Enterprise Fund" Corporation against Closed Joint Stock Company with Foreign Investments "Sonola", referring to that the court did not take into consideration provisions of Article of 5 of Convention on the Recognition and Enforcement of Foreign Arbitral Awards (New York, 1958) and erroneously determined that the arbitrator's award concerns matters beyond the scope of the submission to arbitration, as well as considered the case with the violation of the procedural law in Panel of three Judges, instead of the sole Judge.

The petition of cassation appeal must be dismissed on the following grounds.

According to Art. 5 of the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards, recognition and enforcement of the award may be refused, at the request of the party against whom it is invoked, only if that party furnishes to the competent authority where the recognition and enforcement is sought, proof that, in particular, the award deals with a difference not contemplated by or not falling within the terms of the submission to arbitration, or it contains decisions on matters beyond the scope of the submission to arbitration.

Recognition and enforcement of an arbitral award may also be refused if the competent authority in the country where recognition and enforcement is sought finds that the subject matter of the difference is not capable of settlement by arbitration under the law of that country; or the recognition or enforcement of the award would be contrary to the public policy of that country.

The Court determined that the Loan Agreement dated February 12, 1997, and the Pledge Agreement dated February 12, 1997, on which the arbitrator of the International Center of the American Arbitration Association based the award, were invalidated by Decision of the Kirov District Court of Kirovograd dated May 25, 2000, that is the Ukrainian Court had entered a Decision on invalidity of the Loan Agreement before the arbitrator of the International Center of the American Arbitration Association in New York heard the matter.

If the Loan Agreement is duly invalidated by the Ukrainian Court, while under Art. 124 of the Constitution a court decision is mandatory throughout Ukraine, the enforcement of the award made by the arbitrator of the International Center of the American Arbitration Association on the

basis of such agreement in Ukraine will contradict the Constitution of Ukraine, and hence, its recognition and enforcement will be in conflict with the mandatory rules of Ukrainian law and constitute a violation of Ukrainian public policy.

Due to the mentioned procedural errors, according to the requirements of the New York Convention, the Appellate Court validly refused recognition and enforcement of the arbitral awards of the arbitrator of the International Center of the American Arbitration Association dated January 30, 2001 and December 26, 2001 in the territory of Ukraine.

The reference to the illegitimate composition of the court, made by "Western NIS Enterprise Fund" Corporation in its petition of cassation appeal, is unfounded because Article $124^1$ of the Code of Civil Procedure of Ukraine does not prohibit hearing the case in the first instance by the Panel of Judges as opposed to the sole Judge.

In view of the mentioned, the Chamber of the Supreme Court of Ukraine does not find grounds to reverse the Order of the Appellate Court.

Pursuant to Article 334 of the Code of Civil Procedure of Ukraine, the Chamber of the Supreme Court of Ukraine

**o r d e r e d:**

To dismiss the petition of cassation appeal filed by "Western NIS Enterprise Fund" Corporation; to upheld the Order of the Kirovograd Region Appellate Court dated May 16, 2002.

This Order is not subject to appeal.

| | | | |
|---|---|---|---|
| Presiding Judge: | *[Round seal* | *[Signature]* | V.V. Kryvenko |
| | *of the Supreme* | | |
| Judge-reporter: | *Court of Ukraine]* | *[Signature]* | V.M. Barsukova |