# EXHIBIT H

IN THE MATTER OF AN ARBITRATION
UNDER THE UNCITRAL ARBITRATION RULES BETWEEN

---

**TELENOR MOBILE COMMUNICATIONS AS,**

       Claimant,

       Snarøyveien 30
       N-1331 Fornebu
       Norway

       -and-

**STORM LLC,**

       Respondent,

       1 Narodnogo Opolchennya Street,
       Kyiv 03151
       Ukraine

---

**AFFIDAVIT OF VADIM KLYMENKO**

---

I, Vadim Klymenko, declare as follows:

1. I am and have been Director General of Respondent Storm LLC ("Storm") since February 2006. I joined Storm soon after joining its parent company, Altimo, in November 2005 as a Vice President. Prior to joining Altimo and Storm, I obtained a Master's Degree in International Business Management at Kiev National University of Economics, and worked in investment banking, ultimately as a consultant to a Russian investment bank in the area of telecommunications acquisitions. I was also previously employed at Golden Telecom LLC, a subsidiary of Altimo. Attached hereto as Exhibit A is a true and correct copy of my C.V.

2. I submit this affidavit in support of Storm's motion to dismiss the claims currently pending before the Tribunal. The specific purpose of this affidavit is to describe Storm's defense against the claims brought against it by Alpren Limited ("Alpren") that culminated in the April 25, 2006 Decision of the Kyiv Commercial Court, as well as the May 25 Ruling of the Kyiv Commercial Court of Appeals that are relevant to Storm's motion (the "April Decision" and "May Ruling").

3. As a preliminary matter, I wish to point out that Alpren Limited ("Alpren"), a company incorporated under the laws of Cyprus, is one of two shareholders of Storm (the other one being Hardlake Limited, also a company incorporated under the laws of Cyprus). As of February 8, 2006, Alpren's share in Storm is 49.9%, while Hardlake Limited owns 50.1%. Storm itself is incorporated under the laws of Ukraine.

4. As Director General, I represented Storm before the Kyiv Commercial Court in connection with the proceedings that resulted in the April Decision, as well as the Kyiv Commercial Court of Appeals, which resulted in the May Ruling. Storm's Charter allows the Director General to represent the company in court proceedings.

5. I first learned of Alpren's lawsuit against Storm in mid-April of 2006, in a notice sent via post by Alpren. At or around the same time, I also received notice from the Kyiv Commercial Court that there would be a hearing set for April 25, 2006. As Director

General, I decided to look over the papers myself, and to deal with the litigation without assistance from outside counsel. I represented Storm myself at the April 2006 Hearing. As indicated on the face of the April Decision, I submitted no statement of defense to Alpren's Statement of Claim, as I understand that I was not required to do so.

6. At the hearing, I presented what I believed was the strongest argument: that the Shareholders Agreement contained an arbitration clause which covered any dispute "in connection with" the Agreement. As I understood from Article 62 of the Code of Commercial Procedure of Ukraine, the Kyiv Commercial Court consequently lacked the jurisdiction to hear Alpren's claim. At the hearing, I also informed the Court of the existence of the New York arbitration proceedings which were already under way.

7. When the Kyiv Commercial Court ruled in Alpren's favor, I decided to appeal the matter to the Kyiv Commercial Court of Appeals. I drafted the written submission, and duly filed it to the Court of Appeals. I did so in my capacity as Director General, as I understood this to be a regular and customary procedure. I subsequently received notice that the hearing was set for May 25. At the hearing, I set forward the same jurisdictional argument as I did at the first Hearing.

8. Since I was not present at the time the Agreement was executed in 2004, prior to the April 2006 Hearing I reviewed Storm's files from that period. At that time, I searched for, but did not find any evidence of a Meeting of Participants that authorized Mr. Valeriy Nilov to sign the Shareholders Agreement on Storm's behalf. Moreover, I had not been told by anyone at Storm that there was a Meeting of Participants granting Mr. Nilov the required authority. As such, I did not rely on this argument at either the April 2006 Hearing, or at the May 2006 Hearing, and instead focused on the jurisdictional argument.

9. I was once again surprised to see that the Court of Appeals did not follow my argument, but instead confirmed the lower court ruling. I understand that the Ruling is now binding. I also wish to point out that during the entire period of

- 4 -

this litigation, nor was I instructed by it as to how I should defend the case. My only contact with Alpren was through the various notices of the hearings, and during the hearing themselves. I strongly affirm that no efforts at any sort of collusive actions were made either by me or by Alpren.

I declare, under the penalties of perjury, that the foregoing is true and correct.

Executed on August 9, 2006 at Kiyv, Ukraine.

_____
Vadim Klymenko

## CORRECTION TO PARA. 9 OF V. KLYMENKO AFFIDAVIT DATED AUGUST 9, 2006

9. I was surprised to see that the Court of Appeals did not follow my argument, but instead confirmed the lower court ruling. I understand that the Ruling is now binding. I also wish to point out that during the entire period of this litigation, I was not contacted by Alpren, nor was I instructed by it as to how I should defend the case. My only contact with Alpren was through the various notices of the hearings, and during the hearings themselves. I strongly affirm that no efforts at any sort of collusive actions were made either by me or by Alpren.

# EXHIBIT A

# Vadim    Klymenko

| ✉ | 94 Krasnoarmeyskaya str., apt.88, Kyiv, Ukraine |
|---|---|
| Ph:# | + 380 39 491 66 18 |
| Fax:# | +380 44 287 70 58 |
| @ | Klymenko@Altimo.ru |

## Education

| 06.97 – 06.98 | Kiev National University of Economics<br>International Economics & Law Department<br>Master's Degree in International Business Management |
|---|---|
| 06.93 – 06.97 | Kiev National University of Economics<br>International Economics & Law Department<br>Bachelor's Degree in Economics |
| 09.83 – 05.93 | Lyceum of International Affairs<br>(Former School #51) |

## *Professional Experience*

| 10.05 – till present | Altimo (former Alfa-Telecom)<br>**Position – *Vice President, General representative in Ukraine, LLC "STORM" – Director General***<br>Work for the largest Russian Telecom holding – Asset management of Kyivstar, Golden Telecom, Vimpelcom. Securing Anti-monopoly resolutions, litigation & arbitration, representation and implementation of shareholders` interests. |
|---|---|
| 05.05 – 09.05 | Freelance M&A Advisor<br>Work for Russian Investment banks as telecom sector M&A advisor. Deal structuring, on-demand research and analysis, arrangement and participation in operational due diligence, operational modeling, arrangement and control over Legal Due Diligence and Financial Due Diligence, preparation of memorandums. |

| 03.04 – 05.05 | Golden Telecom LLC<br><br>Position – *Director Mergers & Acquisitions*<br>**Delivery of multiple pre-sales due diligences, participation in the acquisition projects in Russia and Ukraine, Golden Telecom M&A strategy development. Negotiations with potential acquisition targets throughout the industry, finalizing acquisition deals and integration strategy drafting.** |
|---|---|
| 11.99 – 03.04 | Golden Telecom LLC<br><br>Position – *Head of International Carrier Business*<br>**Management and doubling of the multi-million revenue stream from international voice & data services. Negotiations with International industry leading companies (Cable & Wireless, DT, Telenor, Telia, etc.), NNI agreements establishment, local GSM operators account management, large scale internet and satellite capacity tenders delivery, project management, capacity planning, anti-crisis management, negotiations with regulatory and administrative bodies, company representation at major industry events worldwide, sector and industry consulting.** |
| 11.98 – 11.99 | **Golden Telecom LLC**<br><br>*Position – Accounts Receivable/Credit Control Officer*<br>Management of USD 1 mln AR on a monthly basis, reporting directly to CFO. Debt collection, repayment schedules establishment, debt restructuring, credit aging reporting, communication with the corporate customers.<br>Head of the Golden Telecom Credit Board. |
| 03.98 – 11.98 | United Financial Group  - Investment Bank<br><br>Position – Financial Analyst<br>Work in Kiev and Moscow offices of the bank as an equity analyst. Initiated range of desknotes on Ukrainian companies wrote number of custom-tailored company and strategy reports, responsible for direct sales to UFG-Ukraine customers. |
| 10.96 – 03.98 | The World Bank , Economic Development Institute |

|  | *Position – Project Officer*<br>Work in Kiev & Washington D.C. on the "Sound Bank Management Program" for top-level bankers from FSU countries. Project logistics, interpretation during advanced seminars on Financial Management, Central Bank Policies, Risk Management, Trade Facilities, etc. |
|---|---|

## Special Training

| Sep.03 | Personnel Management (Phase II) |
|---|---|
| May.03 | Personnel Management (Phase I) |
| Nov.01 | Negotiation skills (Phase II) |
| Mar.01 | Negotiation skills (Phase I) |
| Feb.01 | Efficient communication and negotiation tactics |
| Nov.99 | Project Management |

| Hobbies: | Scuba Diving, Traveling, Soccer |
|---|---|