# EXHIBIT I

IN THE MATTER OF AN ARBITRATION
UNDER THE UNCITRAL ARBITRATION RULES BETWEEN

---

**TELENOR MOBILE COMMUNICATIONS AS,**

    Claimant,

    Snarøyveien 30
    N-1331 Fornebu
    Norway

    -and-

**STORM LLC,**

    Respondent,

    1 Narodnogo Opolchennya Street,
    Kyiv 03151
    Ukraine

---

**AFFIDAVIT OF ANDREI KOSOGOV**

---

Andrei Kosogov declares under penalty of perjury as follows:

1. I have been the Chairman of the Board of Directors of Alfa Asset Management and Altimo since November 2005. Since 2003, I have been the Chairman of the Board of Directors of AlfaStrahkovanie. I have also been a member of the Supervisory Board of Closed Joint-Stock Company Kyivstar G.S.M. ("Kyivstar") since July 2002.

2. I graduated from Moscow Power Energy Institute in 1987, and began my career in banking in 1992 as Chairman of the Board of Directors and CEO of Alfa Capital, an investment company which merged with Alfa-Bank in 1998. Until 2005, I was First Deputy Chairman of the Board of Directors of Alfa-Bank and Director of Investment Bank.

3. I submit this affidavit in support of Storm LLC's ("Storm") motion to dismiss the claims currently pending before the Tribunal. I have been asked to provide some background information on the events surrounding the signing of the Shareholders Agreement dated January 30, 2004 (the "Shareholders Agreement"), between Telenor Mobile Communications A.S. ("Telenor Mobile"), Storm, and Kyivstar, as well as the Certificate of Incumbency I signed on the same date.

4. First and foremost, I must stress that I do not recall a Meeting of Participants of Storm's shareholders taking place to approve the Shareholders Agreement as amended in late December 2003 and early January 2004. I have been shown the Minutes #19 of the Extraordinary Meeting of Participants of Storm dated October 7, 2002 (Exhibit N to Telenor Mobile's Evidentiary Brief). Upon reviewing this document, I do recall being aware of such a meeting taking place around fall of 2002. In any event, I was not involved with, nor did I participate in, any such meeting.

5. I confirm that on January 30, 2004, I signed a Certificate of Incumbency and Authority of Storm. I also confirm that Exhibit BB to Telenor Mobile's Evidentiary Brief is an accurate copy of that Certificate. I signed the Certificate at Telenor Mobile's request and agreed to do so because this was a fairly routine business practice in transactional matters.

6.    I must underscore that in signing the Certificate of Incumbency in January 2004, I did not intend to represent that there had been a Meeting of Participants (or Written Polling) which authorized Mr. Nilov, then General Director of Storm, to sign the amended Shareholders Agreement on behalf of Storm. I did not check the provisions of Storm's Charter, and did not ask for legal advice before signing the Certificate, as I did not believe this to be necessary at the time. Until recently, I was not aware that a special resolution of Storm's participants was necessary to authorize Mr. Nilov to enter into the Shareholders Agreement. I signed the Certificate by relying on my knowledge of provisions of Ukrainian law giving the General Director of a Ukrainian company general authority to act on behalf of the company, including entering into agreements on behalf of the company.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 31, 2006 in Moscow, Russia.

*Andrei Kosogov*