# EXHIBIT L

[ON THE OFFICIAL LETTERHEAD OF THE KYIV APPELLATE COMMERCIAL COURT]

[seal]

RULING

November 8, 2006

No. 40/242

**The panel of judges of the Kyiv Appellate Commercial Court** consisting of:
The Presiding Judge V.O. Zelenin, and
The Judges N.V. Kapatsyn, O.F. Synytsya,

**With participation of the parties' representatives:** not summoned.

**Having considered the application** filed by Storm Limited Liability Company (LLC) seeking an explanation for the resolution of the Kyiv Appellate Commercial Court issued in case No. 40/242 on May 25, 2006,
**based on the claim** lodged by Alpren Limited, a legal entity under the laws of the Republic of Cyprus,
**against** Storm LLC
**regarding** invalidation and termination of certain acts.

## DETERMINED AS FOLLOWS:

On April 25, 2006, the Kyiv Commercial Court held the decision to allow the claim brought by Alpren Limited against Storm LLC.

By its resolution of May 25, 2006, the Kyiv Appellate Commercial Court upheld the decision rendered by the Kyiv Commercial Court in case No. 40/242 on April 25, 2005.

On October 30, 2006, the Kyiv Appellate Commercial Court received an application filed by Storm LLC with a request to provide an explanation for the resolution of the Kyiv Appellate Commercial Court issued in case No. 40/242 on May 25, 2006, regarding the validity of the arbitration clause and the consequences of invalidating the Shareholders Agreement.

Being governed by Articles 86, 89, and 99 of the Commercial Procedural Code of Ukraine, –

## RULED AS FOLLOWS:

To provide Storm Limited Liability Company with an explanation for the resolution of the Kyiv Appeal Commercial Court in case No. 40/242, dated May 25, 2006.

The court recognized the entire Shareholders Agreement as null and void, including the arbitration agreement included in the form of an arbitration clause in the Shareholders Agreement. The court relied both on the international treaties ratified by Ukraine, and on other legal regulatory acts, in particular, the Law of Ukraine "On International Commercial Arbitration". The court determined that, since the Shareholders Agreement violated the public order of Ukraine and since the representative of one of the parties to the agreement – Storm LLC – was not authorized to execute the said Shareholders Agreement and the arbitration clause contained therein as its integral part, the arbitration agreement contained in the Shareholders Agreement in the form of an arbitration clause is also void / invalid.

As regards the consequences of a void agreement, Article 216 of the Civil Code of Ukraine provides that an invalid deed does not entail any legal consequences, except for those related to its invalidity. Therefore, the Shareholders Agreement, as a void agreement, has not entailed any legal consequences for its parties since the time of its signing, that is, never. In such circumstances, since the invalidity of the void agreement does not require obtaining a respective

court decision (such decision would be a mere restatement of the fact), such agreement is invalid in view of its being void, and the parties had no grounds whatsoever to perform any acts on the basis of such agreement, including to resort to arbitration in connection therewith. The parties have to adjust their acts and act as they would act if there were no such Shareholders Agreement, and any continued acts based on the Shareholders Agreement, including its arbitration clause, in particular, the referral of a dispute for arbitration by three arbitrators in accordance with the applicable UNCITRAL Rules under such agreement shall be treated as a violation of Clause 4 of Article 216 of the Civil Code of Ukraine. According to Clause 4 of Article 216 of the Civil Code of Ukraine, the parties cannot change the legal consequences of the invalidity of a void transaction, and any agreements between the parties in connection therewith shall not have any legal effect.

Should the parties and the arbitrators, appointed in accordance with the Shareholders Agreement, ignore the above circumstances and render an award on the dispute, such acts shall constitute a violation of the court decision, the explanation for which is given herein.

As regards the binding nature of the court decision, according to Article 124 of the Constitution of Ukraine and Article 11 of the Law of Ukraine "On the Judicial System of Ukraine", court decisions that have entered into effect shall be binding on legal entities, individuals, citizens, state authorities, local government authorities, their officials, citizen unions, and other organizations. Therefore, the court decision shall apply and shall be binding also upon those entities that were not among the parties to the court proceedings.

| | |
|---|---|
| **Presiding Judge** | V.O. Zelenin |
| **Judges:** | N.V. Kapatsyn |
| | O.F. Synytsya |

True copy of the original
Assistant Judge
[signature]
[seal]

*Цей переклад з української мови на англійську виконаний перекладачем Демченко Вікторією Вікторівною.*

[signature]



# КИЇВСЬКИЙ АПЕЛЯЦІЙНИЙ ГОСПОДАРСЬКИЙ СУД

01025, м. Київ, пров. Рильський, 8

## У Х В А Л А

№40/242                                                                                    08. 11. 2006 р.

**Київський апеляційний господарський суд у складі колегії суддів:**
Головуючого судді – Зеленін В. О.
Суддів: Кацацин Н. В., Синиця О. Ф.

**За участю представників сторін:** не викликались.

**Розглянувши заяву** Товариства з обмеженою відповідальністю (ТОВ) "Сторм" про роз'яснення постанови Київського апеляційного господарського суду від 25.05.2006 року у справі № 40/242
за позовом "Альпрен Лімітед", юридична особа за законодавством Республіки Кіпр
до ТОВ "Сторм"
про визнання дій незаконними та припинення дій.

## В С Т А Н О В И В :

25.04.2006 року Господарським судом м. Києва було прийнято рішення, яким було задоволено позов "Альпрен Лімітед" до ТОВ "Сторм".
Постановою Київського апеляційного господарського суду від 25.05.2006 року було залишено без змін рішення Господарського суду м. Києва від 25.04.2006 року у справі № 40/242.
30.10.2006 року до Київського апеляційного господарського суду надійшла заява ТОВ "Сторм" про роз'яснення постанови Київського апеляційного господарського суду від 25.05.2006 року у справі №40/242, щодо чинності арбітражного застереження та наслідків визнання Акціонерної угоди недійсною.
Керуючись ст. ст. 86, 89, 99 Господарського процесуального кодексу України, -

## У Х В А Л И В :

Роз'яснити Товариству з обмеженою відповідальністю "Сторм" постанову Київського апеляційного господарського суду від 25.05.2006 року у справі №40/242.

Акціонерну угоду судом визнано нікчемною в повному обсязі, включно з арбітражною угодою, викладеною у формі арбітражного застереження в тексті Акціонерної угоди. При цьому судом було взято до уваги як міжнародні конвенції, ратифіковані Україною, так і інші нормативні акти, зокрема Закон України "Про міжнародний комерційний арбітраж". Судом встановлено, що оскільки Акціонерна угода порушує публічний порядок України, а крім того представник однієї зі сторін угоди – ТОВ "Сторм" не мав повноважень на укладання вказаної Акціонерної угоди, та її невід'ємної в даному випадку складової частини – арбітражного застереження, то

1

...ражна угода, що викладена у формі арбітражного застереження в тексті Акціонерної ...ди є також нікчемною/недійсною.

Щодо наслідків недійсності нікчемної угоди, то згідно ст. 216 Цивільного Кодексу ...аїни недійсний правочин не створює юридичних наслідків, крім тих, що пов'язані з ...о недійсністю. Відповідно до цього Акціонерна угода, як нікчемний правочин, не ...орювала для її сторін жодних юридичних наслідків з моменту її підписання, тобто ...оли.

За таких умов, оскільки для недійсності нікчемного правочину відсутня ...бхідність отримання відповідного судового рішення (рішення стосовно цього є ...статацією факту) – він є недійсним в силу своєї нікчемності, у сторін були відсутні ...дь-які підстави для вчинення на його підставі будь-яких дій, у тому числі щодо ...рнення до арбітражу у відповідністю з ним. Сторони повинні відкоригувати свою ...ведінку таким чином, як вони поводили б себе за відсутності Акціонерної угоди, а будь-... продовження вчинення дій на підставі Акціонерної угоди, включаючи арбітражне ...стереження, зокрема передача спору на розгляд колегії у складі трьох арбітрів за ...ючими правилами ЮНСІТРАЛ у відповідності до неї, буде вважатися порушенням п. 4 ... 216 ЦК України. Адже згідно з п. 4 ст. 216 ЦК України у сторін відсутня можливість ...інити правові наслідки недійсності нікчемного правочину, а будь-які угоди з цього ...риводу між сторонами не матимуть жодної юридичної сили.

Ігнорування цього сторонами, визначеним в акціонерній угоді арбітражем та ...валення ним рішення по спору буде порушенням рішення суду, що роз'яснюється.

Щодо питання про обов'язковість рішення суду, то згідно ст. 124 Конституції ...країни, ст. 11 Закону України "Про судоустрій України" рішення суду, які набули ...аконної сили, є обов'язковими для виконання юридичними особами, громадянами, ...рганами державної влади, органами місцевого самоврядування, їх посадовими особами, ...б'єднаннями громадян та іншими організаціями. Таким чином, дія судового рішення та ...ого обов'язковість поширюються також на особи, які не були сторонами процесу.

Голова колегії, суддя    З ОРИГІНАЛОМ ЗГІДНО    Зеленін В. О.

Судді:    ПОСАДА *Пом. судді*    Капацин Н. В.

ПІДПИС *[підпис]*    Синиця О. Ф.

2