# EXHIBIT N
# PART 2

Exercising this right, participants of Defendant have limited powers of the head of the executive body of Defendant, having introduced respective provisions into the Charter of Defendant as required by Art. 88 of the Civil Code of Ukraine. Thus, in particular, it was laid down in para. 4 of Article 12 of Defendant's Charter that the Director General was entitled to sign contracts and agreements on behalf of Defendant but, if an agreement or a transaction concerned disposal or attachment of any Defendant's assets, acquisition, purchase or subscription for shares, such contract or other documents of the agreement were to be signed by the Director General only following the respective approval of the meeting of participants, if not agreed otherwise as between them.

Nevertheless, as Claimant has just found out, Defendant has been acting contrary to the requirements of the Charter, approved by its participants, ignoring its provisions and violating the law of Ukraine.

Thus, Defendant in the person of its executive body – Director General signed a so-called Shareholders Agreement. The substance of this alleged "agreement" contradicts the law of Ukraine; it violates public policy of Ukraine; it is concluded in the form that contravenes the formal requirements for agreements of this kind, laid down in the Civil Code of Ukraine and other rules of Ukrainian legislation and it is void by virtue of what is said below.

Analyzing legal nature of the mentioned agreement, one should conclude that this agreement is a bogus deed aimed to conceal another one – addendum to another legal entity's charter and a sales contract of shares. Bearing in mind the legal consequences, stipulated in Art. 235 of the Civil Code of Ukraine, in this case it should be considered partially as a foundational document and partially as a sales contract of shares, according to the Ukrainian legal rules on foundational agreements and on sales contracts.

Such conclusion is based on that the mentioned document determines, in particular, the management procedure of another legal entity, specifically, procedure of organization of the executive body. Moreover, para. 6.03 of Art. 6 of the Shareholders Agreement establishes consequences of discrepancies between its text and that of the Charter. Particularly, it is established that in such cases preference is shown to the agreement. The same paragraph of the agreement sets forth procedure of introducing amendments to the Charter. Furthermore, Art. 2 of the agreement regulates procedure of purchase of shares in certain circumstances. Thus, the parties to the agreement have virtually shown what kind of deed they have done having signed the so-called "Shareholders Agreement".

According to para. 6 of the Decree of the Cabinet of Ministers of Ukraine "On Procedure of State Registration of Entrepreneurs" (as in force in the time when the "Shareholders Agreement" was signed) and Art. 8 of the Law of Ukraine "On State Registration of Legal Entities and Natural Persons – Entrepreneurs" foundational documents of a legal entity are to be set forth in the official language of the state, which is, pursuant to Art. 10 of the Constitution of Ukraine, Ukrainian.

According to the Law of Ukraine "On Languages in the Ukrainian SSR" (Art. 24) language of agreements of Ukrainian companies with foreign companies is Ukrainian and language of the other party to the agreement. Thus, in any case, the text of this so-called "shareholders agreement", among its parties on the one side being residents of Ukraine (including Claimant) is to be in Ukrainian. Moreover, as far as this so-called "agreement" could have been set forth not only in Ukrainian but also in the language of the other party to the agreement, bearing in mind that such other party is a resident of Norway, such language must have been Norwegian. Therefore, setting forth its text only in English is illegal and its signing by Defendant is unlawful and contradicting the Constitution of Ukraine (the rule of public law on the official language of the state, stipulated in it) and Art. 203 of the Civil Code of Ukraine.

One should also mention that the so-called "agreement", although it does not include Claimant as its party, is, actually, entered into with the purpose to produce a Claimant's obligation to finance purchase (to participate in subscription) of shares of another legal entity. In particular, Art. 2 of the agreement obliges Defendant to purchase shares of a certain joint-stock company under certain conditions. In other words, Defendant, in the person of the Director General, has violated requirements of the Charter (para. 12.4) and of the law of Ukraine (Art. 145, Art. 203 of the Civil Code of Ukraine), as far as Defendant was acting beyond the limits of its civil legal capacity. As regards imposition of obligations to purchase shares and to finance this transaction, this is an attempt of misappropriation of Defendant's and Claimant's property (funds), as far as, in such a way, they were supposed to be deprived of their funds intended for the purchase of shares.

Bearing the aforesaid in mind, it is a void deed by virtue of Art. 228 of the Civil Code of Ukraine and is not subject to invalidation by court under Art. 215 of the Civil Code of Ukraine.

In view of violations of the Constitution of Ukraine, the Civil Code of Ukraine, the Law of Ukraine "On Languages in the Ukrainian SSR", the Law of Ukraine "On State Registration of Legal Entities and Natural Persons – Entrepreneurs", the Charter of "Storm" LLC caused by signing of the so-called "Shareholders Agreement" dated January 30, 2004, with participation of "Storm" LLC, Claimant considers that its rights and legitimate interests have been abused (which are, according to Judgment of the Constitutional Court of Ukraine dated December 1, 2004, in case № 1-10/2004, "independent object of judicial protection"), as far as illegitimate acts of "Storm" LLC in the person of its executive body threaten Claimant's ability to exercise its rights a participant in "Storm" LLC.

Art. 124 of the Constitution of Ukraine lays down that the courts' competence embraces all legal relations in Ukraine, in particular, those, which are present in this case.

According to part 1 of Art. 20 of the Civil Code of Ukraine, persons exercise a right to protection at their option, i.e. they are free to choose means of protection of violated rights and legitimate interests.

In view of the foregoing, guided by Arts. 10, 124 of the Constitution of Ukraine, Art. 203, Art. 215, Art. 228, Art. 235 of the Civil Code of Ukraine, Art. 83, Art. 84 of the Commercial Procedure Code of Ukraine,

## REQUEST:

- to render unlawful the actions of the "Storm" Limited Liability Company related to the execution of the Shareholders Agreement, dated January 30, 2004;
- to terminate the actions of "Storm" Limited Liability Company related to the execution of the Shareholders Agreement, dated January 30, 2004;
- to hold "Storm" Limited Liability Company liable for the court expenses paid by "Alpren Limited".

Exhibits:

1. Copy of the Charter of "Storm" LLC as amended and supplemented;
2. Copy of the Shareholders Agreement, dated January 30, 2004.
3. Proof of sending a copy of the statement of claim, together with the documents attached (not possessed by Defendant), to Defendant.
4. Receipt of payment of the court fee.
5. Receipt of payment for the informational and technical services in the court proceedings.
6. Copy of a proxy for representation.


*[Signature]*
Illiashev M.I.
Representative by proxy.

.2006

**Господарський суд м. Києва**

**Позивач:**
*Найменування:* "Альпрен Лімітед"
юридична особа за законодавством Республіки Кіпр
*Місцезнаходження:* 3 Themistocles Dervis Street, Julia House, 1st Floor, 1066, Nicosia, Cyprus (Кіпр)
**Адреса для кореспонденції:** 01030, м. Київ, вул. Чапаєва, буд. 4, оф. 12.

**Відповідач:**
*Найменування:* Товариство з обмеженою відповідальністю "Сторм"
*Місцезнаходження:* 01001, м. Київ, вул. Народного ополчення, буд.1
*Ідентифікаційний код юридичної особи* 23163325
п/р 26000100675001 в ЗАТ "Альфа-Банк".
МФО 300346

## ПОЗОВНА ЗАЯВА
про визнання дій незаконними та припинення дій

Відповідач є товариством з обмеженою відповідальністю, яке створене в межах українського законодавства.

Позивач, згідно зі Статутом Відповідача є учасником Відповідача з [часткою] 49,9 відсотків.

У відповідності до Цивільного кодексу України, Господарського кодексу [Укра]їни, Закону України "Про господарські товариства" Позивач має право на [упра]вління Відповідачем, як один з членів вищого органу Відповідача [(товар]иства з обмеженою відповідальністю) – загальних зборів учасників.

Ст.145 Цивільного кодексу України визначено повноваження Загальних [збор]ів учасників товариства з обмеженою відповідальністю. Зокрема, ч.4 ст.145 [Цивіл]ьного кодексу України встановлено перелік повноважень, які належать до [виключ]ної компетенції загальних зборів учасників, що не підлягають передачі [інши]м органам, зокрема директору.

Також ст.145 Цивільного кодексу України надає учасникам товариства з [обм]еженою відповідальністю права самостійно визначати інші повноваження, [не] законом віднесені до повноважень інших органів управління товариства, як [виключ]ні повноваження загальних зборів учасників, таким чином обмежуючи [відпо]відні інші органи.



Господарський суд міста Києва
ОДЕРЖАНО
№ 9568   Підпис

Користуючись наданим правом, учасники Відповідача обмежили ...аження керівника виконавчого органу Відповідача, шляхом внесення ...ідних положень до статуту Відповідача, як це вимагається ст.88 ...ного кодексу України. Так, зокрема, в п.4 ст.12 Статуту Відповідача було ...влено, що генеральний директор має право підписувати договори та угоди ...ні Відповідача, а якщо угода чи операція передбачає розпорядження чи ...ення обтяження на будь-які активи Відповідача, придбання, купівлю чи ...ку на будь-які акції, то такий договір чи інші документи угоди ...уються генеральним директором тільки після затвердження зборами ...іків, якщо не існує іншої домовленості між учасниками.

Проте, як щойно стало відомо Позивачу, Відповідач діяв та діє всупереч ...м Статуту, схваленого його учасниками, систематично ігнорував та ...є його положення, порушував та порушує законодавство України.

Так, Відповідачем в особі його виконавчого органу – генерального ...гора, було підписано так звану "Акціонерну угоду" (Shareholders ...ment). Вказана так звана "угода" не відповідає вимогам законодавства ...ни по змісту, порушує публічний порядок України, укладена у формі, яка ...повідає вимогам щодо форми подібних документів, визначених Цивільним ...сом України та іншими нормами українського законодавства та є ...іною з огляду на наведене нижче.

Аналізуючи правову природу вказаної угоди, слід прийти до висновку, ...азана угода є удаваним правочином, з метою приховати інший правочин – ...нення до статуту іншої юридичної особи та договір купівлі-продажу акцій. ...вуючи правові наслідки, передбачені ст.235 Цивільного кодексу України, в ...у випадку, його слід розглядати частково саме як установчий документ, а ...ово саме як договір купівлі-продажу акцій за правилами, що ...совуються законодавством України відповідно для установчих документів ...говорів купівлі-продажу.

Вказаний висновок ґрунтується на тому, що вказаний документ ...чає, серед іншого, порядок управління іншою юридичною особою, зокрема ...док формування виконавчого органу. Також п.6.03 ст.6 Акціонерної угоди ...овлюються наслідки протиріч між її текстом та текстом Статуту, а саме ...овлено, що в таких випадках угода матиме переважну силу. В цьому ж ...ті угоди встановлюється порядок внесення змін до Статуту. Крім того, ст.2 ...и містить умови придбання акцій за настання певних обставин. Цим самим ...они угоди фактично самі показали, який саме правочин вони насправді ...или, підписавши так звану "Акціонерну угоду".

Згідно з п.6 Постанови Кабінету Міністрів України "Про порядок ...авної реєстрації суб'єктів підприємницької діяльності" (чинна на момент ...исання "Акціонерної угоди") та ст.8 Закону України "Про державну ...страцію юридичних осіб та фізичних осіб – підприємців", установчі ...кументи юридичної особи повинні бути викладені державною мовою, якою ...повідно до ст. 10 Конституції України є українська мова.

2

Законом України "Про мови в Українській РСР" (ст.24) визначено, що
угод українських підприємств з іноземними підприємствами є українська
мова іншої сторони по договору. Тобто, за будь-яких умов, текст цієї так
"акціонерної угоди" стороною в якій є з одного боку резиденти України
яких Позивач) повинен бути викладений українською мовою. А оскільки
му випадку ця так звана "угода" крім української мови могла бути
ена мовою іншої сторони по договору, то враховуючи, що такою
ою є резидент Норвегії, такою мовою мала б бути ще й норвезька мова.
дення ж її тексту виключно англійською мовою є протизаконним, а її
ання Відповідачем неправомірним, та таким що порушує Конституцію
и (викладену в ній публічно-правову норму про державну мову) та ст.203
ного кодексу України.

Слід також зазначити, що вказана так звана "угода", хоча й не містить в
сторони Позивача, насправді укладена з метою виникнення у Позивача
зків по фінансуванню купівлі (прийнятті участі у підписці) акцій іншої
чної особи. Зокрема, ст.2 угоди містить обов'язки Відповідача купити
певного акціонерного товариства при певних умовах. Тобто Відповідачем в
генерального директора порушено вимоги Статуту (п.12.4), законодавства
и (ст.145, ст.203 Цивільного кодексу України), оскільки Відповідач діяв за
и своєї цивільної дієздатності. Щож до покладення відповідних обов'язків
півлі акцій та фінансуванню цієї операції, то це є спробою незаконно
одіти майном (грошовими коштами) Відповідача та Позивача, оскільки
чином передбачалося позбавлення їх грошових коштів, які повинні були б
итрачені на купівлю акцій.

Враховуючи вказане, вона є нікчемним правочином на підставі ст.228
льного кодексу України та не підлягає визнанню судом недійсним на
аві ст.215 Цивільного кодексу України.

Зважаючи на порушення Конституції України, Цивільного кодексу
їни, Закону України "Про мови в Українській РСР", Закону України "Про
авну реєстрацію юридичних осіб та фізичних осіб – підприємців", Статуту
"Сторм" при підписанні так званої "Акціонерної угоди" від 30.01.2004
за участю ТОВ "Сторм", Позивач вважає, що його права і охоронювані
ом інтереси порушені (які відповідно до Рішення Конституційного Суду
їни від 01.12.2004 року у справі № 1-10/2004 "є самостійним об'єктом
вого захисту"), оскільки незаконність дій ТОВ "Сторм" в особі його
навчого органу, ставить під загрозу можливість реалізації Позивачем своїх
як учасника ТОВ "Сторм".

Ст.124 Конституції України передбачає, що юрисдикція судів
ирюється на всі правовідносини, що виникають у державі, зокрема й ті, що
лися в даному випадку.

Відповідно до ч. 1 ст. 20 Цивільного кодексу України право на захист
здійснює на свій розсуд, тобто, вільно обирає спосіб захисту порушених
і охоронюваних законом інтересів.

3

Зраховуючи вищевикладене, керуючись ст.ст.10, 124 Конституції України ст. 215, ст.228, ст.235 Цивільного кодексу України, ст.83, ст.84 ГПК и,

**ПРОСИМО:**

визнати незаконними дії Товариства з обмеженою відповідальністю "Сторм" щодо підписання Акціонерної угоди, датованої 30.01.2004 року;

припинити дії Товариства з обмеженою відповідальністю "Сторм" по виконанню Акціонерної угоди, датованої 30.01.2004 року.

покласти на Товариство з обмеженою відповідальністю "Сторм" обов'язок по відшкодуванню "Альпрен Лімітед" судових витрат.

Додатки:
Копія статуту ТОВ "Сторм" зі змінами та доповненнями;
Копія акціонерної угоди, датованої 30.01.2004р.
Докази направлення копії позовної заяви та доданих документів (яких немає у відповідача) відповідачеві.
Квитанція про оплату державного мита.
Квитанція про оплату послуг з інформаційно-технічного забезпечення судового процесу.
Копія довіреності на представництво.

лев М.І.
ставник по довіреності.

Payment order № 154                                                                 2 copies

dated "10" April 2006                                     0410001
                                                          Received by the bank
                                                          [Seal of Brokbiznesbank]                    6
                                                          10 April 2006
                                                          AB "Brokbiznesbank"
                                                          MFO 300959
                                                          KF#4

| Law firm "Illyashev and Partners" | Code of the bank | Debit acc. № | Amount |
| AB "Brokbiznesbank" in Kyiv | 300959 | 260070065 | 85,00 |

RVDK in Shevchenkyvsky district of Kyiv           Credit acc. №
                                                  31113095600011
              Code of the bank
Kyiv          820019

Amount: eighty-five hryvnas, 00 kopyikas

Details of the payment:

90200;01; bank reporting attribute 095-state-duty by Alpren Limited for lodging statement of claim on recognition as unlawful and termination of the actions against Storm LLC to the Kyiv Commercial Court.

VAT is not included                                      Transferred by the bank
                                                         [Stamp]
                                                         10 April 2006
                                                         AB "Brokbiznesbank"
                                                         MFO 300959
[Seal] Signature  *[Signature]*                          KF#4
                  *[Signature]*                          *[Signature]*
                                                         Signature of the bank
                                                         *[Signature]*





attor...   confirm...   ...vhatsoever shall be done between
the ...              ...torney and the time of that
rev...               ...ttorney.

(b)   The c...   rises ...   ...owers the attorney to acknowledge
      in its    and the    ...f the company this power of
      attor...  of the c... ...was duly affixed hereto and to
      reg...    ...e in th... ...office and or registry and to
      o...                 ...whatsoever which may be in
      an...                ...ting and giving full effect to this
      pow...    ...         ...d usages of the respective country
      as ...    ...         ...ny.

                 ...is...   ...ted this 5 day of April two

witness wher...
ousand six.

he common seal...
**lpren Limited**
as hereunto
ffixed in the pr...

..................
Charalambos M...
Director

..................
Sophia Ioannou
For Abacus Se...
Secretary

Signed this day...          ...clides as director and Sophia
Ioannou for A...             ...Alpren Limited, both of Nicosia,
who are perso...              ...my presence under the common
seal of the said...           ...have hereto set my hand and
official seal this

..................
A S Savvides
Certifying Of...
Nicosia - Cyp...

F:\Clients From A...



# EXHIBIT 4

# KYIV COMMERCIAL COURT
44-B Bogdana Khmelnytskogo Street, Kyiv 01030 tel. 230-31-34

## ORDER
## ON COMMENCEMENT OF THE PROCEEDING IN CASE

Case № 40/242.

Judge Smirnova L.G. having examined the statement of claim filed by Alpren Limited
against Storm Limited Liability Company
on recognition as unlawful and termination of the actions

Guided by Arts. 64, 65 of the Commercial Procedure Code of Ukraine

### JUDGE HAS ORDERED:

To commence proceedings in the case and to admit the statement of claim to consideration.

To schedule the hearing for April 21, 2006, at 12:00. The hearing will be held at the court room No. 23.

To oblige the Participants of the proceeding to provide the Court:

in witness of their status of legal entities and full names, with the duly authenticated copy of the Charter (Provision), certificate of state registration (re-registration) of a subject of entrepreneurial activity as a legal entity;

with information of the statistics authorities about their registration in the Uniform State Register of Enterprises and Organizations of Ukraine at the time of proceeding;

with information from the bank about the active accounts.

To oblige Claimant to provide the court:

with written confirmation that no commercial court or another authority, competent to consider the dispute, is considering a case between the same parties under the same cause of action, as well as that there is no decision of these bodies in such dispute;

with information of the statistics authorities about Defendant's registration in the Uniform State Register of Enterprises and Organizations of Ukraine at the time of proceeding;

with original documents attached to the statement of claim.

To oblige Defendant to provide the court:

with written and legally reasoned comments on the substance of the claim, indicating the evidence that confirms the stated facts, as well as proof of their sending to Claimant.

To oblige the Parties to direct duly authorized representatives to the hearing.

To notify the Parties that non-appearance of their representatives, or a representative of one of them, in the hearing of the commercial court does not prevent consideration of the case on the substance of the dispute.

To notify the Parties about responsibility for non-compliance with requirements of a court order according to paragraph 5 of Article 83 of the Commercial Procedure Code of Ukraine, specifically Claimant – according to paragraph 5 of Article 81 of the Commercial Procedure Code of Ukraine.

**Judge**            *[Signature]*            **Smirnova L.G.**



# ГОСПОДАРСЬКИЙ СУД міста КИЄВА

01030, м.Київ, вул.Б.Хмельницького, 44-Б   тел.230-31-34

## УХВАЛА
### ПРО ПОРУШЕННЯ ПРОВАДЖЕННЯ У СПРАВІ

Справа № 40/242

…дя Смірнова Л.Г. розглянувши позовну заяву "Альпрен Лімітед"
…ства з обмеженою відповідальністю "Сторм"
…я дій незаконними та припинення дій
…ні матеріали достатніми для прийняття позовної заяви до розгляду.
…ючись ст.ст. 64, 65 Господарського процесуального кодексу України,

### СУДДЯ УХВАЛИВ:

…орушити провадження у справі та прийняти позовну заяву до розгляду.
…озгляд справи призначити на 21.04.06 о 12:00. Засідання відбудеться у
…суду в кімнаті № 23.
…обов'язати учасників процесу подати суду:
…підтвердження їх статусу юридичної особи і повного найменування подати
…алежним чином засвідчену копію статуту (положення), свідоцтва про державну
…(перереєстрацію) суб'єкта підприємницької діяльності - юридичної особи;
…органів статистики про їх знаходження в Єдиному державному реєстрі
…та організацій України на час розгляду справи;
…ідку з банку про найменування відкритих рахунків.
…ивачу подати суду:
…асне письмове підтвердження того, що у провадженні господарських судів
…іншого органу, який в межах своєї компетенції вирішує спір, немає справи зі
…ими ж сторонами, про той же предмет і з тих же підстав та немає рішення цих
…кого спору;
…ідку з органів статистики про знаходження в Єдиному державному реєстрі
…в та організацій України відповідача на час розгляду справи;
…игінали документів доданих до позовної заяви.
…овідачу подати суду:
…исьмово та нормативно обгрунтовані пояснення по суті позовних вимог з
…доказів, що підтверджують викладені обставини, докази направлення цих
…позивачеві.
Сторонам направити у судове засідання повноважних представників.
Попередити сторін про те, що нез'явлення в засідання господарського суду їх
…ків або однієї з них, не є перешкодою для розгляду справи по суті.
Попередити сторін про відповідальність за невиконання вимог ухвали суду у
… з вимогами пункту 5 статті 83 ГПК України, а окрім цього позивача - у
… з вимогами пункту 5 статті 81 ГПК України.

/ддя                                                                        Смірнова Л.Г.

