# EXHIBIT N
# PART 7

9.02   Service of Process

Each Shareholder irrevocably appoints CT Corporation System, located on the date hereof at 111 Eighth Avenue, 13th Floor, New York, New York 10011, USA, as its true and lawful agent and attorney to accept and acknowledge service of any and all process against it in any judicial action, suit or proceeding permitted by Section 9.01, with the same effect as if such Shareholder were a resident of the State of New York and had been lawfully served with such process in such jurisdiction, and waives all claims of error by reason of such service, provided that the Shareholder effecting such service shall also deliver a copy thereof on the date of such service to the other Shareholders by facsimile as specified in Section 10.01. Each Shareholder will enter into such agreements with such agent as may be necessary to constitute and continue the appointment of such agent hereunder. In the event that any such agent and attorney resigns or otherwise becomes incapable of acting, the affected Shareholder will appoint a successor agent and attorney in New York reasonably satisfactory to each other Shareholder, with like powers. Each Shareholder hereby irrevocably submits to the non-exclusive jurisdiction of the United States District Court for the Southern District of New York and of any New York state court sitting in New York City, Borough of Manhattan, in connection with any such action, suit or proceeding, and agrees that any such action, suit or proceeding may be brought in such court, provided, however, that such consent to jurisdiction is solely for the purpose referred to in this Section 9.02 and shall not be deemed to be a general submission to the jurisdiction of said courts of or in the State of New York other than for such purpose. Each Shareholder hereby irrevocably waives, to the fullest extent permitted by law, any objection that it may now or hereafter have to the laying of the venue of any such action, suit or proceeding brought in such a court and any claim that any such action, suit or proceeding brought in such a court has been brought in an inconvenient forum. Nothing herein shall affect the right of any Shareholder to serve process in any other manner permitted by law or to commence legal proceedings or otherwise proceed against any other Shareholder in any other jurisdiction in a manner not inconsistent with this Section 9.02.

9.03   Waiver of Sovereign Immunity

Each Shareholder hereby represents and acknowledges that it is acting solely in its commercial capacity in executing and delivering this Agreement and in performing its obligations hereunder, and each Shareholder hereby irrevocably waives with respect to all disputes, claims, controversies and all other matters of any nature whatsoever that may arise under or in connection with this Agreement and any other document or instrument contemplated hereby, all immunity it may otherwise have as a sovereign, quasi-sovereign or state-owned entity (or similar entity) from any and all proceedings (whether legal, equitable, arbitral, administrative or otherwise), attachment of assets, and enforceability of judicial or arbitral awards.

## ARTICLE X   MISCELLANEOUS

10.01   Notices

All notices and other communications provided for herein (including, without limitation, any modifications of, or waivers or consents under, this Agreement) shall be given or made by facsimile or by hand in writing and transmitted by facsimile or courier and delivered to the address specified below or at such other address as shall be designated by a Shareholder in a notice to each other Shareholder.

26

to Telenor Mobile, to:

Telenor Mobile Communications AS
Snarøyveien 30
N-1331 Fornebu
Norway

Facsimile No: +47-67-58-10-53
Attn: Mr. Egil Hansen

with a copy to:

Advokatene i Telenor
Snarøyveien 30, 1A
N-1331 Fornebu

Facsimile No: +47-96-213-216
Attn: Fredrik Lykke, Esq.

to Storm, to:

Storm LLC
1 Narodnogo Opolchennaya Street
Kyiv 03067
Ukraine
Fax:    +380-44-235-3905

Attn: The General Director

With a copy to:

OAO "Alfa-Bank"
12, Prospekt Sakharova, 4th Floor
107078 Moscow, Russia
Tel: (7-095) 788-03-85
Fax: (7-095) 928-86-10

Attn: Mr. Tigran Agadjanov

Except as otherwise provided in this Agreement, all such communications shall be deemed to have been duly given and shall be effective when transmitted by facsimile, personally delivered or, in the case of any notice delivered by courier, upon receipt, in each case, given or addressed as aforesaid.

1.03   Entire Agreement; Agreement to Prevail

This Agreement supersedes all prior discussions and agreements among the parties with respect to the subject matter hereof, including, without limitation, the letter agreement dated April 29, 2002 between and among OAO "Alfa-Bank", Storm and Telenor Mobile, but excluding the Shareholders Agreement, and contains the sole and entire agreement between

27

contained herein with respect to the subject matter hereof. In the event of any inconsistency between the provisions of this Agreement and the provisions of the Shareholders Agreement, as between the Shareholders, the provisions of this Agreement shall prevail.

### 9.02  Waiver

Any term or condition of this Agreement may be waived at any time by the party that is entitled to the benefit thereof, but no such waiver shall be effective unless set forth in a written instrument duly executed by or on behalf of the party waiving such term or condition. A waiver by any Shareholder of any term or condition of this Agreement, in one or more instances, shall not be deemed to be or construed as a waiver of the same or any other term or condition of this Agreement on any future occasion. All remedies, either under this Agreement or by applicable law or otherwise afforded, will be cumulative and not alternative.

### 9.03  Amendment

This Agreement may be amended, supplemented or modified only by a written instrument duly executed by or on behalf of each Shareholder.

### 9.04  No Assignment; Binding Effect; No Third Party Beneficiary

Except as expressly provided herein, neither this Agreement nor any right, interest or obligation hereunder may be assigned by any Shareholder without the prior written consent of the other Shareholders and any attempt to do so will be void. Subject to the preceding sentence, this Agreement is binding upon, inures to the benefit of and is enforceable by the Shareholders and their respective successors and assigns. The terms and provisions of this Agreement are intended solely for the benefit of each Shareholder and its successors and permitted assigns, and it is not the intention of the Shareholders to confer third party beneficiary rights upon any other Person.

### 9.05  Governing Law

This Agreement shall be governed by, and construed in accordance with, the laws of the State of New York, United States of America, without giving effect to any conflicts of laws analysis thereof which would result in the application of the laws of another jurisdiction.

### 9.06  Severability

Any provision of this Agreement or any other document executed in connection herewith that shall be invalid, illegal or unenforceable in any jurisdiction, the invalidity, illegality or unenforceability of such provision in such jurisdiction shall not affect or impair the validity, legality or enforceability of (a) any other provision of this Agreement or any such other document in such jurisdiction or (b) such provision or any other provision of this Agreement or any such other document in any other jurisdiction.

### 9.07  Further Assurances

From time to time, at any Shareholder's reasonable request and without further consideration, any Shareholder shall execute and deliver such additional documents and take all such actions as may be reasonably necessary or desirable to consummate and make effective, in the most expeditious manner practicable, the transactions contemplated by this Agreement.

1.9 Headings

Headings contained in this Agreement are for convenience of reference only, and do not form a part hereof and in no way interpret or construe the provisions hereof.

1.10 Counterparts

This Agreement may be executed in one or more counterparts, each of which shall be deemed to be an original, but all of which shall constitute one and the same instrument.

46

IN WITNESS WHEREOF, each of the parties hereto has caused this Voting Agreement to be duly executed by its duly authorized officer as of the day and year first above written.

TELENOR MOBILE
COMMUNICATIONS AS

By: _____
Arve Johansen
Chairman of the Board

By: _____
Valery Vladimirovich Nilov
General Director



# ДОГОВІР ПРО ГОЛОСУВАННЯ

від 2 вересня 2002 року

між

**ТЕЛЕНОР МОБАЙЛ КОМЬЮНІКЕШНЗ АС**
**(TELENOR MOBILE COMMUNICATIONS AS)**

та

**ТОВ СТОРМ**
**(STORM LLC)**

ЗМІСТ

СТАТТЯ I  ВИЗНАЧЕННЯ І ТЛУМАЧЕННЯ .................................................................. 1
  1.  ВИЗНАЧЕННЯ ............................................................................................................. 1
  2.  ТЛУМАЧЕННЯ ............................................................................................................. 9

СТАТТЯ II  УПРАВЛІННЯ КОМПАНІЄЮ ..................................................................... 10
  1.  РАДА ДИРЕКТОРІВ .................................................................................................. 10
  2.  ПРЕЗИДЕНТ ............................................................................................................... 13
  3.  ЗМІНИ І ДОПОВНЕННЯ ДО СТАТУТУ ............................................................... 14
  4.  ЗБІЛЬШЕННЯ РОЗМІРУ КАПІТАЛУ; ФІНАНСУВАННЯ; IPO (ПЕРВИННЕ РОЗМІЩЕННЯ АКЦІЙ) ... 14
  5.  ПРИЄДНАННЯ ДО ДОГОВОРУ АКЦІОНЕРІВ; НОВИЙ ДОГОВІР АКЦІОНЕРІВ ........ 16
  6.  ДОГОВІР ПРО РЕЄСТРАЦІЮ ПРАВ ................................................................... 17
  7.  ДИВІДЕНДНА ПОЛІТИКА ...................................................................................... 17
  8.  ВИКОНАННЯ ДОГОВОРУ І ЙОГО УМОВ ......................................................... 17
  9.  ПРИДБАННЯ ДОДАТКОВИХ АКЦІЙ ................................................................... 18

СТАТТЯ III  ЗАЯВИ І ГАРАНТІЇ ..................................................................................... 18
  10.  ЗАЯВИ І ГАРАНТІЇ АКЦІОНЕРІВ ....................................................................... 18
  11.  ЗАЯВИ І ГАРАНТІЇ НАСТУПНИХ АКЦІОНЕРІВ ............................................. 19

СТАТТЯ IV  ОБМЕЖЕННЯ НА ВІДСТУПЛЕННЯ ..................................................... 20
  01.  ЗАГАЛЬНА ЧАСТИНА ........................................................................................... 20
  02.  ПРАВО ВИМОГИ ЩОДО ПРОДАЖУ .................................................................. 20
  04.  ПРАВА ПРОДАЖУ АКЦІЙ НА ОДНАКОВИХ УМОВАХ ............................... 21

СТАТТЯ V  ОКРЕМІ КОРПОРАТИВНІ ПИТАННЯ ................................................... 21
  01.  ПРИДБАННЯ БОРГІВ ............................................................................................. 21
  02.  ВІДСУТНІСТЬ КОНКУРЕНЦІЇ ............................................................................. 23
  03.  ВНЕСЕННЯ ЗМІН ДО СТАТУТУ ......................................................................... 24
  04.  ПРАВО ПРИДБАННЯ КОМПАНІЇ "ТЕЛЕНОР МОБАЙЛ" .......................... 25
  05.  РОЗКРИТТЯ БЕНЕФІЦІАРНОЇ ВЛАСНОСТІ У ЗВ'ЯЗКУ З АКЦІЯМИ, ЩО ПРОПОНУЮТЬСЯ ...... 25
  06.  ІНШІ ДОМОВЛЕНОСТІ ......................................................................................... 25
  07.  ПОВІДОМЛЕННЯ АКЦІОНЕРІВ ......................................................................... 26

СТАТТЯ VI  КОНФІДЕНЦІЙНІСТЬ ............................................................................... 26

СТАТТЯ VII  ЕТИЧНІ АСПЕКТИ ВЕДЕННЯ БІЗНЕСУ ............................................ 27
  7.01.  ПРОДАЖИ ДЕРЖАВНОМУ СЛУЖБОВЦЮ ................................................. 27
  7.02.  ОБЛІКОВІ РЕЄСТРИ ТА ДОКУМЕНТИ ........................................................ 27
  7.03.  АГЕНТИ, СУБПІДРЯДНИКИ ТА КОНСУЛЬТАНТИ .................................. 27
  7.04.  ВИСТУПЛЕННЯ АГЕНТІВ ЧИ ЕКСПЕРТІВ НА КОРИСТЬ КОМПАНІЇ .... 28
  7.05.  АФІЛІЙОВАНІ ОСОБИ, ДИРЕКТОРИ, ПОСАДОВІ ОСОБИ ТА ПРАЦІВНИКИ ....... 28
  7.06.  ПРАВИЛА ВІДПОВІДНОСТІ .............................................................................. 28
  7.07.  ДОСТУП ДО РИНКІВ КАПІТАЛУ; IPO (ПЕРВИННЕ РОЗМІЩЕННЯ АКЦІЙ) ......... 28
  7.08.  ПРИПИНЕННЯ ДІЇ ДОГОВОРУ АКЦІОНЕРІВ, ЩО НЕ ПОРУШУЄ ЗАКОНОДАВСТВО ... 28

СТАТТЯ VIII  СТРОК ДІЇ ТА ПРИПИНЕННЯ ДІЇ ..................................................... 29

СТАТТЯ IX  ВИРІШЕННЯ СПОРІВ ................................................................................ 29
  9.01.  АРБІТРАЖ; ДОМОВЛЕНІСТЬ ПРО ВИБІР ЮРИСДИКЦІЇ ...................... 29
  9.02.  АРБІТРАЖНИЙ ПРОЦЕС .................................................................................... 31
  9.03.  ВІДМОВА ВІД ІМУНІТЕТУ СУВЕРЕНА ........................................................ 31

СТАТТЯ X  РІЗНЕ ................................................................................................................ 32
  10.01.  ПОВІДОМЛЕННЯ ................................................................................................. 32
  10.02.  ЦІЛІСНІСТЬ ДОГОВОРУ; ПЕРЕВАЖНА СИЛА ДОГОВОРУ ................ 33
  10.03.  ВІДМОВА ................................................................................................................ 33

i



... Пресійна Заява ........................................... 33
... Дострокове Перегорнення: Зобов'язальна Дія; Неробувнення Бенефіціарів з числа
Акціонерів .................................................. 33
... Право що застосовується ..................................... 34
... Подільність ............................................... 34
... Подальший Заспокоєння ...................................... 34
... Заголовки ................................................. 34
... Принципники .............................................. 34

Додатки
Додаток 1   Участь в акціонерному капіталі
Додаток 2   Процедура визначення Справедливої Ринкової Вартості
Додаток 3   Затверджені Банківські Установи
Додаток 4   Інвестиції
Додаток 5   Бенефіціарна Власність

Додатки
Додаток А   Форма Підтвердження
Додаток B   Форма Нового Договору Акціонерів

10

[illegible] ДОГОВІР ПРО ГОЛОСУВАННЯ від 2 [illegible] 2002 року між ТЕЛЕНОР [illegible] КОМУНІКЕЙШНЗ АС (TELENOR MOBILE COMMUNICATIONS AS) [illegible] до законодавства Норвегії ("**Теленор Мобайл**"), та [illegible] "СТОРМ", товариство з обмеженою відповідальністю, [illegible] Україна ("Сторм") [illegible] Теленор Мобайл [illegible] Акцій з Правом Голосу [illegible] Договору, [illegible] "Акціонер").

ЗАСВІДЧУЮТЬ СВОЇМИ ПІДПИСАМИ

ОСКІЛЬКИ компанії "Теленор Мобайл" та "Сторм" є сторонами Договору [illegible] від 28 [illegible] 1998 року ("**Договір Акціонерів**"), який [illegible] компанія "Теленор Мобайл", "Сторм", ТОВ "Омега", "Сторм [illegible]", "[illegible] Зетте[illegible]" та "КИЇВСТАР Джі Ес Ем", закритим акціонерним товариством, [illegible] законодавства України ("**Компанія**");

ОСКІЛЬКИ компанії "Теленор Мобайл" та "Сторм" уклали Договір Купівлі [illegible], який містить дату, [illegible] цього Договору ("**Договір Купівлі Акцій**"), [illegible] компанія "Сторм" [illegible] придбати [illegible] Простих [illegible] Компанії, що становить [illegible]% [illegible] ("**Операція Купівлі Акцій Компанією "Сторм"**");

ОСКІЛЬКИ після остаточного оформлення Операції Купівлі Акцій Компанією [illegible] компанії "Сторм" та "Теленор Мобайл" [illegible] Простих Акцій та Привілейованих Акцій, [illegible] Договору [illegible] акцій;

ОСКІЛЬКИ через те, що ТОВ "Омега", яке залишається акціонером Компанії, [illegible] до Договору [illegible]. Акціонери не мають можливості [illegible] до Договору [illegible];

ОСКІЛЬКИ, беручи до уваги вищезазначене, Акціонери визнають, що інтереси [illegible] Простих Акцій відповідно до умов Договору Акціонерів таким способом, [illegible] забезпечить належне функціонування і стабільність діяльності й управління [illegible].

У ЗВ'ЯЗКУ З ЧИМ І НАДАЛІ для забезпечення [illegible] та з [illegible] умов і зобов'язань, що містяться у цьому Договорі, а [illegible] сутгєвої вигоди, отримання й достатність якої визнаються цим [illegible], сторони цього Договору домовляються про наступне:

**СТАТТЯ I ВИЗНАЧЕННЯ І ТЛУМАЧЕННЯ**

1.1 **Визначення**

[illegible] до визначення у цьому Договорі, наступні терміни мають наступне [illegible]:

"... або Провадження" — означають будь-який позов, судовий процес, [...] або арбітраж, розпочатий, поданий, проведений або такий, що [...] у процесі розгляду, будь-яким Державним або Регламентуючим Органом.

"[...] Визнаю Акціонер" — має значення згідно з визначенням, поданим у [...] 2 цього [...]

"[...]язана Особа" — по відношенню до будь-якої Особи означає будь-яку іншу [...], яка прямо або опосередковано контролює або знаходиться під спільним [...] або контролюється такою Особою, якщо така Особа є фізичною особою, [...] родичем або чоловіком/дружиною такої Особи, або будь-яким родичем [...] чоловіка/дружини такої Особи, які мають однакове місце постійного [...] з такою Особою, а також включаючи будь-яке розпорядження майном або [...] на засадах довірчої власності, для яких будь-яка Особа або Особи, визначені [...] Договорі, прямо або опосередковано, виступають як довірчий власник, [...] або у подібній якості (у тому числі включаючи гаранта або особу, яка [...] дати розпорядження довірчою власністю), або у якій будь-яка така Особа чи [...] визначені у цьому Договорі, прямо чи опосередковано, мають інше право [...], а також будь-яку Особу, яка контролюється за рахунок будь-якої [...] власності або майна, зазначених вище. Відповідно до вживання у цьому [...], термін "контроль" (включаючи його коренітивні значення "[...]" (будь-ким/будь-чим) та "під спільним контролем") по [...] до будь-якої Особи означає пряме чи опосередковане володіння правами [...] або вживати дії для спрямування дій керівництва чи стратегії дій (через [...] акціями чи партнерство або інші частки участі у капіталі компанії на [...] основі або іншим чином) Особи.

"[...]овір" — означає цей Договір про Голосування разом із Додатками і Доповненнями [...] Договору.

"[...]ьфа" — означає Альфа Телеком Лімітед, компанію, засновану відповідно до [...] Британських Віргінських Островів.

"[...]тверджені Банківські Установи" — означають інвестиційні банки, перелік яких [...] у Додатку 3.

"[...]ктиви та Власність" — по відношенню до будь-якої Особи означають усі активи та [...] будь-якого виду, природи, характеру та найменування (нерухоме, [...]жне або змішаної власності, матеріальне або нематеріальне, з повним, [...]жимим, умовним майновим правом або тимчасовим будь-яким іншим чином за [...]-яких обставин), включаючи гудвіл, який відноситься до таких активів та [...], та який використовується, застосовується, знаходиться у власності або [...] такою Особою, у тому числі включаючи грошові кошти, еквіваленти [...]ових коштів, інвестиції, дебіторську заборгованість та векселі до отримання, [...]нові документи, документи, інструменти, загальні нематеріальні активи, нерухоме [...], обладнання, товарно-матеріальні запаси, продукцію та Інтелектуальну [...]ність.

"[...]да" — означає Раду Директорів Компанії.

"[...]ільність" — означає діяльність і надання бездротового мобільного [...]комунікаційного зв'язку.

[Page too faded and blurred to transcribe reliably — Ukrainian text defining terms of a company charter/statute, including definitions of "Акції і Прості Акції", "Афілійована Особа", "Контролює", "Зобов'язання", etc.]