# EXHIBIT N
# PART 29



----I, OSCAR ERIC PRESCOTT, of the City and Garrison of Gibraltar, NOTARY PUBLIC by Royal Authority, duly admitted and sworn, practising in the said City, DO HEREBY CERTIFY that the document hereunto annexed is a true and faithful Photocopy of the original Certificate of Incorporation of    A L P R E N       L I M I T E D    a Company duly incorporated in the Republic of Cyprus, therefore full faith and credit may be given to the said annexed Photocopy in Judicature and thereout.------

--WHEREOF an Act being required I, the said Notary, have granted these presents under my signature and official Seal to serve and avail when and where need may require.--------

DONE and PASSED in Gibraltar aforesaid this    Twenty-eighth    day of    December    in the year of Our Lord Two thousand and five.

In Testimonium Veritatis

NOTARY PUBLIC
GIBRALTAR

З ОРИГІНАЛОМ
ЗГІДНО

HE 143441

IT IS HER

**ALPREN**

has this d

Liability C

Given und

TRANSLAT

for Registr

27



ΚΥΠΡΙΑΚΗ
REPUBLIC    ΔΗΜΟΚΡΑΤΙΑ
OF CYPRUS

HE 44

THE COMPANIES LAW, CAP. 113
Section 15(1)

CERTIFICATE OF INCORPORATION

IT IS HEREBY CERTIFIED that,

ILPREN LIMITED

has this day been incorporated under the Companies Law, Cap. 113 as a Limited

ability Company

Given under my hand in Nicosia on the 27th of November, 2003

Registrar of Companies

TRANSLATED TRUE COPY
CHRIS. DOOULIDES
fr Registrar of Companies
27 July, 2005



—Я, ОСКАР ЕРІК ПРЕСКОТТ (OSCAR ERIC PRESCOTT), ДЕРЖАВНИЙ НОТАРІУС із міста і гарнізону Гібралтар, Королівською владою належним чином призначений і приведений до присяги, практикуючи у вищезазначеному місті, ЦИМ СВІДЧУ, що документ, який додається, є справжньою і точною фотокопією оригінального свідоцтва про реєстрацію компанії

"АЛЬПРЕН ЛІМІТЕД"
(ALPREN LIMITED)

належним чином заснованої у Республіці Кіпр; таким чином, зазначена фотокопія, що додається, заслуговує на повну довіру в судах та поза судами.

—ОСКІЛЬКИ цього вимагає Закон, я, вищезгаданий нотаріус, видаю цей документ за моїм власноручним підписом і офіційною печаткою для використання і представлення скрізь і завжди, де і коли у цьому виникне потреба.

ВИКОНАНО і ВИДАНО у вищезгаданому м.Гібралтарі цього двадцять восьмого дня грудня року Господа нашого дві тисячі п'ятого.

На засвідчення справжності

/Підпис/

ДЕРЖАВНИЙ НОТАРІУС
ГІБРАЛТАР

/Печатка державного нотаріуса/

З ОРИГІНАЛОМ
ЗГІДНО



**APOSTILLE * АПОСТИЛЬ**
(Convention de La Haye du 5 Octobre 1961)
(Гаазька Конвенція від 5 жовтня 1961 року)

ЗАЛЕЖНА ТЕРИТОРІЯ СПОЛУЧЕНОГО КОРОЛІВСТВА - ГІБРАЛТАР

...ово-правовий документ

ОСКАРОМ ЕРІКОМ ПРЕСКОТТОМ

...як державний нотаріус

...ний печаткою/ штампом: зазначеного державного нотаріуса

**ПІДТВЕРДЖЕНО**

...Гібралтарі                6.  28 грудня 2005 року

...ГУБЕРНАТОРОМ І ГОЛОВНОКОМАНДУВАЧЕМ МІСТА ГІБРАЛТАР

...5055.

...Штамп          10. Підпис:    /Підпис/
...Губернатора
...ору                          За Губернатора і Головнокомандувача
                               міста Гібралтар

З ОРИГІНАЛОМ
ЗГІДНО

РЕСПУБЛІКА КІПР

НЕ 44

## ЗАКОН ПРО КОМПАНІЇ, РОЗДІЛ 113
## ЧАСТИНА 15(1)

### СВІДОЦТВО ПРО РЕЄСТРАЦІЮ

ЦИМ ЗАСВІДЧУЄТЬСЯ, що компанія

**"АЛЬПРЕН ЛІМІТЕД"**
(ALPREN LIMITED)

сьогодні була зареєстрована як компанія з обмеженою відповідальністю відповідно до Закону про компанії, Розділ 113.

Видано за моїм підписом у м. Нікосії 27-го дня листопада 2003 року.

Реєстратор компаній

СПРАВЖНЯ ПЕРЕКЛАДЕНА КОПІЯ.
Підпис
ХРИСТОДУЛІДЕС
Реєстратора компаній
........ 2005 року

........ з текстом: Оскар Ерік Прескотт, державний нотаріус, Гібралтар/
........

ЗГІДНО
З ОРИГІНАЛОМ



Цей переклад з англійської мови на українську мову виконаний перекладачем бюро перекладів "Лінго" Тарахан Святославою Вікторівною.

Підпис:

Місто Київ, Шосте січня дві тисячі шостого року.

Я, _Погоріла Л.С._ державний нотаріус 2-ої Київської державної нотаріальної контори, засвідчую справжність підпису особисто мені відомого перекладача Тарахан С.В.

Зареєстровано в реєстрі за No. 40-93

Стягнуто держмита 0-34/4

Прошито та скріплено печаткою

З ОРИГІНАЛОМ ЗГІДНО

# EXHIBIT 20

**Court Information Center**          **REFERENCE** *67*

According to information of BD "Dilovodstvo GS" the case/claim *40/242* was lodged on *10.04.06*
**Judge**        *Smirnova L.G.*
**Status of the case/claim** *Article 64 of the Code of Commercial Procedure*
Additional Information *21.04.06    12:00*

**Date** *21.04.06*     **Signature**     *[Signature]*

№ 25/03
dated 21.04.2006                                                    *68*

**Claimant**
"Alpren Limited"

**Defendant**
"Storm" LLC


## APPLICATION
### in case № 40/242

We hereby request the Esteemed Court to take into consideration the following.

Claimant does not request hearing in confidence.

Claimant is not aware of any cases related to this case, which are pending before any bodies authorized to consider commercial disputes, or competent bodies.

Parties have not entered into an arbitration agreement with respect to this dispute.

Claimant is not aware of any case pending between the same parties under the same cause of action before commercial courts or other bodies, authorized to consider commercial disputes, or of any decision of such bodies in this dispute.

Respectfully Yours,

Representative of Claimant                *[Signature]*     Marchenko R.V.
(Power of Attorney can be found in the case file),     *[Seal of Attorney Marchenko R.V.]*
Attorney

*12 45*

The Kyiv Commercial Court
        **RECEIVED**               21 APR 2006
№ *06-37/9509* Signature *[Signature]*



ДОВІДКА

Судді

Кому: Госп...
судді Смір...

**Позивач:**
"Альпрен Лімтед"

**Відповідач:**
ТОВ "Сторм"

## КЛОПОТАННЯ
### у справі №40/242

Просимо Шановний Суд врахувати наступне.

Позивач не вимагає конфіденційного розгляду справи.

Позивач не має відомостей щодо порушення пов'язаних з даною справою інших ... органом, що вирішує господарські спори, або компетентними органами.

Сторонами не укладалася угода про передачу даного спору на вирішення ... ського суду.

Позивач не має відомостей щодо знаходження у провадженні господарського суду ... ного органу, який в межах своєї компетенції вирішує господарський спір, справи ... ж тими ж сторонами, про той же предмет і з тих же підстав або наявності рішення ... ів з такого спору.

...ставник позивача
...ерість у справі), адвокат                                                            Марченко Р.В.

Господарський суд міста Києва
ОДЕРЖАНО    21 КВІ 2006
№ 06 ... Підпис

# EXHIBIT 21

*69*

# KYIV COMMERCIAL COURT
44-B Bogdana Khmelnytskogo Street, Kyiv 01030 tel. 486-65-72

## M I N U T E S

*of the court hearing dated <u>21.04.2006</u> in case № <u>40/242</u>*

The court hearing is held at: Kyiv, B. Khmelnytskoho st., 44-B, room № 23.

**Composition of the Commercial court of the city of Kyiv:** Judge Smirnova L.G.

**Secretary of the court hearing:** Umanets A.V.

**Representatives of the Parties:**

For Claimant: <u>*Marchenko R.V., acting on the basis of power of attorney, unnumbered, dated*</u>
<u>*05.04.2006.*</u>

For Defendant: <u>*Klymenko V.V., Director General, acting on the basis of Minutes dated 08.02.2006.*</u>

**Case heard:**
**based on the claim filed by** <u>Alpren Limited</u>
USREOU code

**Against**          <u>*Storm Limited Liability Company*</u>
USREOU code <u>21363325</u>

**on**            <u>*recognition as unlawful and termination of the actions.*</u>

No applications for technical recording of the proceedings have been filed.

<u>*12:00 p.m.*</u> Court hearing is started. Presence of the parties and their authority is verified.

The judge announces the composition of the court and explains the right to challenge the court under Art. 20 of the Commercial Procedure Code of Ukraine.
No challenge to the court is claimed.
The judge explains the rights and obligations of the participants of the proceedings under Art. 22 of the Commercial Procedure Code of Ukraine.

Consideration of the materials of the case and examination of evidence.

*Presentation of Claimant's case.*

*Presentation of Defendant's case.*

*12:15 p.m. The court announces recess until 9:15 a.m. 25.04.2006.*

| | | |
|---|---|---|
| Judge | *[Signature]* | L.G. Smirnova |
| Secretary | *[Signature]* | A.V. Umanets |



# EXHIBIT 22

*70*

# KYIV COMMERCIAL COURT
44-B Bogdana Khmelnytskogo Street, Kyiv 01030 tel. 486-65-72

## M I N U T E S

*of the court hearing dated 25.04.2006 in case № 40/242*

The court hearing is held at: Kyiv, B. Khmelnytskoho st., 44-B, room № 23.

**Composition of the Commercial court of the city of Kyiv:** Judge Smirnova L.G.

**Secretary of the court hearing:** Umanets A.V.

**Representatives of the Parties:**
For Claimant: Marchenko R.V., acting on the basis of power of attorney, unnumbered, dated 05.04.2006.
For Defendant: Klymenko V.V., Director General, acting on the basis of Minutes dated 08.02.2006.

**Case heard:**
**based on the claim filed by** Alpren Limited
                                    USREOU code

| **Against** | Storm Limited Liability Company |
| | USREOU code 21363325 |

| **on** | recognition as unlawful and termination of the actions. |

No applications for technical recording of the proceedings have been filed.

9.15 a.m. Court hearing is resumed. Presence of the Parties and their authority is verified.

The judge announces the composition of the court and explains the right to challenge the court under Art. 20 of the Commercial Procedure Code of Ukraine.
No challenge to the court is claimed.
The judge explains the rights and obligations of the participants of the proceedings under Art. 22 of the Commercial Procedure Code of Ukraine.
Consideration of the materials of the case and examination of evidence.
Presentation of Claimant's case.
Presentation of Defendant's case.
9.29 a.m. The court announces the decision.
9.30 a.m. Court hearing is closed.

| Judge | *[Signature]* | L.G. Smirnova |
|-------|---------------|---------------|
| Secretaty | *[Signature]* | A.V. Umanets |

# ГОСПОДАРСЬКИЙ СУД міста КИЄВА

01030, м.Київ, вул.Б.Хмельницького, 44-Б    тел.486-65-72

## ПРОТОКОЛ

судового засідання від 25.04.2006 року у справі № 40/242

Судове засідання проводиться за адресою: м. Київ, вул. Б.Хмельницького, 44-Б, кімната № 23.

Склад господарського суду міста Києва: Суддя Смірнова Л.Г.

Секретар судового засідання: Уманець А.В.

Представники сторін:
Від Позивача: Марченко Р.В., представник за довіреністю б/н від 05.04.2006
Від Відповідача: Клименко В.В. – Генеральний директор, протокол
від 08.02.2006

Розглядається справа:

За позовом «Альпрен Лімітед»
до Товариства з обмеженою відповідальністю «Сторм»
код ЄДРПОУ №23163325
про визнання дій незаконними та пришинення дій

Заяв і клопотань щодо здійснення технічної фіксації судового процесу  не
надійшло.

9:15 Продовження судового засідання та перевірка явки учасників та їх
повноважень.
Суддя оголошує склад суду і роз'яснює право відводу судді відповідно до
ст. 20 ГПК України.
Відводів складу суду не заявлено.
Суддя роз'яснює на підставі ст. 22 ГПК України права та обов'язки
учасникам судового процесу.
Обговорення матеріалів справи та дослідження доказів по справі.
Виступ представника позивача.
Виступ представника відповідача.
9:29 Судом оголошено рішення.
9:30 Закриття судового засідання.


Суддя                                                           Л.Г. Смірнова

Секретар судового засідання                      А.В. Уманець

# EXHIBIT 23



## KYIV COMMERCIAL COURT

44-B Bogdana Khmelnytskogo Street, Kyiv 01030   Tel.: 486-65-72

### DECISION
### IN THE NAME OF UKRAINE

№40/242                                                     25.04.2006

**Under the claim of:** Alpren Limited, Legal entity under the laws of Cyprus Republic

**against:**          Limited liability company "Storm"
**RE:**               recognition of certain actions as unlawful and their termination

The Judge: Smirnova L.G.

**Representatives:**
Of the plaintiff: Marchenko R.V., representative acting on the basis of the Power of Attorney
           (unnumbered), dated April 5, 2006
Of the defendant: Klimenko V.V., Director General acting on the basis of the Minutes, dated
           February 8, 2006

### FACTUAL BACKGROUND:

The Plaintiff filed a claim to recognize as unlawful the actions of the Defendant related to the execution of the Shareholder Agreement, dated January 30, 2004, and to terminate the actions of the Defendant related to its performance under the said agreement. During the case hearing, the Plaintiff has extended its statements of claim and asks to recognize as unlawful the actions of the Defendant related to the execution of the Shareholders Agreement, dated January 30, 2004, and the Voting Agreement, dated September 2, 2002, and to terminate the actions of the Defendant related to its performance under the said agreements.

By its Ruling, dated April 14, 2006, the Kyiv Commercial Court initiated court proceedings in the case, and the court hearing was scheduled for April 21, 2006.

At the court sitting of April 21, 2006 the case hearing was adjourned until April 25, 2006.

The Defendant submitted no statement of defense to the statement of claim.

The Plaintiff's representative, present at the court sitting, sustained the above statements of claim and asked the court to allow the claim in full.

The Defendant's representative denied the claim and asked the court to disallow it.

[round seal of the Clerk's Office No.1 of the Kyiv                    [stamp: A TRUE COPY]
Commercial Court]

Having studied the case papers and having heard the arguments of the parties' representatives, the Kyiv Commercial Court, -

## DETERMINED AS FOLLOWS:

Pursuant to Article 124 of the Constitution of Ukraine, the jurisdiction of the courts extends to all legal relations that arise in the State. Pursuant to Article 12 of the Commercial Procedural Code of Ukraine, commercial courts are competent to adjudicate in cases involving disputes arising in connection with execution, amendment, termination or performance of commercial agreements or otherwise, unless the parties refer the dispute for settlement to the court of arbitration (arbitration tribunal). The case papers reveal that the dispute in question has not been referred for settlement to the court of arbitration (arbitration tribunal) and is, therefore, within the jurisdiction of the commercial courts of Ukraine.

The Defendant is a limited liability company existing under the laws of Ukraine and its Charter.

The Plaintiff is one of the Defendant's participants holding 49.9 percent of votes. The Plaintiff, as the Defendant's participant, is entitled to participate in the management of the Defendant.

The Defendant's operations were and are managed by its bodies authorized by the Charter and the laws of Ukraine. Its current business operations are managed by its executive body – the Director General. Pursuant to Article 145 of the Civil Code of Ukraine, powers of the Defendant's Director General and their limitations are defined in Article 12 of the Defendant's Charter.

On September 9, 2002 the Defendant, as represented by its Director General, entered into the Voting Agreement between Telenor Mobile Communications AS and Storm Limited Liability Company. The said agreement bound the Defendant to purchase shares of Closed Joint Stock Company "Kyivstar G.S.M." on certain conditions (Clause 2.04(b)). Pursuant to the Defendant's Charter (Article 12), as in effect at the time of execution of the Voting Agreement, the Director General was authorized to sign the said agreement only upon approval by the Meeting of Participants, unless otherwise agreed between the participants. The court established that the Defendant's Meeting of Participants did not approve the above agreement, that there existed no other arrangements between the Defendant's participants other than those stipulated in its constituent documents, and that there was no evidence to suggest that the agreement was approved by the Defendant at any time later.

Therefore, having signed the Voting Agreement and actually trying to administer the Defendant's funds, the Defendant's Director General acted unlawfully and in excess of its powers, in violation of requirements of the laws of Ukraine, in particular, Article 145 of the Civil Code of Ukraine, and provisions of the Defendant's Charter.

On January 30, 2004 the Defendant, as represented by its Director General, entered into the Shareholders Agreement between Telenor Mobile Communications AS, Storm Limited Liability Company, and "Kyivstar G.S.M." Closed Joint Stock Company. The said agreement bound the Defendant to purchase shares of "Kyivstar G.S.M." CJSC on certain conditions (Clause 2.03(b)(i)). Pursuant to the Defendant's Charter (Article 12), as in effect at the time of execution of the Shareholders Agreement, the Director General was authorized to sign the said agreement only upon approval by the Meeting of Participants, unless otherwise agreed between

[round seal of the Clerk's Office No.1 of the Kyiv Commercial Court]                    [stamp: A TRUE COPY]

the participants. The court established that the Defendant's Meeting of Participants did not approve the above agreement, that there existed no other arrangements between the Defendant's participants other than those stipulated in the constituent documents, and that there was no evidence to suggest that the agreement was approved by the Defendant at any time later.

Therefore, having signed the Shareholders Agreement and actually trying to administer the Defendant's funds, the Defendant's Director General acted unlawfully and in excess of its powers, in violation of requirements of the laws of Ukraine, in particular, Article 145 of the Civil Code of Ukraine, and provisions of the Defendant's Charter.

Pursuant to Article 228 of the Civil Code of Ukraine, a transaction is considered as such that violates public order, in particular, where it was aimed at illegal seizure of property of a legal entity. In view of the fact that the Voting Agreement, dated September 2, 2002, and the Shareholders Agreement, dated January 30, 2004, are aimed at illegal seizure of the Defendant's funds, the court concludes that, pursuant to Article 215 and Article 228 of the Civil Code of Ukraine, the Voting Agreement, dated September 2, 2002, entered between Telenor Mobile Communications AS and Storm Limited Liability Company, and the Shareholders Agreement, dated January 30, 2004, entered between Telenor Mobile Communications AS, Storm Limited Liability Company, and "Kyivstar G.S.M." Closed Joint Stock Company, should be rendered null and void in full, including the arbitration clause, from the time of their execution.

Pursuant to Article 216 of the Civil Code of Ukraine, an invalid transaction does not entail any legal consequences, except for those related to its invalidity. Any concerned person has the right to require to apply the consequences of invalidity of a void transaction.

Therefore, the court concludes that there are no legal grounds for the Defendant to take any actions for the purpose of performance under the Voting Agreement, dated September 2, 2002, entered between Telenor Mobile Communications AS and Storm Limited Liability Company, and the Shareholders Agreement, dated January 30, 2004, entered between Telenor Mobile Communications AS, Storm Limited Liability Company, and "Kyivstar G.S.M." Closed Joint Stock Company, and the court further concludes that any such actions must be terminated.

The court also takes into account the fact that the Voting Agreement and the Shareholders Agreement, being actually partial changes and amendments to the Charter of "Kyivstar G.S.M." CSJC, are not duly registered and are executed in English, contrary to the requirements of the public law as to the state language, as provided in Article 10 of the Constitution of Ukraine, and therefore, the above agreements violate the requirements of Article 203 of the Civil Code of Ukraine, and this fact even alone allows to invalidate the said agreements.

Subject to the foregoing and being governed by Articles 49, 82 – 85 of the Commercial Procedural Code of Ukraine, the court, –

### RESOLVES AS FOLLOWS:

1. To allow the claim partially.

2. To render unlawful the actions of the "Storm" Limited Liability Company related to the execution of the Voting Agreement, dated September 2, 2002, entered between Telenor Mobile Communications AS and "Storm" Limited Liability Company.

3. To render unlawful the actions of the "Storm" Limited Liability Company related to the execution of the Shareholders Agreement, dated January 30, 2004, entered between Telenor

[round seal of the Clerk's Office No.1 of the Kyiv Commercial Court]                    {stamp: A TRUE COPY}

Mobile Communications AS, Storm Limited Liability Company, and "Kyivstar G.S.M." Closed Joint Stock Company.

4. To apply the consequences of invalidity of the void transaction – the Voting Agreement, dated September 2, 2002, entered between Telenor Mobile Communications AS and Storm Limited Liability Company – and terminate the actions of the "Storm" Limited Liability Company related to performance under the Voting Agreement, dated September 2, 2002, entered between Telenor Mobile Communications AS and "Storm" Limited Liability Company.

5. To apply the consequences of invalidity of the void transaction – the Shareholders Agreement, dated January 30, 2004, entered between Telenor Mobile Communications AS, Storm Limited Liability Company, and "Kyivstar G.S.M." Closed Joint Stock Company – and terminate the actions of the "Storm" Limited Liability Company related to performance under the Shareholders Agreement, dated January 30, 2004, entered between Telenor Mobile Communications AS, "Storm" Limited Liability Company, and "Kyivstar G.S.M." Closed Joint Stock Company.

6. To collect the following amounts from "Storm" Limited Liability Company (1 Narodnogo Opolchennya Street, Kyiv 01001, c/a 26000100675001 opened with Alfa-Bank CJSC, USREOU[1] Code 23163325, MFO 300346) for the benefit of Alpren Limited, Legal entity under the laws of Cyprus Republic: UAH 85.00 (eighty five) of the state duty and UAH 118.00 (one hundred eighteen) of the costs of services related to the technical and information support of the court proceedings.

7. To issue an appropriate order.

This decision shall come into legal force ten days after its adoption.

**The Judge**                                                            **Smirnova L.G.**

[*handwritten:* Secretary [signature]]

---

[1] the Unified State Register of Enterprises and Organizations of Ukraine

[round seal of the Clerk's Office No.1 of the Kyiv Commercial Court]                    [stamp: A TRUE COPY]



## ГОСПОДАРСЬКИЙ СУД міста КИЄВА

01030, м.Київ, вул.Б.Хмельницького, 44-Б    тел.465-65-72

### Р І Ш Е Н Н Я
### ІМЕНЕМ УКРАЇНИ

№ 242                                                                    25.04.2006

За позовом    Альпрен Лімітед, Юридична особа за законодавством
              Республіки Кіпр.
до            Товариства з обмеженою відповідальністю "Сторм"
про           визнання дій незаконними та припинення дій

                                                       Судди Смірнова Л.Г.

**Представники:**

Від позивача:   Марченко Р.В., представник за довіреністю б/н
                від 05.04.2006

Відповідача:    Клименко В.В. – Генеральний директор, протокол
                від 08.02.2006

### ОБСТАВИНИ СПРАВИ:

Позивач звернувся з позовом про визнання незаконними дій по підписанню та припинення дій по виконанню Відповідачем Акціонерної угоди, датованої 30.01.2004 року. Під час розгляду справи Позивач збільшив позовні вимоги, та просить визнати незаконними дій по підписанню та припинити дії по виконанню Відповідачем Акціонерної угоди, датованої 30.01.2004 року та Договору про голосування, датованого 02.09.2002 року.

Ухвалою Господарського суду міста Києва від 14.04.2006 порушено провадження у справі, розгляд справи призначено на 21.04.2006.

У судовому засіданні 21.04.2006 було оголошено перерву до 25.04.2006.

Відповідач відзиву на позовну заяву не подав.

Присутній у судовому засіданні представник Позивача позовні вимоги підтримав, просить задовольнити позов в повному обсязі.

Представник Відповідача проти позову заперечив, просив в його задоволенні відмовити.

Розглянувши матеріали справи та заслухавши пояснення представників сторін, Господарський суд міста Києва, —

## ВСТАНОВИВ:

згідно зі ст. 124 Конституції України юрисдикція судів поширюється на всі правовідносини, що виникають у державі. Відповідно до ст.12 господарського процесуального кодексу України господарським судам підвідомчі справи у спорах, що виникають при укладенні, зміні, розірванні і виконанні господарських договорів та з інших підстав, якщо сторони не передали спір на вирішення третейського суду (арбітражу). З матеріалів справи вбачається, що даний спір на вирішення третейського суду (арбітражу) не переданий, отже він підвідомчий господарському суду.

Відповідач є товариством з обмеженою відповідальністю, яке діє на підставі законодавства України та статуту.

Позивач є одним із учасників Відповідача, якому належить 49,9 відсотків голосів. Позивачу, як учаснику Відповідача, належить право на участь в управлінні Відповідачем.

Керівництво діяльністю Відповідача здійснювалось та здійснюється його органами, повноваження яких визначені в Статуті, а також законодавством України. Поточною діяльністю керує виконавчий орган – генеральний директор. Повноваження генерального директора Відповідача та обмеження його повноважень, у відповідності до ст.145 Цивільного кодексу України, визначені в ст.12 Статуту Відповідача.

02.09.2002 року Відповідачем в особі генерального директора було підписано Договір про голосування між Теленор Мобайл Комьюнікейшнз АС а Товариством з обмеженою відповідальністю "Сторм". Вказаним договором встановлено обов'язок по придбанню Відповідачем акцій "Київстар Дж.Ес.Ем." за певних умов (п.2.04, b). У відповідності до Статуту Відповідача (ст.12) в редакції, що діяла на момент підписання Договору про голосування, генеральний директор мав право підписувати вказаний договір тільки після затвердження зборами учасників, якщо не існує іншої домовленості між учасниками. Судом встановлено, що зборами учасників Відповідача вказаний договір не затверджувався, будь-яких інших домовленостей між учасниками Відповідача, крім визначених в установчих документах, не існувало, докази його наступного схвалення Відповідачем відсутні.

Таким чином, підписуючи вказаний Договір про голосування та фактично намагаючись розпорядитися грошовими коштами Відповідача, генеральний директор Відповідача діяв незаконно, з перевищенням своїх повноважень, порушуючи вимоги законодавства України, зокрема ст.145 Цивільного кодексу України, та статуту Відповідача.

30.01.2004 року Відповідачем в особі генерального директора було підписано Акціонерну угоду між Теленор Мобайл Комьюнікейшнз АС,