# EXHIBIT N
# PART 30

...ариством з обмеженою відповідальністю "Сторм" та Закритим акціонерним товариством "Київстар Дж.Ес.Ем.". Вказаною угодою встановлено обов'язок по придбанню Відповідачем акцій ЗАТ "Київстар Дж.Ес.Ем." за певних умов (п.2.03, b, i). У відповідності до Статуту Відповідача (ст.12) в редакції, що діяла на момент підписання Акціонерної угоди, генеральний директор мав право підписувати вказану угоду тільки після затвердження зборами учасників, якщо не існує іншої домовленості між учасниками. Судом встановлено, що зборами учасників Відповідача вказана угода не затверджувалась, будь-яких інших домовленостей між учасниками Відповідача, крім визначених в установчих документах, не існувало, докази її наступного схвалення Відповідачем відсутні.

Таким чином, підписуючи вказану Акціонерну угоду та фактично намагаючись розпорядитися грошовими коштами Відповідача, генеральний директор Відповідача діяв незаконно, з перевищенням своїх повноважень, порушуючи вимоги законодавства України, зокрема ст.145 Цивільного кодексу України, та статуту Відповідача.

Згідно зі ст.228 Цивільного кодексу України правочин вважається таким, що порушує публічний порядок, якщо, зокрема, він спрямований на незаконне заволодіння майном юридичної особи. Оскільки Договір про голосування від 02.09.2002 та Акціонерна угода від 30.01.2004 спрямовані на незаконне заволодіння грошовими коштами Відповідача суд приходить до висновку, що Договір про голосування від 02.09.2002 року між Теленор Мобайл Комьюнікешнз АС та Товариством з обмеженою відповідальністю "Сторм" є нікчемним правочином, також нікчемним правочином є Акціонерна угода від 30.01.2004 року між Теленор Мобайл Комьюнікешнз АС, Товариством з обмеженою відповідальністю "Сторм" та Закритим акціонерним товариством "Київстар Дж.Ес.Ем." згідно зі ст.215, 228 Цивільного кодексу України в повному обсязі, включаючи арбітражне застереження з моменту їх вчинення.

Відповідно до ст.216 Цивільного кодексу України недійсний правочин не створює юридичних наслідків, крім тих, що пов'язані з його недійсністю. Будь-яка заінтересована особа має право пред'явити вимогу про застосування наслідків недійсності нікчемного правочину.

Таким чином суд приходить до висновку про відсутність будь-яких правових підстав для вчинення Відповідачем дій по виконанню Договору про голосування від 02.09.2002 року між Теленор Мобайл Комьюнікешнз АС та Товариством з обмеженою відповідальністю "Сторм" та Акціонерної угоди від 30.01.2004 року між Теленор Мобайл Комьюнікешнз АС, Товариством з обмеженою відповідальністю "Сторм" та Закритим акціонерним товариством "Київстар Дж.Ес.Ем." та про необхідність зупинення цих дій.

Також суд враховує, що Договір про голосування та Акціонерна угода, являючись частково фактично змінами та доповненнями до Статуту ЗАТ "Київстар Дж.Ес.Ем." не зареєстровані належним чином, та всупереч вимогам

...правової норми про державну мову, що міститься в ст.10 ...туції України, викладені англійською мовою, отже не відповідаючи ...гам ст.203 Цивільного кодексу України є самостійно вже достатніми ...авами для визнання їх недійсними.

Виходячи з наведеного та керуючись ст.ст. 49, 82 – 85 ГПК України, суд

**ВИРІШИВ:**

1. Позов задовольнити повністю.

2. Визнати незаконними дії Товариства з обмеженою відповідальністю "Сторм" по підписанню Договору про голосування від ...09.2002 року між Теленор Мобайл Комьюнікешнз АС та Товариством з обмеженою відповідальністю "Сторм".

3. Визнати незаконними дії Товариства з обмеженою відповідальністю "Сторм" по підписанню Акціонерної угоди від 30.01.2004 ... між Теленор Мобайл Комьюнікешнз АС, Товариством з обмеженою відповідальністю "Сторм" та Закритим акціонерним товариством "Київстар Дж.Ес.Ем."

4. Застосувати наслідки недійсності нікчемного правочину - ...говору про голосування від 02.09.2002 року між Теленор Мобайл ...омьюнікешнз АС та Товариством з обмеженою відповідальністю "Сторм" ...рипинити дії Товариства з обмеженою відповідальністю "Сторм" по ...конанню Договору про голосування від 02.09.2002 року між Теленор ...обайл Комьюнікешнз АС та Товариством з обмеженою відповідальністю "Сторм".

5. Застосувати наслідки недійсності нікчемного правочину - ...ціонерної угоди від 30.01.2004 року між Теленор Мобайл Комьюнікешнз ..., Товариством з обмеженою відповідальністю "Сторм" та Закритим ...ціонерним товариством "Київстар Дж.Ес.Ем." та припинити дії Товариства з ...меженою відповідальністю "Сторм" по виконанню Акціонерної угоди від ...01.2004 року між Теленор Мобайл Комьюнікешнз АС, Товариством з ...меженою відповідальністю "Сторм" та Закритим акціонерним товариством "Київстар Дж.Ес.Ем."

6. Стягнути з Товариства з обмеженою відповідальністю "Сторм" ...001, м.Київ, вул.Народного ополчення,1, п/р 26000100675001 в ЗАТ "Альфа-Банк", код ЄДРПОУ 23163325, МФО 300346) на користь Юридичної ...оби за законодавством Республіки Кіпр "Альпрен Лімітед" (Alpren Limited) ...(вісімдесят п'ять)грн.00коп. – державного мита та 118(сто ...вісімнадцять)грн.00коп. – витрат на оплату послуг з інформаційно-технічного ...безпечення судового процесу.

7. Видати наказ.

Рішення набирає законної сили після закінчення десятиденного строку з ... його прийняття.

Суддя                                            Смірнова Л.Г.

# EXHIBIT 24

Case 1:07-cv-06929-GEL   Document 24-45   Filed 11/15/2007   Page 4 of 20

## KYIV COMMERCIAL COURT
44-B Bogdana Khmelnytskogo Street, Kyiv 01030 tel. 235-52-01

| "7" May 2006 | **Kyiv Appellate Commercial Court** |
| 06-10 / 2775 | 8 Rylsky Prov. |

Attached is the petition of appeal filed by Storm Limited Liability Company against the decision of the Kyiv Commercial Court of "25" April 2006 in case No. 40/242 based on the claim filed by Alpren Limited against Storm Limited Liability Company on recognition as unlawful and termination of the actions, together with the case materials.

Attachment: The petition of appeal – 4 pages.

Case No. 40/242 in 2 volumes: 1st volume – 196 pages; 2d volume – 75 pages.

Deputy Head          [Signature]          V.I. Saranyuk
of the Kyiv Commercial Court

Melnychenko N.V.
235-62-54

18 May 2006
[Signature]



# ГОСПОДАРСЬКИЙ СУД міста КИЄВА

01030, м.Київ, вул.Б.Хмельницького,44-Б    тел. 235-52-01

...2006 р.                    Київський апеляційний господарський суд
№...775                       пров. Рильський, 8

...силається за належністю апеляційна скарга Товариства з

...ою відповідальністю "Сторм" про перегляд рішення

...ського суду міста Києва від "25" квітня 2006 р. по справі №...

...позовом "Альпрен Лімітед" до Товариства з обмеженою

...дністю "Сторм" про визнання дій незаконними та припинення

...зі справою.

...даток: Апеляційна скарга на 4 арк.

Справа № 40/242 у 2ох томах: 1 том на 196 арк; 2 том на 75 арк.

...ник Голови
...дарського суду міста Києва          [signature]         В.І. Саранюк

...нко Н.В.

16.05. α.

# EXHIBIT 25

# KYIV APPELLATE COMMERCIAL COURT
8 Rylsky Prov., Kyiv 01025

## ORDER

No. 40/242                                                                                          May 19, 2006

**The Kyiv Appellate Commercial Court** composed of the following Panel of Judges:
Presiding Judge – Zelenin V.O.
Judges: Repina L.O., Danilova T.B.

**Having examined the petition of appeal filed by:** Storm Limited Liability Company (LLC) against the decision, dated April 25, 2006 of the Kyiv Commercial Court,
**on case No.:** 40/242 (Judge L.G. Smirnova)
**based on the claim filed by:** Alpren Limited, a Legal Entity under legislation of the Republic of Cyprus
**against:** Storm LLC,
**for:** holding unlawful and terminating the actions

Recognized the submitted petition of appeal, together with its exhibits, as sufficient to commence appellate proceedings.

Guided by Arts. 64, 65, 93, 98 of the Commercial Procedure Code of Ukraine, -

**ORDERED:**

1. To commence appellate proceedings on case No. 40/242.
2. To oblige the Parties to provide the Court with copies of documents relating to the substance of the dispute and to oblige Claimant to submit its reply to the petition of appeal.
3. The Parties' representatives are hereby informed about the hearing scheduled for May 25, 2006 at 11.40 a.m. in the premises of the Kyiv Appellate Commercial Court at the address: 8 Rylsky Prov., Kyiv.

| | | |
|---|---|---|
| **Presiding Judge** | *[Signature]* | **Zelenin V.O.** |
| **Judges:** | *[Signature]* | **Repina L.O.** |
| | *[Signature]* | **Danylova T.B.** |

КИЇВСЬКИЙ АПЕЛЯЦІЙНИЙ ГОСПОДАРСЬКИЙ СУД

м. Київ, пров. Рильський, 8

У Х В А Л А

№ 40/242  
19. 05. 2006 р.

Київський апеляційний господарський суд у складі колегії суддів:
головуючого судді - Зеленін В. О.
Суддів: Репіна Л. О., Данилова Т. Б.

Розглянувши апеляційну скаргу Товариства з обмеженою відповідальністю (ТОВ) ... на рішення Господарського суду м. Києва від 25.04.2006 р. у справі № 40/242 (суддя Смірнова Л. Г.)
за позовом Альрен Лімітед, Юридична особа за законодавством Республіки Кіпр
до ТОВ „Сторм"
про визнання дій незаконними та припинення дій.

Визнав подану апеляційну скаргу та додані до неї документи достатніми для вирішення апеляційного провадження.

Керуючись ст.ст. 64, 65, 93, 98 Господарського процесуального Кодексу України, -

У Х В А Л И В:

1. Порушити апеляційне провадження у справі № 40/242.
2. Зобов'язати сторони надати суду копії документів, що стосуються суті спору, а саме - відзив на апеляційну скаргу.
3. До відома представників сторін, судове засідання відбудеться 25.05.2006 р. об ... 40 хв. у приміщенні Київського апеляційного господарського суду за адресою: ... пров. Рильський, 8.

Голова колегії, суддя      Зеленін В. О.

Судді:      Репіна Л. О.

    Данилова Т. Б.

# EXHIBIT 26

May 16, 2006.                                   **Kyiv Commercial Court of Appeal**
                                                 by Kyiv Commercial Court

                                                 **Plaintiff:**
                                                 "Alpren limited"
                                                 Coroporation due to Cyprus legislation
                                                 Location: 3 Themistocles Dervis Street,
                                                 Julia House, 1st Floor, 1066, Nicosia,
                                                 Cyprus
                                                 Address for service: Chapayeva str. 4,
                                                 12th Floor, 01030, Kyiv, Ukraine.

                                                 **Defendant (Claimant):**
                                                 "Storm ltd."
                                                 Address: Narodnoho Opolchennya str. 1,
                                                 01001, Kyiv, Ukraine.
                                                 Identification code of corporation
                                                 23163325
                                                 Account 26000100675001
                                                 in "Alfa-Bank" code 300346

**Appeal**
**on Kyiv Commercial Court Decision of April 25, 2006 in Case 40/242.**

On April 25, 2006 Kyiv Commercial Court made the Decision that granted the claim of "Alpren Limited" versus "Storm ltd."

The Claimaint considers that Decision was made with violation of the procedural law.

The Kyiv Commercial Court went beyond it's mandate while granting and adjudicating the claim. The abovementioned conclusion is based on the following grounds:

The Subject-matter of dispute derived from the Voting Contract as of September 2, 2002 and Joint-stock Agreement as of January 30, 2004.

The Voting Contract as of September 2, 2002, cl. 9 reads as follows: "any and all disputes and discrepancies based on this Contract or made in connection to it shall be adjudicated by tribunal of 3 (three) arbiters in accordance with the UNCITRAL Arbitation Rules".

The Joint-stock Agreement as of January 30, 2004, cl. 12 reads as follows: "any and all disputes and discrepancies based on this Contract or made in connection to it shall be adjudicated by a tribunal of 3 (three) arbitrators in accordance with the current UNCITRAL Arbitration Rules".

Therefore, the Kyiv Commercial Court should have declined its jurisdiction pursuant Article 62 of Code of Commercial Procedure Ukraine since there was no proper jurisdiction to adjudicate claim in any Economic court of Ukraine. The Kyiv Commercial Court violated the law by taking and adjudicating the claim.

In accordance to Article 104 of the Code of Commercial Procedure Ukraine the basis for reverse local economic court decision is, for instance, error or abuse of procedural law made by local economic court. And if the decision was made with violation of subject-matter jurisdiction or venue (as it was in this case) the decision shall be revoked in any case. So, the appealed court decision is subject to cancellation due to Article 104.2.5 of the Code of Commercial Procedure of Ukraine.

Article 99 of the Code of Commercial Procedure Ukraine provides that appellate procedure is conducted in the same manner as first instance procedure. Therefore, judicial proceedings must be stopped according to Article 80.1, 103.3 of the Code of Commercial Procedure of Ukraine.

Pursuant articles 12, 13, 15, 80, 103, 104 of Code of Commercial Procedure of Ukraine,

**we request:**

To cancel Kyiv Commercial Court Decision as of April 25, 2006 in Case 40/242.
To terminate judicial proceedings.


Supplements:
1. Evidence of state due payment.
2. Receipt confirming that a copy of appeal has been sent to Plaintiff.


V. Klymenko
Director-general

2

Київський апеляційний господарський суд
через Господарський суд м. Києва

**Позивач:**
*Найменування:* "Альпрен Лімітед"
юридична особа за законодавством Республіки Кіпр
*Місцезнаходження:* 3 Themistocles Dervis Street, Julia House, 1st Floor, 1066, Nicosia, Cyprus (Кіпр)
*Адреса для кореспонденції:* 01030, м. Київ, вул. Чапаєва, буд. 4, оф. 12

**Відповідач (Скаржник):**
*Найменування:* Товариство з обмеженою відповідальністю "Сторм"
*Місцезнаходження:* 01001, м. Київ, вул. Народного ополчення, буд. 1
*Ідентифікаційний код юридичної особи* 23163325
п/р 26000100675001 в ЗАТ "Альфа-Банк",
МФО 300346

## АПЕЛЯЦІЙНА СКАРГА
### НА РІШЕННЯ ГОСПОДАРСЬКОГО СУДУ МІСТА КИЄВА
### ВІД 25.04.2006 року
### у справі №40/242.

Господарським судом міста Києва 25.04.2006 року було прийнято рішення, яким задоволено позов "Альпрен Лімітед" до ТОВ "Сторм".

Відповідач вважає, що зазначене рішення прийнято з суттєвими порушеннями норм процесуального права.

Так, прийнявши до розгляду вказану справу та розглянувши її по суті, Господарський суд міста Києва вийшов за межі своїх повноважень. Вказаний висновок ґрунтується на наступних підставах.

Як вбачається з матеріалів справи предметом спору були фактично правовідносини що виникли у зв'язку з підписанням Відповідачем Договору про голосування від 02.09.2002 року та Акціонерної угоди від 30.01.2004 року.

Разом з тим, зі змісту Договору про голосування від 02.09.2002 року, а саме ст. 9, вбачається, зокрема, що: "...будь-які та всі спори та розбіжності, що випливають за цим Договором чи у зв'язку з ним, вирішуються колегією у складі трьох (3) арбітрів за Арбітражними правилами Комісії ООН з Міжнародного права Торгівлі, діючими на той момент ("Правила ЮНСІТРАЛ")."

Акціонерної угоди від 30.01.2004 року, а саме зі ст.12, ...що "...будь-які та всі спори та розбіжності, що виникають за ...або у зв'язку з ним, вирішуються колегією у складі трьох (3) ...на той момент арбітражними правилами Комісії ООН з ...Комерційного Права Торгівлі ("Правила ЮНСІТРАЛ")".

...урахуванням викладеного вище Господарський суд міста Києва ...ний відмовити у прийнятті позовної заяви на підставі ст.62 ...ого процесуального кодексу України, оскільки вона не підлягала ...господарських судах України. На порушення цієї процесуальної ...подарський суд міста Києва вказаних дій не вчинив, натомість ...позовну заяву та розглянувши її по суті.

...дно зі ст.104 ГПК України підставою для скасування рішення місцевого ...ського суду є, серед іншого, порушення або неправильне застосування ...м господарським судом норм процесуального права. При цьому якщо ...о прийнято з порушеннями правил предметної або територіальної ...ності (як це сталося в даному випадку), то це є підставою для скасування ...ня в будь-якому випадку. Таким чином, оскаржуване рішення, з огляду на ...дене, підлягає обов'язковому скасуванню на підставі п.5 ч.2 ст.104 ГПК ...аїни.

При цьому, оскільки згідно зі ст. 99 ГПК України в апеляційній інстанції ...рави переглядаються за правилами розгляду цих справ у першій інстанції, то, ...аховуючи повноваження апеляційної інстанції, встановлені в п.3 ст.103 ГПК ...країни, та положення ч.1 ст.80 ГПК України, провадження у справі повинно ...ути припинене.

Керуючись, ст.ст. 12, 13, 15, 80, 103, 104 Господарського процесуального кодексу України,

**ПРОСИМО:**

Рішення Господарського суду міста Києва від 25.04.2006 року у справі № 40/242 скасувати.
Провадження у справі припинити.

Додається:
1. Докази про сплату державного мита;
2. Квитанція про відправлення копії апеляційної скарги Позивачу;

Клименко В.В.
Генеральний директор.

2

# EXHIBIT 27

# KYIV APPELLATE COMMERCIAL COURT
8 Rylskiy Prov., Kyiv 01025 tel. 278-46-14

---

24 "May" 2006  № 01-23/ 1/10

to №  _____

On changes in the composition of the panel of judges

### DIRECTIVE

The panel of judges of the Kyiv Appellate Commercial Court, presided by Judge Zelenin V.O., has been considering case №40/242.

Guided by Articles $4^3$, 22 of the Commercial Procedure Code of Ukraine, Articles 26, 27, 28 of the Law of Ukraine "On the Judiciary of Ukraine", in view of vacation of Judge Danylova T.B., to ensure compliance with the requirements of the law regarding observance of procedural time limits, I deem it reasonable for the sake of appellate proceedings in case №40/242 to substitute Judge Danylova T.B. with Judge Aldanova S.O.

Acting Head of
the Kyiv Appellate
Commercial Court                    *[Signature]*                    Bondar S.V.

# КИЇВСЬКИЙ АПЕЛЯЦІЙНИЙ ГОСПОДАРСЬКИЙ СУД

01025, місто Київ, провулок Рильський, 8 тел. 278-46-14

_травня 2005р._ № 01-23/___

за № _____

Про зміну складу колегії суддів

## РОЗПОРЯДЖЕННЯ

В провадженні судової колегії Київського апеляційного господарського суду у складі головуючого судді Зеленіна В. О. знаходиться справа №40/242.

Керуючись статтями 4¹, 22 Господарського процесуального кодексу України, статтями 26, 27, 28 Закону України "Про судоустрій України", у зв'язку з відпусткою судді Данилової Т. Б., з метою забезпечення дотримання вимог законодавства в частині додержання процесуальних строків, вважаю за необхідне для здійснення апеляційного провадження у справі №40/242 замінити суддю Данилову Т. Б. на суддю Алданову С. О.

В. о. Голови
Київського апеляційного
господарського суду                                                                         Бондар С. В.

# EXHIBIT 28

*83*

# KYIV APPELLATE COMMERCIAL COURT
8 Rylskiy Prov., Kyiv 01025

**MINUTES**
of the court hearing

25.05.2006                                                                 Case № 40/242
Room 303

The Panel of Judges of the Kyiv Appellate Commercial Court composed of:
Presiding Judge – Zelenin V.O.
Judges: Repina L.O., Aldanova S.O.
With the Secretary – Goliuk N.I.

**Has considered in the open court hearing in the court room in Kyiv the petition of appeal**

of Storm Limited Liability Company against the decision, dated April 25, 2006 of the Kyiv Commercial Court
on case № 40/242
based on the claim filed by Alpren Limited, a legal entity under the legislation of the Republic of Cyprus,
against Storm Limited Liability Company
for recognition as unlawful and termination of the actions

**The hearing started at 11:40 a.m.**

Presiding Judge opens the hearing and announces the case to be heard.
The following persons appeared at the hearing:

For Claimant: Illiashev M.I., Power of Attorney of 5.04.06
For Defendant: Klimenko V.V., Director

Composition of the Court is announced:
|                       |                  |
|-----------------------|------------------|
| Presiding Judge       | Zelenin V.O.     |
| Judges  Synytsya O.F. | Aldanova S.O.    |
| With the Secretary    | Goliuk N.I.      |

**The right to challenge composition of the court under Art. 20 of the Commercial Procedure Code of Ukraine is explained.**

**No challenge to the court is claimed.**

**The procedural rights, set forth by Arts. 22, 100, 107, 110 of the Commercial Procedure Code of Ukraine, are clarified to the representatives of the Parties.**

The representative of Claimant: the rights are clear.
The representative of Defendant: the rights are clear.

*84*

The court clarifies if the representatives of the Parties have any applications.
No applications submitted.
The court proceeds to the consideration of the case.
The representative of Claimant informs the Court about circumstances of the case.
The representative of Defendant presents his claims to the Court, set forth in the petition of appeal against the decision, dated April 25, 2006 of the Kyiv Commercial Court on case № 40/242.

**The Court announces recess.**

After the recess the Panel, having deliberated, has adopted Ruling by which the decision, dated April 25, 2006 of the Kyiv Commercial Court on case № 40/242 is left unaltered, the petition of appeal is dismissed.

Presiding Judge clarified the procedure and time limits to examine the minutes of the hearing and Ruling.

During the hearing no technical audio recording equipment was used.

**The hearing ended on 25.05.2006 at 11:50.**

| | | |
|---|---|---|
| **Presiding Judge:** | *[signature]* | Zelenin V.O. |
| **Secretary:** | *[signature]* | Goliuk N.I. |