# EXHIBIT N
# PART 31



КИЇВСЬКИЙ АПЕЛЯЦІЙНИЙ ГОСПОДАРСЬКИЙ СУД

## ПРОТОКОЛ
### судового засідання

25.05.2006 р.

Зал 303

Справа № 40/242

Колегія суддів Київського апеляційного господарського суду у складі:

Головуючого судді - Зеленін В.О.

Судді: Репіна Л.О., Алданова С.О.

При секретарі Гомок Н.І.

Розглянула у відкритому судовому засіданні в залі Суду в м. Києві апеляційну скаргу

Товариства з обмеженою відповідальністю "Сторм" на рішення Господарського суду м. Києва від 25.04.06 п.

у справі № 40/242

за позовом Альпрен Лімітед, юридична особа за законодавством Республіки Кіпр

до Товариства з обмеженою відповідальністю "Сторм"

про визнання дій незаконними та припинення дій

Засідання розпочато об 11 год. 40 хв.

Судове засідання відкрив голову́ючий і оголосив, яка справа буде розглядатись.

У судове засідання з'явились:

Від позивача: Плішня М.І. довіреність від 05.04.06 р.

Від відповідача: Клименко В.В. директор

Оголошується склад суду:

Головуючий - суддя Зеленін В.О.

Судді Смирнов О.Ф., Алданова С.О.

При секретарі Гомок Н.І.

Здійснюється правомірність складу суду за ст. 20 ГПК України.

Відводу суду не заявлено.

Представникам сторін роз'яснюються процесуальні права, передбачені ст.ст. 20,90,7,10 ГПК України.

Представник позивача права зрозумів.

Представник відповідача права зрозумів.



Суд вияснив в представників сторін про наявні клопотання.

Клопотань не надійшло.

Суд переходить до розгляду справи.

Представник позивача пояснює суду обставини справи.

Представник відповідача пояснює суду свої вимоги, викладені в апеляційній скарзі, на рішення Господарського суду м. Києва від 25.04.06 р. у справі № 40/242.

Суд оголошує перерву.

Після перерви колегія, порадившись, прийняла постанову, якою рішення Господарського суду м. Києва від 25.04.06 р. у справі № 40/242 залишено без змін, апеляційну скаргу залишено без задоволення.

Головуючий роз'яснив порядок і строки ознайомлення з протоколом судового засідання та постановою.

Під час судового розгляду справи не застосовувались технічні засоби звукозапису.

Судове засідання закінчено 25.05.2006 р. о 11 год. 50 хвилин.

Головуючий суддя-                                                          Зеленін В.О.

Секретар-                                                                         Головок Н.Г.

# EXHIBIT 29

# KYIV APPELLATE COMMERCIAL COURT

8 Rylsky Prov., Kyiv 01025

## RULING
### IN THE NAME OF UKRAINE

No. 40/242                                                    May 25, 2006

The Kyiv Appellate Commercial Court composed of the following Panel of Judges:
Presiding Judge:        V.O. Zelenin
Judges:                 L.O. Repina and S.O. Aldanova

With the following representatives of the parties participating:
For the claimant:       M.I. Illiashev, by proxy.
For the respondent:     V.V. Klymenko, General Director.

Having examined the petition of appeal filed by: Storm Limited Liability Company (LLC) against the decision, dated April 25, 2006 of the Kyiv Commercial Court,
on case No.: 40/242 (Judge L.G. Smirnova),
based on the claim filed by: Alpren Limited, a legal entity under legislation of the Republic of Cyprus,
against: Storm LLC,
for: holding unlawful and terminating the actions,

## DETERMINED THE FOLLOWING:

By decision, dated April 25, 2006 of the Kyiv Commercial Court on case No. 40/242, the claim of Alpren Limited, a legal entity under legislation of the Republic of Cyprus, against Storm LLC for holding unlawful and terminating the actions was allowed.

Being in disagreement with the decision made, the respondent filed its petition of appeal and requested that the decision be cancelled, as it believes that the decision was made in violation of procedural law rules. In the respondent's opinion, the Kyiv Commercial Court was to refuse accepting the statement of claim on the basis of Article 62 of the Commercial Procedure Code of Ukraine, since the statement was not examinable by Ukrainian commercial courts.

By resolution, dated May 19, 2006 of the Kyiv Appellate Commercial Court, appellate proceedings on case No. 40/242 were instituted and the hearing was scheduled for May 25, 2006.

Having studied the materials before it, having reviewed the petition of appeal and having heard presentations of the appearing representatives of the parties, the Kyiv Appellate Commercial Court determined the following.

The Claimant is one of the participants of the Respondent and holds 49.9 percent of votes. As participant of the Respondent, the Claimant is entitled to participate in management of the Respondent.

The Respondent is a limited liability company acting on the basis of Ukrainian legislation and the Charter.

The Respondent's operations were managed and are managed by its bodies. Powers of each governance body are set forth in Ukrainian legislation and the Charter.

1

Under the Charter, the Respondent's day-to-day activities are managed by the General Director, whose authorities are specified in Article 12 of the Respondent's Charter.

As appears from the case materials, on September 2, 2002, the Respondent as represented by its General Director signed the Voting Agreement between Telenor Mobile Communications AS and Storm Limited Liability Company.

Pursuant to the said Agreement (Clause 2.04(b)), the Respondent was to purchase Kyivstar GSM shares subject to specific terms and conditions. Under the Respondent's Charter (Article 12) as amended at the time the Voting Agreement was signed, the Respondent's General Director was only authorized to sign that Agreement after it was approved by participants' meeting, unless otherwise agreed between the participants.

The first instance court determined that meeting of the Respondent's participants did not approve the said Agreement and that there were no other agreements between the Respondent's participants than those specified in the constituent documents; no evidence existed that the Respondent subsequently approved such Agreement.

The Panel of Judges agrees with the first instance court finding that, by signing the Voting Agreement, the Respondent's General Director actually sought to dispose of the Respondent's funds and acted unlawfully, in excess of his authority and in violation of requirements of Ukrainian legislation, in particular, Article 145 of the Civil Code of Ukraine and the Respondent's Charter.

Therefore, also valid is the local commercial court finding that, since the Voting Agreement, dated September 2, 2002 between Telenor Mobile Communications AS and Storm Limited Liability Company is meant to illegally take possession of the Respondent's funds, such Agreement is a null and void instrument, in its entirety, including its arbitration clause and since its execution, under Article 228 of the Civil Code of Ukraine as one breaching public order.

On January 30, 2004, the Respondent as represented by its General Director signed the Shareholders' Agreement between Telenor Mobile Communications AS, Storm Limited Liability Company and Kyivstar GSM Closed Joint Stock Company. Pursuant to the said agreement (Clause 2.03(b)(ii)), the Respondent was to purchase Kyivstar GSM shares subject to specific terms and conditions.

Under the Respondent's Charter (Article 12) as amended at signing the Shareholders' Agreement, the General Director was only authorized to sign that agreement after it was approved by participants' meeting, unless otherwise agreed between the participants.

The first instance court determined that meeting of the Respondent's participants did not approve the said agreement and that there were no other agreements between the Respondent's participants than those specified in the constituent documents; no evidence existed that the Respondent subsequently approved such agreement.

The Panel of Judges agrees with the first instance court finding that, by signing the said Shareholders' Agreement, the General Director actually sought to dispose of the Respondent's funds and acted unlawfully in excess of his authority and in violation of requirements of Ukrainian legislation, in particular, Article 145 of the Civil Code of Ukraine and the Respondent's Charter.

Therefore, also valid is the local commercial court finding that, since the Shareholders' Agreement, dated January 30, 2004 is meant to illegally take possession of the Respondent's

2

funds, such agreement is null and void instrument, in its entirety, including its arbitration clause and since its execution, under Article 228 of the Civil Code of Ukraine as one breaching public order.

The Panel of Judges agrees with the first instance court finding that there are no legal grounds for the Respondent to act in pursuance of the Voting Agreement of September 2, 2002 between Telenor Mobile Communications AS and Storm Limited Liability Company and the Shareholders' Agreement of January 30, 2004 between Telenor Mobile Communications AS, Storm Limited Liability Company and Kyivstar GSM Closed Joint Stock Company, and that those actions are to be terminated.

With regard to the appellant's assertion that the Kyiv Commercial Court was to refuse accepting the statement of claim on the basis of Article 62 of the Commercial Procedure Code of Ukraine, as the statement is not examinable by Ukrainian commercial courts, the Panel of Judges deems it advisable to mention the following.

Under Article 12 of the Commercial Procedure Code of Ukraine, commercial courts have jurisdiction over cases based on disputes that arise in the process of executing, modifying, terminating and fulfilling economic agreements, as well as for other reasons, unless the parties have referred the dispute for settlement to arbitral tribunal (arbitration). This dispute was not referred to arbitral tribunal (arbitration); therefore, it falls within the jurisdiction of Ukrainian commercial courts. Moreover, under Article 124 of the Constitution of Ukraine, courts have jurisdiction over all legal relations that arise in the state.

Considering the foregoing, the Panel of Judges is of the opinion that the decision dated April 25, 2006 of the Kyiv Commercial Court on case No. 40/242 is in line with the court materials and applicable legislation; hence, there are no grounds to modify or cancel the same.

Being guided by Articles 99, 101, 103 and 105 of the Commercial Procedure Code of Ukraine, the Kyiv Appellate Commercial Court, -

## RULED AS FOLLOWS:

1. To leave the petition of appeal as filed by Storm Limited Liability Company against the decision dated April 25, 2006 of the Kyiv Commercial Court on case No. 40/242 unallowed.

2. To leave the decision, dated April 25, 2006 of the Kyiv Commercial Court on case No. 40/242 without any changes.

3. To return the materials of case No. 40/242 to the Kyiv Commercial Court.

| | |
|---|---|
| Presiding Judge | V.O. Zelenin |
| Judges: | S.O. Aldanova |
| | L.O. Repina |

[Stamp 'Conforms to the Original'; secretary's signature]

3



ВСЬКИЙ АПЕЛЯЦІЙНИЙ ГОСПОДАРСЬКИЙ СУД

ПОСТАНОВА
ІМЕНЕМ УКРАЇНИ

ВСТАНОВИВ:

Як відмічається у матеріалах справи, 02.09.2002 року Відповідачем в особі генерального директора був підписаний Договір про голосування між Теленор Мобайл Комьюнікейшнз АС та [...] з обмеженою відповідальністю "Сторм".

Зазначеним вище Договором (п. 2.04, b) встановлено обов'язок по придбанню [...] акцій "Київстар Дж.Ес.Ем." за певних умов. У відповідності до Статуту [...] директор Відповідача був наділений повноваженнями підписувати договори [...] лише після затвердження зборами учасників, якщо не існує іншої домовленості між [...].

Судом першої інстанції було встановлено, що зборами учасників Відповідача [...] не затверджувалась, будь-яких інших домовленостей між учасниками Відповідача, крім [...] в установчих документах, не існувало, докази його наступного схвалення [...] відсутні.

Колегія погоджується з висновком суду першої інстанції про те, що підписуючи Договір [...] голосування генеральний директор Відповідача фактично намагався розпорядитися [...] коштами Відповідача, та діяв незаконно, з перевищенням своїх повноважень, [...] вимоги законодавства України, зокрема, ст. 145 Цивільного Кодексу України та [...] Відповідача.

Таким чином, обґрунтованим є також висновок місцевого господарського суду про те, [...] оскільки Договір про голосування від 02.09.2002 року між Теленор Мобайл Комьюнікейшнз [...] та Товариством з обмеженою відповідальністю "Сторм" спрямований на незаконне [...] грошовими коштами Відповідача, то він є нікчемним правочином згідно ст. 228 Цивільного Кодексу України, як правочин, що порушує публічний порядок, в повному обсязі, включаючи арбітражне застереження з моменту його вчинення.

30.01.2004 року Відповідачем в особі генерального директора було підписано Акціонерну угоду між Теленор Мобайл Комьюнікейшнз АС, Товариством з обмеженою відповідальністю "Сторм" та Закритим акціонерним товариством "Київстар Дж.Ес.Ем.". Вказаною угодою (п. 2.03, b.1) було встановлено обов'язок по придбанню Відповідачем акцій ЗАТ "Київстар Дж.Ес.Ем." за певних умов.

Згідно Статуту Відповідача (ст. 12) в редакції, що діяла на момент підписання Акціонерної угоди, генеральний директор був наділений повноваженнями підписувати вказану угоду тільки після затвердження зборами учасників, якщо не існує іншої домовленості між учасниками.

Судом першої інстанції було встановлено, що вище згадана угода не затверджувалась зборами учасників Відповідача, будь-яких інших домовленостей між учасниками Відповідача, крім визначених в установчих документах, не існувало, докази її наступного схвалення Відповідачем відсутні.

Колегія погоджується з висновком суду першої інстанції про те, що підписуючи вказану Акціонерну угоду генеральний директор фактично намагався розпорядитися грошовими коштами Відповідача, та діяв незаконно, з перевищенням своїх повноважень, порушуючи вимоги законодавства України, зокрема, ст. 145 Цивільного Кодексу України та Статуту Відповідача.

Таким чином, обґрунтованим є також висновок місцевого господарського суду про те, що оскільки Акціонерна угода від 30.01.2004 року спрямована на незаконне заволодіння грошовими коштами Відповідача, то вона є нікчемним правочином згідно ст. 228 Цивільного Кодексу України, як правочин, що порушує публічний порядок, в повному обсязі, включаючи арбітражне застереження, з моменту її вчинення.

Колегія погоджується з висновком місцевого господарського суду про те, що правові підстави для вчинення Відповідачем дій по виконанню Договору про голосування від 02.09.2002 року між Теленор Мобайл Комьюнікейшнз АС та Товариством з обмеженою відповідальністю "Сторм" та Акціонерної угоди від 30.01.2004 року між Теленор Мобайл Комьюнікейшнз АС, Товариством з обмеженою відповідальністю "Сторм" та Закритим

2

Що стосується твердження скаржника про те, що Господарський суд м. Києва був ...ний відмовити у прийнятті позовної заяви на підставі ст. 62 Господарського процесуального кодексу України, оскільки вона не підлягала розгляду в господарських судах ..., то колегія вважає за доцільне зазначити наступне.

Відпо ст. 12 Господарського процесуального кодексу України, господарським судам ...судні справи у спорах, що виникають при укладенні, зміні, розірванні і виконанні ...дарських договорів та з інших підстав, якщо сторони не передали спір на вирішення ...ського суду (арбітражу). На вирішення третейському суду (арбітражу) даний спір не ...межах, тому він підвідомчий господарським судам України. Крім того, статтею 124 ...титуції України встановлено, що юрисдикція судів поширюється на всі правовідносини, ...никають у державі.

Врахувавши викладене вище, судова колегія вважає, що рішення Господарського ...м Києва від 25.04.2006 року у справі № 40/242 відповідає матеріалам справи та чинному ...нодавству, а тому підстави для його зміни чи скасування відсутні.

Керуючись ст. ст. 99, 101, 103, 105 Господарського процесуального Кодексу України, ...ський апеляційний господарський суд, –

## ПОСТАНОВИВ:

1. Апеляційну скаргу Товариства з обмеженою відповідальністю "Сторм" на рішення Господарського суду м. Києва від 25.04.2006 року у справі № 40/242 – залишити без задоволення.
2. Рішення Господарського суду м. Києва від 25.04.2006 року у справі № 40/242 – залишити без змін.
3. Матеріали справи № 40/242 повернути Господарському суду м. Києва.

Голова колегії, суддя                               Зеленін В. О.

Суддя:                                                      Алданова С. О.

                                                                 Рєпіна Л. О.

...лосим товариством "Київстар Дж.Ес.Ем." — відсутні, а також про необхідність зупинення.

Що стосується тверджень скаржника про те, що Господарський суд м. Києва був зобов'язаний відмовити у прийнятті подібної заяви на підставі ст. 62 Господарського процесуального кодексу України, оскільки вона не підлягала розгляду в господарських судах, то колегія вважає за доцільне зазначити наступне.

Згідно ст. 12 Господарського процесуального кодексу України, господарським судам підвідомчі справи у спорах, що виникають при укладенні, зміні, розірванні і виконанні господарських договорів та з інших підстав, якщо сторони не передали спір на вирішення третейського суду (арбітражу). На вирішення третейському суду (арбітражу) даний спір не передавався, тому він підвідомчий господарським судам України. Крім того, статтею 124 Конституції України встановлено, що юрисдикція судів поширюється на всі правовідносини, що виникають у державі.

Враховуючи викладене вище, судова колегія вважає, що рішення Господарського суду м. Києва від 25.04.2006 року у справі № 40/242 відповідає матеріалам справи та чинному законодавству, а тому підстави для його зміни чи скасування відсутні.

Керуючись ст. ст. 99, 101, 103, 105 Господарського процесуального Кодексу України, Київський апеляційний господарський суд, -

## ПОСТАНОВИВ:

1. Апеляційну скаргу Товариства з обмеженою відповідальністю "Сторм" на рішення Господарського суду м. Києва від 25.04.2006 року у справі № 40/242 – залишити без задоволення.

2. Рішення Господарського суду м. Києва від 25.04.2006 року у справі № 40/242 залишити без змін.

3. Матеріали справи № 40/242 повернути Господарському суду м. Києва.


Голова колегії, суддя                                    Зелкін В. О.

Судді:                                                         Алданова С. О.

                                                                  Репіна Л. О.

3

# EXHIBIT 30

Copy of Ruling received by the representative,
Illiashev M.I.        29.05.06 *[signature]*
Copy of Ruling received by the representative,
Klymenko V.V.        29.05.06 *[signature]*

*[Sealed]*
Copies sent on *29.05.2006*
signature   *[signature]*

*to Smirnova L.G.  88*

*[Signature]  06.06.06*

### KYIV APPELLATE COMMERCIAL COURT

tel.: (044) 278-46-14

8 Rylsky Prov.

**Kyiv Commercial Court**
44-B Bogdana Khmelnytskogo Street, Kyiv 01030

Case № 40/242 returned accordingly

Alpren Limited, Legal entity under the laws of the Republic of Cyprus
"Storm" Limited Liability Company

recognition as unlawful and termination of actions

Attached:     case file № 40/242 in 2 volumes:
                    volume 1 on 196 pages
                    volume 2 on 88 pages

**Head of the Kyiv Appellate Commercial Court**          *[signature]*     **Pinchuk A.M.**

O.V.

```
[Sealed]
Kyiv Commercial Court
RECEIVED
```



# EXHIBIT 31

# KYIV COMMERCIAL COURT
# DECREE

19.06.2006                                                    № 40/242

## ON COMPULSORY ENFORCEMENT OF DECISION

With the view to enforcement of Decision of the Kyiv Commercial Court dated **25.04.2006**, upheld by Ruling of the Kyiv Appellate Commercial Court dated **25.05.2006**, which became effective **25.05.2006**

To collect 85 (eighty five) hrn. 00 kop. as court fee and 118 (one hundred and eighteen) hrn. 00 kop. as payment for informational and technical services in the court proceedings from "Storm" Limited Liability Company (01001, Kyiv, 1 Narodnogo Opolchennya Street, c/a 26000100675001 opened with Alfa-Bank CJSC, USREOU Code 23163325, MFO 300346) in favor of Alpren Limited, Legal entity under the laws of the Republic of Cyprus (3 Themistocles Dervis Street, Julia House, 1st Floor, 1066, Nicosia, Cyprus, address for correspondence: 01030, Kyiv, 4 Chapayeva Street, Suite 12).

Decree is to be presented for enforcement until **25.05.2009**

Judge                        *[Round seal of the Kyiv Commercial Court]*    **L.G. Smirnova**

                             *[Signature]*    ACCORDING TO THE ORIGINAL

                             *Secretary of the court hearing A.V. Umanets*

# ГОСПОДАРСЬКИЙ СУД міста КИЄВА

# НАКАЗ

19.06.2006                                                № 40/242

ПРО ПРИМУСОВЕ ВИКОНАННЯ РІШЕННЯ

На виконання рішення Господарського суду міста Києва від 25.04.2006, залишеного постановою Київського апеляційного господарського суду від 25.05.2006 без змін, яке набрало законної сили з 25.05.2006

Стягнути з Товариства з обмеженою відповідальністю "Сторм" (01001, м.Київ, вул. Народного ополчення,1, п/р 26000100675001 в ЗАТ "Альфа-Банк", код ЄДРПОУ 23163325, МФО 300346) на користь Юридичної особи за законодавством Республіки Кіпр "Альпрен Лімітед" (Alpren Limited) (місцезнаходження: 3 Themistocles Dervis Street, Julia House,1st Floor, 1066, Nicosia, Cyprus (Кіпр), адреса для листування: 01030, м.Київ, вул. Чапаєва, буд.4, оф.12) 85(вісімдесят п'ять)грн.00коп.-державного мита та 118(сто вісімнадцять)грн.00коп.-витрат на оплату послуг з інформаційно-технічного забезпечення судового процесу.

Наказ дійсний для пред'явлення до виконання до 25.05.2009

Суддя                                                Л.Г.Смірнова

# EXHIBIT 32

*Representative of Defendant has examined the case file and made the copies.*

*4.08.2006*          *[signature]*          *Kliuchkovskyi M.Y*

