Robert L. Sills (RS 8896)
Jay K. Musoff (JM 8716)
Orrick, Herrington & Sutcliffe LLP
666 Fifth Avenue
New York, New York 10103
Telephone: (212) 506-5000
Facsimile: (212) 506-5151
Attorneys for Petitioner

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------ x
                                                                   :
**TELENOR MOBILE COMMUNICATIONS AS,**                              :
                                                                   :
               Petitioner,                         :
                                                                   :
    -against-                                            :
                                                                   :    07 Civ. 6929 (GEL)
**STORM LLC,**                                                     :
                                                                   :    ECF Case
               Respondent,                         :
                                                                   :
    -and-                                                 :    **DECLARATION OF**
                                                                   :    **ROBERT L. SILLS**
**ALTIMO HOLDINGS & INVESTMENTS**
**LIMITED, HARDLAKE LIMITED AND ALPREN**                           :
**LIMITED,**
                                                                   :
               Additional Contemnors.              :
                                                                   :
------------------------------------------------------------------ x

      **ROBERT L. SILLS** declares the following to be true:

      1.    I am a member of the bar of this Court and of the firm of Orrick, Herrington & Sutcliffe LLP, attorneys for Petitioner Telenor Mobile Communications AS ("Telenor Mobile" or "Petitioner"). I submit this declaration pursuant to 28 U.S.C. § 1746 in support of Telenor Mobile's motion to hold Storm LLC ("Storm"), and its alter egos, Altimo

Holdings & Investments ("Altimo"), Alpren Limited ("Alpren"), and Hardlake Limited ("Hardlake" and, together with Altimo and Alpren, collectively, the "Altimo Entities"), in contempt of this Court's November 2, 2007 Opinion and Order (the "November 2 Order") confirming the Final Award in the arbitration between Telenor Mobile and Storm, issued on August 1, 2007 (the "Final Award"). As counsel for Telenor Mobile, I am familiar with the facts set forth in this declaration.

    2.  Attached hereto as Exhibit A is a copy of the Final Award.

    3.  On August 22, 2007, Storm filed an application with the Pechersky District Court of the City of Kyiv (the "Pechersk Court"), seeking to bar recognition of the Final Award in Ukraine. Storm also sought, and was granted, an expedited hearing on its application.

    4.  Because of the expedited hearing secured by Storm, the Pechersk Court granted Storm's application on October 5, 2007, almost a month before this Court confirmed the Final Award. A copy of the Pechersk Court's ruling is attached hereto as Exhibit B, together with its English translation. A copy of a letter to the Court, dated October 23, 2007 from Pieter Van Tol, counsel for Storm, and a copy of my letter in response, dated October 25, 2007, describing Storm's application to the Perchersk Court and its subsequent ruling, are attached hereto (without exhibits) as Exhibits C and D, respectively.

    5.  In addition to the Perchersk Court's ruling, Mr. Vadim Klymenko, Storm's General Director and an Altimo executive, obtained an order from the Shevchenkivskiy Court of Kyiv (the "Shevchenkivskiy Court") dated October 10, 2007, which purported to invalidate resolutions passed at a meeting of Storm's shareholders. If implemented, these resolutions, proposed by Storm's only shareholders, Alpren and Hardlake, would have brought

the Altimo Entities into compliance with the Final Award. A copy of the Shevchenkivskiy Court's ruling, translated into English, as provided by Storm is attached hereto as Exhibit E.

6. The action that resulted in the Shevchenkivskiy Court's ruling was brought by Mr. Klymenko, an Altimo executive, against Storm, Alpren and Hardlake, which are wholly owned and controlled by Altimo. A copy of Mr. Klymenko's affidavit submitted to the arbitration tribunal (the "Tribunal"), which describes his status as a Vice President of Altimo, together with a copy of a recent news article announcing his appointment as Altimo's director general in Ukraine, is attached hereto as Exhibit F.

7. Attached hereto as Exhibit G are copies of e-mails exchanged between David Wack, Esq., an attorney for Altimo (then named Alfa Telecom Limited), and lawyers from Coudert Brothers LLP, former counsel to Telenor Mobile, concerning Storm's sale to Telenor Mobile of a small number of shares in Kyivstar. In an e-mail dated September 4, 2002, Mr. Wack wrote ". . . since Alfa acquired Storm back in July, Storm means Alfa . . . Approval by Jmak in respect of Storm is meaningless unless Alfa has signed off."

8. Attached as Exhibit H is a copy of another e-mail, dated October 28, 2002, in which Mr. Wack, Altimo's attorney tenders Storm's acceptance of a revised loan document, stating "the changes are acceptable to Storm.".

9. The day after the Final Award was finally released on August 2, 2007, Altimo issued a press release stating that the Final Award would "not have any impact on the legal situation around Kyivstar . . . ." A copy of that press release is attached hereto as Exhibit I.

10. On November 2, 2007, this Court confirmed the Final Award in the 64-page November 2 Order. A copy of the November 2 Order is attached hereto as Exhibit J.

11. On August 14, 2007, Telenor Mobile sent a letter to all of the Altimo Entities pointing out their continued failure to comply with the terms of the Final Award and the November 2 Order. A copy of Telenor Mobile's August 14, 2007 letter is attached hereto as Exhibit K.

12. Mr. Klymenko responded to Telenor Mobile by letter dated November 15, 2007, in which he informed Telenor Mobile, *inter alia*, that Storm was "evaluating its options during the pendency of the appeal." A copy of Mr. Klymenko's November 15, 2007 letter is attached hereto as Exhibit L.

13. Shortly after this Court denied Storm's motion to stay the November 2 Order, Telenor Mobile again notified Storm and the Altimo Entities, in writing, of their obligations under the Final Award and the November 2 Order. A copy of Telenor Mobile's letter, dated November 27, 2007 is attached hereto as Exhibit M. A copy of Storm's letter in response, dated December 3, 2007 is attached hereto as Exhibit N.

14. Attached hereto as Exhibits O and P are two articles describing Altimo's purported sale of half of its stake in Turkcell for $20 million.

15. Attached hereto as Exhibit Q are two pages printed from the website of Abacus Limited.

16. Annexed hereto as Exhibit R is a copy of my letter (without enclosures) to Altimo, Alpren and Hardlake, providing copies of the Final Award and the November 2 Order.

17. Attached hereto as Exhibit S is a page taken from the Altimo website, showing its address in Ukraine.

18. The reason this application is brought on by order to show cause is that Telenor Mobile seeks a hearing on its motion for an order of contempt, and limited expedited

discovery in advance of that hearing. As set forth in the accompanying memorandum, such discovery will insure that Telenor Mobile's motion is heard on a complete record.

19. No previous application for the relief sought on this motion or for similar relief has been made to this or to any other court.

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 22, 2008 at New York, New York.

                                                                       _____
                                                                       Robert L. Sills

5