# EXHIBIT B



COPY

## PECHERSK DISTRICT COURT OF THE CITY OF KYIV

Case No. 2-K-4/07

### RULING

On October 5, 2007, the Pechersk District Court of the City of Kyiv

| | |
|---|---|
| composed of the Presiding | Judge Grymych M.K., |
| in presence of the Secretary | Antonyuk Y.A., |
| with participation of the representatives of Storm LLC | Illyashev M.I., Marchenko R.V., |
| | Trokhymchuk O.I., Kyrychenko I.A., |

having considered in the open court in Kyiv the case upon the motion of Storm Limited Liability Company, the person concerned Telenor Mobile Communications AS, on recognition of the foreign award in the territory of Ukraine,-

### FOUND:

The applicant, Storm Limited Liability Company, approached the court with the motion as to recognition in the territory of Ukraine of the foreign award delivered by the arbitration tribunal composed of Gregory B. Craig and William R. Jentes as arbitrators and Kenneth R. Feinberg as presiding arbitrator sitting in New York according to the UNCITRAL Arbitration Rules upon the claim of Telenor Mobile Communications AS against Storm Limited Liability Company, not numbered, signed by the arbitrators on July 2, 2007. Storm LLC raised the issue of recognition of the foreign arbitral award. At that, Storm LLC in its motion mentions that it was under some incapacity in accordance with law applicable to it and that the arbitration clause based upon which arbitral award is delivered was recognized null and void by the Ukrainian courts; that Storm LLC was unable to present its case due to the order of the Ukrainian court; that award is delivered in the dispute falling outside the agreement between the parties and contains resolutions on the issues beyond the arbitration clause; that the composition of the arbitration tribunal and the arbitration procedure did not conform to the agreement between the parties. In addition to this, Storm LLC argues that recognition of the foreign arbitral award will contradict the public policy of Ukraine.

Having appeared before the court, the representatives of the applicant, Storm LLC, supported the submitted motion.

1

Representative of the person concerned, Telenor Mobile Communications AS, did not appear before the court although it had been duly notified about the time and place of the hearing and received the subpoena. Furthermore, the mentioned person concerned was informed about necessity to submit its opposition within one month after the mentioned motion had been received by the court. Nevertheless, the opposition was not provided to the court within the set deadline.

Having heard explanations of the applicant's representatives and having studied the motion, the Court finds that recognition of the foreign award should be refused due to the following reasons.

It appears from the materials submitted along with the motion that on July 2, 2007 the arbitration tribunal composed of Gregory B. Craig and William R. Jentes as arbitrators and Kenneth R. Feinberg as presiding arbitrator sitting in New York according to the UNCITRAL Arbitration Rules upon the claim of Telenor Mobile Communications AS against Storm Limited Liability Company, not numbered, delivered the award to partially grant the claim of Telenor Mobile Communications AS.

Article 5 of the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards (as ratified by the Decree of the Presidium of the Verkhovna Rada of the Ukrainian SSR dated August 22, 1960) sets forth the grounds to refuse to recognize foreign arbitral awards.

Under the said Convention, recognition of an award may be refused, in particular, if the parties were under some incapacity under the law applicable to them. The Court has found that Storm LLC was under some incapacity when executing the Shareholders Agreement dated January 30, 2004. This is one of the reasons why it was recognized null and void by the Judgment of the Kyiv Commercial Court No. 20/242 dated April 25, 2006, and the Ruling of Kyiv Appellate Commercial Court No. 20/242 dated May 25, 2006. In addition to this, recognition of an award may be refused if the party against whom the award is delivered was unable to present its case. The Court has found that the main hearings in the arbitration proceeding took place on December 18 and 19, 2006. At the same time, Storm LLC was unable to participate and present its case in the arbitration due to the following reasons. On December 1, 2006, the Ruling of Golosiyiv District Court for the City of Kyiv applied injunction within the civil case upon the claim of Alpren Limited against Klymenko V. V. on recognition of certain actions unlawful and obligation to take actions. Such injunction prohibited Storm LLC and any of its authorized persons to take any actions as to performance of the Shareholders Agreement dated January 30, 2004, executed between Telenor Mobile Communications AS, Storm Limited Liability Company, and Closed Joint Stock Company Kyivstar G.S.M., including submission of any explanations, claims, statements of defense, motions, to participate in the arbitration proceeding, hearings, sittings of the arbitration tribunal held under the UNCITRAL Arbitration

2

Rules upon the claim of Telenor Mobile Communications AS against Storm Limited Liability Company in New York. On December 4, 2006, Storm LLC informed the arbitration tribunal about such injunction and resulting therefrom impossibility to present its arguments on the substance of the dispute. The arbitration tribunal was also officially informed about the injunction by the letter of the State Enforcement Service in Golosiyiv District of the City of Kyiv dated December 20, 2006. At the same time, Storm LLC applied to the arbitration tribunal for stay of the arbitration until the Golosiyiv District Court for the City of Kyiv renders a judgment on the substance of the claim. However, the arbitration tribunal did not stay the proceeding and continued consideration of the case. Doing so, the arbitration tribunal acted on the basis of the Order of the United States District Court for the Southern District of New York dated December 15, 2006, according to which the Storm LLC was enjoined from attempting to cause the enforcement of any legal action in Ukraine that would disrupt, delay or hinder in any way the arbitration proceedings between Telenor Mobile Communications AS and Storm LLC in New York. As far as the laws of Ukraine and jurisdiction of the Ukrainian courts apply to Storm LLC, court decisions are mandatory for execution and failure to comply with them is a crime that entails responsibility according to Article 382 of the Criminal Code of Ukraine, Storm LLC was obligated to follow Injunction of the Golosiyiv District Court for the City of Kyiv while it remained in force and, accordingly, to refrain from participation in the arbitration, while the Order of the United States District Court for the Southern District of New York as the decision of a foreign court, in order to be recognized and enforced in Ukraine, was subject to the procedure of recognition and enforcement in Ukraine. Since the mentioned Order of the United States District Court for the Southern District of New York dated December 15, 2006, has not been recognized in Ukraine and, accordingly, lacks legal effect in Ukraine, it could not provide grounds for Storm LLC to disregard the decision of the Ukrainian court. Therefore, in view of the fact that by virtue of Article 124 of the Constitution of Ukraine, the decision rendered by court is mandatory for execution, Storm LLC while complying with the Order of the Golosiyiv District Court for the City of Kyiv issued in case No. 2-5613/06, had no possibility to present its case in the arbitration which award is considered.

Furthermore, recognition of an award may be refused if such award is rendered in the dispute that falls beyond the scope of the agreement of the parties or contains decisions on the matters beyond the scope of the arbitration clause and if the composition of the arbitration tribunal or the arbitration procedure does not comply with the one contemplated by agreement between the parties.

According to the arbitral award, the arbitration tribunal obliged a number of third persons, along with the parties to the dispute, to perform certain actions. In particular, the three newly-formed corporate affiliates of Storm LLC are to nominate the directors to the Kyivstar Board of Directors; corporate affiliates of Storm LLC (not controlled by it) are to divest their holdings in

3

Turkcell and Ukrainian High Technologies that exceed five percent; anyone acting in concert with Storm LLC is enjoined from commencement or prosecution of any and all court actions concerning any disputes or controversies under, relating to, or in connection with, any obligations described in the Shareholders Agreement, including all of the existing litigations currently pending in Ukraine and described in the Arbitration Award; anyone acting in concert with Storm LLC are enjoined from enforcing the December 29, 2006, Injunction or its attendant Enforcement Order; anyone acting in concert with Storm LLC, is enjoined from taking any actions to hinder or preclude Telenor Mobile, Ernst & Young and their related entities from carrying out their rights and obligations under the Shareholders Agreement or other pertinent agreements with Kyivstar CJSC. None of the said third persons is a party to the Shareholders Agreement and, accordingly, to the Arbitration Agreement. They have never negotiated them. In addition, none of them have ever participated and given their consent to participate in the arbitration in which the Arbitral Award is rendered. Thus, the arbitration tribunal has exceeded its jurisdiction having decided on the rights and obligations of the persons that are not bound by the Arbitration Agreement and did not participate in the arbitration. The arbitration tribunal has also exceeded its jurisdiction having considered and resolved the issue of the litigation in Ukraine relating to, *inter alia*, legality of Kyivstar's audit and validity of the agreements between Kyivstar and the auditors as regards holding of audit, in particular, as concerns the following court cases: upon the claim of Storm LLC against Kyivstar, Ernst and Young Audit Services Limited Liability Company and Ernst and Young Limited Liability Company dated; upon the claim of Alpren Limited against V. V. Klymenko, Director General of Storm LLC; Trond Moe, Head of Telenor's Representative Office in Ukraine; Ernst and Young Audit Services Limited Liability Company and Ernst and Young Limited Liability Company; upon the claim of Alpren Limited against Kyivstar, Ernst and Young Audit Services Limited Liability Company and Ernst and Young Limited Liability Company. As regards these disputes the tribunal decided that Storm LLC was in breach of the Shareholders Agreement by failing to settle any and all disputes and controversies arising under, relating to or in connection with the Shareholders Agreement dated January 30, 2004, by arbitration under the UNCITRAL Arbitration Rules. Also, in its award the arbitration tribunal held that Storm LLC is enjoined from commencement or prosecution of any and all court actions concerning any disputes or controversies under, relating to, or in connection with, any obligations described in the Shareholders Agreement, including all of the existing litigations currently pending in Ukraine and mentioned in the Arbitral Award; Storm LLC is also enjoined from taking any actions to hinder or preclude Telenor, Ernst & Young and their related entities from carrying out their rights and obligations under the Shareholders Agreement or other pertinent agreements with Kyivstar CJSC.

As appears from the case file, the mentioned disputes arose from the fact that audit services agreements had not been ratified by the Kyivstar Board of Directors as required by Article 9.10 of the Charter of Kyivstar. Furthermore, the mentioned auditing companies are not the parties to the Shareholders Agreement and, accordingly, to the Arbitration Agreement and did not participate in signing thereof. Therefore, the subject matter of the mentioned disputes at no point relates to Shareholders Agreement that has been recognized by the arbitration tribunal that emphasized that none of those other litigations involved the validity or enforceability of the 2004 Shareholders Agreement where invocation of arbitration under Section 12.01 would have been required (In footnote 9 (Section F of the Arbitral Award). Consequently, the court finds that the arbitration tribunal considered and decided on the Ukrainian litigations, in particular, the disputes that were beyond the scope of the arbitration clause, and, thus, exceeded its jurisdiction. In addition, the court takes in consideration that according to the Judgment of the Kyiv Commercial Court dated April 25, 2006, in case No. 40/242 and the Ruling of the Kyiv Appellate Commercial Court dated May 25, 2006, in case No. 40/242, Shareholders Agreement is null and void, including the arbitration clause, *ab initio*. There exists no other agreement or arrangement between the Parties vesting powers in the mentioned arbitration tribunal to consider any disputes between the parties. As far as only the parties to the respective dispute may empower the arbitration tribunal on consideration of such dispute and they have to define the procedure to be applied to the dispute resolution, in view of the absence of such agreements between the parties, the court concludes that the arbitration tribunal composed of Gregory B. Craig, William R. Jentes as arbitrators, and Kenneth R. Feinberg as presiding arbitrator, while considering the dispute between Telenor Mobile Communications AS and Storm LLC arising out of the Shareholders Agreement of January 30, 2004, acted beyond its jurisdiction; they were not empowered by the parties to consider any of the disputed issues that were the subject matter of the proceeding; the procedure and the very fact of the proceeding did not comply with the agreement of the parties as there was no such agreement due to the fact that the Shareholders Agreement, along with the arbitration clause, being null and void, does not and did not create any legal consequences except for those resulting from its invalidity, and could not serve as a source of competence for the arbitration tribunal to consider any disputes between Telenor Mobile Communications AS and Storm LLC.

Moreover, the court finds that recognition of the arbitral award will violate the public policy of Ukraine due to the following.

By the Judgment of the Kyiv Commercial Court No. 40/242 dated April 25, 2006, and the Ruling of the Kyiv Appellate Commercial Court No. 40/242 dated May 25, 2006, Shareholders Agreement dated January 30, 2004, along with the arbitration clause was recognized null and

5

void, and the consequences of invalidity of the null and void deed were applied. These decisions were delivered by the Ukrainian courts prior to delivery of the foreign arbitral award. According to Article 124 of the Constitution of Ukraine, court decisions are mandatory for execution throughout the territory of Ukraine. Thus, the mentioned court decisions are to be enforced, while the foreign arbitral award does not merely contradict the mentioned decisions of the Ukrainian courts, but also makes it impossible to enforce them, containing the conclusions contradictory to those of the Ukrainian judgments. Recognition of the foreign arbitral award conflicts with imperative rules of the Ukrainian legislation and violates the public policy of Ukraine. This conclusion is also supported by conclusions of the Supreme Court of Ukraine that were made in the course of consideration of the similar case and presented in the Order dated May 14, 2003 in the case upon the motion of the Western NIS Enterprise Fund Corporation for recognition and enforcement of the foreign arbitral award.

In addition to this, this award obliges Storm LLC to alienate the shares owned by it. However, according to Article 41 of the Constitution of Ukraine, the ownership right in Ukraine is inviolable. Thus, recognition of the foreign arbitral award breaches the imperative norm of the Ukrainian legislation on inviolability of the ownership right and, respectively, violates the public policy of Ukraine.

As it appears from the case file, the foreign arbitral award enjoins Storm LLC from commencement or prosecution of any and all court actions concerning any disputes or controversies under, relating to, or in connection with, any obligations described in the Shareholders Agreement, including all of the existing litigations currently pending in Ukraine. Nonetheless, Article 6 of the Convention for the Protection of Human Rights and Fundamental Freedoms (the Convention is ratified by the Law of Ukraine "On the Ratification of the Convention for the Protection of Human Rights and Fundamental Freedoms of 1950, the First Protocol and the Protocols No. 2, 4, 7 and 11 to the Convention" dated July 17, 1997) provides that each person, in the determination of his civil rights and obligations, is entitled to a fair and public hearing within a reasonable time by an independent and impartial tribunal established by law. Article 1 of the Convention also lays down the obligation of Ukraine, as a Contracting Party, to secure to everyone within their jurisdiction, in particular Storm LLC, the rights and freedoms defined in Section I of this Convention, specifically those provided in Article 6 of the Convention. In accordance with Article 9 of the Constitution of Ukraine, international treaties ratified by the Verkhovna Rada of Ukraine, are the part of the national legislation. In other words, the Convention for the Protection of Human Rights and Fundamental Freedoms is the part of the legislation of Ukraine. Thus, recognition of the foreign arbitral award violates international obligations assumed by Ukraine, as well as the imperative rule of the Ukrainian legislation

relating to the right to judicial consideration of the issues as to civil rights and liabilities, and accordingly, violates the public policy of Ukraine.

In view of the above, and taking into account the fact that the New York Convention on Recognition and Enforcement of Foreign Arbitral Awards of 1958 provides that the court may refuse recognition of an award should it conclude that recognition and enforcement of the award would violate the public policy, the court finds that in this case it comes as an independent and sufficient ground to refuse to recognize the foreign award.

Proceeding from the above, guided by Articles 9, 41, 124 of the Constitution of Ukraine, the Convention for the Protection of Human Rights and Fundamental Freedoms of 1950, the New York Convention on Recognition and Enforcement of Foreign Arbitral Awards of 1958, Articles 399, 400, and 401 of the Code of Civil Procedure of Ukraine, the Court

### RULED:

To refuse to recognize the foreign award delivered by the arbitration tribunal composed of Gregory B. Craig and William R. Jentes as arbitrators and Kenneth R. Feinberg as presiding arbitrator sitting in New York according to the UNCITRAL Arbitration Rules upon the claim of Telenor Mobile Communications AS against Storm Limited Liability Company, not numbered, signed by the arbitrators on July 2, 2007.

The court ruling may be appealed to the Kyiv Appellate Court by virtue of submission of petition for appeal within 5 days following its delivery and submission of appeal within 10 days following submission of petition for appeal through the Pechersk District Court for the City of Kyiv.

JUDGE [signature]

[square stamp TRUE COPY], Judge [signature], Secretary [signature]
[round stamp of the Pechersk District Court of the City of Kyiv]

[square stamp TRUE COPY, as of October 5, 2007, the Judgment (Ruling) [illegible] came into effect]
Judge [signature], Secretary [signature]
[round stamp of the Pechersk District Court of the City of Kyiv]




## ПЕЧЕРСЬКИЙ РАЙОННИЙ СУД М. КИЄВА

Справа №2-К-4/07

### УХВАЛА

05 жовтня 2007 року Печерський районний суду м. Києва
в складі головуючого                    судді Гримич М.К.,
при секретарі                            Антонюк Ю.А.
з участю представників ТОВ "Сторм"       Ілляшева М.І., Марченка Р.В.,
                                         Трохимчука О.І., Кириченко І.А.,

розглянувши у відкритому судовому засіданні в м. Києві справу за клопотанням Товариства з обмеженою відповідальністю «Сторм», зацікавлена особа Теленор мобайл ком"юнікейшнз АС (Telenor Mobile Communications AS), про визнання на території України рішення іноземного суду,-

### ВСТАНОВИВ:

Заявник - Товариство з обмеженою відповідальністю «Сторм» звернулось до суду з клопотанням щодо визнання на території України рішення іноземного суду - арбітражу у складі арбітрів Грегорі Бі. Крейг (Gregory B. Craig), Вільям Р. Дженетс (William R. Jentes), головуючий Кеннет Р. Фейнберг (Kenneth R. Feinberg), який відбувся згідно з арбітражними правилами UNCITRAL в місті Нью-Йорк, за позовом Теленор мобайл ком'юнікейшнз АС (Telenor Mobile Communications AS) до Товариства з обмеженою відповідальністю "Сторм" б/н, підписаного арбітрами 02.07.2007 року. ТОВ «Сторм» поставило питання щодо визнання рішення іноземного арбітражу. При цьому ТОВ «Сторм» в клопотанні зазначило, що воно мало дефект правоздатності згідно з законом, що застосовується до нього, та арбітражне застереження, на підставі якого було винесено рішення арбітражу, визнане судами в Україні нікчемним; що ТОВ «Сторм» не мало можливості надавати свої пояснення через ухвалу українського суду; що рішення винесено у спорі, який не підпадав під угоду сторін та містив постанови по питаннях, які виходять за межі арбітражного застереження; що склад арбітражу та арбітражна процедура не відповідали угоді сторін. Крім того ТОВ «Сторм» зазначало, що визнання рішення іноземного арбітражу буде суперечити публічному порядку України.

Представники заявника – ТОВ "Сторм", з"явившись в судове засідання, підтримали подане клопотання.

Представник зацікавленої особи - Теленор мобайл ком'юнікейшнз АС в судове засідання не з'явився, про час і місце розгляду клопотання був повідомлений належним чином, судову повістку отримав, крім того, вказана зацікавлена особа була повідомлена про необхідність подання заперечень протягом одного місяця після отримання судом вказаного клопотання, проте у зазначений час заперечення до суду направлені не були.

Суд, заслухавши пояснення представників заявника, вивчивши матеріали клопотання, вважає, що у визнанні рішення іноземного суду повинно бути відмовлено з наступних підстав.

З матеріалів, поданих разом з клопотанням, вбачається що 02.07.2007 року арбітражем у складі арбітрів Грегорі Бі. Крейг (Gregory B. Craig), Вільям Р. Дженетс (William R. Jentes), головуючий Кеннет Р. Фейнберг (Kenneth R. Feinberg), який відбувся згідно з арбітражними правилами UNCITRAL в місті Нью-Йорк, за позовом Теленор мобайл ком'юнікейшнз АС

1

(Telenor Mobile Communications AS) до Товариства з обмеженою відповідальністю "Сторм" б/н було ухвалено рішення, яким частково задоволено позов Теленор мобайл ком'юнікейшнз АС (Telenor Mobile Communications AS).

У відповідності до ст.5 Нью-Йоркської Конвенції про визнання та виконання іноземних арбітражних рішень 1958 року (Конвенція ратифікована Указом Президії Верховної Ради УРСР від 22.08.1960 р.) встановлено підстави для відмови у визнанні рішення іноземних арбітражів.

Відповідно до вищезазначеної Конвенції у визнанні рішення може бути відмовлено, зокрема, якщо сторони мали дефект правоздатності згідно з законом, що застосовується до них. Судом встановлено, що ТОВ «Сторм» мало дефект правоздатності, укладаючи Акціонерну угоду від 30.01.2004 року, та це стало однією з підстав визнання її нікчемною рішенням Господарського суду міста Києва №20/242 від 25.04.2006 та постановою Київського апеляційного господарського суду у справі №20/242 від 25.05.2006. Крім того, у визнанні рішення може бути відмовлено, якщо сторона, проти якої винесено рішення, з яких-небудь причин не мала можливості надавати свої пояснення. Судом встановлено, що основні слухання під час арбітражного розгляду відбулися 18 та 19 грудня 2006 року. При цьому ТОВ «Сторм» не змогло взяти участь і подати свої пояснення до арбітражу з наступних підстав. Так 1 грудня 2006 року ухвалою Голосіївського районного суду м. Києва було застосовано заходи забезпечення позову при розгляді цивільної справи за позовом "Алыпрен Лімітед" до Клименка В.В. про визнання дій незаконними та зобов'язання вчиняти дії, якими, зокрема, було заборонено ТОВ «Сторм» та будь-яким уповноваженим нею особам вчиняти будь-які дії по виконанню Акціонерної угоди від 30.01.2004 року, укладеної між Теленор Мобайл Ком'юнікейшнз АС, Товариством з обмеженою відповідальністю "Сторм" та Закритим акціонерним товариством "Київстар Дж.Ес.Ем"., в тому числі подавати будь-які пояснення, заяви, відзиви на позовні заяви, клопотання, приймати участь в арбітражному процесі, слуханнях, засіданнях арбітражу, який відбувається згідно з арбітражними правилами UNCITRAL, за позовом Теленор Мобайл Ком'юнікейшнз АС до Товариства з обмеженою відповідальністю "Сторм" в місті Нью-Йорк. ТОВ «Сторм» повідомило про цю заборону, і, пов'язану з цим неможливість подати пояснення по суті справи арбітражний трибунал 4 грудня 2006. Арбітражний трибунал також був офіційно повідомлений про забезпечення позову листом Державної виконавчої служби у Голосіївському районі м. Києва від 20 грудня 2006 р. Одночасно ТОВ «Сторм» подало клопотання до арбітражного трибуналу про зупинення арбітражного провадження до вирішення справи по суті Голосіївським районним судом м. Києва. Натомість, арбітражний трибунал не зупинив провадження і продовжив розгляд справи. При цьому арбітражний трибунал ґрунтувався на ухвалі Суду США у Південному окрузі штату Нью-Йорк від 15 грудня 2006 р., якою ТОВ «Сторм» було заборонено намагатися спричинити виконання будь-якої юридичної дії в Україні, яка зруйнує, затримає, або ускладнить будь-яким чином арбітражне провадження між "Теленор мобайл ком'юнікейшнз АС та ТОВ "Сторм" у Нью-Йорку. Оскільки на ТОВ «Сторм» поширюється дія законодавства України та юрисдикція українських судів, а судові рішення є обов'язковими до виконання та їх невиконання є злочином і тягне за собою відповідальність згідно ст. 382 Кримінального кодексу України, ТОВ «Сторм» було зобов'язано виконувати Ухвалу Голосіївського районного суду міста Києва про забезпечення позову протягом усієї її дії, і, відповідно, не брати участі в арбітражному розгляді, а ухвала Суду США у Південному окрузі штату Нью-Йорк, як рішення іноземного суду, для її визнання та виконання в Україні повинно була пройти процедуру визнання та виконання в Україні. Оскільки вказана ухвала Суду США у Південному окрузі штату Нью-Йорк від 15 грудня 2006 р. в Україні не визнана, і, відповідно, не має жодної юридичної сили на її території, то відповідно не могла бути для ТОВ «Сторм» підставою для невиконання рішення українського суду. Таким чином, оскільки згідно зі ст.124 Конституції України рішення суду є обов'язковим для виконання, ТОВ «Сторм» виконуючи ухвалу Голосіївського районного суду м. Києва у справі № 2-5613/06 про забезпечення позову не мало можливості надавати свої пояснення арбітражу, про визнання рішення якого йдеться.

2

Крім того, у визнанні рішення може бути відмовлено, якщо рішення винесено щодо спору, який не підпадає під угоду сторін чи містить постанови по питаннях, які виходять за межі арбітражного застереження, а також якщо склад арбітражу чи арбітражна процедура не відповідали угоді сторін.

Відповідно до Арбітражного рішення арбітраж зобов'язав вчинити певні дії ряд третіх осіб, крім сторін по справі, а саме трьом новосформованим афілійованим компаніям з ТОВ «Сторм» арбітраж доручив призначити директорів до Ради директорів Київстара; афілійованим особам ТОВ «Сторм» (які не перебувають під його контролем) наказав позбавитися своїх часток у компаніях «Турксел» та «Українські високі технології», які перевищують п'ять відсотків; будь-якій особі, яка діє за згодою з ТОВ «Сторм» арбітраж заборонив ініціювання або переслідування у судовому порядку стосовно будь-яких спорів або суперечностей за, стосовно або у зв'язку з будь-якими зобов'язаннями, зазначеними в Акціонерній угоді, в тому числі за всіма існуючими судовими справами, які наразі розглядаються в Україні та зазначені в Арбітражному рішенні; будь-якій особі, яка діє за згодою з ТОВ «Сторм» арбітраж заборонив виконання ухвали про забезпечення позову від 29 грудня 2006 р. або Постанови державного виконавця, що її супроводжувала; будь-якій особі, яка діє за згодою з ТОВ «Сторм» арбітраж заборонив здійснювати будь-які дії з метою перешкоджання або створення перепон для Теленор Мобайл Ком'юнікейшнз АС, Ернст енд Янг та їхніх пов'язаних осіб при здійсненні ними своїх прав та зобов'язань за Акціонерною угодою або іншими відповідними угодами з ЗАТ "Київ стар". Жодна з вказаних третіх сторін не була стороною Акціонерної угоди, і, відповідно, Арбітражної угоди, не брала участі в їх обговоренні. До того ж, жодна з них ніколи не брала участі і не погоджувалася брати участь в арбітражному провадженні, в якому було винесене Арбітражне рішення. Таким чином, прийнявши рішення щодо прав та обов'язків таких третіх осіб, які не зв'язані Арбітражною угодою і не брали участі в арбітражному провадженні, арбітражний трибунал вийшов за межі своєї компетенції. Також арбітражний трибунал вийшов за межі своєї компетенції розглянувши і вирішивши питання про судові спори в Україні, предметом яких є, зокрема, законність проведення аудиту Київстара та дійсність договорів Київстара з аудиторами про проведення аудиту, а саме щодо таких справ: за позовом ТОВ „Сторм" проти Київстара, Товариства з обмеженою відповідальністю „Ернст енд Янг Аудиторські Послуги" та Товариства з обмеженою відповідальністю „Ернст енд Янг" від; за позовом Альпрен Лімітед проти Генерального директора ТОВ „Сторм", В. В. Клименка; Голови представництва Теленора в Україні, Тронда Мо; Товариства з обмеженою відповідальністю „Ернст енд Янг Аудиторські Послуги" та Товариства з обмеженою відповідальністю „Ернст енд Янг"; за позовом Альпрен Лімітед проти Київстара, Товариства з обмеженою відповідальністю „Ернст енд Янг Аудиторські Послуги" та Товариства з обмеженою відповідальністю „Ернст енд Янг". Щодо цих спорів трибунал вирішив, що ТОВ «Сторм» порушує умови Акціонерної угоди, а саме що ТОВ «Сторм» не вирішує будь-які та всі спори та суперечності, що виникають за чи у зв'язку з Акціонерною угодою від 30 січня 2004 р., шляхом арбітражу за Арбітражним регламентом ЮНСІТРАЛ. Також у своєму рішенні трибунал наказав, що ТОВ «Сторм» забороняється ініціювання або продовження судових проваджень стосовно будь-яких спорів або суперечностей за або у зв'язку з будь-якими зобов'язаннями, зазначеними в Акціонерній угоді, в тому числі за всіма існуючими судовими справами, які розглядаються в Україні та зазначені в Арбітражному рішенні; а також що ТОВ «Сторм» забороняється здійснювати будь-які дії з метою перешкоджання або створення перепон для Теленор, Ернст енд Янг та їхніх пов'язаних осіб при здійсненні ними своїх прав та зобов'язань за Акціонерною угодою або іншими відповідними угодами з ЗАТ "Київ стар".

Як вбачається з матеріалів справи, вказані спори виникли на підставі того, що договори про проведення аудиту не були затверджені Радою Київстара, як того вимагає п. 9.10 Статуту Київстара. Окрім того, вказані аудиторські компанії не були сторонами Акціонерної угоди, і, відповідно, не були сторонами Арбітражної угоди, не приймали участі в її підписанні. Таким чином, предмет вказаних спорів не має жодного стосунку до Акціонерної угоди, що також визнається самим арбітражем, який вказав, що жодна з цих інших справ не стосувалася дійсності чи виконання Акціонерної угоди 2004 р., коли б вимагалось застосування

3

арбітражного застереження п. 12.01. (зноска 9 (п. F Арбітражного рішення). Таким чином, судом встановлено, що арбітражний трибунал розглянув і вирішив питання щодо українських судових процесів, зокрема, щодо спорів, які не охоплювались арбітражним застереженням, і, відповідно, вийшов за межі своєї компетенції. Крім того суд приймає до уваги, що рішенням Господарського суду міста Києва №40/242 від 25.04.2006 та постановою Київського апеляційного господарського суду у справі №40/242 від 25.05.2006 Акціонерну угоду від 30.01.2004 року разом з арбітражним застереженням було визнано нікчемною з моменту її укладення. Інших угод чи домовленостей Сторін про надання вказаному складу арбітражу повноважень розглядати будь-які спори між сторонами не існує. Оскільки компетенція арбітражу на розгляд спору повинна бути надана сторонами відповідного спору, також сторонами спору повинна бути визначена процедура розгляду спору, то з огляду на відсутність таких домовленостей між сторонами, суд приходить до висновку, що склад арбітражу, а саме арбітри Грегорі Бі. Крейг (Gregory B. Craig), Вільям Р. Дженетс (William R. Jentes), головуючий Кеннет Р. Фейнберг (Kenneth R. Feinberg), розглядаючи спір між Теленор мобайл ком'юнікейшнз АС (Telenor Mobile Communications AS) та ТОВ «Сторм», що випливав з Акціонерної угоди від 30.01.2004 року, діяли поза своєю компетенцією, вони не були уповноважені сторонами на розгляд жодного зі спірних питань, які стали предметом розгляду, процедура розгляду та сам факт розгляду спору не відповідали угоді сторін через відсутність такої угоди, оскільки Акціонерна угода, разом з арбітражним застереженням, як нікчемний правочин, не створює та не створювала жодних юридичних наслідків, крім тих, що пов'язані з її недійсністю, та не могла бути підставою для виникнення у складу арбітражу компетенції на розгляд будь-яких спорів між Теленор мобайл ком'юнікейшнз АС (Telenor Mobile Communications AS) та ТОВ «Сторм».

Також, суд вважає, що визнання рішення арбітражу буде суперечити публічному порядку України з наступних підстав.

Рішенням Господарського суду міста Києва №40/242 від 25.04.2006 та постановою Київського апеляційного господарського суду у справі №40/242 від 25.05.2006 Акціонерну угоду від 30.01.2004 року, разом з арбітражним застереженням, було визнано нікчемною та застосовані наслідки недійсності нікчемного правочину. Вказані судові рішення прийняті судами України до прийняття рішення іноземним арбітражем. У відповідності до ст.124 Конституції України рішення суду є обов'язковим для виконання на всій території України. Таким чином, вказані судові рішення повинні виконуватись, а рішення іноземного арбітражу не тільки суперечить вказаним рішенням українських судів, а й унеможливлює їх виконання, оскільки містить висновки, протилежні тим, що містяться в рішеннях українських судів. Визнання рішення іноземного арбітражу вступає в конфлікт з імперативними нормами українського законодавства і суперечить публічному порядку України. Вказаний висновок також підтверджується висновками Верховного суду України, що були ним зроблені при розгляді аналогічної справи та викладені в Ухвалі від 14.05.2003 року у справі за клопотанням корпорації «Вестерн Ен-Ай-Ес Ентерпрайз Фонд» про визнання та виконання рішення іноземного арбітражу.

Крім того, рішенням на ТОВ «Сторм» покладено обов'язок здійснити відчуження належних йому акцій. При цьому, згідно зі ст. 41 Конституції України право власності в Україні є непорушним. Таким чином визнання рішення іноземного арбітражу порушує імперативну норму українського законодавства щодо непорушності права власності і відповідно суперечить публічному порядку України.

З матеріалів справи також вбачається, що рішенням іноземного арбітражу ТОВ «Сторм» забороняється ініціювання або продовження судових проваджень стосовно будь-яких спорів або суперечностей за або у зв'язку з будь-якими зобов'язаннями, зазначеними в Акціонерній угоді, в тому числі за всіма існуючими судовими справами, які наразі розглядаються Україні. При цьому, ст.6 Конвенції про захист прав людини і основоположних свобод (Конвенція ратифікована Законом України «Про ратифікацію Конвенції про захист прав людини і основоположних свобод 1950 року, Першого протоколу та протоколів N 2, 4, 7 та 11 до Конвенції» від 17.07.1997 року), встановлено, що кожен при вирішенні питання щодо його цивільних прав та обов'язків, має право на справедливий і відкритий розгляд упродовж

4

розумного строку незалежним і безстороннім судом, встановленим законом. Ст.1 Конвенції також передбачений обов'язок України, як договірної сторони, гарантувати кожному, хто перебуває під її юрисдикцією, зокрема й ТОВ «Сторм», права і свободи, визначені в розділі І цієї Конвенції, зокрема й ті, що визначені в ст.6 Конвенції. У відповідності до ст.9 Конституції України міжнародні договори, згода на обов'язковість яких надана Верховною Радою України є частиною національного законодавства. Тобто Конвенція про захист прав людини і основоположних свобод є складовою частиною законодавства України. Таким чином визнання рішення іноземного арбітражу порушує взяті на себе Україною міжнародні зобов'язання, а також порушує імперативну норму українського законодавства, щодо права на судовий розгляд питань щодо цивільних прав та обов'язків і відповідно суперечить публічному порядку України.

На підставі наведеного і беручи до уваги, що Нью-Йоркською Конвенцією про визнання та виконання іноземних арбітражних рішень 1958 року передбачається, що у визнанні рішення може бути відмовлено судом, якщо він прийде до висновку, що визнання та виконання рішення буде суперечити публічному порядку, суд приходить до висновку, що ця обставина в даному випадку є самостійною достатньою підставою для відмови у визнанні рішення іноземного суду.

Враховуючи викладене, керуючись ст.9, ст.41, ст.124 Конституції України, Конвенцією про захист прав людини і основоположних свобод 1950 року, Нью-Йоркської Конвенцією про визнання та виконання іноземних арбітражних рішень 1958 року, ст.ст. 399, 400, 401 ЦПК України, суд -

УХВАЛИВ:

Відмовити у визнанні рішення іноземного суду - арбітражу у складі арбітрів Грегорі Бі. Крейг (Gregory B. Craig), Вільям Р. Джентс (William R. Jentes), головуючий Кеннет Р. Фейнберг (Kenneth R. Feinberg), який відбувся згідно з арбітражними правилами UNCITRAL в місті Нью-Йорк, за позовом Теленор мобайл ком'юнікейшнз АС (Telenor Mobile Communications AS) до Товариства з обмеженою відповідальністю "Сторм" б/н, підписаного арбітрами 02.07.2007 року.

На ухвалу суду може бути подана апеляційна скарга до Апеляційного суду м. Києва шляхом подання протягом 5 днів з дня її проголошення заяви про наступне апеляційне оскарження та подання протягом 10 днів після подання заяви апеляційної скарги через Печерський районний суд м. Києва.

СУДДЯ -