# EXHIBIT C

# Lovells

Lovells LLP
590 Madison Avenue
New York NY 10022
Tel: +1 212 909 0600
Fax: +1 212 909 0660

October 23, 2007

By Hand

Direct line 212.909.0661
pieter.vantol@lovells.com
Direct fax 212.909.0666

Honorable Gerard E. Lynch
United States District Judge for the
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 910
New York, New York 10007-1581

Our ref NYPT/125606.1
Matter ref V2336/00016

RE:   *TELENOR MOBILE COMMUNICATIONS AS V. STORM LLC*, NO. 07 CIV. 6929 (GEL)

Dear Judge Lynch:

On behalf of Storm LLC ("Storm"), we write to advise the Court of two rulings from the Ukrainian courts relating to the August 1, 2007 award (the "Final Award" or "Award") issued by the Tribunal in the underlying arbitration.

I.   **Ruling on Ukrainian Recognition of Final Award**

On October 5, 2007, the Pechersk District Court of the City of Kyiv (the "Perchersk Court") issued a ruling (the "Perchersk Ruling) in which it refused to recognize the Final Award. (The Perchersk Ruling, in Ukrainian and English, is enclosed as Exhibit A.) The Perchersk Ruling was in response to an application made by Storm. Telenor Mobile Communications AS ("Telenor Mobile") received notice of the application and the hearing before the Perchersk Court, and it was informed about the deadline for submitting an opposition. (*See* Perchersk Ruling at 2.)[1] However, Telenor Mobile did not appear before the Perchersk Court, nor did it file any opposition to Storm's application. (*Id.*)[2]

In refusing to recognize the Final Award, the Perchersk Court relied on several provisions from the New York Convention on the Recognition and Enforcement of Foreign Awards (the "New York Convention"). First, the Perchersk Court held that Storm was under an incapacity when Mr. Nilov signed the Shareholders Agreement. (*Id.*; *see also* New York Convention Art. V(1)(a).) The Perchersk Court relied on the findings of the other Ukrainian courts that the Shareholders Agreement

---

[1]   Further evidence of the notice given to Telenor Mobile is attached as Exhibit B; we will supply a translation of Exhibit B shortly.

[2]   It is our understanding that no appeal was filed from the Perchersk Ruling.

Lovells LLP is a limited liability partnership registered in England and Wales with registered number OC323639. Registered office and principal place of business Atlantic House, Holborn Viaduct, London EC1A 2FG. The word 'partner' is used to refer to a member of Lovells LLP, or an employee or consultant with equivalent standing and qualifications.
Lovells LLP and its affiliated businesses have offices in: Alicante Amsterdam Beijing Brussels Chicago Dubai Dusseldorf Frankfurt Hamburg Ho Chi Minh City Hong Kong London Madrid Milan Moscow Munich New York Paris Prague Rome Shanghai Singapore Tokyo Warsaw    Associated offices Budapest Zagreb
Lawyers (USA) Solicitors Rechtsanwälte Avocats Advocaten Notarissen Avvocati Abogados

is null and void (Perchersk Ruling at 2), as well as its own determination that — apart from the Shareholders Agreement — "[t]here exists no other agreement or arrangement between the Parties" to arbitrate. (*Id.* at 5.)

Second, the Perchersk Court noted that the recognition of an award may be refused if the party against whom an award is rendered was unable to present its case. (*Id.; see also* New York Convention Art. V(1)(b).) The Perchersk Court found that Storm was unable to present its case during the arbitration proceedings because of the December 1, 2006 injunction from the Golosiyiv District Court for the City of Kyiv (the "December 1 Injunction"), which barred Storm from participating in the arbitration. (*See* Perchersk Ruling at 2-3.) The Perchersk Court noted that, as a matter of Ukrainian law, Storm was obligated to follow the December 1 Injunction and, therefore, "had no possibility to present its case in the arbitration." (*Id.* at 3.)

Third, the Perchersk Court pointed out that recognition of an award may be refused if the award goes beyond the scope of matters submitted by the parties. (*Id.; see also* New York Convention Art. V(1)(c).) The Perchersk Court held that the Tribunal exceeded its powers because (a) it decided the rights and obligations of parties that are not bound by the arbitration and did not participate in the arbitration (including, for example, Storm's affiliates) (*see* Perchersk Ruling at 3-4); and (b) it decided an issue that had been resolved in the Ukrainian courts (namely, the legality of agreements between Kyivstar and its auditors) (*see id.* at 4-5).

Fourth, the Perchersk Court concluded that recognition of the Final Award would violate the public policy of Ukraine. (*Id.* at 5; *see also* New York Convention Art. V(2)(b).) After referring to the April and May 2006 decisions of the Ukrainian courts invalidating the Shareholders Agreement, the Perchersk Court stated that:

> [T]he foreign arbitral award does not merely contradict the mentioned decisions of the Ukrainian courts, but also makes it impossible to enforce them, containing ... conclusions contradictory to those of the Ukrainian judgments. Recognition of the foreign arbitral award conflicts with imperative rules of the Ukrainian legislation and violates the public policy of Ukraine. This conclusion is also supported by conclusions of the Supreme Court of Ukraine that were made in the course of consideration of [a] similar case and presented in the Order dated May 14, 2003 in [that] case upon the motion of the Western NIS Enterprise Fund Corporation for recognition and enforcement of [a] foreign arbitral award.

(Perchersk Ruling at 6.) The Perchersk Court further found that recognition of the Final Award would be contrary to Ukrainian public policy because the Award breaches Ukrainian legislation on the inviolability of ownership rights (including the right to judicial consideration of those rights). (*See id.* at 6-7.) In sum, the Perchersk Court found that the potential violation of public policy provides "an independent and sufficient ground to refuse to recognize the [Final Award]." (*Id.* at 7.)

\* \* \* \* \*

We are advising the Court of the Perchersk Ruling in the interest of full disclosure and in support of our earlier assertion that the Ukrainian courts would be unlikely to recognize the Final Award. The Perchersk Ruling demonstrates that — absent further decisions from the Ukrainian courts — the Final Award will not be recognized in Ukraine. It should be noted that the Perchersk Ruling does not in any way purport to limit this Court's ability to decide Telenor Mobile's pending petition to confirm or Storm's motion to vacate the Final Award.

## II.    Ruling on Compliance with Final Award

On October 10, 2007, the Shevchenkivskiy District Court (the "Shevchenkivskiy Court") issued a ruling (the "Shevchenkivskiy Ruling") invalidating resolutions passed at an August 27, 2007 Storm general meeting regarding compliance with the Final Award. (The Shevchenkivskiy Ruling, in Ukrainian and English, is attached as Exhibit C.) The resolutions were proposed by Storm's two shareholders, Alpren Limited and Hardlake Limited. Vadim Klymenko of Storm requested the Shevchenkivskiy Ruling on the grounds that the resolutions violated Ukrainian law and procedure. As set forth in Exhibit C, the Shevchenkivskiy Court agreed.

In light of the Shevchenkivskiy Ruling, there is currently no impediment to Storm's effort to challenge the Final Award in Ukraine, including the application discussed above that resulted in the Perchersk Ruling.

Respectfully submitted,

*Pieter Van Tol*

Pieter Van Tol

Enc.

cc:    Robert L. Sills, Esq. (by e-mail)