# EXHIBIT E

Case 2-9509/07

RESOLUTION
IN THE NAME OF UKRAINE

On October 10, 2007, Shevchenkivskiy District Court of Kyiv composed by

Presiding Judge N.V. IGNATCHENKO

Secretary I.M. KRAVCHUK

having examined in open judicial proceedings in Kyiv the civil case in the action of Vadym Viktorovych Klymenko against Alpren Limited, Hardlake Limited, Storm Limited Liability Company on invalidation of the company members' acts and resolutions of the Meeting,

HAS FOUND THAT:

Claimant: V.V. Klymenko, Director General of Storm LLC, filed a claim to Shevchenkivskiy District Court of Kyiv for:

Invalidation of the acts of Alpren Limited and Hardlake Limited related to making resolutions in respect of performance of the Resolution dated July 02, 2007 of New-York Court of Arbitration based on UNCITRAL on the case in the action of Telenor Mobile Communications AS against Storm Limited Liability Company in respect of validity and performance of the Shareholders Agreement dated January 30, 2004 made by and between Telenor and Storm LLC acting as Shareholders, and Kyivstar G.S.M. Closed Joint Stock Company;

Invalidation of Storm LLC General Meeting Resolution executed as Minutes No. 2708/07 dated August 27, 2007, specifically:

1) paragraph 5 of the Minutes, on whose basis the decision was made on the need to make resolutions at the Unscheduled General Meeting aimed at performance of the New-York Court of Arbitration Resolution;

2) paragraph 6 of the Minutes, on whose basis the decision was made on foundation of 3 subsidiaries, specifically: Storm 1 Subsidiary, Storm 2 Subsidiary, and Storm 3 Subsidiary, and obliging V.V. Klymenko to provide their state registration;

3) paragraph 7 of the Minutes, on whose basis the Articles of Association of the 3 subsidiaries Storm 1 Subsidiary, Storm 2 Subsidiary, and Storm 3 Subsidiary were approved;

4) paragraph 8 of the Minutes, on whose basis V.V. Klymenko was appointed Director of the 3 subsidiaries: Storm 1 Subsidiary, Storm 2 Subsidiary, and Storm 3 Subsidiary;

5) paragraph 9 of the Minutes, on whose basis the 3 subsidiaries Storm 1 Subsidiary, Storm 2 Subsidiary, and Storm 3 Subsidiary respectively received one share of Kyivstar G.S.M. CJSC each;

6) paragraph 10 of the Minutes, on whose basis V.V. Klymenko, as Director General of Storm LLC and Director of Storm 1 Subsidiary, Storm 2 Subsidiary, and Storm 3 Subsidiary was bound to take the required measures for appointment of the 4 candidates to the Board of Directors of Kyivstar G.S.M. CJSC and ensuring the election of the suggested candidates to the Board of Directors of Kyivstar G.S.M. CJSC, their attending any and all future meetings of the Board of Directors, and taking part in supervision and management of Kyivstar G.S.M. CJSC operation in good faith;

7) paragraph 11 of the Minutes, on whose basis S.M. Petrashevych was appointed an authorized representative of Storm LLC at the General Meeting of Kyivstar G.S.M. CJSC;

8) paragraph 12 of the Minutes, on whose basis S.M. Petrashevych was authorized to attend any and all future annual and unscheduled Meetings of Shareholders of Kyivstar G.S.M. CJSC until Storm LLC remains a shareholder of Kyivstar G.S.M. CJSC;

9) paragraph 13 of the Minutes, on whose basis the required measures are to be taken for making amendments to the Articles of Association of Kyivstar G.S.M. CJSC in order to bring them to compliance with the Supreme Business Court of Ukraine Resolution dated January 22, 2005, Shareholders Agreement dated January 30, 2004, and holding shares of Kyivstar G.S.M. CJSC by the Claimant Telenor and its affiliated entities Telenor Ukraine I AS, Telenor Ukraine II AS, Telenor Ukraine III AS, and Telenor Ukraine IV AS. In particular, Storm LLC and all entities, to which Storm LLC transfers shares of Kyivstar G.S.M. CJSC were authorized to vote in order to approve the amendments to the Articles of Association of Kyivstar G.S.M. CJSC providing that shareholders of Kyivstar G.S.M. CJSC are (a) Storm LLC jointly with all of its 3 newly founded corporate affiliated entities, each of them to hold at least one share of Kyivstar G.S.M. CJSC; and (b) Telenor Mobile Communications AS and all of its 4 existing corporate affiliated entities, each of them to hold one

share of Kyivstar G.S.M. CJSC. At the same time, persons determined and suggested as members of the Board of Directors of Kyivstar G.S.M. CJSC by the said 9 legal entities shall be elected by Directors;

10) paragraph 14 of the Minutes, on whose basis the sale of shares of Kyivstar G.S.M. CJSC held by Storm LLC to any entity (not an affiliated entity of Storm LLC) shall be performed within 120 (one hundred and twenty) days from the date of the New-York Court of Arbitration Resolution, unless Storm LLC and any affiliated entities withdraw their assets exceeding 5% from Turkcell and Ukrainian Innovative Technologies Companies by that time;

11) paragraph 15 of the Minutes, on whose basis Storm LLC was bound to avoid (individually or through any entity acting in coordination with Storm LLC) any initiations or prosecutions in a judicial proceeding in respect of any disputes or controversies concerning or in connection with any obligations specified in the Shareholders Agreement dated January 30, 2004, including, without limitation, on all existing court cases being presently examined in Ukraine and specified in the Resolution of the New-York Court of Arbitration;

12) paragraph 16 of the Minutes, on whose basis any and all claims, applications, complaints, or prohibitions initiated by Storm LLC and related to Shareholders Agreement dated January 30, 2004 shall be withdrawn, in particular action on case No. 40/37 in action against Kyivstar G.S.M. CJSC, Ernst and Young LLC and Ernst and Young Auditing Services LLC.

In the course of the court meeting, the Claimant V. Klymenko and his representative (Attorney O.I. Kolesnyk) supported the claim. The Representative of Defendant 1 (Attorney O.Yu. Melnyk) and Defendant 2 (Attorney V.V. Gankevych) objected to satisfying the claim and asked to deny its satisfaction bringing the following reasons:

The Representative of Defendant 3 (Attorney R.V. Marchenko) recognized the claimed demands of the Claimant.

The Court (having heard the explanations of the Claimant and the representatives of the Parties, and examined the materials of the case) considers the Claimant's demands to be lawful, reasonable, and subject to satisfaction for the following reasons:

The Claimant Vadym Viktorovych Klymenko is Director General of Storm LLC in accordance with resolution of the Meeting of Members, acting with the authority of the Company's Articles of Association approved by the Meeting of Members (Minutes w/n dated February 15, 2006).

In accordance with the Articles of Association, the Director General shall perform the function of an executive body of the company and performs duties related to control of the company's current operation and keeping the company's business, management and supervision of business plans implementation process, results reporting to the Meeting of Members, signing and provision of performance of any and all contracts, agreements, and documents connected with the company's operation in accordance with the limitations specified in paragraph 12.4 of the Articles of Association, provision of performance of any and all rules and regulations in the area of supervision and functioning of the company, representation of the company's interests in courts and arbitration, exercising additional authorities and performance pf additional functions, which may be assigned to Director General by resolution of the Meeting of Members.

In accordance with paragraph 1 and the operative part of the Constitutional Court of Ukraine Resolution No. 18-pn/2004 dated December 01, 2004, the term *legally protected interest* shall be construed as the intent to use specific material and/or non-material benefits based on the objective general sense and ordinary legitimate permit not directly dealt with in the legal right, which is an individual subject of judicial remedy and other legal remedies, in order to satisfy individual and collective needs not contradicting the Constitution and Laws of Ukraine, public interests, fairness, honesty, reasonability, and other general legal principles.

With reference to the aforesaid, and taking into consideration Article 6 (1) of the Human Rights and Basic Freedoms Protection Convention, the Law of Ukraine "On ratification of the Human Rights and Basic Freedoms Protection Convention of 1950", the First Minutes and Minutes No. 2, 4, 7 and 11 to the Convention, the court considers that V.V. Klymenko is a proper Claimant on this case.

For the said reasons, objections of Defendant 2 related to Vadym Viktorovych Klymentko being an improper Claimant on the case shall not be accepted. Such objections are unreasonable, and the court shall not examine them taking into consideration that the Claimant is Director General of Storm LLC and shall perform resolutions of the Meeting of Members, and application to court is a proper legal remedy in the situation of illegal demands of the company's members to the company's director.

On July 02, 2007, the Court of Arbitration in New York City, USA, made a resolution on case in action of Telenor Mobile Communications AS against Storm Limited Liability Company based on the UNCITRAL Arbitration Rules, providing partial satisfaction of the claimed demands of Telenor to the extent of obligations of Storm LLC to take certain measures (case page). The said resolution is based on the arbitration warning/notice contained in the Shareholders Agreement dated January 30, 2004 of Kyivstar G.S.M. Closed Joint Stock Company (case page).

Storm LLC was bound:

- to sell at least one of its shares of Kyivstar G.S.M. CJSC to the 3 newly founded legal affiliated entities so that to ensure the possibility of determination and appointment of the total number of candidates (4) to be elected to the Board of Kyivstar G.S.M. CJSC, and Storm LLC shall determine and appoint candidates to be elected to the Board of Kyivstar G.S.M. CJSC;

- to take measures required for election of the persons appointed to the Board of Kyivstar G.S.M. CJSC, attendance of any an all future Meetings of the Board and taking part in determination and management of Kyivstar G.S.M. CJSC operation in good faith;

- to ensure attendance of any an all future annual and unscheduled Meetings of Shareholders of Kyivstar G.S.M. CJSC by its duly authorized representatives until Storm LLC remains a shareholder of Kyivstar G.S.M. CJSC;

- to take measures required for making amendments and supplements to the Articles of Association in order to bring them to compliance with the Supreme Business Court of Ukraine Resolution dated January 22, 2005, Shareholders Agreement dated January 30, 2004, and holding shares of Kyivstar G.S.M. CJSC by the Claimant Telenor and its affiliated entities, Telenor Ukraine I AS, Telenor Ukraine II AS, Telenor Ukraine III AS and Telenor Ukraine IV AS. The Claimant Telenor and Defendant Storm LLC, and all entities they will transfer the shares of Kyivstar G.S.M. CJSC to, shall vote in order to approve the amendments and supplements to the Articles of Association of Kyivstar G.S.M. CJSC implying that shareholders of Kyivstar G.S.M. CJSC are (a) Storm LLC jointly with all of its 3 newly founded corporate affiliated entities, each of them to hold at least one share of Kyivstar G.S.M. CJSC; and (b) Telenor Mobile Communications AS and all of its 4 existing corporate affiliated entities, each of them to hold one share of Kyivstar G.S.M. CJSC. At the same time, persons determined and suggested as members of the Board of Directors of Kyivstar G.S.M. CJSC by the said 9 legal entities shall be elected by Directors;

- to sell its shares of Kyivstar G.S.M. CJSC to any entity (not an affiliated entity of Storm LLC) within 120 (one hundred and twenty) days from the date of the New-York Court of Arbitration Resolution, unless Storm LLC and any affiliated entities withdraw their assets exceeding 5% from Turkcell and Ukrainian Innovative Technologies Companies by that time.

In addition, in accordance with paragraph 5, part «H» «Opinions and arbitration resolutions» of the New-York Court of Arbitration Resolution, the following prohibition shall apply to the Defendant Storm LLC and all entities acting in coordination with Storm LLC:

- initiation and running any and all court cases (without limitation) concerning any disputes and controversies in accordance with, concerning, or in connection with any obligations specified in the Shareholders Agreement, including, without limitation, any and all presently existing litigations expected in Ukraine and specified in this Resolution;

- to enforce the prohibition dated December 29, 2006 or a supplementary instruction thereto on enforcement;

- to perform any and all acts to prevent the Claimant Telenor, Ernst & Young, and their related entities from exercising of their rights and performance of obligations in accordance with Shareholders Agreement or other relevant agreements with Kyivstar G.S.M. CJSC.

Upon making the arbitration resolution, on August 27, 2007, at the Unscheduled General Meeting of Members of Storm LLC, the member companies Alpren Limited (represented by S. Petrashevych, representative) 49.9% of votes and Hardlake Limited (represented by V. Gankevych) holding 50.1% of votes examined the aforesaid New-York Court of Arbitration Resolution, made a decision on performance of the said court resolution, and Minutes No. 2708/07 dated August 27, 2007 were signed to that effect bounding the Claimant as Director General of Storm LLC to take specific measures on performance of the aforesaid New-York Court of Arbitration Resolution, specifically:

In accordance with Paragraph 6 of Minutes No. 2708/07 dated August 27, 2007, a decision was made on founding 3 subsidiaries and transferring one share of Kyivstar G.S.M. CJSC to each of them: Storm 1 Subsidiary, Storm 2 Subsidiary, and Storm 3 Subsidiary, and the Claimant was bound to provide the state registration of the subsidiaries. At the same time, in accordance with paragraph 7 of the Minutes, the Articles of Association of these enterprises were approved, and in accordance with paragraph 8 of the Minutes, the Claimant was appointed Director of the newly founded enterprises, in addition in accordance with paragraph 9, a decision was made on transferring one share of Kyivstar G.S.M. CJSC to each of the newly founded subsidiaries (Storm 1 Subsidiary, Storm 2 Subsidiary, and Storm 3 Subsidiary respectively).

In accordance with Paragraph 10 of Minutes No. 2708/07 dated August 27, 2007, the Claimant as Director General of Storm LLC and as Director of Storm 1 Subsidiary, Storm 2 Subsidiary, and Storm 3 Subsidiary was authorized to take measures required for appointment of the 4 candidates to the Board of Directors of Kyivstar G.S.M. CJSC and ensuring the election of the suggested candidates to the Board of Directors of Kyivstar G.S.M. CJSC, including, without limitation, their

attendance of any and all future Meetings of the Board of Directors, and taking part in supervision and management of Kyivstar G.S.M. CJSC operation in good faith.

In addition, other decisions were made at the Unscheduled General Meeting as follows:

- S.M. Petrashevych was appointed an authorized representative of Storm LLC at the General Meeting of Kyivstar G.S.M. CJSC (paragraph 11 of the Minutes);

- S.M. Petrashevych was authorized to attend any and all future annual and unscheduled Meetings of Shareholders of Kyivstar G.S.M. CJSC until Storm LLC remains a shareholder of Kyivstar G.S.M. CJSC (paragraph 12 of the Minutes);

- to take the required measures for making amendments to the Articles of Association of Kyivstar G.S.M. CJSC in order to bring them to compliance with the Supreme Business Court of Ukraine Resolution dated January 22, 2005, Shareholders Agreement dated January 30, 2004, and holding shares of Kyivstar G.S.M. CJSC by the Claimant Telenor and its affiliated entities Telenor Ukraine I AS, Telenor Ukraine II AS, Telenor Ukraine III AS, and Telenor Ukraine IV AS. In particular, Storm LLC and all entities, to which Storm LLC transfers shares of Kyivstar G.S.M. CJSC were authorized to vote in order to approve the amendments to the Articles of Association of Kyivstar G.S.M. CJSC providing that shareholders of Kyivstar G.S.M. CJSC are (a) Storm LLC jointly with all of its 3 newly founded corporate affiliated entities, each of them to hold at least one share of Kyivstar G.S.M. CJSC; and (b) Telenor Mobile Communications AS and all of its 4 existing corporate affiliated entities, each of them to hold one share of Kyivstar G.S.M. CJSC. At the same time, persons determined and suggested as members of the Board of Directors of Kyivstar G.S.M. CJSC by the said 9 legal entities shall be elected by Directors (paragraph 13 of the Minutes);

- to sell the shares of Kyivstar G.S.M. CJSC held by Storm LLC to any entity (not an affiliated entity of Storm LLC) within 120 (one hundred and twenty) days from the date of the New-York Court of Arbitration Resolution, unless Storm LLC and any affiliated entities withdraw their assets exceeding 5% from Turkcell and Ukrainian Innovative Technologies Companies by that time (paragraph 14 of the Minutes);

- Storm LLC was bound to avoid (individually or through any entity acting in coordination with Storm LLC) any initiations or prosecutions in a judicial proceeding in respect of any disputes or controversies concerning or in connection with any obligations specified in the Shareholders Agreement dated January 30, 2004, including, without limitation, on all existing court cases being presently examined in Ukraine and specified in the Resolution of the New-York Court of Arbitration (paragraph 15 of the Minutes);

- to withdraw any and all claims, applications, complaints, or prohibitions initiated by Storm LLC and related to Shareholders Agreement dated January 30, 2004, in particular action on case No. 40/37 in action against Kyivstar G.S.M. CJSC, Ernst and Young LLC and Ernst and Young Auditing Services LLC (paragraph 16 of the Minutes).

Defendant 1 Alpren Limited objected to the claim and explained that on April 25, 2006, on case No.40/242, the Business Court of Kyiv made the following resolution: "to spot the acts of Storm Limited Liability Company on performance of the Shareholders Agreement dated January 30, 2007 made by and between Telenor Mobile Communications AS, Storm Limited Liability Company, and Kyivstar G.S.M. Closed Joint Stock Company. Defendant 1 considers that in spite of taking legal effect by the said resolution and its being valid in Ukraine, in the USA (the place of arbitration) it was not recognized. Consequently, according to Defendant 1, this court resolution had no legal impact on resolving the matters at the time of arbitration, and for this reason, Defendant 1 considers the arbitration resolution to be in full force and effect.

In addition, Defendant 1 specifies that in accordance with the generally accepted principle of *arbitration warning/notice autonomy*, courts of Ukraine are not entitled to resolve issues of validity (or invalidity) of arbitration agreements, consequently, the existing arbitration warning/notice contained in the Shareholders Agreement is valid. Defendant 1 provides rationale of the specified statements referring to the Law of Ukraine "On international commercial arbitration", including, without limitation, Article 5 of the Law, which, according to the Defendant, restricts the possibilities of legal process of the court.

Having examined these arguments of Defendant 1, the Court considers them groundless as in accordance with paragraph 1, Article 1 of the Law of Ukraine "On international commercial arbitration", to any resolutions made by foreign arbitration, only Articles 8, 9, 35, 36 of the said Law shall apply. At the same time, Article 8 of the Law implies that in case of receipt of a case with the matter being the subject of the arbitration agreement, the court shall stop the litigations and send the case to the respective court. However, as shown by the materials of the case, the Ukrainian courts made no resolutions concerning the matters specified in the arbitration warning/notice. On case No.40/242, the subject of examination was the matter of the said arbitration warning/notice and other parts of the Shareholders Agreement dated January 30, 2004, specifically, the matter of the said agreement being null and void.

The Law of Ukraine "On international commercial arbitration", the Constitution of Ukraine provide for no limitations of the court's rights to invalidate any agreement effective in the territory of Ukraine, including, without limitation, an arbitration warning/notice as a legal act aimed at occurrence of legal consequences.

Consequently, the resolution on case No. 40/242 made by the Business Court of Kyiv on April 25, 2006 on invalidation of the Shareholders Agreement and, respectively, the arbitration agreement forming a part of the Shareholders Agreement, points out that neither Shareholders Agreement dated January 30, 2004, nor the arbitration agreement (warning/notice) have legal consequences.

The Parties specify that on December 01, 2006, by resolution of Golosiyivskiy District Court of Kyiv on case No. 2-5613/06, measures to secure the claim were taken, which, in particular, implied the prohibition to Storm LLC and any of its authorized entities "to take any measures on performance of the Shareholders Agreement dated January 30, 2004, including, without limitation, to prohibit submission of any explanations, applications, withdrawals of claims, petitions, and to take part in the arbitration proceeding, hearings, meetings of the arbitration ... held in accordance with the UNCITRAL Arbitration Rules in action of Telenor Mobile Communications AS against Storm Limited Liability Company in the New York City".

At the same time, Defendant 1 and Defendant 2 specify that in spite of the notice given by Storm LLC to that effect, the Court of Arbitration failed to stop the litigations and continued examination of the case, as it was governed by resolution of the competent state court at the location of the arbitration in respect of the possibility to continue running the examination of the case by the Court of Arbitration (the USA court in the South District of the state of New York made resolution dated December 15, 2006 to that effect) (case page) and for the reason of non-recognition of Golosiyivskiy District Court of Kyiv Resolution on case No. 2-5613/06 in the territory of the USA.

The Court specifies that in accordance with Article 9 of the Law of Ukraine "On international commercial arbitration", judicial measures in respect of security of the claim are not consistent with the arbitration agreement. The said Article enables the court to take securing measures concerning matters related to the subject matter of the arbitration agreement even in case of availability of the arbitration agreement.

Ignoring the court prohibitions imposed by Ukrainian court by any entities in the territory of Ukraine, or non-performance of the court resolutions (including, without limitation, decrees) is in breach of the principle of the binding nature of court resolutions provided for in the Constitution of Ukraine, the Law of Ukraine "On the judicial system", the Law of Ukraine "On the executive proceedings ".

In accordance with Article 124 of the Constitution of Ukraine, the Ukrainian courts have jurisdiction over any and all legal relations arising or existing in the territory of Ukraine. The said principle in based on the principle of sovereignty of Ukraine as an independent state, since the authorities in Ukraine may be exercised only by Ukrainian governmental agencies. Taking into consideration the sovereignty principle, foreign court resolutions shall be admitted for performance in the territory of Ukraine only upon their recognition by the competent Ukrainian court or voluntary mutual recognition.

In accordance with Article 390 and Article 399 of the Civil Procedure Code of Ukraine, foreign court resolutions shall be recognized and performed in Ukraine, if their recognition and performance are provided for by international agreements, and consent to their binding nature shall be given by Verkhovna Rada of Ukraine, or based on the principle of mutuality by ad hoc agreement with a foreign state, whose court resolutions shall be enforced in Ukraine.

As shown by the materials of the case (the text of the arbitration resolution), the arbitration has taken into consideration the USA court in the South District of the state of New York made resolution dated December 15, 2006 implying the prohibition to Storm LLC "to try to perform any legal act in Ukraine, which would cancel, delay, or complicate in any way the arbitration proceedings between Telenor and Storm LLC in the New York City" (case page).

The said fact shows that the American court having made the decree dated December 15, 2006 was aware of the existence of court cases, resolutions and prohibitions imposed by Ukrainian courts. However, the USA court in the South District of the state of New York not only failed to recognize the existing Ukrainian judicial documents as those to be taken into consideration in the territory of the USA but also actually invoked the Parties to evade from their performance (case page).

The said decree of the USA court in the South District of the state of New York dated December 15, 2006 was not recognized in accordance with the set procedure in Ukraine as at the day of the court examination of the case.

The arbitrators Gregory B. Craig, William R. Jentes, and the Chairman Kenneth R. Feinberg actually refused to recognize the resolutions of Ukrainian courts directly related to the arbitration proceedings.

Consequently, for the same reasons, the New-York Court of Arbitration Resolution dated July 02, 2007 cannot be recognized in Ukraine as it is in breach of the public procedure in Ukraine.

Performance of the resolution of the General Meeting of Storm LLC executed as Minutes No. 2708/07 dated August 27, 2007, made based on the New-York Court of Arbitration Resolution shall be in breach of the legislation and the set public procedure in Ukraine taking into consideration the following reasons:

In breach of Article 116 of the Civil Code of Ukraine providing for the right of the business company member to take part in the company's management, in accordance with paragraphs 10-12 of the Minutes and in compliance with sub-paragraphs «b» and «c» of paragraph 3, part «H» «Opinions and arbitration resolutions», the representative of Storm LLC and Directors of its subsidiaries were bound to attend meetings of the Board of Directors of Kyivstar G.S.M. CJSC and "any and all future annual and unscheduled Meetings of Shareholders of Kyivstar G.S.M. CJSC, and to take part in supervision and management of Kyivstar G.S.M. CJSC operation in good faith".

In accordance with the Supreme Business Court of Ukraine Resolution dated December 22, 2006 (case page), provisions of paragraph 9.1 of the Articles of Association of Kyivstar G.S.M. CJSC containing the notion of the Board of Directors of Kyivstar G.S.M. CJSC was invalidated. Respectively, the obligations of Directors to attend meetings of the Board of Directors are impossible for performance. In accordance with Article 19 of the Civil Code of Ukraine, each person shall have the right to individual protection of their civil rights and rights of any other persons against breach and illegal endeavors. Individual protection shall mean a person's using the counteraction means not prohibited by the law and not contradicting the moral principles of the society. Non-participation of a shareholder in the meeting is one of such remedies of the shareholder's rights.

Respectively, the obligation to attend meetings of the management bodies of Kyivstar G.S.M. CJSC is in breach of the Ukrainian legislation in effect. In reference thereto, the resolution of the General Meeting of Members of Storm LLC, in particular, paragraphs 10-12 (in respect of making resolutions required for performance of the Arbitration resolution and satisfaction of the creditors' demands) contradicts Articles 19, 116 of the Civil Code of Ukraine.

As shown by the materials of the case, the purpose of Storm LLC in accordance with Article 5 of its Articles of Association is performance of business operation specified in the Company's Articles of Association in order to receive profit. At the same time, business operation means holding shares of Kyivstar G.S.M. CJSC and exercising any and all rights and performance of obligations related to holding the said shares. However, the subject of the company's operation in accordance with Article 6 of its Articles of Association is holding shares of Kyivstar G.S.M. CJSC and exercising any and all rights and performance of obligations related thereto. The company performs no other business operation.

For this reason, any disposal off shares of Kyivstar G.S.M. CJSC is in contradiction with the Articles of Association of Storm LLC.

The members' resolution in respect of disposal off shares of Kyivstar G.S.M. CJSC (paragraph 9 of the Minutes, and foundation of subsidiaries in order to transfer shares of Kyivstar G.S.M. CJSC (paragraphs 6-8 of the Minutes) is in contradiction with the purpose and subject of the Company's operation.

In accordance with Article 41 of the Constitution of Ukraine, nobody may be illegally deprived of the title in property. The private property right is inviolable. Forced disposal off the private property may apply only as exception of the motives of public need based on and in accordance with the procedure set forth by the law, and subject to prior and full compensation of their cost. Forced disposal off such property with further full compensation of their cost shall apply only in conditions of military or emergency situation.

The Court considers that the resolution of shareholders of Storm LLC concerning disposal off shares of Kyivstar G.S.M. CJSC also contradicts the Business Code of Ukraine, as in accordance with part 3 of Article 81 of the Business Code of Ukraine, shareholders of the closed joint stock company have the preferential right to purchase shares sold by other shareholders of the company, and consequently the resolution on sale (or transfer) of shares of Kyivstar G.S.M. CJSC may be made only upon receipt of reply from other shareholders on denial to exercise their preferential right in purchase of these shares.

The Court gives an opinion that the demand set firth in the members' resolution on sale of all shares of Kyivstar G.S.M. CJSC held by Storm LLC and alternative obligation of Storm LLC affiliated entities to sell the shares of Ukrainian Innovative Technologies LLC and Turkcell Company in compliance with the anti-competitive warning/notice of the Shareholders Agreement is in breach of Articles 5 and 6 of the Law of Ukraine "On protection of economic competition". In accordance with paragraph 4, Article 6 of the said Law, performance of anti-competitive coordinated acts shall be prohibited and imply responsibility in accordance with the law. Taking into consideration the circumstances of Kyivstar G.S.M. CJSC, such acts are possible only subject to availability of a prior permit of the Anti-Monopoly Committee of Ukraine, which has not been received so far. Consequently, for these reasons, paragraph 14 of the Minutes is of no effect.

The members' Resolution in respect of withdrawing any and all claimed demands of Storm LLC and denial of the right to apply to court specified in paragraph 15-16 of the Minutes contradicts Article 55 of the Constitution of Ukraine, Article 1 of the Business Procedure Code of Ukraine implying the guaranteed right to apply to court for protection of their rights and legal interests, and denial of such right is of no effect.

The said provision is also in breach of Article 124 of the Constitution of Ukraine in respect of Ukrainian courts' jurisdiction over any and all legal relations existing in Ukraine.

The court considers that the General Meeting of Members of Storm LLC invokes the Claimant to perform the arbitration resolution without taking into consideration the requirements provided for by the international agreements of Ukraine and Ukrainian substantive and procedure legislation.

In respect of foreign arbitration resolutions, the UNO Convention on recognition and performance of arbitration resolutions (1958) ratified with the Presidium of the Supreme Council of the USSR Decree dated August 22, 1960 (hereinafter referred to as "the New York Convention"), the Law of Ukraine "On international commercial arbitration" dated February 24, 1994, Section VIII of the Civil Procedure Code of Ukraine.

As shown by the materials of the case, paragraphs 5-16 of the resolution made by the General Meeting of Members of Storm LLC is actually enforced by the New-York Court of Arbitration Resolution, in spite of its failure to undergo the recognition and performance procedure set forth by the Ukrainian legislation (taking into consideration Article V of the Convention on recognition and performance of arbitration resolutions (New York City, 1958) and Article 36 of the Law of Ukraine «On international commercial arbitration»).

Consequently, taking into consideration the aforesaid, the court makes an opinion on the need to satisfy the claim of the Claimant.

At the time of making this court resolution, the court has taken into consideration the Business Court of Kyiv resolution on case No. 40/242 dated April 25, 2006 implying that the Director General has no powers to sign the Shareholders Agreement based on Article 12.4 of Storm LLC Articles of Association. This opinion of the Business Court of Kyiv was approved by Kyiv Business Court of Appeal on case No. 40/242 dated May 25, 2006 (case page).

In accordance with part 1, Article 92 of the Civil Code of Ukraine, a legal entity shall acquire civil rights and obligations and exercise them through its bodies acting with the authority of the constituent documents and the law. Consequently, if the legal entity's body (Director General) has no powers to perform certain acts, such legal entity may not acquire rights and obligations as a result of such acts, and in this sense, it is legally incompetent.

The Arbitration agreement, based on which the Arbitration resolution was made, was a part of the Shareholders Agreement dated January 30, 2004 made by and between Storm, Telenor, and Kyivstar G.S.M. CJSC. (case page)

On April 25, 2006, at the time of examination of case No. 40/242, the Business Court of Kyiv, in particular, resolved: "to stop acts of Storm Limited Liability Company on performance of the Shareholders Agreement dated January 30, 2004 made by and between Telenor Mobile Communications AS, Storm Limited Liability Company, and Kyivstar G.S.M. Closed Joint Stock Company (case page). Consequently, the Court considers proven the fact that Storm LLC was legally incompetent as one of the parties to the Arbitration Agreement.

The Court also considers necessary to examine objections of Defendant 2 in respect of the rights protection methods selected by the Claimant. Defendant 2 considers the Claimant's demand (to invalidate the resolution of the General Meeting of Storm LLC executed as Minutes No. 2708/07 dated August 27, 2007) fails to comply with the methods for protection of civil rights provided for in part 2, Article 16 of the Civil Code of Ukraine.

In accordance with part 1, Article 16 of the Civil Code of Ukraine, each person shall be entitled to apply to court for protection of their personal property or non-property rights and interests.

In accordance with this provision, the court may protect the civil rights or interests of any person by:

1) recognition of the right;
2) legal act invalidation;
3) termination of an act in breach of the right;
4) renewal of the situation existing before breach;
5) enforcement of the obligation in kind;
6) change in legal relationship;
7) termination of legal relationship;
8) compensation of damages and other ways of property damages compensation;
9) compensation of moral (non-property) damages;
10) invalidation of resolutions, acts, or omission of a governmental body, authority of the Autonomous Republic of Crimea, or local authority, their officials and employees.

In accordance with part 1, Article 202 of the Business Code of Ukraine, a person's act aimed at acquisition, change, or termination of civil rights and obligations shall be a legal act.

The court considers that the resolution of Defendant 1 and Defendant 2 executed as Minutes No. 2708/07 dated August 27, 2007 is a legal act, as it is aimed at acquisition, change, or termination of civil rights and obligations.

Consequently, the court may apply such method of protection of civil rights or interests as "legal act invalidation", which shall apply in this case.

Having examined the withdrawal submitted by Defendant 3 Storm LLC thereby recognizing the claimed demands of the Claimant, the court considers possible to accept it, as it is not in breach of the legislation or interests of Storm LLC and is submitted in compliance with the procedure law of Ukraine.

Consequently, taking into consideration the aforesaid and based on Articles 1-6, 15, 107, 109, 110, 157, 209, 212-215, 223 of the Civil Procedure Code of Ukraine, the court

RESOLVED:

The claim filed by Vadym Viktorovych Klymenko (Apt. 21, 17B Gorkogo St., Kyiv) shall be completely satisfied.

To invalidate the acts of Alpren Limited (Elenion Building, 5 Themistocles Dervis Street, 2nd floor, CY-1066 Nicosia, Cyprus) and Hardlake Limited (Elenion Building, 5 Themistocles Dervis Street, 2nd floor, CY-1066 Nicosia, Cyprus) related to making resolutions in respect of performance of the Resolution dated July 02, 2007 of New-York Court of Arbitration based on UNCITRAL on the case in the action of Telenor Mobile Communications AS against Storm Limited Liability Company in respect of validity and performance of the Shareholders Agreement dated January 30, 2004 made by and between Telenor and Storm LLC acting as Shareholders, and Kyivstar G.S.M. Closed Joint Stock Company.

To invalidate the resolution of the General Meeting of Members of Storm LLC executed as Minutes No. 2708/07 dated August 27, 2007 to the extent of paragraphs 5-16, specifically:

- paragraph 5 of Minutes No. 2708/07 dated August 27, 2007, on whose basis the decision was made on the need to make resolutions at the Unscheduled General Meeting aimed at performance of the New-York Court of Arbitration Resolution;

- paragraph 6 of Minutes No. 2708/07 dated August 27, 2007, on whose basis the decision was made on foundation of 3 subsidiaries, specifically: Storm 1 Subsidiary, Storm 2 Subsidiary, and Storm 3 Subsidiary, and obliging V.V. Klymenko to provide their state registration;

- paragraph 7 of Minutes No. 2708/07 dated August 27, 2007, on whose basis the Articles of Association of the 3 subsidiaries Storm 1 Subsidiary, Storm 2 Subsidiary, and Storm 3 Subsidiary were approved;

- paragraph 8 of Minutes No. 2708/07 dated August 27, 2007, on whose basis V.V. Klymenko was appointed Director of the 3 subsidiaries: Storm 1 Subsidiary, Storm 2 Subsidiary, and Storm 3 Subsidiary;

- paragraph 9 of Minutes No. 2708/07 dated August 27, 2007, on whose basis the 3 subsidiaries Storm 1 Subsidiary, Storm 2 Subsidiary, and Storm 3 Subsidiary respectively received one share of Kyivstar G.S.M. CJSC each;

- paragraph 10 of Minutes No. 2708/07 dated August 27, 2007, on whose basis V.V. Klymenko, as Director General of Storm LLC and Director of Storm 1 Subsidiary, Storm 2 Subsidiary, and Storm 3 Subsidiary was bound to take the required measures for appointment of the 4 candidates to the Board of Directors of Kyivstar G.S.M. CJSC and ensuring the election of the suggested candidates to the Board of Directors of Kyivstar G.S.M. CJSC, their attending any and all future meetings of the Board of Directors, and taking part in supervision and management of Kyivstar G.S.M. CJSC operation in good faith;

- paragraph 11 of Minutes No. 2708/07 dated August 27, 2007, on whose basis S.M. Petrashevych was appointed an authorized representative of Storm LLC at the General Meeting of Kyivstar G.S.M. CJSC;

- paragraph 12 of Minutes No. 2708/07 dated August 27, 2007, on whose basis S.M. Petrashevych was authorized to attend any and all future annual and unscheduled Meetings of Shareholders of Kyivstar G.S.M. CJSC until Storm LLC remains a shareholder of Kyivstar G.S.M. CJSC;

- paragraph 13 of Minutes No. 2708/07 dated August 27, 2007, on whose basis the required measures are to be taken for making amendments to the Articles of Association of Kyivstar G.S.M. CJSC in order to bring them to compliance with the Supreme Business Court of Ukraine Resolution dated January 22, 2005, Shareholders Agreement dated January 30, 2004, and holding shares of Kyivstar G.S.M. CJSC by the Claimant Telenor and its affiliated entities Telenor Ukraine I AS, Telenor Ukraine II AS, Telenor Ukraine III AS, and Telenor Ukraine IV AS. In particular, Storm LLC and all entities, to which Storm LLC transfers shares of Kyivstar G.S.M. CJSC were authorized to vote in order to approve the amendments to the Articles of Association of Kyivstar G.S.M. CJSC providing that shareholders of Kyivstar G.S.M. CJSC are (a) Storm LLC jointly with all of its 3 newly founded corporate affiliated entities, each of them to hold at least one share of Kyivstar G.S.M. CJSC; and (b) Telenor

Mobile Communications AS and all of its 4 existing corporate affiliated entities, each of them to hold one share of Kyivstar G.S.M. CJSC. At the same time, persons determined and suggested as members of the Board of Directors of Kyivstar G.S.M. CJSC by the said 9 legal entities shall be elected by Directors;

- paragraph 14 of Minutes No. 2708/07 dated August 27, 2007, on whose basis the sale of shares of Kyivstar G.S.M. CJSC held by Storm LLC to any entity (not an affiliated entity of Storm LLC) shall be performed within 120 (one hundred and twenty) days from the date of the New-York Court of Arbitration Resolution, unless Storm LLC and any affiliated entities withdraw their assets exceeding 5% from Turkcell and Ukrainian Innovative Technologies Companies by that time;

- paragraph 15 of Minutes No. 2708/07 dated August 27, 2007, on whose basis Storm LLC was bound to avoid (individually or through any entity acting in coordination with Storm LLC) any initiations or prosecutions in a judicial proceeding in respect of any disputes or controversies concerning or in connection with any obligations specified in the Shareholders Agreement dated January 30, 2004, including, without limitation, on all existing court cases being presently examined in Ukraine and specified in the Resolution of the New-York Court of Arbitration;

- paragraph 16 of Minutes No. 2708/07 dated August 27, 2007, on whose basis any and all claims, applications, complaints, or prohibitions initiated by Storm LLC and related to Shareholders Agreement dated January 30, 2004 shall be withdrawn, in particular action on case No. 40/37 in action against Kyivstar G.S.M. CJSC, Ernst and Young LLC and Ernst and Young Auditing Services LLC..

To charge (jointly) the court expenses on the case, specifically, the court fee in the amount of UAH 8.50 and information and technical support expenses in the amount of UAH 7.50 from Alpren Limited, Hardlake Limited, Storm Limited Liability Company on favor of Vadym Viktorovych Klymenko.

This Resolution may be appealed against before Kyiv Court of Appeal by filing an appeal application within 10 days upon declaration of this Resolution, and by filing an appeal petition within 20 days upon filing the appeal application.

Judge: (signature)

This is a true copy:

Judge:   V.I. Ignatchenko
[Signature]

Secretary: I.M. Kravchuk
[Signature]

The Resolution did not take effect as at October 15, 2007.

Judge:   V.I. Ignatchenko
[Signature]

Secretary: I.M. Kravchuk
[Signature]

[Seal]
Shevchenkivskiy District Court of Kyiv
Identification code: 02896710



Справа 2-9509/07

РІШЕННЯ
ІМЕНЕМ УКРАЇНИ

10 жовтня 2007 року Шевченківський районний суд м. Києва
в складі: головуючої судді ІГНАТЧЕНКО Н.В.
при секретарі КРАВЧУК І.М.
розглянувши у відкритому судовому засіданні в м. Києві цивільну справу за позовом
Клименка Вадима Вікторовича до Альпрен Лімітед, Хардлейк Лімітед, Товариства з обмеженою відповідальністю "Сторм" про визнання дій учасників товариства незаконними та рішень зборів недійсними,

ВСТАНОВИВ:

Позивач – Клименко В.В., який є Генеральним директором ТОВ "Сторм" звернувся з позовною заявою до Шевченківського районного суду міста Києва, у якій просив:

визнати дії Альпрен Лімітед та Хардлейк Лімітед по ухваленню рішень щодо виконання ухваленого за правилами ЮНСІТРАЛ рішення Нью-Йоркського арбітражу від 02.07.2007 року у справі за позовом компанії Telenor Mobile Communications AS до товариства з обмеженою відповідальністю «Сторм», щодо чинності та виконання Договору акціонерів, укладеного між Теленор та ТОВ «Сторм», що виступають в якості акціонерів, та закритим акціонерним товариством «Київстар Дж. Ес. Ем.» 30 січня 2004 року - незаконними;

визнати недійсними рішення загальних зборів ТОВ "Сторм", оформлених Протоколом № 2708/07 від 27 серпня 2007 року, а саме:

1) пункт 5 Протоколу, відповідно до якого прийнято рішення про необхідність прийняття на Позачергових загальних зборах рішень, направлених на виконання Рішення Нью-Йоркського арбітражу;

2) пункт 6 Протоколу, відповідно до якого прийнято рішення про створення трьох дочірніх підприємств, а саме: ДП «Сторм-1», ДП «Сторм-2» та ДП «Сторм-3», а також зобов'язано Клименка В.В. провести їх державну реєстрацію;

3) пункт 7 Протоколу, відповідно до якого затверджені статути трьох дочірніх підприємств ДП «Сторм-1», ДП «Сторм-2» та ДП «Сторм-3»;

4) пункт 8 Протоколу, відповідно до якого Клименка В.В. призначено директором трьох дочірніх підприємств ДП «Сторм-1», ДП «Сторм-2» та ДП «Сторм-3»;

5) пункт 9 Протоколу, відповідно до якого трьом дочірнім підприємствам ДП «Сторм-1», ДП «Сторм-2» та ДП «Сторм-3» передано відповідно по одній акції ЗАТ «Київстар Дж. Ес. Ем.»;

6) пункт 10 Протоколу, відповідно до якого Клименку В.В., як Генеральному Директору ТОВ «Сторм» та директору ДП «Сторм-1», ДП «Сторм-2» та ДП «Сторм-3» доручено вжити заходів, які є необхідними для призначення чотирьох кандидатів до Ради Директорів ЗАТ «Київстар Дж. Ес. Ем.» і забезпечення того, що запропоновані кандидати будуть обрані до Ради Директорів ЗАТ «Київстар Дж. Ес. Ем.», відвідуватимуть всі майбутні збори Ради та добросовісно прийматимуть участь в управлінні та керуванні діяльністю ЗАТ «Київстар Дж. Ес. Ем.»;

7) пункт 11 Протоколу, відповідно до якого Петрашевича С.М. призначено повноважним представником ТОВ «Сторм» на загальних зборах ЗАТ «Київстар Дж. Ес. Ем.»;

8) пункт 12 Протоколу, відповідно до якого Петрашевичу С.М. доручено відвідувати всі майбутні щорічні та позачергові збори акціонерів ЗАТ «Київстар Дж. Ес. Ем.» поки ТОВ «Сторм» залишається акціонером ЗАТ «Київстар Дж. Ес. Ем.»;

9) пункт 13 Протоколу, відповідно до якого доручено вжити заходів, необхідних для внесення змін до Статуту ЗАТ «Київстар Дж. Ес. Ем.» з метою приведення його у відповідність до Постанови Вищого господарського суду України від 22 грудня 2005 року, Договору акціонерів від 30 січня 2004 року та володіння акціями ЗАТ «Київстар Дж. Ес. Ем.» позивачем Теленор та його афілійованими особами Теленор Україна І АС, Теленор Україна

II АС, Теленор Україна, III АС та Теленор Україна IV АС. Зокрема доручено ТОВ «Сторм» та всім особам, яким він передає акції ЗАТ «Київстар Дж. Ес. Ем.», проголосувати з метою ухвалення змін до Статуту ЗАТ «Київстар Дж. Ес. Ем.», які передбачатимуть, що акціонерами ЗАТ «Київстар Дж. Ес. Ем.» є (а) ТОВ «Сторм», разом із своїми трьома новоутвореними корпоративними афілійованими особами, кожна з яких буде володіти, принаймні, однією акцією ЗАТ «Київстар Дж. Ес. Ем.»; та (b) Теленор Мобайл Комм'юнікейшнз АС та його чотири існуючі корпоративні афілійовані особи, кожна з яких володіє однією акцією ЗАТ «Київстар Дж. Ес. Ем.». Разом з цим, особи, визначені та запропоновані як члени Ради Директорів ЗАТ «Київстар Дж. Ес. Ем.» цими дев'ятьма юридичними особами мають бути обрані Директорами;

10) пункт 14 Протоколу, відповідно до якого зобов'язано здійснити продаж акцій ЗАТ «Київстар Дж. Ес. Ем.», які належать ТОВ «Сторм», особі, що не є афілійованою особою ТОВ «Сторм» впродовж ста двадцяти (120) днів від дати Рішення Нью-Йоркського арбітражу, якщо до цього часу ТОВ «Сторм» та будь-які афілійовані особи не проведуть вилучення своїх активів у компаніях «Турксель» та «Українські новітні технології», які перевищують п'ять відсотків;

11) пункт 15 Протоколу, відповідно до якого ТОВ «Сторм» зобов'язано утримуватися самостійно або через будь-яку особу, яка діє за згодою з ТОВ «Сторм», від ініціювання або переслідування у судовому порядку стосовно будь-яких спорів або суперечностей за, стосовно, або у зв'язку з будь-якими зобов'язаннями, зазначеними в Договорі акціонерів від 30 січня 2004 року, в тому числі за всіма існуючими судовими справами, які наразі розглядаються в Україні та зазначені в Рішенні Нью-Йоркського арбітражу;

12) пункт 16 Протоколу, відповідно до якого зобов'язано відкликати усі позови, заяви, претензії чи заборони, ініційовані ТОВ «Сторм» і пов'язані з Договором акціонерів від 30 січня 2004 року, зокрема від позову у справі № 40/37 за позовом проти ЗАТ «Київстар Дж. Ес. Ем.», ТОВ «Ернст енд Янг» та ТОВ «Ернст енд Янг Аудиторські послуги».

Під час судового засідання позивач Клименко В. та його представник (адвокат Колесник О.І.) позов підтримали. Представники Відповідача 1 (адвокат Мельник О.Ю.) та Відповідача 2 (адвокат Ганькевич В.В.) заперечували у задоволенні позову та просили у його задоволенні відмовити, мотивуючи наступним...

Представник Відповідача 3 (адвокат Марченко Р.В.) визнав позовні вимоги Позивача.

Суд, заслухавши пояснення позивача та представників сторін, вивчивши матеріали справи, вважає законними та обґрунтованими вимоги позивача та такими, що підлягають до задоволення з наступних підстав:

Позивач - Клименко Вадим Вікторович, є Генеральним директором ТОВ «Сторм» відповідно до рішення Зборів учасників, який діє відповідно до Статуту товариства, затвердженого Зборами учасників (Протокол б/н від 15.02.2006 р.).

Згідно до Статуту Генеральний директор виконує функції виконавчого органу товариства та виконує обов'язки щодо здійснення контролю за поточною діяльністю товариства та ведення справ товариства, керівництва та управління процесом впровадження бізнес-планів, звітування про результати перед Зборами учасників, підписання та забезпечення виконання всіх контрактів, угод та документів, які мають відношення до діяльності товариства згідно з обмеженнями, наведеними у пункті 12.4 Статуту, забезпечення виконання всіх правил та постанов в сфері управління та функціонування товариства, представлення інтересів товариства в судах та арбітражі, реалізація додаткових повноважень та виконання додаткових функцій, які можуть бути покладені на нього рішенням зборів учасників.

Згідно п. 1 резолютивної частини Рішення Конституційного Суду України від 1.12.2004р. за № 18-рп/2004 термін "охоронюваний законом інтерес" розуміється як прагнення до користування конкретним матеріальним та/або нематеріальним благом, як зумовлений загальним змістом об'єктивного і прямо не опосередкований у суб'єктивному праві простий легітимний дозвіл, що є самостійним об'єктом судового захисту та інших засобів правової охорони з метою задоволення індивідуальних і колективних потреб, які не суперечать Конституції і законам України,

2

суспільним інтересам, справедливості, добросовісності, розумності та іншим загальноправовим засадам.

У зв'язку з викладеним, також враховуючи ст.6 (1) Конвенції про захист прав людини і основоположних свобод, Закон України "Про ратифікацію Конвенції про захист прав людини і основоположних свобод 1950 року, Першого протоколу та протоколів № 2, 4, 7 та 11 до Конвенції, суд вважає, що Клименко В.В. є належним заявником (позивачем) у даній справі.

З указаних підстав не приймаються заперечення Відповідача 2 про те, що Клименко Вадим Вікторович є неналежним Позивачем по справі. Такі заперечення є необґрунтовані, судом до уваги не приймаються, враховуючи також, що позивач є Генеральним директором ТОВ «Сторм», зобов'язаний виконувати рішення зборів учасників, а звернення до суду є належним способом правового захисту в ситуації незаконних вимог учасників товариства до керівника товариства.

Арбітражним судом за місцезнаходженням м. Нью-Йорк, США, 02 липня 2007 року у справі за позовом компанії Telenor Mobile Communications AS до товариства з обмеженою відповідальністю «Сторм» за правилами ЮНСІТРАЛ було ухвалено рішення, яким позовні вимоги Теленор були задоволені частково в частині зобов'язання ТОВ «Сторм» вчинити певні дії (а.с.    ). Вказане рішення базується на арбітражному застереженні, що міститься в Угоді акціонерів Закритого акціонерного товариства «Київстар Дж. Ес. Ем.» 30 січня 2004 року (а.с.    ).

Так, ТОВ "Сторм" було зобов'язано:

- продати щонайменше одну із своїх акцій ЗАТ «Київстар Дж. Ес. Ем.» трьом новоствореним юридичним афілійованим особам таким чином, щоб забезпечити можливість визначення та призначення загальної кількості чотирьох кандидатів для обрання до Правління ЗАТ «Київстар Дж. Ес. Ем.», та воно має визначити та призначити кандидатів для обрання до складу Правління ЗАТ «Київстар Дж. Ес. Ем.»;

- вжити таких заходів, що потрібні для забезпечення обрання призначених осіб до Правління ЗАТ «Київстар Дж. Ес. Ем.», відвідування всіх наступних Зборів Правління та участі на сумлінній основі у визначенні та управлінні господарською діяльністю ЗАТ «Київстар Дж. Ес. Ем.»;

- забезпечити відвідування своїми належним чином уповноваженими представниками всіх наступних річних та позачергових зборів акціонерів ЗАТ «Київстар Дж. Ес. Ем.» поки воно залишається акціонером ЗАТ «Київстар Дж. Ес. Ем.»;

- вжити таких заходів, що потрібні для внесення змін та доповнень до Статуту з метою приведення його у відповідність до Постанови Вищого господарського суду України від 22 грудня 2005 року, Договору акціонерів від 30 січня 2004 року, а також володіння акціями ЗАТ «Київстар Дж. Ес. Ем.» позивачем Теленор та його афілійованими особами, Telenor Ukraina I AS, Telenor Ukraina II AS, Telenor Ukraina III AS та Telenor Ukraina IV AS. Позивач Теленор та Відповідач ТОВ «Сторм», та всі особи, яким вони передадуть акції ЗАТ «Київстар Дж. Ес. Ем.», мають подати голоси з метою схвалення змін та доповнень до Статуту ЗАТ «Київстар Дж. Ес. Ем.» та це передбачає, що акціонерами ЗАТ «Київстар Дж. Ес. Ем.» є (а) ТОВ «Сторм», разом із трьома новоствореними юридичними афілійованими особами, кожна з яких має утримувати щонайменше одну акцію ЗАТ «Київстар Дж. Ес. Ем.»; та (b) Теленор та його наявні чотири юридичні афілійовані особи, кожна з яких утримує одну акцію ЗАТ «Київстар Дж. Ес. Ем.». Разом, особи, визначені та призначені як члени Правління ЗАТ «Київстар Дж. Ес. Ем.» цими дев'ятьма юридичними особами мають бути обрані Директорами;

- продати його акції ЗАТ «Київстар Дж. Ес. Ем.» особі, що не є Афілійованою особою ТОВ «Сторм» впродовж ста двадцяти (120) днів після цього Остаточного арбітражного рішення, якщо до того часу ТОВ «Сторм» та будь-яка Афілійована особа не проведуть вилучення своїх активів у Turkcell та Ukrainian High Technologies, що перевищують п'ять відсотків.

Окрім цього, відповідно до пункту 5 частини «Н» «Висновки та арбітражне рішення» Рішення Нью-Йоркського арбітражу Відповідачу ТОВ «Сторм» та всім особам, що діють разом з ним, забороняється:

- порушення та ведення всіх без винятку судових справ стосовно будь-яких спорів та розбіжностей відповідно до, стосовно, чи у зв'язку з будь-якими зобов'язаннями, визначеними в Договорі акціонерів, включаючи всі наявні на сьогоднішній момент судові провадження, що очікуються в Україні та визначені в цьому рішенні:

3

- примусово здійснювати заборону від 29 грудня 2006 року або допоміжне до неї розпорядження про примусове виконання;
- виконувати будь-які дії для запобігання Позивачу Теленор, Ernst & Young та їхнім пов'язаним особам у здійсненні своїх прав та зобов'язань відповідно до Угоди акціонерів або інших відповідних угод зі ЗАТ «Київстар Дж. Ес. Ем.».

Після ухвалення рішення арбітражу, 27 серпня 2007 року на позачергових загальних зборах учасників ТОВ «Сторм» компаніями-учасниками Альпрен Лімітед (в особі представника Петрашевича С.), яка має 49,9 % голосів, та Хардлейк Лімітед (в особі Ганькевича В.), яка має 50,1 % голосів, було розглянуто вищезазначене Рішення Нью-Йоркського арбітражу, та прийнято рішення про виконання зазначеного судового рішення, у зв'язку з чим підписано Протокол № 2708/07 від 27.08.2007 р., яким Позивача, як Генерального директора ТОВ «Сторм», зобов'язано вчиняти певні дії по виконанню зазначеного Рішення Нью-Йоркського арбітражу, а саме:

- Пунктом 6 Протоколу № 2708/07 від 27.08.2007 р. прийнято рішення про створення трьох дочірніх підприємств для передачі кожному з них по одній акції ЗАТ «Київстар Дж. Ес. Ем.»: ДП «Сторм-1», ДП «Сторм-2» та ДП «Сторм-3», а Позивача зобов'язано провести державну реєстрацію, при цьому відповідно до п. 7 Протоколу були затверджені статути до цих підприємств, та відповідно до п. 8 Протоколу Позивача призначено директором новостворених підприємств, окрім цього відповідно до п. 9 прийнято рішення про передачу новоствореним дочірнім підприємствам ДП «Сторм-1», ДП «Сторм-2» та ДП «Сторм-3» відповідно по одній акції ЗАТ «Київстар Дж. Ес. Ем.».

Пунктом 10 Протоколу № 2708/07 від 27.08.2007 р. Позивачу як Генеральному директору ТОВ "Сторм" та як директору ДП «Сторм-1», ДП «Сторм-2» та ДП «Сторм-3» доручено вжити заходів, які є необхідними для призначення чотирьох кандидатів до Ради Директорів ЗАТ «Київстар Дж. Ес. Ем.» та забезпечити те, щоб запропоновані кандидати будуть обрані до Ради Директорів ЗАТ «Київстар Дж. Ес. Ем.», у т.ч. відвідуватимуть усі майбутні збори Ради та добросовісно прийматимуть участь в управлінні та керуванні діяльністю ЗАТ «Київстар Дж. Ес. Ем.».

Крім того, на позачергових загальних зборах були прийняті інші рішення:

- призначено Петрашевича С.М. повноважним представником ТОВ «Сторм» на загальних зборах ЗАТ «Київстар Дж. Ес. Ем.» (п. 11 Протоколу);
- доручено Петрашевичу С.М. відвідувати всі майбутні щорічні та позачергові збори акціонерів ЗАТ «Київстар Дж. Ес. Ем.», поки ТОВ «Сторм» залишається акціонером ЗАТ «Київстар Дж. Ес. Ем.» (п. 12 Протоколу);
- доручено вжити заходів, необхідних для внесення змін до Статуту ЗАТ «Київстар Дж. Ес. Ем.» з метою приведення його у відповідність до Постанови Вищого господарського суду України від 22 грудня 2005 року, Договору акціонерів від 30 січня 2004 року та володіння акціями ЗАТ «Київстар Дж. Ес. Ем.» позивачем Теленор та його афілійованими особами Теленор Україна І АС, Теленор Україна ІІ АС, Теленор Україна ІІІ АС та Теленор Україна IV АС. Зокрема доручено ТОВ «Сторм» та всім, кому він передав акції ЗАТ «Київстар Дж. Ес. Ем.», проголосувати з метою ухвалення змін до Статуту ЗАТ «Київстар Дж. Ес. Ем.», які передбачатимуть, що акціонерами ЗАТ «Київстар Дж. Ес. Ем.» є (а) ТОВ «Сторм», разом із своїми трьома новоутвореними корпоративними афілійованими особами, кожна з яких буде володіти, принаймні, однією акцією ЗАТ «Київстар Дж. Ес. Ем.»; та (b) Теленор Мобайл Комм'юнікейшнз АС та його чотири існуючі корпоративні афілійовані особи, кожна з яких володіє однією акцією ЗАТ «Київстар Дж. Ес. Ем.». Разом з цим, особи, визначені та запропоновані як члени Ради Директорів ЗАТ «Київстар Дж. Ес. Ем.» цими дев'ятьма юридичними особами мають бути обрані Директорами (п. 13 Протоколу);
- здійснити продаж акцій ЗАТ «Київстар Дж. Ес. Ем.», які належать ТОВ «Сторм», особі, що не є афілійованою особою ТОВ «Сторм» впродовж ста двадцяти (120) днів від дати Рішення Нью-Йоркського арбітражу, якщо до цього часу ТОВ «Сторм» та будь-які афілійовані особи не проведуть вилучення своїх активів у компаніях «Туркселл» та «Українські новітні технології», які перевищують п'ять відсотків (п. 14 Протоколу);
- зобов'язано ТОВ «Сторм» утримуватися самостійно або через будь-яку особу, яка діє за згодою з ТОВ «Сторм», від ініціювання або переслідування у судовому порядку стосовно будь-яких

4

*сторін або суперечностей за, стосовно, або у зв'язку з будь-якими зобов'язаннями, зазначеними в Договорі акціонерів від 30 січня 2004 року, в тому числі за всіма існуючими судовими справами, які наразі розглядаються в Україні та зазначені в Рішенні Нью-Йоркського арбітражу (п. 15 Протоколу);*

*- зобов'язано відкликати усі позови, заяви, претензії чи заборони, ініційовані ТОВ «Сторм» і пов'язані з Договором акціонерів від 30 січня 2004 року, зокрема від позову у справі № 40/37 за позовом проти ЗАТ «Київстар Дж. Ес. Ем.», ТОВ «Ернст енд Янг» та ТОВ «Ернст енд Янг Аудиторські послуги» (п. 16 Протоколу).*

*Відповідач 1 – Альпрен Лімітед, заперечуючи проти позову, пояснив, що по справі №40/242 Господарським судом міста Києва 25.04.2006 року було вирішено: "припиняти дії Товариства з обмеженою відповідальністю "Сторм" по виконанню Акціонерної угоди від 30.01.2007 року між Теленор Мобайл Комьюнікейшнз АС, Товариством з обмеженою відповідальністю "Сторм" та Закритим акціонерним товариством "Київстар Дж. Ес. Ем.". Відповідач 1 вважає, що хоча вказане рішення набрало законної сили та є чинним в Україні, але в США (місце проведення арбітражу) воно не було визнано. Отже, як вважає Відповідач 1, це судове рішення не мало ніякого юридичного впливу на вирішення питань при проведенні арбітражу, а тому він вважає рішення Арбітражу законним та чинним.*

*Крім того, Відповідач 1 вказує, що відповідно до загальновизнаного принципу "автономності арбітражного застереження" суди України не мають права вирішувати питання дійсності (чи недійсності) арбітражної угоди, а отже існуюче арбітражне застереження, що міститься в угоді акціонерів є дійсним. Вказані твердження Відповідач 1 обґрунтовує посиланням на Закон України "Про міжнародний комерційний арбітраж", у т. ч. й на ст. 5 цього закону, яке на думку Відповідача обмежує суд у можливості судового втручання.*

*Суд, розглянувши ці доводи Відповідача 1, вважає їх безпідставними, оскільки відповідно до п.1. ст. 1 Закону України "Про міжнародний комерційний арбітраж" до рішень, що прийняті іноземним арбітражем, застосовуються лише ст.ст. 8, 9, 35, 36 згаданого закону. При цьому ст. 8 Закону зобов'язує суд у випадку надходження справи з питанням, що є предметом арбітражної угоди припинити провадження та направити справу до відповідного суду, але як вбачається із матеріалів справи українські суди не приймали ніяких рішень стосовно питань, викладених у арбітражному застереженні. По справі №40/242 предметом розгляду було питання про саме арбітражне застереження та інші частини Угоди акціонерів від 30.01.2004 року, точніше питання нікчемності вказаної угоди.*

*Закон України "Про міжнародний комерційний арбітраж", Конституція України не обмежують суд у праві визнання нікчемною будь-якої угоди, діючої на території України, у т. ч. арбітражного застереження як правочину, який спрямований на настання юридичних наслідків.*

*Таким чином рішення по справі №40/242, що постановлене Господарським судом міста Києва 25.04.2006, яке визнає нечинною Угоду акціонерів та, відповідно, арбітражну угоду, що є частиною Угоди акціонерів, вказує на те, що ані Угода акціонерів від 30.01.2004 р., ан арбітражна угода (застереження) не мають жодних юридичних наслідків.*

*Сторони вказують, що 1 грудня 2006 року ухвалою Голосіївського районного суду м. Києва у справі № 2-5613/06 було застосовано заходи забезпечення позову, якими, зокрема, було заборонено ТОВ "Сторм" та будь-яким уповноваженим ним особам "вчиняти будь-які дії по виконанні Акціонерної угоди, датованої 30.01.2004 р., в тому числі заборонити подавати будь-які пояснення, заяви, відзиви на позовні заяви, клопотання, приймати участь в арбітражному процесі, слуханнях, засіданнях арбітражу ... який відбувається згідно з арбітражними правилами UNCITRAL, з позовом Теленор Мобайл Ком'юнікейшнз АС до Товариства з обмеженою відповідальністю "Сторм" в місті "Нью-Йорк".*

*При цьому Відповідачі 1 та 2 зазначають, що незважаючи на повідомлення ТОВ «Сторм» про цей факт, арбітражний суд не зупинив провадження і продовжив розгляд справи, оскільки керувався рішенням компетентного державного суду за місцем арбітражу про можливість продовження розгляду справи арбітражем (про що винесена ухвала суду США у Південному окр. штату Нью-Йорк від 15.12.2006 р.) (а.с.   ) а також з причин невизнання ухвали Голосіївського районного суду м. Києва у справі № 2-5613/06 на території США.*

Суд зазначає, що відповідно до ст. 9 Закону України "Про міжнародний комерційний арбітраж" судові заходи щодо забезпечення позову не є несумісними з арбітражною угодою. Вказана стаття надає суду можливість навіть при наявності арбітражної угоди вживати забезпечувальних заходів стосовно питань, що віднесені до предмету арбітражної угоди.

Ігнорування судових заборон, що накладені українським судом, будь-якими суб'єктами на території України, чи невиконання судових рішень (в т.ч. ухвал) є порушенням принципу "обов'язковості судових рішень", що передбачений у Конституції України, Законі України "Про судоустрій", Законі України "Про виконавче провадження".

Відповідно до ст. 124 Конституції України українським судам підсудні всі правовідносини, що виникають чи існують на території України. Вказаний принцип випливає із принципу суверенітету України, як незалежної держави, оскільки владу в Україні можуть здійснювати тільки українські суб'єкти владних повноважень. Виходячи із принципу "суверенності" іноземні судові рішення допускаються до виконання на території України тільки після їх визнання компетентним українським судом чи добровільним взаємним визнанням.

Відповідно до ст. 390 та ст.399 ЦПК України рішення іноземного суду визнається та виконується в Україні, якщо його визнання та виконання передбачено міжнародними договорами, згода на обов'язковість яких надана Верховною Радою України, або за принципом взаємності з домовленістю ad hoc з іноземною державою, рішення суду якої має виконуватися в Україні.

Як вбачається із матеріалів справи (тексту рішення арбітражу) арбітраж прийняв до уваги Ухвалу суду США у Південному окрузі штату Нью-Йорк від 15.12.2006 р., якою ТОВ "Сторм" було заборонено "намагатися спричинити виконання будь-якої юридичної дії в Україні, які зруйнують, затримають, або ускладнять будь-яким чином арбітражне провадження між Теленором та ТОВ «Сторм» у Нью-Йорку"( а.с.    ).

Вказаний факт свідчить про те, що американському суду, що постановив ухвалу від 15.12.2006 р., було відомо про існування судових справ, а відповідно й рішень та заборон, що накладені українськими судами. Але суд США у Південному окрузі штату Нью-Йорк не тільки не визнав існуючі українські судові документи як такі, що повинні бути враховані на території США, але й фактично закликав сторони від ухилення від їхнього виконання (а.с.    ).

Вказана Ухвала суду США у Південному окрузі штату Нью-Йорк від 15.12.2006 р. не визнана у встановленому порядку в Україні станом на день розгляду справи в суді.

Арбітри Грегорі Б. Крейг (Gregory B. Craig), Вільям Р. Джентес (William R. Jentes), головуючий Кеннет Р. Фейнберг (Kenneth R. Feinberg) фактично відмовилися визнати рішення українських судів, що безпосередньо стосувалися арбітражного провадження.

Тобто з тих самих підстав, не є таким, що може бути визнане в Україні рішення Нью-Йоркського арбітражу від 02.07.2007 року, як таке, що порушує публічний порядок в Україні.

Виконання рішення загальних зборів ТОВ "Сторм", оформлених Протоколом № 2708/07 від 27 серпня 2007 року, яке прийнято на підставі рішення Нью-Йоркського арбітражу, порушить законодавство та встановлений публічний порядок в Україні, враховуючи наступне.

В порушення ст. 116 ЦК України, яка передбачає <u>право</u> учасника господарського товариства брати участь в управлінні товариством, пунктами 10-12 Протоколу на виконання підпунктів «b» і «c» пункту 3 частини «Н» «Висновки та арбітражне рішення» зобов'язано представника ТОВ "Сторм" та Директорів його дочірніх підприємств відвідувати засідання Ради Директорів ЗАТ «Київстар Дж. Ес. Ем.» та «всі майбутні щорічні та позачергові збори акціонерів ЗАТ «Київстар Дж. Ес. Ем.», а також «добросовісно приймати участь в управлінні та керуванні діяльністю ЗАТ «Київстар Дж. Ес. Ем.».

Постановою Вищого господарського суду України від 22 грудня 2006 року (а.с.    ) було визнано недійсним положення п. 9.1 Статуту ЗАТ «Київстар Дж. Ес. Ем.», у якому міститься поняття Ради ЗАТ «Київстар Дж. Ес. Ем.». Відповідно, зобов'язання Директорів відвідувати засідання Ради є неможливим для виконання. Відповідно до ст. 19 ЦК України, кожна особа має право на самозахист свого цивільного права та права іншої особи від порушень і протиправних посягань. Самозахистом є застосування особою засобів протидії, які не заборонені законом та не суперечать моральним засадам суспільства. Неучасть акціонера в зборах є одним з таких засобів захисту прав акціонера.

Відповідно, зобов'язання відвідування зборів керівних органів ЗАТ «Київстар Дж. Ес. Ем.» порушує діюче українське законодавство. У зв'язку з цим, рішення Загальних зборів учасників ТО

"*Сторм*", *зокрема, його п.п. 10-12 (щодо прийняття рішень, необхідних для виконання Арбітражного рішення та задоволення вимог кредиторів) суперечить ст.ст. 19, 116 ЦК України.*

*З матеріалів справи вбачається, що метою ТОВ «Сторм» відповідно до ст. 5 його Статуту є здійснення господарської діяльності, визначеної у Статуті товариства, з метою отримання прибутку. При цьому господарська діяльність полягає у володінні акціями ЗАТ «Київстар Дж. Ес. Ем.» та здійсненням будь-яких та всіх прав та обов'язків, пов'язаних з володінням зазначеними акціями. А предметом діяльності товариства відповідно до ст. 6 його Статуту є володіння акціями ЗАТ «Київстар Дж. Ес. Ем.» та здійсненням будь-яких та всіх прав та обов'язків, пов'язаних з цим. Товариство не здійснює жодної іншої господарської діяльності.*

*Тому будь-яке відчуження акцій ЗАТ «Київстар Дж. Ес. Ем.» суперечить Статуту ТОВ "Сторм".*

*Рішення учасників щодо відчуження акцій ЗАТ «Київстар Дж. Ес. Ем.» (п. 9 Протоколу, а також утворення дочірніх підприємств з метою передачі їм акцій ЗАТ «Київстар Дж. Ес. Ем.» (пункти 6-8 Протоколу) суперечить меті та предмету діяльності товариства.*

*Відповідно до ст. 41 Конституції України ніхто не може бути протиправно позбавлений права власності. Право приватної власності є непорушним. Примусове відчуження об'єктів права приватної власності може бути застосоване лише як виняток з мотивів суспільної необхідності, на підставі і в порядку, встановлених законом, та за умови попереднього і повного відшкодування їх вартості. Примусове відчуження таких об'єктів з наступним повним відшкодуванням їх вартості допускається лише в умовах воєнного чи надзвичайного стану.*

*Суд вважає, що рішення акціонерів ТОВ "Сторм" стосовно відчуження акцій ЗАТ "Київстар Дж.Ес.Ем" також суперечать Господарському кодексу України, оскільки відповідно до ч.3 ст. 81 Господарського кодексу України, акціонери закритого акціонерного товариства мають переважне право на придбання акцій, що продаються іншими акціонерами товариства, а отже рішення про продаж (чи передачу) акцій ЗАТ "Київстар Дж.Ес.Ем" можливо прийняти лише після отримання відповіді інших акціонерів про відмову у здійсненні ними переважного права у придбанні цих акцій.*

*Суд приходить до висновку, що вимога рішення учасників про продаж усіх належних ТОВ "Сторм" акцій ЗАТ «Київстар Дж. Ес. Ем.» та альтернативне зобов'язання афілійованих осіб ТОВ "Сторм" продати частки ТОВ "Українські новітні технології" та компанії "Турксел" на виконання антиконкурентного застереження Угоди акціонерів є порушенням ст. ст. 5 та 6 Закону України "Про захист економічної конкуренції". Відповідно до пункту 4 ст. 6 вказаного Закону, вчинення антиконкурентних узгоджених дій забороняється і тягне за собою відповідальність згідно з законом. З урахуванням положення ЗАТ "Київстар Дж.Ес.Ем" такі дії можливі лише за наявності попереднього дозволу від Антимонопольного комітету України, яке на даний час не отримано. Отже пункт 14 Протоколу з цих підстав є нечинним.*

*Рішення учасників щодо відкликання усіх позовних вимог ТОВ «Сторм» та відмови від права на звернення до суду, викладені в п. 15-16 Протоколу, суперечать положенням ст. 5 Конституції України, ст. 1 Господарського процесуального кодексу України, відповідно до яких кожному гарантується право на звернення до суду для захисту своїх прав та законних інтересів, а відмова від такого права є недійсною.*

*Вказане положення порушує також ст. 124 Конституції України щодо підсудності усіх правовідносин, що існують в Україні, українським судам.*

*Суд вважає, що загальні збори учасників ТОВ "Сторм" спонукають Позивача до виконання арбітражного рішення без врахування вимог, передбачених міжнародними договорами України, також українським матеріальним та процесуальним законодавством.*

*Щодо іноземних арбітражних рішень застосовуються Конвенція ООН про визнання та виконання арбітражних рішень 1958 року, ратифікована Указом Президії Верховної Ради УРСР від 22.08.1960 р. (далі – "Нью-Йоркська конвенція"), Закон України "Про міжнародний комерційний арбітраж" від 24.02.1994 р., Розділ VIII Цивільного процесуального кодексу України.*

Як вбачається із матеріалів справи пп. 5-16 рішення Загальних зборів учасників ТОВ "Сторм" фактично приводиться до виконання Рішення Нью-Йоркського арбітражу, незважаючи на те, що воно не пройшло процедуру визнання та виконання, встановлену законодавством України (з урахуванням статті V Конвенції про визнання та виконання іноземних арбітражних рішень (Нью-Йорк, 1958 р.) та ст. 36 Закону України «Про міжнародний комерційний арбітраж»).

Таким чином суд приходить до висновків про необхідність задоволення позову Позивача виходячи із зазначеного вище.

Судом при постановленні даного судового рішення прийнято до уваги рішення Господарського суду м. Києва у справі № 40/242 від 25 квітня 2006 р., яким встановлено, що Генеральний директор не має повноважень на підписання Договору акціонерів, виходячи зі ст. 12. Статуту Компанії «Сторм». Цей висновок Господарського суду міста Києва було підтверджено постановою Київського апеляційного господарського суду у справі № 40/242 від 25 травня 2006 р.(а.с.  ).

Згідно з ч. 1 ст. 92 Цивільного кодексу України, юридична особа набуває цивільних прав та обов'язків і здійснює їх через свої органи, які діють відповідно до установчих документів та закону. Отже, якщо орган юридичної особи (яким є Генеральний директор) не має повноважень на вчинення певних дій, то юридична особа не може внаслідок цих дій набути прав та обов'язків, а відтак – у цьому сенсі є недієздатною.

Арбітражна угода, на підставі якої було винесено Арбітражне рішення, містилась в Договорі акціонерів від 30 січня 2004 р., укладеному між Компанією «Сторм», «Теленор» та ЗАТ Київстар Дж.Ес.Ем.(а.с.  )

Господарським судом міста Києва 25.04.2006 року під час розгляду справи № 40/242 було зокрема, вирішено: "припинити дії Товариства з обмеженою відповідальністю "Сторм" по виконанню Акціонерної угоди від 30.01.2007 року між Теленор Мобайл Комьюнікейшнз АС Товариством з обмеженою відповідальністю "Сторм" та Закритим акціонерним товариством "Київстар Дж. Ес. Ем.".(а.с.    ). Таким чином Суд вважає доведеним ту обставину, що ТОВ «Сторм» як одна зі сторін Арбітражної угоди, була недієздатною.

Також суд вважає за необхідне розглянути заперечення Відповідача 2 щодо обраного способу захисту прав Позивачем. Відповідач 2 вважає, що вимога Позивача (визнати недійсним рішення загальних зборів ТОВ "Сторм", оформлених Протоколом № 2708/07 від 27 серпня 2007 року) не відповідає способам захисту цивільних прав, що передбачені ч. 2 ст. 16 ЦК України.

Відповідно до ч. 1 ст. 16 ЦК України кожна особа має право звернутися до суду за захистом свого особистого немайнового або майнового права та інтересу.

Так, відповідно до цієї норми суд може захистити цивільне право чи інтерес особи шляхом
1) визнання права;
2) визнання правочину недійсним;
3) припинення дії, яка порушує право;
4) відновлення становища, яке існувало до порушення;
5) примусове виконання обов'язку в натурі;
6) зміна правовідношення;
7) припинення правовідношення;
8) відшкодування збитків та інші способи відшкодування майнової шкоди;
9) відшкодування моральної (немайнової) шкоди;
10) визнання незаконними рішення, дій чи бездіяльності органу державної влади, органу влади Автономної Республіки Крим або органу місцевого самоврядування, їхніх посадових і службових осіб.

Відповідно до ч. 1 ст. 202 ГК України дія особи, спрямована на набуття, зміну аб припинення цивільних прав та обов'язків, є правочином.

Суд вважає, що рішення Відповідача 1 та Відповідача 2, що оформлені протоколом № 2708/07 від 27 серпня 2007 року є саме правочином, оскільки спрямовані на набуття, зміну аб припинення цивільних прав та обов'язків.

*Таким чином суд може застосувати такий засіб захисту цивільного права чи інтересу, як "визнання правочину недійсним", яка й повинно бути застосоване у даному випадку.*

*Також суд, вивчивши відзив, що надав Відповідач 3 – ТОВ "Сторм", яким останній по суті визнає позовні вимоги Позивача, вважає за можливе прийняти його, оскільки він не порушує законодавство чи інтереси ТОВ "Сторм" та поданий із додержанням процесуального права України.*

*Отже з урахуванням вищезазначеного, керуючись ст. ст.1-6, 15, 107, 109, 110, 157, 209, 212-215, 223 ЦПК України, суд*

### ВИРІШИВ:

Позов Клименка Вадима Вікторовича (м. Київ, вул. Горького 17Б, кв. 21) задовольнити повністю.

*Визнати дії Альпрен Лімітед (Elenion Building, 5 Themistocles Dervis Street, 2nd Floor, CY - 1066 Nicosia, Cyprus) та Хардлейк Лімітед (Elenion Building, 5 Themistocles Dervis Street, 2nd Floor, CY - 1066 Nicosia, Cyprus) по ухваленню рішення щодо виконання ухваленого за правилами ЮНСІТРАЛ рішення Нью-Йоркського арбітражу від 02.07.2007 року у справі за позовом компанії Telenor Mobile Communications AS до товариства з обмеженою відповідальністю «Сторм», щодо чинності та виконання Договору акціонерів, укладеного між Теленор та ТОВ «Сторм», що виступають в якості акціонерів, та закритим акціонерним товариством «Київстар Дж. Ес. Ем.» 30 січня 2004 року – незаконними.*

*Визнати недійсним рішення загальних зборів учасників ТОВ "Сторм", оформлене Протоколом № 2708/07 від 27 серпня 2007 року, в частині - з пункту 5 по пункт 16, а саме:*

- *пункт 5 Протоколу, відповідно до якого прийнято рішення про необхідність прийняття на Позачергових загальних зборах рішень, направлених на виконання Рішення Нью-Йоркського арбітражу;*
- *пункт 6 Протоколу № 2708/07 від 27 серпня 2007 року, відповідно до якого прийнято рішення про створення ДП «Сторм-1», ДП «Сторм-2» та ДП «Сторм-3», а також зобов'язано Клименка В.В., провести їх державну реєстрацію;*
- *пункт 7 Протоколу № 2708/07 від 27 серпня 2007 року, відповідно до якого затверджені статути дочірніх підприємств ДП «Сторм-1», ДП «Сторм-2» та ДП «Сторм-3»;*
- *пункт 8 Протоколу № 2708/07 від 27 серпня 2007 року, яким Клименка В.В. призначено директором дочірніх підприємств ДП «Сторм-1», ДП «Сторм-2» та ДП «Сторм-3»;*
- *пункт 9 Протоколу № 2708/07 від 27 серпня 2007 року, яким дочірнім підприємствам ДП «Сторм-1», ДП «Сторм-2» та ДП «Сторм-3» передано по одній акції ЗАТ «Київстар Дж. Ес. Ем.»;*
- *пункт 10 Протоколу № 2708/07 від 27 серпня 2007 року, яким Клименку В.В. я Генеральному директору ТОВ «Сторм» та директору ДП «Сторм-1», ДП «Сторм-2» т ДП «Сторм-3» доручено вжити заходів, що є необхідними для призначення чотирьо кандидатів до Ради Директорів ЗАТ «Київстар Дж. Ес. Ем.» і забезпечити те, щ запропоновані кандидати будуть обрані до Ради Директорів ЗАТ «Київстар Дж. Ес. Ем.» а також відвідуватимуть всі майбутні збори Ради та добросовісно прийматимуть участ в управлінні та керуванні діяльністю ЗАТ «Київстар Дж. Ес. Ем.»;*
- *пункт 11 Протоколу № 2708/07 від 27 серпня 2007 року, яким Петрашевича С.А призначено повноважним представником ТОВ «Сторм» на загальних зборах ЗАТ «Київст. Дж. Ес. Ем.»;*
- *пункт 12 Протоколу № 2708/07 від 27 серпня 2007 року, яким Петрашевичу С.М. доруче відвідувати всі майбутні щорічні та позачергові збори акціонерів ЗАТ «Київстар Дж. Е Ем.», поки ТОВ «Сторм» залишається акціонером ЗАТ «Київстар Дж. Ес. Ем.»;*
- *пункт 13 Протоколу № 2708/07 від 27 серпня 2007 року, яким доручено вжити заході необхідних для внесення змін до Статуту ЗАТ «Київстар Дж. Ес. Ем.» з метою приведен його у відповідність з Постановою Вищого господарського суду України від 22 грудня 20*

року, Договором акціонерів від 30 січня 2004 року та володінням акціями ЗАТ «Київстар Дж. Ес. Ем.» позивачем Теленор, та його афілійованими особами Теленор Україна I АС, Теленор Україна II АС, Теленор Україна III АС та Теленор Україна IV АС, у т. ч. й дорученні ТОВ «Сторм» та всім особам, яким воно передає акції ЗАТ «Київстар Дж. Ес. Ем.» проголосувати з метою ухвалення змін до Статуту ЗАТ «Київстар Дж. Ес. Ем.», як передбачатимуть, що акціонерами ЗАТ «Київстар Дж. Ес. Ем.» є (а) ТОВ «Сторм», разом із своїми трьома новоутвореними корпоративними афілійованими особами, кожна з яких буде володіти, принаймні, однією акцією ЗАТ «Київстар Дж. Ес. Ем.»; та (b) Теленор Мобайл Комм'юнікейшнз АС та його чотири існуючі корпоративні афілійовані особи, кожна з яких володіє однією акцією ЗАТ «Київстар Дж. Ес. Ем.», відповідно до якого особи, визначені та запропоновані як члени Ради Директорів ЗАТ «Київстар Дж. Ес. Ем.» цими дев'ятьма юридичними особами мають бути обрані Директорами;

- пункт 14 Протоколу № 2708/07 від 27 серпня 2007 року, яким доручено здійснити продаж акцій ЗАТ «Київстар Дж. Ес. Ем.», які належать ТОВ «Сторм», особі, що не є афілійованою особою ТОВ «Сторм» впродовж ста двадцяти (120) днів від дати Рішення Нью-Йоркського арбітражу, якщо до цього часу ТОВ «Сторм» та будь-які афілійовані особи не проведуть вилучення своїх активів у компаніях «Турксел» та «Українські новітні технології», які перевищують п'ять відсотків;

- пункт 15 Протоколу № 2708/07 від 27 серпня 2007 року, яким ТОВ «Сторм» зобов'язане утримуватися самостійно або через будь-яку особу, яка діє за згодою з ТОВ «Сторм», від ініціювання або переслідування у судовому порядку стосовно будь-яких спорів або суперечностей за, стосовно, або у зв'язку з будь-якими зобов'язаннями, зазначеними в Договорі акціонерів від 30 січня 2004 року, в тому числі за всіма існуючими судовими справами, які наразі розглядаються в Україні та зазначені в Рішенні Нью-Йоркського арбітражу;

- пункт 16 Протоколу № 2708/07 від 27 серпня 2007 року, відповідно до якого зобов'язані відкликати усі позови, заяви, претензії чи заборони, ініційовані ТОВ «Сторм» і пов'язані з Договором акціонерів від 30 січня 2004 року, зокрема від позову у справі № 40/37 за позовом проти ЗАТ «Київстар Дж. Ес. Ем.», ТОВ «Ернст енд Янг» та ТОВ «Ернст енд Янг Аудиторські послуги».

Стягти солідарно з Альпрен Лімітед, Хардлек Лімітед, Товариства з обмеженою відповідальністю "Сторм" на користь Клименка Вадима Вікторовича судові витрати по справі, а саме: судовий збір у сумі 08,50 гривень та витрати на інформаційно-технічне забезпечення розгляду справи в сумі 07,50 гривень.

Рішення може бути оскаржене до Апеляційного суду міста Києва шляхом подання заяви про апеляційне оскарження протягом 10 днів з моменту проголошення рішення, та шляхом подання апеляційної скарги протягом 20 днів з моменту подання заяви про апеляційне оскарження

Суддя: (підпис)
Копія вірна:
Суддя:                                           В.В.Ігнатченко
Секретар:                                        І.М.Кравчук

Рішення оскаржено на 15.10.07.
не набрало
Суддя:                    В. Ігнатченко
Секретар:                 С.В. Анатрик