# EXHIBIT K



August 14, 2007

Storm LLC
1, Narodnogo Opolchennya Street
Kyiv 03151
Ukraine

Attn: Mr. Vadim Klymenko
      General Director

Altimo Holdings & Investments Limited
11 Savvinskaya nab.
Moscow 119435
Russian Federation

Attn: Mr. Alexei Reznikovich
      Chief Executive Officer

Alpren Limited
Elenion Building
5 Themistocles Dervis Street, 2nd Floor
CY-1066 Nicosia
Cyprus

Attn: Ms. Stella Raouna
      Abacus Secretarial Ltd.

Hardlake Limited
Elenion Building
5 Themistocles Dervis Street, 2nd Floor
CY-1066 Nicosia
Cyprus

Attn: Ms. Sophia Ioannou
      Abacus Secretarial Ltd.

Re:  **Implementation of the Final Award in Telenor Mobile Communications AS v. Storm LLC**

Ladies and Gentlemen:

1.  We refer to the Shareholders Agreement dated January 30, 2004 (the "**Shareholders Agreement**") between and among Telenor Mobile Communications AS

OHS LONDON:360077718.2

August 14, 2007

("**Telenor Mobile**"), Storm LLC ("**Storm**") and Closed Joint Stock Company "Kyivstar G.S.M." ("**Kyivstar**"), and to the Final Award dated July 2, 2007 (and issued on August 1, 2007) in Telenor Mobile v. Storm (the "**Award**"), an arbitration under the UNCITRAL Arbitration Rules. Unless otherwise defined or noted herein, terms defined in the Shareholders Agreement or the Award, as the case may be, are used herein as therein defined.

2.  As you are aware, the Award imposes a number of obligations on Storm and its affiliates. We are writing to urge you to comply voluntarily with the Award, including, without limitation, by promptly and unconditionally withdrawing and revoking all lawsuits, claims, actions and injunctions relating in any way to the Shareholders Agreement that are currently pending or effective in Ukraine, such as those actions that presently prevent Kyivstar from having its financial statements audited by Ernst & Young and prevent Kyivstar from providing financial information to its shareholders.

3.  Specifically, Item 3 of Section H of the Award orders Storm to take the following actions, which we strongly urge you to undertake voluntarily:

(a) Transfer at least one of Storm's shares in Kyivstar to each of three newly-formed companies affiliated with Storm and cause each such affiliated company to execute and deliver an Endorsement in accordance with Sections 4.02(b) and 4.09 of the Shareholders Agreement.

(b) Designate and nominate four candidates for election to Kyivstar's Board of Directors (the "**Board**").

(c) Cause the election to the Board of the four nominated candidates.

(d) Ensure that the four directors nominated by Storm and its affiliates attend all future meetings of the Board and participate in good faith in the direction and management of Kyivstar's business.

(e) Cause Storm and its affiliates' duly authorized representatives to attend all future annual and extraordinary meetings of Kyivstar's shareholders for as long as Storm and such affiliates remain Kyivstar shareholders.

(f) Take all necessary and requested actions to amend Kyivstar's charter (the "**Charter**") to conform it, *inter alia*, both to the December 22, 2005 Order of the Higher Commercial Court of Ukraine and the Shareholders Agreement. Pursuant to the Award, Telenor Mobile and Storm, together with all persons to whom they transfer Kyivstar shares, shall vote to approve an amendment to the Charter that provides that Kyivstar's shareholders are (i) Storm, together with its three newly-formed corporate affiliates, each of which will hold at least one Kyivstar share; and (ii) Telenor Mobile, and its existing four corporate affiliates, each of which holds one Kyivstar share.

4.  In addition, Item 4 of Section H of the Award orders Storm to sell its shares in Kyivstar to a person other than a Storm affiliate within 120 days of the date of the Award (*i.e.*, by October 30, 2007), unless prior to such date Storm and any affiliated entities divest their holdings in Turkcell İletişim Hizmetleri A.Ş. and Limited Liability Company "Ukrainian High Technologies" that exceed 5% of the outstanding shares or 5% ownership

August 14, 2007

interest of such companies, respectively. In this regard, we direct your attention to Section 4.04(b) of the Shareholders Agreement, which provides that any Person to whom Storm wishes to transfer its Kyivstar shares must meet certain criteria, and to Sections 4.04(a) and 4.05 of the Shareholders Agreement, under which Telenor Mobile has a right of first refusal with respect to the sale of any Kyivstar shares by Storm other than to a Permitted Transferee. Under Section 4.05(a) of the Shareholders Agreement, Storm is obligated to give Telenor Mobile and the other Shareholders 60 days' prior written notice of any Offer Storm has received in respect of its Kyivstar shares, which notice must contain, among other things, the identity of the prospective purchaser (including its Controlling Persons) and the purchase price offered for such shares. After receipt of such notice, Telenor Mobile and the other Shareholders will have 60 days to elect to exercise their right of first refusal with respect to the relevant Kyivstar shares before Storm may complete any transaction in respect of such shares.

     5.    We also direct your attention to Item 5 of Section H of the Award, which enjoins Storm and anyone acting in concert from taking any of the following actions:

    (a)    commencing or prosecuting any and all court actions concerning any disputes or controversies under, relating to, or in connection with, any obligations described in the Shareholders Agreement, including, without limitation, all of the existing litigations currently pending in Ukraine;

    (b)    enforcing the December 29, 2006 Injunction or its attendant Enforcement Order; or

    (c)    hindering or precluding Telenor Mobile, Ernst & Young and their related entities from carrying out their rights and obligations under the Shareholders Agreement or any other pertinent agreements with Kyivstar.

In this regard, we hereby request that you and your affiliates promptly withdraw in writing all of the actions specified in Annex A, request in writing that all of the injunctions specified in Annex B be vacated, and request in writing that all of the injunctions specified in Annex B be withdrawn from the relevant Ukrainian enforcement service bodies and that all of the enforcement proceedings specified in Annex C be terminated, and provide us with copies of such requests.

     6.    To implement the order described in Paragraph 3(f) above, enclosed please find the proposed amendment to the Charter, which is identical to the proposed amendment that Telenor Mobile provided to Altimo and Storm on October 17, 2006. This proposed amendment is fully consistent with the Award, and we urge you to take all steps necessary for its approval at the upcoming extraordinary meeting of Kyivstar shareholders (which Telenor Mobile has requested Kyivstar to convene and which will be held on October 1, 2007).

August 14, 2007

7. In accordance with Section 13.01 of the Shareholders Agreement, we hereby notify you that from and after the date of this letter all notices and other communications to Telenor Mobile, Telenor Ukraina I AS, Telenor Ukraina II AS, Telenor Ukraina III AS or Telenor Ukraina IV AS and provided for in the Shareholders Agreement should be directed to the following addresses, fax numbers and addressees, and not to the addresses, fax numbers or addressees specified in Section 13.01 of the Shareholders Agreement:

Telenor Mobile Communications AS
Snarøyveien 30
N-1331 Fornebu
Norway

Facsimile No. +47 67 89 48 18
Attn: Mr. Thor Asbjørn Halvorsen

with a copy to:

Advokatene i Telenor
Snarøyveien 30
N-1331 Fornebu
Norway

Facsimile No. +47 67 89 24 32
Attn: Mr. Bjørn Hogstad

*****

We expect that you will promptly and fully comply with the Award and will take active and constructive steps to restore good corporate governance to Kyivstar. We note, however, that absent such compliance, Telenor Mobile will pursue all of its available remedies against Storm and its affiliates, in those jurisdictions where they and their assets may be found. This letter is without prejudice to all of Telenor Mobile's claims, rights, powers, privileges and remedies under the Shareholders Agreement, the Award and applicable law, each of which is hereby expressly reserved.

Very truly yours,

TELENOR MOBILE COMMUNICATIONS AS

_____          _____
Ragnar H. Korsæth                Thor A. Halvorsen
Director                         Director

cc: Mr. Alexey E. Khudyakov
    Vice President

August 14, 2007

    Altimo Holdings & Investments Limited
    11, Savvinskaya nab.
    119435 Moscow
    Russian Federation

    CJSC "Kyivstar G.S.M."
    51, Chervonozoryany Prospect
    Kyiv 03110
    Ukraine

    Attn: The Finance Director

August 14, 2007

Annex A

Ukrainian Actions to be Withdrawn

1. Case No. 40/37 initiated upon the claim filed by Storm against Kyivstar, Limited Liability Company "Ernst & Young Audit Services" and Limited Liability Company "Ernst & Young" with the Kyiv City Commercial Court, with Telenor Mobile as third party.

2. Case No. 2-959/07 initiated upon the claim filed by Alpren Limited against Vadim Klymenko, Trond Moe, Kyivstar, Limited Liability Company "Ernst & Young Audit Services" and Limited Liability Company "Ernst & Young" with the Krasnolutsky City Court of Lugansk Region.

3. Case No. 2/105 initiated upon the claim filed by Alpren Limited against Kyivstar, Limited Liability Company "Ernst & Young Audit Services" and Limited Liability Company "Ernst & Young" with the Kyiv City Commercial Court.

4. Case No. 2-0-191/05 (No. 22-ts-4386 of 2006 in the Kharkiv Region Court of Appeals) initiated upon the petition filed by Pavel Kulikov with the Moskovsky District Court of the City of Kharkiv, with Storm as an interested party.

5. Any other actions currently pending in Ukraine and relating in any way to the Shareholders Agreement, whether or not specified in this Annex A.

August 14, 2007

Annex B

Ukrainian Injunctions to be Withdrawn

1. Decree issued by the Krasnolutsky City Court of Lugansk Region on January 31, 2007 in Case No. 2-959/07 initiated upon the claim filed by Alpren Limited against Vadim Klymenko, Trond Moe, Kyivstar, Limited Liability Company "Ernst & Young Audit Services" and Limited Liability Company "Ernst & Young".

2. Decree issued by the Kyiv City Commercial Court on February 22, 2007 in Case No. 2/105 initiated upon the claim filed by Alpren Limited against Kyivstar, Limited Liability Company "Ernst & Young Audit Services" and Limited Liability Company "Ernst & Young".

3. Any other injunctions currently effective in Ukraine and relating in any way to the Shareholders Agreement, whether or not specified in this Annex B.

August 14, 2007

Annex C

Ukrainian Enforcement Proceedings to be Terminated

1. Enforcement proceeding No. 233/13-2007 carried out by the State Enforcement Service Office of the Pechersky District Justice Department of the City of Kyiv to enforce the Decree issued by the Krasnolutsky City Court of Lugansk Region on January 31, 2007 in Case No. 2-959/07.

2. Enforcement proceeding No. 262/13-07 carried out by the State Enforcement Service Office of the Pechersky District Justice Department of the City of Kyiv to enforce the Decree issued by the Kyiv City Commercial Court on February 22, 2007 in Case No. 2/105.

3. Any other enforcement proceedings currently pending in Ukraine and relating in any way to the Shareholders Agreement, whether or not specified in this Annex C.

8