# EXHIBIT L

15 November 2007

**<u>Confidential</u>**

Ragnar H. Korsæth, Director
Thor A. Halvorsen, Director
Telenor Mobile Communications AS
Snarøyveien 30
N-1331 Fornebu
Norway

Re:   *Telenor Mobile Communications AS v. Storm LLC*, 07 Civ. 6929 (GEL)

Dear Messrs. Korsæth and Halvorsen:

We write in response to your letter dated November 9, 2007 (the "November 9 Letter") regarding the above matter and the award ("Final Award" or "Award") issued by the arbitral tribunal (the "Tribunal") on August 1, 2007 in the related arbitration between Storm LLC ("Storm") and Telenor Mobile Communications AS ("Telenor Mobile").[1]

As a preliminary matter, we note that the November 9 Letter is also addressed to Altimo Holdings & Investments Limited ("Altimo"), Alpren Limited ("Alpren") and Hardlake Limited ("Hardlake"). Altimo, Alpren and Hardlake were not parties to the underlying arbitration nor were they involved in the federal court proceedings before the Honorable Gerard E. Lynch regarding the confirmation of the Final Award. This response is being sent on behalf of Storm only, although we have copied the representatives of Altimo, Alpren and Hardlake for their information. We were surprised that the November 9 Letter was copied to Kyivstar and the "Alfa Group Consortium," since there was no legitimate reason for you to do so.

In your earlier letter dated August 14, 2007 (the "August 14 Letter"), you asked for Storm's "voluntary compliance" with the Final Award. Your reference to "voluntary compliance" in the August 14 Letter is consistent with the fact that Storm was not required to comply with the Final Award solely because it had been issued by the Tribunal. Indeed, the Final Award was not self-executing and Telenor Mobile could not insist on compliance absent final and binding court action. Thus, Telenor Mobile was required to file a petition before Judge Lynch on August 2, 2007 for confirmation of the Final Award, which Storm opposed. Accordingly, we cannot see how you can state, in paragraph 3 of the November 9 Letter, that Storm "violated" the Final Award while the issue of confirmation was still pending before Judge Lynch during the period from August 2, 2007 until November 2, 2007, when the Court issued an Opinion and Order (the "Order") confirming the Award.

To the extent you claim that Storm has violated the Final Award and the Order since November 2, 2007, we note that Storm filed a Notice of Appeal from the Order on November 6, 2007. (A copy of the Notice of Appeal, which has been served on Telenor Mobile's counsel, is attached to this letter). We believe that the Court erred in confirming the Final Award and denying Storm's motion to vacate. Storm is currently evaluating its options during the pendency of the appeal, but we reject your suggestion that Storm has somehow violated the Final Award or the Order since November 2.

With respect to your statement in paragraph 4 of the November 9 Letter that the Perchersky Action and Shevchenkivskiy Action (collectively, the "Actions") violate the Final Award and Order, we note that (a) the Actions were commenced prior to the confirmation of the Award; and (b) Storm has appealed from the Order. In any event, the Actions clearly do not violate the Final Award or the Order. The Shevchenkivskiy Action arises out of an issue that was not before the Tribunal, *i.e.*, the ability of Alpren and Hardlake to require that Storm take certain corporate actions in violation of <u>Storm's</u> corporate governance procedures

---

[1]   Any capitalized terms that are not defined in this letter shall have the same meaning as in the November 9 Letter.

---

"STORM" LLC
59 Zhilyanska Str., off. 318, Kyiv 01033, Ukraine

t. +38 (044) 569 8686
f. +38 (044) 569 8685

and Ukrainian law. Thus, the Shevchenkivskiy Action does not implicate the Shareholders Agreement, which relates to (among other things) the corporate governance of Kyivstar. The Shevchenkivskiy Action also involves two parties — Alpren and Hardlake — that are not signatories to the Shareholders Agreement. The Perchersky Action is similarly outside of the scope of the Final Award and the Order because it relates to the separate issue of whether the Award should be recognized in Ukraine. The Tribunal made no finding on that issue, nor was it asked to do so by any of the parties. Judge Lynch was aware of the decision in the Perchersky Action, but he noted that it had no effect on the Final Award or its confirmation. (*See* Order at 15 n.8.) However, Judge Lynch further pointed out that the decision in the Perchersky Action regarding recognition of the Final Award casts doubt on its enforceability in Ukraine. (*Id.*)

Finally, we have several comments regarding your assertions in paragraph 5 of the November 9 Letter. First, for the reasons set forth above, it is not the case that Storm was required to comply with the divestiture portions of the Final Award by October 30, 2007. Second, there are ongoing discussions regarding the sale of Kyivstar shares to Telenor (as you must be aware), as well as the potential sale of the interest in Kyivstar to third parties. We are further aware of ongoing discussions between Alfa entities and third parties regarding the sale of certain interests in the allegedly competing companies (namely, Astelit LLC and Ukrainian High Technologies Ltd.) that could come to fruition in the near future. We wish to emphasize that such discussions do not constitute an admission of the liability of Storm or others, and they should not be construed as any concession with regard to the Final Award. Also, given the commercial sensitivity of the foregoing information regarding potential divestitures, it should not be disclosed to any outside parties.

As with the response to the August 14 Letter, this letter is without prejudice to any and all of Storm's rights pursuant to any applicable law or contract and it is sent under a full reservation of rights.

Very truly yours,

Vadim Klymenko
General Director

Enc.

cc: Altimo Holdings & Investments Limited
    Alpren Limited
    Hardlake Limited