# EXHIBIT M

Case 1:07-cv-06929-GEL   Document 27-14   Filed 01/24/2008   Page 1 of 5



**ORRICK**

ORRICK, HERRINGTON & SUTCLIFFE LLP
666 FIFTH AVENUE
NEW YORK, NEW YORK 10103-0001

tel +1-212-506-5000
fax +1-212-506-5151

WWW.ORRICK.COM

November 27, 2007

Robert L. Sills
(212) 506-5110
rsills@orrick.com

**BY EMAIL**

Pieter Van Tol, Esq.
Lovells
590 Madison Avenue
New York, NY 10022

### Telenor Mobile Communications AS v Storm LLC
### 06 Civ. 6929 (GEL)

Dear Pieter:

      I write in response to your email and to Mr. Klymenko's letter of November 15, 2007 (the "November 15 Letter"). I also refer (a) to the Final Award in Telenor Mobile Communications AS v. Storm LLC, dated July 2, 2007, and released on August 1, 2007 (the "Award"); (b) to the Opinion and Order of Judge Lynch in Telenor Mobile Communications AS v. Storm LLC, 1:07-cv-06929-GEL, dated November 2, 2007 (the "Order"); (c) to Judge Lynch's order dated November 26, 2007, denying Storm's motion for a stay pending appeal; and (d) to three pending Ukrainian litigations, entitled (i) LLC Storm v. CJSC "Kyivstar G.S.M.", et al., No. 40137, pending in the Kyiv City Commercial Court (the "Storm Action"); (ii) Alpren Limited v. CJSC "Kyivstar G.S.M.", et al., No. 2/105, also pending in the Kyiv City Commercial Court (the "Alpren Action"); and (iii) Klymenko v. Alpren Limited, Case 2-9509/07, pending in the Shevchenkivskiy District Court of Kyiv (the "Klymenko Action").

      As the November 15 Letter admits, neither Storm nor any of its affiliates has complied with any provision of the Award, despite having received it on August 1, 2007.[1] The Award has now been confirmed by the Order and is embodied in a federal judgment. That judgment is fully enforceable at this time. Storm's appeal is irrelevant to the Order's enforceability, see Fed. R. Civ. P. 62 (a), (c), and Judge Lynch has now denied Storm's motion for a stay pending appeal. Accordingly, Storm and its affiliates must promptly comply, in all respects, with their obligations

---

[1] The November 15 Letter asserts that "Storm was not required to comply with the Final Award solely because it had been issued by the Tribunal." To the contrary, Section 12.01 9a)(vi) provides that "[t]he award of the arbitrators shall be final and binding on the Parties." See UNCITRAL Arbitration Rules, Article 32(2) (providing that the Award is "final and binding on the parties," and that "the parties undertake to carry out the award without delay"). The reference in Telenor Mobile's November 9 letter to voluntary compliance referred only to Telenor Mobile's hope that Storm and its affiliates would meet their obligations under the Award without the need for further proceedings to compel compliance.

Case 1:07-cv-06929-GEL   Document 27-14   Filed 01/24/2008   Page 3 of 5


ORRICK

Pieter Van Tol, Esq.
November 27, 2007
Page 2

under the Award and Order. Moreover, I expect that you and your colleagues, as officers of the Court, will provide appropriate guidance to your clients as to the consequences of violation of a federal judgment, particularly one enjoining foreign litigation or requiring its dismissal. See Kahara Bodas Co. v. Perushaan Pertambangan Minyak Dan Gas Bumi Negara, 465 F.Supp.2d 283 (S.D.N.Y. 2006).

The November 15 Letter questions why Telenor Mobile's letter of November 9 was addressed to Altimo Holdings & Investments Limited ("Altimo"), Alpren Limited ("Alpren") and Hardlake Limited ("Hardlake"). As you know, the Award and Order expressly bind not only Storm LLC ("Storm") but also "anyone acting in concert with it." The Order expressly confirmed that portion of the Award, and specifically held that Alpren, the ostensible plaintiff in several of the Ukrainian litigations described in the Award and Order, was bound by the anti-suit injunction granted by the Tribunal.

It is clear that, as discussed at length in the Award and in the Order, as well as in Judge Lynch's prior order granting an anti-suit injunction in Storm LLC v. Telenor Mobile Communications AS, 2006 WL 3735657 (S.D.N.Y. Dec. 15, 2006), Altimo and Alpren have been acting in concert with Storm throughout the course of this dispute. Hardlake, which is situated identically to Alpren except for its slightly larger interest in Storm, is now doing so, as well, as is clear from the Klymenko Action. Moreover, Storm, Alpren, Hardlake and Altimo are alter egos, as discussed at length by Judge Lynch. Accordingly, because Alpren, Hardlake and Altimo are "legally identified" with Storm, they are bound to the Order, and subject to punishment by contempt for non-compliance. See Reliance Ins. Co. v. Mast Construction Co., 84 F.3d 372, 377 (10th Cir. 1996) (noting that finding of "alter ego, collusion or identity of interest would be sufficient to making a restraining order binding on a nonparty"). It was, accordingly, entirely appropriate to address the November 9 Letter to Alpren, Hardlake and Altimo, as well as to Storm.

While all of the obligations imposed by the Award and Order are important, and must be complied with, four are particularly pressing, and require your client's immediate attention. They are as follows:

First, both the Storm Action and the Alpren Action, each of which sought an injunction preventing Kyivstar from having its financial statements audited, remain pending. Telenor Mobile expects that, as promptly as possible, Alpren and Storm will withdraw those proceedings and otherwise cease interfering with the Kyivstar audit, as the Award and Order specifically obligate them to do.

Second, the Klymenko Action, according to the translation attached to your letter to Judge Lynch of October 23, 2007, purports to enjoin Storm and its shareholders, Alpren and


ORRICK

Pieter Van Tol, Esq.
November 27, 2007
Page 3

Hardlake, from taking various actions to comply with the Award and Order. Given that Mr. Klymenko is, among his several other roles, Storm's General Director, there is no doubt that he is personally bound by the Order. See Fed. R. Civ. P. 65(d); United States v. Paccione, 964 F.2d 1269, 1274-76 (2d Cir. 1992) (upholding judgment of criminal contempt), and that he is acting in concert with Storm in bringing such an evidently collusive action. We expect that he will comply with his obligations to the Court and to Telenor Mobile, and promptly withdraw the Klymenko Action.[2]

Third, the Award and Order require Storm to attend and participate in Kyivstar shareholders meetings. Despite that unequivocal obligation, Storm has failed to appear at five duly noticed shareholders meetings, most recently on November 23, 2007. Storm must cease its boycott of Kyivstar shareholders meetings, and in such meetings, act in accordance with the requirements of the Award and Order.

Fourth, the last day on which Storm should have disposed of its Kyivstar shares, unless its affiliates have disposed of all shares exceeding 5% of the shares in Turkcell and in Ukrainian High Technologies ("UHT"), was October 30.[3] Based on current SEC filings and press accounts, we are not aware of any plans for the disposition of Altimo's shares in Turkcell or Alfa's shares in UHT, although the November 15 Letter suggests, without any supporting detail, that negotiations for such a sale may be ongoing.[4] Accordingly, we expect that Storm will, in compliance with the Award and Order, promptly dispose of its shares in Kyivstar to an unaffiliated third party Because, as Storm's papers in the District Court observed, any disposition of Storm's Kyivstar shares to any party other than Telenor Mobile or one of its corporate affiliates will trigger Telenor Mobile's right of first refusal under the Shareholders Agreement, I would appreciate it if you would communicate to us in writing at your earliest convenience the proposed mechanics of that disposition.

---

[2] The suggestion in the November 15 Letter suggests that the Klymenko Action (referred to there as the "Shevchenkivskiy Action") does not violate the Order or "arises out of an issue that was not before the Tribunal" cannot have been made seriously. That action, which is only the latest installment in what the Tribunal and Judge Lynch found was a long campaign of collusive and vexatious litigation being waged by Storm and its affiliates in Ukraine, seeks, on its face, to prevent compliance with the Award.

[3] Under the terms of the Award, the disposition of Storm's Kyivstar shares should have been accomplished by October 30, 2007, or 120 days after July 2, 2007. Counting from August 1, the date on which the Award was released after Storm paid its past-due fees owed to Messrs. Feinberg and Craig, the last day for Storm to dispose of its Kyivstar shares would be November 29, 2007.

[4] The November 15 Letter also states that "there are ongoing discussions regarding the sale of Kyivstar shares to Telenor." Our client has confirmed to us that no such discussions are now taking place.

Case 1:07-cv-06929-GEL    Document 27-14    Filed 01/24/2008    Page 5 of 5



# ORRICK

Pieter Van Tol, Esq.
November 27, 2007
Page 4

     Telenor Mobile hopes and expects that Storm and its affiliates will comply with the Award and Order, and that there will be no need for further proceedings to compel their obedience. However, should Storm and its affiliates, both corporate and individual, fail to do so, Telenor Mobile reserves its rights to proceed before the District Court and elsewhere to secure compliance with the Award and Order. This letter is without prejudice to Telenor Mobile's rights, claims and defenses, all of which are expressly reserved.

                                    Very truly yours,

                                    Robert L. Sills