# EXHIBIT U

Case 1:07-cv-06929-GEL     Document 29-22     Filed 01/24/2008     Page 1 of 14

DECISION
IN THE NAME OF UKRAINE

November 03, 2005

Upon review in an open court hearing in the City of Kharkiv of the civil case upon a petition of Pavlo Valentynovych Kulikov on establishing legally significant facts, with LLC "Storm" as an interested party, Moskovsky District Court of the City of Kharkiv, as consisting of presiding judge O.V. Kotenko in the presence of secretary L.V. Malykhina,

HAS ESTABLISHED THAT:

P.V. Kulikov, the applicant, has submitted to the court a petition requesting to establish legally significant facts, namely: establish the fact that the provisions of Articles 9.1, 9.2, 9.8, 9.9, 9.10, 9.11 and 10.3 of the CJSC "Kyivstar G.S.M." Charter, approved by the General Meeting of Shareholders of CJSC "Kyivstar G.S.M." on April 27, 2004, are contrary to the requirements of the Ukrainian law, including acts of civil legislation; establish the fact that Telenor Mobile Communications AS, a shareholder, and LLC "Storm", a shareholder, are members of the Board (supervisory board) of CJSC "Kyivstar G.S.M."; establish the fact that the Directors of the CJSC "Kyivstar G.S.M." Board are representatives of the shareholders – members of the Board (supervisory board) of CJSC "Kyivstar G.S.M." and that, in the course of voting and decision-making by the Board of CJSC "Kyivstar G.S.M.", [they] possess, jointly or otherwise, only one vote of the shareholder – Board member the interests of which they are authorized to represent in the Board of CJSC "Kyivstar G.S.M."; establish the fact that LLC "Storm" as a shareholder which is a member of the Board (supervisory board) of CJSC "Kyivstar G.S.M." has only one vote in the course of decision-making by the Board of CJSC "Kyivstar G.S.M."; establish the fact that Telenor Mobile Communications AS as a shareholder which is a member of the Board (supervisory board) of CJSC "Kyivstar G.S.M." has only one vote in the course of decision-making by the Board of CJSC "Kyivstar G.S.M."; establish the fact that for the Board (supervisory board) of CJSC "Kyivstar G.S.M." to approve a decision, its approval should be supported by two votes from two votes of the shareholders – members of the Board of CJSC "Kyivstar G.S.M.": one vote of LLC "Storm" and one vote of Telenor Mobile Communications AS, establish the fact that the Directors of the Board of CJSC "Kyivstar G.S.M.": V.N. Jmak, Y.G. Tumanov, A.N. Kosogov, P.V. Kulikov, have the right to represent LLC "Storm" at the meetings of the Board of CJSC "Kyivstar G.S.M." only on the basis of a power of attorney from LLC "Storm" or other document envisaged by the applicable Ukrainian law whereby LLC "Storm" determines the scope of the powers provided to the Directors of the Board of CJSC "Kyivstar G.S.M." and the term within which such powers may be exercised; establish the fact that the Directors of the Board of CJSC "Kyivstar G.S.M." T. Moland, K. Gustad, H. Torgersen, T.A. Halvorsen, P.W. Espen have the right to represent Telenor Mobile Communications AS at the meetings of the Board of CJSC "Kyivstar G.S.M only on the basis of a power of attorney from Telenor Mobile Communications AS or other document envisaged by the applicable Ukrainian law whereby Telenor Mobile Communications AS determines the scope of the powers provided to the Directors of the Board of CJSC "Kyivstar G.S.M." and the term within which such powers may be exercised.

In his petition, P.V. Kulikov states that a number of provisions of the CJSC "Kyivstar G.S.M." Charter is in conflict with the requirements of the applicable law. In connection with this, the mentioned circumstances deprive the applicant, who is a Director of the Board of CJSC "Kyivstar G.S.M.", of the possibility to perform his functional duties and, therefore, prevent good faith

representation of interests of LLC "Storm, a shareholder, and infringe upon the personal non-property rights of the applicant established by Articles 297 and 312 of the Civil Code of Ukraine.

The applicant has affirmed the arguments set forth in the petition at the court hearing.

The interested party has sent a motion to the court whereby [it] has requested to consider this case without its participation and has noted that [it] does not object to the applicant's right to turn to court.

After hearing the applicant's explanations, reviewing the case files, the court has found the following.

The applicable law does not provide for a separate procedure for establishing the facts related to determining the composition and the procedure for forming of such a body of a joint stock company, as the supervisory board, and therefore the court concludes that, pursuant to Article 256 of the Code of Civil Procedure of Ukraine, the applicant has the right to submit a petition on establishing the above-mentioned facts to the court since the establishment of these facts influences the accrual, alteration and termination of personal rights of the applicant and other persons.

In establishing the above-mentioned facts, the court proceeds from the following.

Pursuant to part 1 of Article 46 of the Law of Ukraine "On Business Companies", a joint stock company establishes the board of a joint stock company (supervisory board), which represents the interests of shareholders between holding of general meetings, as well as controls and regulates activities of the management board within the scope of competence determined by the charter. Herewith, as envisaged by Clarification of the State Commission on Securities and Stock Market "On Formation of the Board of a Joint Stock Company (Supervisory Board) from among Shareholders in Case if a Shareholder is a Legal Entity" dated November 26, 2002 No. 7, only shareholders may be appointed the chairman and the members of the supervisory board. At the same time, the applicable law establishes the rights and obligations of equal scope for all shareholders irrespective of whether shareholder is a legal entity or an individual.

It appears from the case files that the following persons are the Directors of the Board (supervisory board) of CJSC "Kyivstar G.S.M." nominated to the Board of CJSC "Kyivstar G.S.M." by LLC "Storm": V.N. Jmak, Y.G. Tumanov, A.N. Kosogov, P.V. Kulikov. The court has also established that the mentioned composition of the Directors of the company's Board from LLC "Storm" was approved at the extraordinary General Meeting of Shareholders of CJSC "Kyivstar G.S.M." on January 11, 2005, which is confirmed by minutes of the General Meeting of Shareholders of the company No. 32 dated January 11, 2005.

The Directors of the Board of CJSC "Kyivstar G.S.M." nominated to the Board of CJSC "Kyivstar G.S.M." by Telenor Mobile Communications AS are: T. Moland, K. Gustad, H. Torgersen, T.A. Halvorsen, and P.W. Espen. Herewith, it appears from Minutes No. 6 of the General Meeting of Shareholders of CJSC "Kyivstar G.S.M." dated March 26, 1998 that Torstein Moland and Kåre Gustad were elected to the Board at the General Meeting of Shareholders of CJSC "Kyivstar G.S.M on March 26, 1998.

In addition, the court has established that Thor Halvorsen and Henrik Torgersen were elected to the Board of CJSC "Kyivstar G.S.M." at the extraordinary General Meeting of Shareholders of CJSC "Kyivstar G.S.M." on March 17, 2003, which is confirmed by respective minutes of the General Meeting of the company No. 27 dated March 17, 2003.

It also appears from the case files that, according to minutes No. 30 of the General Meeting of CJSC "Kyivstar G.S.M dated April 27, 2004, Pål Wien Espen was elected to the Board of CJSC "Kyivstar G.S.M." by the General Meeting of Shareholders of CJSC "Kyivstar G.S.M." on April 27, 2004.

The court has also established that two legal entities are the shareholders of CJSC "Kyivstar G.S.M.": Limited Liability Company "Storm" that holds 4 647 127 shares representing 43.482342% of the authorized capital of CJSC "Kyivstar G.S.M.", and Telenor Mobile Communications AS that holds 6 040 262 shares representing 56.517658% of the authorized capital of CJSC "Kyivstar G.S.M."

Hence, taking into consideration the provisions of Article 46 of the Law of Ukraine "On Business Companies", it is these two shareholders that may be members of the Board (supervisory board) of CJSC "Kyivstar G.S.M."

The applicable law, in particular Article 44 of the Law of Ukraine "On Business Companies", provides that the "one share – one vote" principle applies only in the course of voting at a general meeting of shareholders, in which all shareholders of a company may participate.

In its turn, the composition of the supervisory board of a joint stock company is formed from among a limited number of shareholders which are authorized to represent the interests of other shareholders in the intervals between general meetings of shareholders pursuant to Article 46 of the Law of Ukraine "On Business Companies".

In view of this, the court concludes that the voting of the shareholders – members of the supervisory board of a joint stock company at meetings of the supervisory board based on the "one share – one vote" principle (only with the shares held by them) leads to violation of legitimate rights and interests of other shareholders that do not serve on the supervisory board. Hence, in such a case, the members of the supervisory board of a joint stock company can exercise only their rights and act solely in their own interests, rather than represent the interests of other shareholders in the intervals between meetings as envisaged by Article 46 of the Law of Ukraine "On Business Companies".

Moreover, the voting based on the "one share – one vote" principle makes it impossible to fulfill the representative functions vested in the supervisory board under the law.

Under such circumstances, the court infers that the voting based on the "one share – one vote" principle cannot apply in the course of voting at the meetings of the Board (supervisory board) of CJSC "Kyivstar G.S.M." as each shareholder of CJSC "Kyivstar G.S.M." – member of the Board has only one vote in the course of voting at the meetings of the Board (supervisory board).

Therefore, the court has found that the voting at the meetings of the Board (supervisory board) of CJSC "Kyivstar G.S.M." based on the "one share – one vote" principle is unlawful, and the provision of Article 9.1 of the Charter of CJSC "Kyivstar G.S.M." as amended and restated as of April 27, 2004, pursuant to which, at the Board meetings, "each Shareholder shall vote or cause to be voted all of the Shares now or hereafter owned or controlled by it at all times to elect to the Board five (5) candidates nominated by Telenor Mobile Communications AS and to elect to the Board four (4) candidates nominated by LLC "Storm"", contravenes the rules of applicable law.

Taking into consideration the fact that there are only two shareholders in CJSC "Kyivstar G.S.M.", the court considers that each of them, being a member of the Board (supervisory board), has only one vote in the course of voting and taking decisions at the meetings of the Board (LLC "Storm" – one vote and Telenor Mobile Communications AS – one vote).

Part 1 of Article 91 of the Civil Code of Ukraine provides that a legal entity is able to have the same civil rights and obligations as a natural person, apart from those which can belong only to an individual by their nature. Pursuant to Article 92 of the Civil Code of Ukraine, a legal entity exercises its civil rights and performs its civil obligations via its bodies acting in accordance with its constituent documents and the law. At the same time, the applicable law does not limit the number of representatives which a legal entity may have.

In view of the foregoing, the court concludes that the legal entities – shareholders of CJSC "Kyivstar G.S.M." may authorize several representatives simultaneously to represent their interests

in the Board (supervisory board). At the same time, in the course of approval of decisions and voting at the meetings of the Board (supervisory board), the representatives have the right to vote only with one vote – the vote of the shareholder which they represent in the Board of CJSC "Kyivstar G.S.M.".

As pursuant to Article 9.1 of the Charter of CJSC "Kyivstar G.S.M." as amended and restated as of April 27, 2004, the company shall establish the Board consisting of a total of nine (9) Directors, the court opines that, in the sense of the above-mentioned provisions of the Civil Code of Ukraine, the Directors are representatives of the shareholders – members of the Board of CJSC "Kyivstar G.S.M.": LLC "Storm" and Telenor Mobile Communications AS.

Under Article 238 of the Civil Code of Ukraine, a representative can be empowered to perform only such transactions which the person that he/she/it represents is entitled to perform.

Part 3 of Article 92 of the Civil Code of Ukraine provides that a body or a person acting on behalf of a legal entity pursuant to its constituent documents or the law shall act in the interests of a legal entity, in good faith and reasonably and shall not exceed his/her/its powers.

As envisaged by part 3 of Article 237 of the Civil Code of Ukraine, representation arises on the basis of an agreement, the law, an act of a body of a legal entity, as well as on other grounds established by the acts of civil legislation, in which connection the court concludes that a legal entity is not restricted in its choice of a transaction whereby its representatives are authorized, while such a transaction must determine the scope of powers which a shareholder – member of the Board vests in its representatives – Directors of the Board. Furthermore, such a transaction must determine the procedure for exercising the powers by representatives of the shareholders of CJSC "Kyivstar G.S.M.", which are members of the Board of this company, in the course of decision-making at the meetings of the Board.

Taking into consideration the above, the court opines that decision-making at the meetings of the Board (supervisory board) of CJSC "Kyivstar G.S.M." will be lawful provided that the representatives of the shareholders (Directors of the Board) of CJSC "Kyivstar G.S.M." conduct the voting at the meetings of the Board taking into consideration the fact that each shareholder of CJSC "Kyivstar G.S.M.", which serves on the Board, has one vote in the course of decision-making (one vote belongs to LLC "Storm", one vote belongs to Telenor Mobile Communications AS).

In view of the foregoing, the court concludes that a decision of the Board of CJSC "Kyivstar G.S.M." is deemed adopted if supported by two votes of the shareholders – members of the Board, with one vote pertaining to LLC "Storm" and one vote pertaining to Telenor Mobile Communications AS, accordingly.

Article 10 of the Law of Ukraine "On Business Companies", Article 5 of the Law of Ukraine "On Securities and Stock Exchange", Article 116 of the Civil Code of Ukraine, Article 88 of the Commercial Code of Ukraine set forth the rights of shareholders (participants of business companies) to participate in the management of the company.

Herewith, pursuant to Article 203 of the Civil Code of Ukraine, the expression of will of a participant in a transaction must be free and correspond to his/her/its inner will.

Consequently, the court considers that, while exercising their legitimate rights, the shareholders as participants in transactions should express their will freely and in such a way that it corresponds to their inner will.

In view of the foregoing, the court concludes that the provisions of Section "a" of Article 9.1 of the Charter of CJSC "Kyivstar G.S.M." pursuant to which "the Shareholders shall take all actions necessary from time to time (including, without limitation, the voting of their respective voting Shares, the execution of written consents, the calling of special meetings of the General Meeting and/or the Board, the waiving of notice and attendance at meetings of the General Meeting and/or

the Board, in each case, to the extent permitted by applicable Ukrainian law) to ensure the election of such candidates and maintain the membership of the Board as specified in this Article 9.1" are such that restrict free expression of will by the shareholders of CJSC "Kyivstar G.S.M." while exercising their right to participate in the management of the company. Thereby, the mentioned provisions of Section "a" of Article 9.1 of the Charter of CJSC "Kyivstar G.S.M." are contrary to the requirements of Article 10 of the Law of Ukraine "On Business Companies", Article 5 of the Law of Ukraine "On Securities and Stock Exchange", Articles 116, 203 of the Civil Code of Ukraine, Article 88 of the Commercial Code of Ukraine.

Upon reviewing the case files, the court concludes that the provisions of Section "c" of Article 9.1 of the Charter of CJSC "Kyivstar G.S.M.", pursuant to which "if, at any time, through transfer of any Shares to any Person other than Storm's Affiliate or dilution of its shareholding in the Company Storm ceases to own at least forty percent (40%) of the voting Shares, then Storm shall use its best efforts to cause such number of Storm Directors to resign, so that the ratio between the number of the remaining Storm Directors and the number of Telenor Directors corresponds to the ratio between the remaining Storm shareholding in the Company and the Telenor shareholding in the Company" contravene the requirements of applicable law, specifically Article 203 of the Civil Code of Ukraine, as [they] restrict the right of LLC "Storm" to determine the number of its representatives (Directors of the Board) in the Board of CJSC "Kyivstar G.S.M." independently. Moreover, such a provision conflicts with the requirements of Article 46 of the Law of Ukraine "On Business Companies" as, under the law, the "one share – one vote" principle applies to voting at the general meeting of shareholders only.

The court has determined that ownership of a larger number of shares by one of the shareholders of CJSC "Kyivstar G.S.M." does not provide such a shareholder with advantages while managing the company in view of the following.

In connection with the fact that the Board (supervisory board) of CJSC "Kyivstar G.S.M." consists of two shareholders of CJSC "Kyivstar G.S.M." and that, in order to adopt a decision at a meeting of the Board of CJSC "Kyivstar G.S.M.", the shareholders – members of the Board should cast two votes in favor of its adoption, one vote pertaining to LLC "Storm" and one vote pertaining to Telenor Mobile Communications AS accordingly, the court concludes that each shareholder – member of the Board of CJSC "Kyivstar G.S.M." does not have any advantages in the course of voting and decision-making at the meetings of the Board of CJSC "Kyivstar G.S.M.", regardless of the number of representatives of the shareholders in the Board – Directors of the Board.

The law provides shareholders holding more than 10% of the company's shares with certain advantages, such as the right to demand convocation of an extraordinary general meeting of shareholders at any time and for any reason, the right to have their suggestions included in the agenda on a mandatory basis, the right to appoint their representatives to control the registration of shareholders for participation in general meetings (Articles 41, 43, 45 of the Law of Ukraine "On Business Companies").

At the same time, as both shareholders of CJSC "Kyivstar G.S.M." hold more than 10% of shares of the Company, the court infers that LLC "Storm" and Telenor Mobile Communications AS are equally provided with the privileges and rights envisaged by Articles 41, 43, 45 of the Law of Ukraine "On Business Companies".

In view of the foregoing, the court has established that LLC "Storm" and Telenor Mobile Communications AS exercise their rights arising from the securities, the shares of CJSC "Kyivstar G.S.M.", on an equal basis. Herewith, the court has concluded that no shareholder of CJSC "Kyivstar G.S.M." has advantages over the other one while managing CJSC "Kyivstar G.S.M."

In addition, taking into account the fact that the Board consists of two shareholders – members of the Board (supervisory board) of CJSC "Kyivstar G.S.M.", each of which is vested with one vote for decision-making by the Board, and that in order to adopt a decision at a meeting of the Board of CJSC "Kyivstar G.S.M.", the shareholders – members of the Board should cast two votes in favor of its adoption, the court concludes that the provisions, which are set forth in Articles 9.2, 9.8, 9.9, 9.10, 9.11 of the Charter of CJSC "Kyivstar G.S.M.", as amended and restated as of April 27, 2004, and determine the procedure for establishing the quorum in the course of taking decisions and the procedure for voting at the meetings of the Board of CJSC "Kyivstar G.S.M." are contrary to the requirements of applicable law – Articles 10, 44, 46 of the Law of Ukraine "On Business Companies", Article 5 of the Law of Ukraine "On Securities and Stock Exchange", Article 116 of the Civil Code of Ukraine, Article 88 of the Commercial Code of Ukraine.

Upon reviewing the case files, the court has established that, under Articles 10.1, 10.2, 10.6 of the Charter of CJSC "Kyivstar G.S.M.", the executive body which supervises the day-to-day operations of CJSC "Kyivstar G.S.M." is the Management. In its turn, the Management of CJSC "Kyivstar G.S.M." is directed by the President who is appointed by the Board of the Company.

Accordingly, under Article 10.3 of the Charter of the Company, "the President shall be nominated by Telenor, and each Shareholder shall cause the Directors nominated by such Shareholder to vote in favor of a nominee for a position of President nominated by Telenor."

However, in the opinion of the court, the appointment of the President of CJSC "Kyivstar G.S.M." in such a manner restricts the right of LLC "Storm" to participate in the management of the company to the full extent by taking part in the General Meetings and in the activity of the Board of CJSC "Kyivstar G.S.M.", as such a provision in fact imposes an obligation to vote for a nominee for the President in a pre-determined manner, deprives LLC "Storm" of the right to nominate a candidate for a position of President, other than nominated by Telenor Mobile Communications AS, as well as to vote against the candidate nominated by Telenor Mobile Communications AS.

Under such circumstances, the court concludes that the provision of Article 10.3 of the Charter of CJSC "Kyivstar G.S.M." infringes upon the right of LLC "Storm" to the management of the company and free expression of will and, therefore, contravenes the requirements of Article 10 of the Law of Ukraine "On Business Companies", Article 5 of the Law of Ukraine "On Securities and Stock Exchange", Articles 116, 203 of the Civil Code of Ukraine, Article 88 of the Commercial Code of Ukraine.

Therefore, the evidence collected in the case and its proper evaluation indicate that there are grounds envisaged by part 2 of Article 256 of the Code of Civil Procedure of Ukraine to satisfy the petition of Pavlo Valentynovych Kulikov on establishing legally significant facts.

On the basis of the foregoing, being governed by Articles 10, 41, 42, 44, 46 of the Law of Ukraine "On Business Companies", Article 5 of the Law of Ukraine "On Securities and Stock Exchange", Articles 91, 92, 116, 159, 203, 237, 238 of the Civil Code of Ukraine, Article 88 of the Commercial Code of Ukraine, Clarification of the State Commission on Securities and Stock Market "On Formation of the Board of a Joint Stock Company (Supervisory Board) from among Shareholders in Case if a Shareholder is a Legal Entity" dated November 26, 2002 No. 7, part 2 of Article 256, Article 259 of the Code of Civil Procedure of Ukraine, the court

### HAS DECIDED TO:

Satisfy the petition of Pavlo Valentynovych Kulikov on establishing legally significant facts.

1. Establish the fact that the provisions of Articles 9.1, 9.2, 9.8, 9.9, 9.10, 9.11 and 10.3 of the Charter of CJSC "Kyivstar G.S.M." (USREOU [Unified State Registry of Enterprises and

Organizations of Ukraine] code 21673832, address: 51 Chervonozoryany Prospect, Kyiv, 03110), approved by the General Meeting of Shareholders of CJSC "Kyivstar G.S.M." on April 27, 2004, contravene the requirements of the applicable Ukrainian law, including the acts of civil legislation of Ukraine.

    2. Establish the fact that members of the Board (supervisory board) of CJSC "Kyivstar G.S.M." are Telenor Mobile Communications AS, a shareholder (organized under the laws of Norway, registered in the Register of Business Enterprises on April 29, 1992, organization No. 963815840, with its business address at Snarøyveien 30, Fornebu, N-1331, Norway), and LLC "Storm", a shareholder (USREOU code 23163325, address: 1 Narodnogo Opolchennya Street, Kyiv, 03151), which are named in Article 3 of the Charter of CJSC "Kyivstar G.S.M."

    3. Establish the fact that V.N. Jmak, Y.G. Tumanov, A.N. Kosogov, P.V. Kulikov, T. Moland, K. Gustad, H. Torgersen, T.A. Halvorsen, and P.W. Espen, the Directors of the Board of CJSC "Kyivstar G.S.M.", are representatives of the shareholders – members of the Board (supervisory board) of CJSC "Kyivstar G.S.M." and that, in the course of voting and decision-making by the Board of CJSC "Kyivstar G.S.M.", [they] possess, jointly or otherwise, only one vote of the shareholder – Board member the interests of which they are authorized to represent in the Board of CJSC "Kyivstar G.S.M."

    4. Establish the fact that LLC "Storm" as a shareholder which is a member of the Board (supervisory board) of CJSC "Kyivstar G.S.M." has only one vote in the course of decision-making by the Board of CJSC "Kyivstar G.S.M."

    5. Establish the fact that Telenor Mobile Communications AS as a shareholder which is a member of the Board (supervisory board) of CJSC "Kyivstar G.S.M." has only one vote in the course of decision-making by the Board of CJSC "Kyivstar G.S.M."

    6. Establish the fact that for the Board (supervisory board) of CJSC "Kyivstar G.S.M." to adopt a decision, its adoption should be supported by two votes from two votes of the shareholders – members of the Board of CJSC "Kyivstar G.S.M.": one vote of LLC "Storm" and one vote of Telenor Mobile Communications AS.

    7. Establish the fact that V.N. Jmak, Y.G. Tumanov, A.N. Kosogov, P.V. Kulikov, the Directors of the Board of CJSC "Kyivstar G.S.M.", have the right to represent LLC "Storm" at the meetings of the Board of CJSC "Kyivstar G.S.M." only on the basis of a power of attorney from LLC "Storm" or other document envisaged by the applicable Ukrainian law whereby LLC "Storm" determines the scope of the powers conferred upon the Directors of the Board of CJSC "Kyivstar G.S.M." and the term within which such powers may be exercised.

    8. Establish the fact that T. Moland, K. Gustad, H. Torgersen, T.A. Halvorsen, P.W. Espen, the Directors of the Board of CJSC "Kyivstar G.S.M.", have the right to represent Telenor Mobile Communications AS at the meetings of the Board of CJSC "Kyivstar G.S.M only on the basis of a power of attorney from Telenor Mobile Communications AS or other document envisaged by the applicable Ukrainian law whereby Telenor Mobile Communications AS determines the scope of the powers conferred upon the Directors of the Board of CJSC "Kyivstar G.S.M." and the term within which such powers may be exercised.

    A request for appeal against the court decision may be filed within ten days from the day of announcement of the decision. A statement of appeal against the court decision shall be filed within twenty days after filing the request for appeal.

Judge       [*Signature*]

71

РІШЕННЯ
ІМЕНЕМ УКРАЇНИ

„03" листопада 2005 року

Московський районний суд м. Харкова у складі головуючого судді Котенко О.В. при секретарі Малихіній Л.В., розглянувши у відкритому судовому засіданні в м. Харкові цивільну справу за заявою Кулікова Павла Валентиновича про встановлення фактів, що мають юридичне значення, заінтересована особа - ТОВ „Сторм",

ВСТАНОВИВ:

Заявник Куліков П.В. звернувся до суду із заявою, в якій просить встановити факти, що мають юридичне значення, а саме: встановити факт того, що положення ст.ст. 9.1, 9.2, 9.8, 9.9, 9.10, 9.11, ст. 10.3 Статуту Закритого акціонерного товариства „Київстар Дж.Ес.Ем.", затвердженого загальними зборами акціонерів ЗАТ „Київстар Дж.Ес.Ем." 27.04.2004 р., суперечить вимогам законодавства України, в тому числі актам цивільного законодавства; встановити факт того, що членами Ради (спостережної ради) ЗАТ „Київстар Дж.Ес.Ем." є акціонер – Теленор Мобайл Ком'юнікейшнз АС та акціонер -ТОВ „Сторм"; встановити факт того, що Директори Ради ЗАТ „Київстар Дж.Ес.Ем." є представниками акціонерів - членів Ради (спостережної ради) ЗАТ „Київстар Дж.Ес.Ем." та при голосуванні і прийнятті рішення Радою ЗАТ „Київстар Дж.Ес.Ем." розпоряджаються спільно або в іншому порядку лише одним голосом того акціонера-члена Ради, інтереси якого вони уповноважені представляти в Раді ЗАТ „Київстар Дж.Ес.Ем."; встановити факт того, що ТОВ „Сторм", як акціонер, який є членом Ради (спостережної ради) ЗАТ „Київстар Дж.Ес.Ем.", наділений лише одним голосом при прийнятті рішення Радою ЗАТ „Київстар Дж.Ес.Ем."; встановити факт того, що Теленор Мобайл Ком'юнікейшнз АС як акціонер, який є членом Ради (спостережної ради) ЗАТ „Київстар Дж.Ес.Ем.", наділений лише одним голосом при прийнятті рішення Радою ЗАТ „Київстар Дж.Ес.Ем."; встановити факт того, що для прийняття Радою (спостережною радою) ЗАТ „Київстар Дж.Ес.Ем." рішення необхідно, щоб за його прийняття було віддано два голоси з двох голосів акціонерів – членів Ради ЗАТ „Київстар Дж.Ес.Ем": один голос ТОВ „Сторм" та один голос Теленор Мобайл Ком'юнікейшнз АС, встановити факт того, що Директори Ради ЗАТ „Київстар Дж.Ес.Ем.": Жмак В.Н., Туманов Ю.Г., Косогов А.Н., Куліков П.В. мають право здійснювати представництво ТОВ „Сторм" на засіданнях Ради ЗАТ „Київстар Дж.Ес.Ем." виключно на підставі довіреності від ТОВ „Сторм" або іншого документа, передбаченого чинним законодавством України, яким ТОВ „Сторм" визначено обсяг наданих Директорам Ради ЗАТ „Київстар Дж.Ес.Ем." повноважень та терміну, протягом якого ці повноваження можуть бути реалізовані; встановити факт того, що Директори Ради ЗАТ „Київстар Дж.Ес.Ем." Моланд Т., Густад К., Торгерсен Х., Халворсен Т.А., Еспен П.В. мають право здійснювати представництво Теленор Мобайл Ком'юнікейшнз АС на засіданнях Ради ЗАТ „Київстар Дж.Ес.Ем." виключно на підставі довіреності від Теленор Мобайл Ком'юнікейшнз АС або іншого документа, передбаченого чинним законодавством України, яким Теленор Мобайл Ком'юнікейшнз АС визначено обсяг наданих Директорам Ради ЗАТ „Київстар Дж.Ес.Ем." повноважень та терміну, протягом якого ці повноваження можуть бути реалізовані.

В заяві Куліков П.В. зазначає, що ряд положень статуту ЗАТ „Київстар Дж.Ес.Ем." не відповідає вимогам чинного законодавства. У зв'язку з чим вказані обставини унеможливлюють виконання заявником, який є Директором Ради ЗАТ „Київстар Дж.Ес.Ем." його функціональних обов'язків, а відтак перешкоджають у добросовісному представленні інтересів акціонера ТОВ „Сторм" та порушують особисті немайнові права заявника, встановлені ст.ст. 297, 312 Цивільного кодексу України.
В судовому засіданні заявник доводи, викладені в заяві підтримав.

Заінтересована особа надіслала до суду клопотання, в якому просила розглядати дану судову справу без її участі та зазначила, що не заперечує проти наявності права заявника на звернення до суду.

Суд, заслухавши пояснення заявника, перевіривши матеріали справи, прийшов до наступного.

Чинним законодавством не передбачено окремого порядку встановлення фактів, пов'язаних з визначення складу та порядку формування такого органу акціонерного товариства як спостережна рада, у зв'язку з чим суд приходить до висновку, що на підставі ст. 256 Цивільного процесуального кодексу України, заявник вправі звернутися до суду з заявою про встановлення вищенаведених фактів, оскільки від встановлення цих фактів залежить виникнення, зміна і припинення особистих прав заявника та інших осіб.

При встановленні вищезазначених фактів суд виходить з наступного.

Згідно з частиною першою статті 46 Закону України "Про господарські товариства" в акціонерному товаристві створюється рада акціонерного товариства (спостережна рада), яка представляє інтереси акціонерів в перерві між проведенням загальних зборів і в межах компетенції, визначеної статутом, контролює і регулює діяльність правління. При цьому, як передбачено роз'ясненням Державної комісії з цінних паперів та фондового ринку „Щодо створення ради акціонерного товариства (спостережної ради) з числа акціонерів у разі, якщо акціонером є юридична особа" від 26.11.2002 р. N 7, головою та членами спостережної ради може бути призначено лише акціонерів. При цьому, чинне законодавство для всіх акціонерів встановлює однакові за обсягом права та обов'язки, незалежно від того, є акціонер юридичною чи фізичною особою.

З матеріалів справи вбачається, що Директорами Ради (спостережної ради) ЗАТ „Київстар Дж.Ес.Ем.", кандидатури яких запропоновані до складу Ради ЗАТ „Київстар Дж.Ес.Ем." ТОВ „Сторм", є наступні особи: Жмак В.Н., Туманов Ю.Г., Косогов А.Н., Куліков П.В. При цьому, суд встановив, що зазначений склад Директорів Ради товариства від ТОВ „Сторм" було затверджено на позачергових загальних зборах акціонерів ЗАТ „Київстар Дж.Ес.Ем." 11 січня 2005 р., що підтверджується протоколом загальних зборів акціонерів товариства № 32 від 11.01.2005 р.

Директорами Ради ЗАТ „Київстар Дж.Ес.Ем.", кандидатури яких запропоновані до складу Ради ЗАТ „Київстар Дж.Ес.Ем. Теленор Мобайл Ком'юнікейшнз АС, є: Моланд Т., Густад К., Торгерсен Х., Халворсен Т.А., Еспен П.В. При цьому з протоколу № 6 загальних зборів акціонерів ЗАТ „Київстар Дж.Ес.Ем." від 26.03.1998 р. вбачається, що Торстейн Роланд та Кааре Густад були обрані до Ради на загальних зборах акціонерів ЗАТ „Київстар Дж.Ес.Ем." 26 березня 1998 р.

Крім цього, суд встановив, що Тор Халворсен та Генрік Торгерсен були обрані до складу Ради ЗАТ „Київстар Дж.Ес.Ем." на позачергових загальних зборах акціонерів ЗАТ „Київстар Дж.Ес.Ем." 17 березня 2003 р., що підтверджується відповідним протоколом загальних зборів товариства № 27 від 17.03.2003 р.

З матеріалів справи вбачається також, що відповідно до протоколу № 30 загальних зборів ЗАТ „Київстар Дж.Ес.Ем." від 27.04.2004 р. Пол Віен Еспен обраний до Ради ЗАТ „Київстар Дж.Ес.Ем." загальними зборами акціонерів ЗАТ „Київстар Дж.Ес.Ем." 27 квітня 2004 р.

Також судом встановлено, що акціонерами ЗАТ „Київстар Дж.Ес.Ем." є дві юридичні особи: товариство з обмеженою відповідальністю „Сторм", якому належить 4 647 127 акцій, що становить 43,482342% статутного фонду ЗАТ „Київстар Дж.Ес.Ем.", та компанія Теленор Мобайл Ком'юнікейшнз АС, якій належить 6 040 262 акцій, що становить 56,517658% статутного фонду ЗАТ „Київстар Дж.Ес.Ем.".

У зв'язку з чим, з огляду на норми ст. 46 Закону України „Про господарські товариства", саме ці два акціонера можуть бути членами Ради (спостережної ради) ЗАТ „Київстар Дж.Ес.Ем.".

Чинним законодавством, зокрема ст. 44 Закону України „Про господарські товариства" передбачено, що принцип „одна акція-один голос" застосовується тільки при голосуванні на загальних зборах акціонерів, в яких можуть брати участь всі акціонери товариства.

В свою чергу, склад спостережної Ради акціонерного товариства формується з обмеженої кількості акціонерів, які згідно зі ст. 46 Закону України „Про господарські товариства" уповноважені на представлення інтересів інших акціонерів в перервах між загальними зборами акціонерів.

У зв'язку з чим суд приходить до висновку про те, що голосування акціонерів – членів спостережної ради акціонерного товариства на засіданнях спостережної ради за принципом „одна акція-один голос" (лише належними їм акціями) призводить до порушення законних прав та інтересів інших акціонерів, які не входять до складу спостережної ради. Оскільки в такому випадку члени Спостережної ради акціонерного товариства можуть реалізувати тільки свої права та діяти виключно в своїх інтересах, а не представляти інтереси інших акціонерів в перервах між зборами, як це передбачено ст. 46 Закону України „Про господарські товариства".

Крім цього, голосування за принципом „одна акція-один голос" унеможливлює виконання представницьких функцій, які покладено законодавством на спостережну раду.

За таких обставин суд приходить до висновку про те, що голосування за принципом „одна акція-один голос" не може застосовуватися при голосуванні на засіданнях Ради (спостережної ради) ЗАТ „Київстар Дж.Ес.Ем.", оскільки при голосуванні на засіданнях Ради (спостережної ради) кожен акціонер ЗАТ „Київстар Дж.Ес.Ем."- член Ради, наділений лише одним голосом.

Таким чином, суд встановив, що голосування на засіданнях Ради (спостережної ради) ЗАТ „Київстар Дж.Ес.Ем" за принципом „одна акція-один голос" є незаконним, а положення ст. 9.1 Статуту ЗАТ „Київстар Дж.Ес.Ем." в редакції від 27.04.2004 р., згідно з яким на засіданнях ради „кожен акціонер голосує чи забезпечує голосування всіма акціями, якими він володіє або які контролює на даний момент чи в майбутньому, для обрання до Ради 5 (п'яти) кандидатів, запропонованих Теленор Мобайл Ком'юнікейшнз АС та обрання до Ради 4 (чотирьох) кандидатів, запропонованих ТОВ „Сторм"" є таким, що суперечить нормам чинного законодавства.

Враховуючи той факт, що в ЗАТ „Київстар Дж.Ес.Ем." є лише два акціонера, суд вважає, що кожен з них, будучи членом Ради (спостережної ради) при голосуванні та прийнятті рішень на засіданнях ради, має виключно один голос (ТОВ „Сторм" – один голос та Теленор Мобайл Ком'юнікейшнз АС – один голос).

Частиною 1 ст. 91 ЦК України, передбачено, що юридична особа здатна мати такі ж цивільні права та обов'язки, як і фізична особа, крім тих які за своєю природою можуть належати лише людині. Згідно зі статтею 92 Цивільного кодексу України цивільні права та обов'язки юридична особа здійснює через свої органи, які діють відповідно до установчих документів та закону. При цьому, чинним законодавством не обмежується кількість представників, яких може мати юридична особа.

Враховуючи вищевикладене, суд приходить до висновку, що юридичні особи - акціонери ЗАТ „Київстар Дж.Ес.Ем." можуть уповноважити на представлення своїх інтересів в Раді (спостережній раді) одночасно кількох представників. При цьому представники при прийнятті рішень та голосуванні на засіданнях Ради (спостережної ради) мають право голосувати виключно одним голосом – голосом того акціонера, якого вони представляють у Раді ЗАТ „Київстар Дж.Ес.Ем.".

З огляду на те, що відповідно до ст. 9.1 Статуту ЗАТ „Київстар Дж.Ес.Ем." в редакції від 27.04.2004 р., у товаристві створюється Рада, до складу якої входять 9 (дев'ять) Директорів", суд вважає, що директори, в розумінні вищезазначених норм Цивільного Кодексу України, є представниками акціонерів – членів Ради ЗАТ „Київстар Дж.Ес.Ем.": ТОВ „Сторм" та Теленор Мобайл Ком'юнікейшнз АС.

Відповідно до ст. 238 ЦК України представник може бути уповноважений на вчинення лише тих правочинів, право на вчинення яких має особа, яку він представляє.

Ч.3 ст. 92 Цивільного кодексу України передбачено, що орган або особа, яка відповідно до установчих документів юридичної особи чи закону виступає від її імені, зобов'язана діяти в інтересах юридичної особи, добросовісно і розумно та не перевищувати своїх повноважень.

Як передбачено ч.3 ст.237 ЦК України, представництво виникає на підставі договору, закону, акту органу юридичної особи, а також з інших підстав, встановлених актами цивільного законодавства, у зв'язку з чим суд приходить до висновку, що юридична особа не обмежена в виборі правочину, згідно з яким здійснюється уповноваження його представників, при цьому такий правочин має визначати обсяг повноважень, якими акціонер – член Ради наділяє своїх представників – Директорів Ради. Крім того, даний правочин повинен визначати порядок реалізації повноважень представниками акціонерів ЗАТ „Київстар Дж.Ес.Ем.", які є членами Ради цього товариства при прийнятті рішень на засіданнях Ради.

Беручи до уваги наведене, суд вважає, що прийняття рішень на засіданнях Ради (спостережної ради) ЗАТ „Київстар Дж.Ес.Ем." буде законним за умови, якщо голосування на засіданнях Ради представниками акціонерів (Директорами Ради) ЗАТ „Київстар Дж.Ес.Ем." буде здійснюватися з урахуванням того, що кожен з акціонерів ЗАТ „Київстар Дж.Ес.Ем.", який входить до складу Ради, при прийнятті рішень має один голос (один голос належний ТОВ „Сторм", один голос належний Теленор Мобайл Ком'юнікейшнз АС).

З огляду на зазначене, суд приходить до висновку, що рішення Ради ЗАТ „Київстар Дж.Ес.Ем." вважається прийнятим у разі, якщо за нього віддано два голоси акціонерів – членів Ради, відповідно один голос, належний ТОВ „Сторм" та один голос, належний Теленор Мобайл Ком'юнікейшнз АС.

Статтею 10 Закону України „Про господарські товариства", ст. 5 Закону України „Про цінні папери та фондову біржу", ст. 116 Цивільного кодексу України, ст. 88 Господарського кодексу України закріплені права акціонерів (учасників господарських товариств) на участь в управлінні товариством.

При цьому, відповідно до ст. 203 Цивільного кодексу України волевиявлення учасника правочину має бути вільним і відповідати його внутрішній волі.

Таким чином, суд вважає, що акціонери, як учасники правочинів, повинні при реалізації своїх законних прав, здійснювати своє волевиявлення вільно та так, щоб воно відповідало їх внутрішній волі.

З огляду на вищенаведене, суд приходить до висновку, що положення п. „а" ст. 9.1 Статуту ЗАТ „Київстар Дж.Ес.Ем." , згідно яких „акціонери здійснюють всі дії, які є час від часу необхідними (включаючи без обмежень, голосування їх відповідними акціями, які дають право голосу, надання письмових згод, скликання позачергових загальних зборів та/або спеціальних засідань Ради, надання відмов від права отримувати повідомлення про скликання загальних зборів та права брати участь у загальних зборах та/або засіданнях Ради, у кожному випадку, у обсязі, дозволеному чинним законодавством України) для забезпечення обрання таких кандидатів та збереження складу Ради, визначеного цією статтею 9.1." є такими, що обмежують вільне волевиявлення акціонерів ЗАТ „Київстар Дж.Ес.Ем." в процесі реалізації права на участь в управлінні товариством, тим самим зазначені положення п. „а" ст. 9.1. Статуту ЗАТ „Київстар Дж.Ес.Ем" суперечить вимогам ст. 10 Закону України „Про господарські товариства", ст. 5 Закону України „Про цінні папери та фондову біржу", ст. 116, 203 Цивільного кодексу України, ст. 88 Господарського кодексу України.

Дослідивши матеріали справи, суд приходить до висновку, що положення п. „в" ст. 9.1 Статуту ЗАТ „Київстар Дж.Ес.Ем.", відповідно до якого: "якщо у будь-який час внаслідок переуступки будь-яких акцій будь-якій особі іншій, ніж Пов'язана Особа Сторма або зменшення частки Сторма у Статутному Фонді в результаті додаткового випуску Акцій, кількість Акцій, власником яких є Сторм, стане менше ніж 40% (сорок відсотків) від загальної кількості Акцій, які дають право голосу, тоді Сторм зробить все можливе для забезпечення відставки такої кількості Директорів Сторма, щоб співвідношення між кількістю Директорів Сторма, які залишилися, та кількістю Директорів Теленора відповідало співвідношенню між часткою Теленора у Статутному фонді" є такими, що суперечать вимогам чинного законодавства, зокрема ст. 203 Цивільного кодексу України, оскільки обмежують право ТОВ „Сторм" на самостійне визначення кількості своїх представників (Директорів Ради) у Раді ЗАТ „Київстар Дж.Ес.Ем.", крім того таке положення суперечить вимогам ст. 46 Закону України „Про господарські товариства", оскільки законодавством принцип "одна акція - один голос" застосовується для голосування виключно на загальних зборах акціонерів.

Суд установив, що належність більшої кількості акцій одному з акціонерів ЗАТ „Київстар Дж.Ес.Ем." не наділяє перевагами такого акціонера товариства при управлінні товариством, виходячи з наступного.

З огляду на ту обставину, що Рада (спостережна рада) ЗАТ „Київстар Дж.Ес.Ем." складається з двох акціонерів ЗАТ „Київстар Дж.Ес.Ем." та для прийняття рішення на засіданні Ради ЗАТ „Київстар Дж.Ес.Ем" необхідно, щоб акціонери – члени Ради за його прийняття віддали два голоси, відповідно один голос, належний ТОВ „Сторм" та один голос, належний Теленор Мобайл Ком'юнікейшнз АС, суд приходить до висновку, що незалежно від кількості представників акціонерів у Раді –Директорів Ради, жоден з акціонерів-членів Ради ЗАТ „Київстар

Дж.Ес.Ем." не має переваг при голосуванні та прийнятті рішень на засіданнях Ради ЗАТ „Київстар Дж.Ес.Ем.".

Акціонери, які володіють більше 10% акцій товариства, наділені законом певними перевагами, такими, як право вимагати скликання позачергових зборів у будь-який час і з будь-якого приводу, право на обов'язкове внесення до порядку денного їх пропозицій, право на призначення своїх представників для контролю за реєстрацією акціонерів для участі у загальних зборах (ст.ст. 41, 43, 45 Закону України „Про господарські товариства").

Разом з тим, оскільки обидва акціонера ЗАТ „Київстар Дж.Ес.Ем." володіють більше ніж 10% акцій Товариства, суд приходить до висновку, що ТОВ „Сторм" та Теленор Мобайл Ком'юнікейшнз АС однаково наділені перевагами та правами, передбаченими ст.ст. 41, 43, 45 Закону України „Про господарські товариства".

З огляду на вищезазначене, суд установив, що ТОВ „Сторм" та Теленор Мобайл Ком'юнікейшнз АС на рівних засадах реалізують свої права, які випливають з цінних паперів – акцій ЗАТ „Київстар Дж.Ес.Ем.", при цьому суд прийшов до висновку, що жоден з акціонерів ЗАТ „Київстар Дж.Ес.Ем." не має переваг один перед одним при здійсненні управління ЗАТ „Київстар Дж.Ес.Ем.".

Крім того, враховуючи те, що Рада ЗАТ „Київстар Дж.Ес.Ем." складається з двох акціонерів - членів Ради (спостережної ради) ЗАТ „Київстар Дж.Ес.Ем.", кожен з яких наділений одним голосом для прийняття рішення Радою, та для прийняття рішення на засіданні Ради ЗАТ „Київстар Дж.Ес.Ем" необхідно, щоб акціонери – члени Ради за прийняття такого рішення віддали два голоси, суд приходить до висновку, що закріплені в ст.ст. 9.2, 9.8, 9.9, 9.10, 9.11 Статуту ЗАТ „Київстар Дж.Ес.Ем." в редакції від 27.04.2004 р., положення, якими встановлюється порядок визначення кворуму при прийнятті рішень та порядок голосування на засіданнях Ради ЗАТ „Київстар Дж.Ес.Ем.", є такими, що суперечать вимогам чинного законодавства – ст.ст. 10, 44, 46 Закону України „Про господарські товариства", ст. 5 Закону України „Про цінні папери та фондову біржу", ст. 116 Цивільного кодексу України, ст. 88 Господарського кодексу України.

Дослідивши матеріали справи, суд встановив, що відповідно до ст.ст. 10.1, 10.2, 10.6 Статуту ЗАТ „Київстар Дж.Ес.Ем." виконавчим органом, який здійснює керівництво поточною діяльністю ЗАТ „Київстар Дж.Ес.Ем." є Правління. В свою чергу, роботою Правління ЗАТ „Київстар Дж.Ес.Ем." керує Президент, який обирається Радою Товариства.

Відповідно до положення ст. 10.3 Статуту Товариства „кандидата на посаду Президента пропонує Теленор, і кожний Акціонер забезпечує, щоб Директори, призначені таким акціонером, проголосували за обрання такого кандидата, запропонованого Теленором, на посаду Президента".

Проте, на думку суду, обрання таким способом Президента ЗАТ „Київстар Дж.Ес.Ем.", обмежує право ТОВ „Сторм" на повноцінну участь в управлінні товариством шляхом участі у загальних зборах та в роботі Ради ЗАТ „Київстар Дж.Ес.Ем.", оскільки таке положення фактично покладає обов'язок голосувати заздалегідь визначеним способом за кандидатуру Президента, позбавляє ТОВ „Сторм" права пропонувати кандидатуру на посаду Президента іншу, ніж пропонує Теленор Мобайл Ком'юнікейшнз АС, а також голосувати проти кандидатури, запропонованої Теленор Мобайл Ком'юнікейшнз АС.

За таких обставин, суд приходить до висновку, що положення ст. 10.3 Статуту ЗАТ „Київстар Дж.Ес.Ем." порушує право ТОВ „Сторм" на управління товариством та вільне волевиявлення, а відтак суперечить вимогам ст. 10 Закону України „Про господарські товариства", ст. 5 Закону України „Про цінні папери та фондову біржу", ст.ст. 116, 203 Цивільного кодексу України, ст. 88 Господарського кодексу України.

Таким чином, зібрані у справі докази та їх належна оцінка вказують на наявність підстав, передбачених ч. 2 ст. 256 Цивільного процесуального кодексу України, для задоволення заяви Кулікова Павла Валентиновича про встановлення фактів, що мають юридичне значення.

На підставі викладеного, керуючись ст.ст. 10, 41, 42, 44, 46 Закону України „Про господарські товариства", ст. 5 Закону України „Про цінні папери та фондову біржу", ст. 91, 92, 116, 159, 203, 237, 238 Цивільного кодексу України, ст. 88 Господарського кодексу України, Роз'яснення Державної комісії з цінних паперів та фондового ринку „Щодо створення ради акціонерного товариства (спостережної ради) з числа акціонерів у разі, якщо акціонером є

юридична особа" від 26.11.2002 р. N 7, ч. 2 ст. 256, ст. 259 Цивільного процесуального кодексу України, суд

ВИРІШИВ:

Заяву Кулікова Павла Валентиновича про встановлення фактів, що мають юридичне значення - задовольнити.

1. Встановити факт того, що положення ст.ст. 9.1, 9.2, 9.8, 9.9, 9.10, 9.11, ст. 10.3 Статуту Закритого акціонерного товариства „Київстар Дж.Ес.Ем." (код ЄДРПОУ 21673832, адреса: 03110, м. Київ, Червонозоряний проспект, 51), затвердженого загальними зборами акціонерів ЗАТ „Київстар Дж.Ес.Ем." 27.04.2004 р., суперечать вимогам чинного законодавства України, в тому числі актам цивільного законодавства України.

2. Встановити факт того, що членами Ради (спостережної ради) ЗАТ „Київстар Дж.Ес.Ем." є акціонер – Теленор Мобайл Ком'юнікейшнз АС (Telenor Mobile Communications, створене згідно з законодавством Норвегії і внесене до Реєстру торгівельно-промислових підприємств 29 квітня 1992 р., номер організації 963815840, адреса: Норвегія, N-1331, м. Форнебу, Снаройвейєн, 30 (Snaroyveien 30, Fornebu, N-1331, Norway)) та акціонер –Товариство з обмеженою відповідальністю „Сторм" (код ЄДРПОУ 23163325, адреса: 03151, м. Київ, вул. Народного Ополчення, 1), які вказані в ст. 3 Статуту ЗАТ „Київстар Дж.Ес.Ем.".

3. Встановити факт того, що Директори Ради ЗАТ „Київстар Дж.Ес.Ем." Жмак В.Н., Туманов Ю.Г., Косогов А.Н., Куліков П.В., Моланд Т., Густад К., Торгерсен Х., Халворсен Т.А., Еспен П.В. є представниками акціонерів - членів Ради (спостережної ради) ЗАТ „Київстар Дж.Ес.Ем." та при голосуванні і прийнятті рішення Радою ЗАТ „Київстар Дж.Ес.Ем." розпоряджаються спільно або в іншому порядку лише одним голосом того акціонера-члена Ради, інтереси якого вони уповноважені представляти в Раді ЗАТ „Київстар Дж.Ес.Ем.".

4. Встановити факт того, що ТОВ „Сторм", як акціонер, який є членом Ради (спостережної ради) ЗАТ „Київстар Дж.Ес.Ем.", наділений лише одним голосом при прийнятті рішення Радою ЗАТ „Київстар Дж.Ес.Ем.".

5. Встановити факт того, що Теленор Мобайл Ком'юнікейшнз АС як акціонер, який є членом Ради (спостережної ради) ЗАТ „Київстар Дж.Ес.Ем.", наділений лише одним голосом при прийнятті рішення Радою ЗАТ „Київстар Дж.Ес.Ем.".

6. Встановити факт того, що для прийняття Радою (спостережною радою) ЗАТ „Київстар Дж.Ес.Ем." рішення необхідно, щоб за його прийняття було віддано два голоси з двох голосів акціонерів - членів Ради ЗАТ „Київстар Дж.Ес.Ем.": один голос ТОВ „Сторм" та один голос Теленор Мобайл Ком'юнікейшнз АС.

7. Встановити факт того, що Директори Ради ЗАТ „Київстар Дж.Ес.Ем." Жмак В.Н., Туманов Ю.Г., Косогов А.Н., Куліков П.В., мають право здійснювати представництво ТОВ „Сторм" на засіданнях Ради ЗАТ „Київстар Дж.Ес.Ем." виключно на підставі довіреності від ТОВ „Сторм" або іншого документа, передбаченого чинним законодавством України, яким ТОВ „Сторм" визначено обсяг наданих Директорам Ради ЗАТ „Київстар Дж.Ес.Ем." повноважень та терміну, протягом якого ці повноваження можуть бути реалізовані.

8. Встановити факт того, що Директори Ради ЗАТ „Київстар Дж.Ес.Ем." Моланд Т., Густад К., Торгерсен Х., Халворсен Т.А., Еспен П.В. мають право здійснювати представництво Теленор Мобайл Ком'юнікейшнз АС на засіданнях Ради ЗАТ „Київстар Дж.Ес.Ем." виключно на підставі довіреності від Теленор Мобайл Ком'юнікейшнз АС або іншого документа, передбаченого чинним законодавством України, яким Теленор Мобайл Ком'юнікейшнз АС визначено обсяг наданих Директорам Ради ЗАТ „Київстар Дж.Ес.Ем." повноважень та терміну, протягом якого ці повноваження можуть бути реалізовані.

Заяву на апеляційне оскарження рішення суду може бути подано протягом десяти днів з дня проголошення рішення. Апеляційна скарга на рішення суду подається протягом двадцяти днів після подання заяви про апеляційне оскарження.

Суддя