# EXHIBIT W

[Photocopy]                                                              Case # 2- 5613/06

Ruling

On December 1, 2006, the judge of the Golosiyiv District Court of the city of Kyiv Goshko O.M., having considered the claim of "Alpren Limited" against Klymenko Vadym Viktorovych on invalidation of actions and obligation to take actions,

Has found:

Plaintiff has turned to court with a claim against Klymenko V.V. on invalidation of actions and obligation to take actions. The Plaintiff has also submitted an application for interim protective measures whereby the Plaintiff requests the court as an interim protective measure to enjoin until the judgment in the case is rendered Klymenko V.V. in his capacity of the Director General of "Storm, LLC", or any other persons authorized by him, from performing any actions aimed at execution of the Shareholders Agreement dated January 30, 2004, and also to enjoin them from signing and submitting on behalf of "Storm LLC" of any explanations, statements, statements of defense, motions, participating in arbitration proceedings, hearings, sittings of the tribunal (arbitrators Gregory B. Craig, William R. Jentes, Presiding Arbitrator Kenneth R. Feinberg) that is being held under the UNCITRAL Arbitration Rules upon a claim by Telenor Mobile Communications AS against "Storm LLC" in the city of New York; to enjoin until the judgment in the case is rendered Telenor Mobile Communications AS (a Norwegian legal entity, seated at: Norway, Fornebu Snaroyveien 30 D, 1331) and any persons authorized by it from performing any actions aimed at execution of the Shareholders Agreement dated January 30, 2004, and also to enjoin them from signing and submitting of any explanations, applications, claims, motions, participating in arbitration proceedings, hearings, sittings of the tribunal (arbitrators Gregory B. Craig, William R. Jentes, Presiding Arbitrator Kenneth R. Feinberg) that is being held under the UNCITRAL Arbitration Rules upon a claim by Telenor Mobile Communications AS against "Storm LLC" in the city of New York.

Under Article 151(1) of the Code of Civil Procedure of Ukraine, the court, upon an application by the parties to the case can take interim protective measures, taking of such measures shall be allowed at any stage of the proceedings if failure to take such measures can complicate or prevent execution of the judgment in the case.

Upon the review of the materials of the case, the court came to the conclusion that failure to take interim protective measures can complicate or prevent execution of the judgment in the case.

Particularly, it is evident from the materials of the case that the Kyiv Commercial Court has applied the consequences of invalidity of a void deed – the Shareholders Agreement dated January 30, 2004 between Storm Limited Liability Company and Telenor Mobile Communications AS. However, execution of this deed hasn't been ceased, some of its participants still are guided by its provisions and thus threaten and violate the rights of the Plaintiff.

With the view to the above, on the basis of Articles 151 (1) and (3), 152 (1) – (3), 153 (1), (5) – (7), (9), (10) of the Code of Civil Procedure of Ukraine, the court,-

Has held:

To enjoin until the judgment on the merits of case is rendered Klymenko V.V. (residing at *01001, city of Kyiv, Gorkogo st., 17-B, apt. 21*) in his capacity of the Director General of "Storm, LLC", or any other persons authorized by him, from performing any actions aimed at execution of the Shareholders Agreement dated January 30, 2004, and also to enjoin them from signing and submitting on behalf of "Storm LLC" of any explanations, statements, statements of defense, motions, participating in arbitration proceedings, hearings, sittings of the tribunal (arbitrators Gregory B. Craig, William R.

Jentes, Presiding Arbitrator Kenneth R. Feinberg) that is being held under the UNCITRAL Arbitration Rules upon a claim by Telenor Mobile Communications AS against "Storm LLC" in the city of New York;

To enjoin until the judgment on the merits of the case is rendered "Storm LLC" (registered at *01001, city of Kyiv, Narodnoho Opolchennia St., 1*, Legal entity ID #23163325) and any persons authorized by it from performing any actions aimed at execution of the Shareholders Agreement dated January 30, 2004, and also to enjoin them from signing and submitting on behalf of "Storm LLC" of any explanations, statements, statements of defense, motions, participating in arbitration proceedings, hearings, sittings of the tribunal (arbitrators Gregory B. Craig, William R. Jentes, Presiding Arbitrator Kenneth R. Feinberg) that is being held under the UNCITRAL Arbitration Rules upon a claim by Telenor Mobile Communications AS against "Storm LLC" in the city of New York;

To enjoin until the judgment on the merits of the case is rendered "Telenor Mobile Communications AS" (a Norwegian legal entity, seated at: *Norway, Fornebu Snaroyveien 30 D, 1331*) and any persons authorized by it from performing any actions aimed at execution of the Shareholders Agreement dated January 30, 2004, and also to enjoin them from signing and submitting on behalf of "Storm LLC" of any explanations, statements, claims, motions, participating in arbitration proceedings, hearings, sittings of the tribunal (arbitrators Gregory B. Craig, William R. Jentes, Presiding Arbitrator Kenneth R. Feinberg) that is being held under the UNCITRAL Arbitration Rules upon a claim by Telenor Mobile Communications AS against "Storm LLC" in the city of New York.

This Ruling shall be forwarded to the parties of the case, as well as to "Storm LLC" (registered at *01001, city of Kyiv, Narodnoho Opolchennia St., 1*, Legal entity ID #23163325), Telenor Mobile Communications AS" (a Norwegian legal entity, seated at: *Norway, Fornebu Snaroyveien 30 D, 1331*), and respective bodies of the State Enforcement Service.

This Ruling shall be subject to immediate execution.

This Ruling may be appealed to the Kyiv Appellate Court by means of submission within 5 days after the date of this Ruling of the application on subsequent appeal, and submission within 10 days after the date of the application of the appeal complaint. An appeal shall not stop the execution of this Ruling, and it shall not prevent further consideration of the merits of the case.

Judge

[STAMPED]
[True Copy
Judge of the Golosiyiv Ditrict Court
Of the city of Kyiv
Goshko O.M. [signed]
Secretary [signed]]



Справа № 2- 5613/06

Ухвала

01 грудня 2006 р. суддя Голосіївського районного суду міста Києва Гошко О.М., розглянувши матеріали позовної заяви "Альпрен Лімітед" до Клименко Вадима Вікторовича про визнання дій незаконними та зобов"язання вчинити дії

встановив:

Позивач звернувся до суду з позовною заявою до Клименка В.В. про визнання дій незаконними та зобов"язання вчинити дії. Також позивачем подано до суду заяву про забезпечення позову, якою позивач просить суд у якості забезпечення позовних вимог: заборонити до вирішення цієї справи по суті Клименку В.В., як генеральному директору Товариства з обмеженою відповідальністю "Сторм", та будь-яким уповноваженим ним особам вчиняти будь-які дії по виконанню Акціонерної угоди, датованої 30.01.2004 р., в тому числі заборонити підписувати та подавати від імені ТОВ "Сторм" будь-які пояснення, заяви, відзиви на позовні заяви, клопотання, приймати участь у арбітражному процесі, слуханнях, засіданнях арбітражу (арбітри Грегорі Бі. Крейг (Gregory B. Craig), Вільям Р. Дженетс (William R. Jentes), головуючий Кеннет Р. Фейнберг (Kenneth R. Feinberg), який відбувається згідно з арбітражними правилами UNCITRAL, за позовом Теленор мобайл ком"юнікейшнз АС (Telenor Mobile Communications AS) до Товариства з обмеженою відповідальністю "Сторм" в місті Нью-Йорк; заборонити до вирішення цієї справи по суті Товариству з обмеженою відповідальністю "Сторм" та будь-яким уповноваженим ним особам вчиняти будь-які дії по виконанню Акціонерної угоди, датованої 30.01.2004 р., в тому числі заборонити подавати будь-які пояснення, заяви, відзиви на позовні заяви, клопотання, приймати участь у арбітражному процесі, слуханнях, засіданнях арбітражу (арбітри Грегорі Бі. Крейг (Gregory B. Craig), Вільям Р. Дженетс (William R. Jentes), головуючий Кеннет Р. Фейнберг (Kenneth R. Feinberg), який відбувається згідно з арбітражними правилами UNCITRAL, за позовом Теленор мобайл ком"юнікейшнз АС (Telenor Mobile Communications AS) до Товариства з обмеженою відповідальністю "Сторм" в місті Нью-Йорк; заборонити до вирішення цієї справи по суті Теленор мобайл ком"юнікейшнз АС (Telenor Mobile Communications AS) (юридична особа за законодавством Норвегії Місцезнаходження: Норвегія (Norway), Fornebu Snaroyveien 30 D, 1331) та будь-яким уповноваженим нею особам вчиняти будь-які дії по виконанню Акціонерної угоди, датованої 30.01.2004 р., в тому числі заборонити подавати будь-які пояснення, заяви, позовні заяви, клопотання, приймати участь у арбітражному процесі, слуханнях, засіданнях арбітражу (арбітри Грегорі Бі. Крейг (Gregory B. Craig), Вільям Р. Дженетс (William R. Jentes), головуючий Кеннет Р. Фейнберг (Kenneth R. Feinberg), який відбувається згідно з арбітражними правилами UNCITRAL, за позовом Теленор мобайл ком"юнікейшнз АС (Telenor Mobile Communications AS) до Товариства з обмеженою відповідальністю "Сторм" в місті Нью-Йорк.

Відповідно до ч.1 ст.151 ЦПК України суд за заявою осіб, які беруть участь у справі, може вжити заходи забезпечення позову, забезпечення позову допускається на будь-якій стадії розгляду справи, якщо невжиття заходів забезпечення може утруднити чи зробити неможливим виконання рішення суду.

Дослідивши матеріали справи, суд приходить до висновку, що невжиття заходів забезпечення позову призведе до неможливості виконання рішення суду у справі.

Зокрема, з наданих суду матеріалів вбачається, що господарським судом міста Києва застосовано наслідки недійсності нікчемного правочину – Акціонерної угоди від 30.01.2004 р. за участю Товариства з обмеженою відповідальністю "Сторм" та Теленор мобайл ком"юнікейшнз АС (Telenor Mobile Communications AS). Проте його виконання не припинилось, деякі з його учасників продовжують керуватись його положеннями, що ставить під загрозу та порушує права позивача.

Враховуючи викладене, керуючись ч.ч. 1, 3 ст. 151, ч.ч. 1-3 ст. 152, ч.ч. 1, 5, 6, 7, 9, 10 ст. 153 ЦПК України, суд

1

УХВАЛИВ:

Заборонити до вирішення цієї справи по суті Клименку Вадиму Вікторовичу *(01001, .м. Київ, вул. Горького, буд.17-Б, кв.21)*, як генеральному директору Товариства з обмеженою відповідальністю "Сторм", та будь-яким уповноваженим ним особам вчиняти будь-які дії по виконанню Акціонерної угоди, датованої 30.01.2004 р., в тому числі заборонити підписувати та подавати від імені ТОВ "Сторм" будь-які пояснення, заяви, відзиви на позовні заяви, клопотання, приймати участь у арбітражному процесі, слуханнях, засіданнях арбітражу (арбітри Грегорі Бі. Крейг (Gregory B. Craig), Вільям Р. Дженетс (William R. Jentes), головуючий Кеннет Р. Фейнберг (Kenneth R. Feinberg), який відбувається згідно з арбітражними правилами UNCITRAL, за позовом Теленор мобайл ком"юнікейшнз АС (Telenor Mobile Communications AS) до Товариства з обмеженою відповідальністю "Сторм" в місті Нью-Йорк;

Заборонити до вирішення цієї справи по суті Товариству з обмеженою відповідальністю "Сторм" *(01001, м. Київ, вул. Народного ополчення, буд.1, ідентифікаційний код юридичної особи 23163325)* та будь-яким уповноваженим ним особам вчиняти будь-які дії по виконанню Акціонерної угоди, датованої 30.01.2004 р., в тому числі заборонити подавати будь-які пояснення, заяви, відзиви на позовні заяви, клопотання, приймати участь у арбітражному процесі, слуханнях, засіданнях арбітражу (арбітри Грегорі Бі. Крейг (Gregory B. Craig), Вільям Р. Дженетс (William R. Jentes), головуючий Кеннет Р. Фейнберг (Kenneth R. Feinberg), який відбувається згідно з арбітражними правилами UNCITRAL, за позовом Теленор мобайл ком"юнікейшнз АС (Telenor Mobile Communications AS) до Товариства з обмеженою відповідальністю "Сторм" в місті Нью-Йорк;

Заборонити до вирішення цієї справи по суті Теленор мобайл ком"юнікейшнз АС (Telenor Mobile Communications AS) *(юридична особа за законодавством Норвегії Місцезнаходження: Норвегія (Norway), Fornebu Snaroyveien 30 D, 1331)* та будь-яким уповноваженим нею особам вчиняти будь-які дії по виконанню Акціонерної угоди, датованої 30.01.2004 р., в тому числі заборонити подавати будь-які пояснення, заяви, позовні заяви, клопотання, приймати участь у арбітражному процесі, слуханнях, засіданнях арбітражу (арбітри Грегорі Бі. Крейг (Gregory B. Craig), Вільям Р. Дженетс (William R. Jentes), головуючий Кеннет Р. Фейнберг (Kenneth R. Feinberg), який відбувається згідно з арбітражними правилами UNCITRAL, за позовом Теленор мобайл ком"юнікейшнз АС (Telenor Mobile Communications AS) до Товариства з обмеженою відповідальністю "Сторм" в місті Нью-Йорк.

Ухвалу направити сторонам, Товариству з обмеженою відповідальністю "Сторм" *(01001, м. Київ, вул. Народного ополчення, буд.1 код в ЄДРПОУ 23163325)*, Теленор мобайл ком"юнікейшнз АС (Telenor Mobile Communications AS) *(юридична особа за законодавством Норвегії) (Місцезнаходження: Норвегія (Norway), Fornebu Snaroyveien 30 D, 1331)* та відповідним органам державної виконавчої служби.

Ухвала підлягає негайному виконанню.

На ухвалу суду може бути подана апеляційна скарга до Апеляційного суду м. Києва шляхом подання протягом 5 днів з дня її проголошення заяви про наступне апеляційне оскарження та подання протягом 10 днів після подання заяви апеляційної скарги. Оскарження ухвали не зупиняє її виконання, а також не перешкоджає подальшому розгляду справи.

Суддя:

*[Stamp: З ОРИГІНАЛОМ ЗГІДНО / Суддя Голосіївського / районного суду м. Києва / Гошко О.М. / Секретар]*

2

# UKRAINE
[*National Emblem of Ukraine*]
# KYIV CITY COURT OF APPEALS
15 Volodymyrska St., Kyiv

---

June 22, 2007 No.  144
Re No. 12pc-8330/07, No. 12pc-5934/07
No. 12pc-7962/0 dated May 11, 2007

                                          To:   D.M. Prytyka
Deputy Chairman of Justice Committee
of the Verkhovna Rada of Ukraine

O.F. Volkov
Deputy Chairman of the Council of Judges of
Ukraine

Trond Moe
Attorney-in-Fact of Telenor Mobile
Communications AS
a telecommunications company
19-A Khreshchatyk St., Kyiv 01001

    This is to notify you that, upon request by Deputy Chairman of the Council of Judges of Ukraine, the Kyiv City Court of Appeals has reviewed a petition filed by Attorney-in-Fact of Telenor Mobile Communications AS, a telecommunications company, regarding breaches by certain judges of applicable laws when issuing judgments affecting the company.

    The relevant investigation has ascertained that on January 24, 2006, A.M. Kasogov filed with Pechersky District Court of the City of Kyiv a petition seeking the establishment of certain legally significant facts, which was assigned to V.V. Kuzmenko, a judge of the said court.

    In its Decree of January 30, 2006, the court left the said petition without trial, also allowing the petitioner certain time for elimination of defects.

    Upon elimination of the defects by the latter, the proceeding in the case was opened on the basis of the court's decree of February 23, 2006 whereby a preliminary court session was scheduled for March 2, 2007, at which preliminary session the trial of the case on its merits was scheduled for March 10, 2007.

    On that date, the case was reviewed in a court session, and a decision was issued granting the relief sought by the claimant.

    Upon appeal of the said decision in the manner provided by law, the case along with the statement of appeal was sent to the Kyiv City Court of Appeals, which by its decree of May 16, 2006 closed the proceedings in the case for the reasons that the case was not subject to review in civil proceedings.

    As regards the review by O.M. Rudnytska (maiden name – O.M. Goshko), a judge of Golosiyivsky District Court of the City of Kyiv, of a case upon a claim brought by Alpren Limited against Vadym Viktorovych Klymenko (third parties – LLC "Storm", Telenor Mobile Communications AS), seeking certain actions to be recognized as unlawful and certain acts to be

compelled, the investigation has found that the said case was registered by the administrative department of the said court on November 13, 2006.

By its decree of December 1, 2006, Golosiyivsky District Court of the City of Kyiv opened a proceeding in the case and scheduled a preliminary court session for September 3, 2007, also engaging LLC "Storm" and Telenor Mobile Communications AS as third parties.

By its decree of December 1, 2006, the court granted injunctive relief to secure the claim.

Performing under a separate instruction regarding service of process, on December 12, 2006, the court sent to a competent court of the Republic of Norway an instruction to serve on Telenor Mobile Communications AS certain documents pertaining to the case and a notification of the time and place of the case hearing.

By its decree of March 13, 2007, the court clarified the contents of its decree of December 1, 2006 granting injunctive relief to secure the claim, whereas on May 10, 2007, satisfying the petition of a claimant's attorney-in-fact, the claim was left without consideration, while the injunctive relief was cancelled.

The participants of the proceedings have not appealed the aforesaid procedural documents pertaining to the last-cited case, being subject to appeal.

Using this opportunity, I would like to explain to the petitioner that the lawfulness of the decisions and decrees issued on the case may be investigated solely in the manner provided by law, specifically, in appellate or cassation appeal proceedings, upon a petition on appeal and a statement of appeal filed with the Kyiv City Court of Appeals, and a statement of cassation appeal, with the Supreme Court of Ukraine, on the basis of the requirements of the effective Code of Civil Procedure of Ukraine.

Applicable Ukrainian law does not contemplate any extra-procedural investigation of any judicial decisions and decrees.

Head of the Kyiv City Court of Appeals    [*signature*]    A.V. Chernushenko

# УКРАЇНА



## АПЕЛЯЦІЙНИЙ СУД м. КИЄВА
м. Київ, вул. Володимирська, 15

22.06.2007 року № 144
На № 12рс-8330/07, № 12рс-5934/07,
№ 12рс-7962/0 від 11.05.2007р.

                                             Заступнику Голови комітету з Питань
                                             правосуддя Верховної Ради України
                                             Притиці Д.М.

                                             Заступнику голови Ради суддів України
                                             Волкову О.Ф.

                                             Представнику «Телекомунікаційної компанії
                                             «Теленор Мобайл Ком'юнікейшнз АС»
                                             Тронду Мое
                                             вул. Хрещатик, 19-А, м. Київ, 01001

       Повідомляю, що Апеляційним судом м. Києва розглянуто, за дорученням заступника голови Ради суддів України звернення представника «Телекомунікаційної компанії «Теленор Мобайл Ком'юнікейшнз АС», щодо порушення суддями чинного законодавства при ухваленні судових рішень, які зачіпають інтереси компанії.
        Проведеною перевіркою встановлено, що 24.01.2006 року до Печерського районного суду м. Києва надійшла заява Касогова А.М. про встановлення фактів, що мають юридичне значення та передана для розгляду судді цього суду Кузьменку В.В.
        Ухвалою суду від 30.01.2006 року названа заява залишена без руху, з наданням заявнику часу для усунення недоліків.
        Після усунення останнім недоліків провадження в справі на підставі ухвали суду від 23.02.2006 року відкрито та призначено до попереднього судового засідання на 02.03.2007 року, під час якого справа призначена до розгляду по суті на 10.03.2007 року.
        Цього числа, в судовому засіданні справу розглянуто з прийняттям рішення, яким вимоги заявника задоволені.
        Після оскарження даного рішення в установленому Законом порядку справа з апеляційною скаргою направлена до Апеляційного суду м. Києва, ухвалою якого від 16.05.2006 року провадження в справі закрито, з тих підстав, що справа не підлягає розгляду в порядку цивільного судочинства.
        Стосовно розгляду суддею Голосіївського районного суду м. Києва Рудницькою О.М. (дошлюбне прізвище Гошко О.М.) справи за позовом компанії

«Альпрен Лімітед» до Клименка Вадима Вікторовича, треті особи ТОВ «Сторм», «Телекомунікаційна компанія «Теленор Мобайл Ком'юнікейшнз АС» про визнання дій незаконними та зобов'язання вчинити дії, перевіркою з'ясовано, що 13.11.2006 року вказана справа зареєстрована в канцелярії суду.

Ухвалою Голосіївського районного суду м. Києва від 01.12.2006 року відкрито провадження в справі та призначено до попереднього судового засідання на 03.09.2007 року, під час якого залучено в якості третіх осіб ТОВ «Сторм» і «Телекомунікаційну компанію «Теленор Мобайл Ком'юнікейшнз АС».

01.12.2006 року ухвалою суду забезпечено позовні вимоги по справі.

В порядку виконання окремого доручення про проведення окремих процесуальних дій 12.12.2006 року судом направлено до компетентного суду Республіки Норвегія доручення про вручення «Телекомунікаційній компанії «Теленор Мобайл Ком'юнікейшнз АС» документів по справі та повідомлення про час і місце розгляду справи.

13.03.2007 року ухвалою суду роз'яснено зміст ухвали від 01.12.2006 року про забезпечення позову, а 10.05.2007 року позовну заяву залишено без розгляду, на підставі заяви представника позивача, при цьому скасовано забезпечення позову.

Вищеназвані процесуальні документи по останній справі, що підлягають оскарженню учасники процесу не оскаржували.

Принагідно роз'яснюю заявнику, що законність постановлених по справі рішень та ухвал може бути перевірена тільки в порядку, встановленому законом, зокрема в апеляційному і касаційному порядку, шляхом подачі заяви про апеляційне оскарження та апеляційної скарги – до Апеляційного суду м. Києва і касаційної скарги – до Верховного Суду України, на підставі вимог чинного Цивільного процесуального Кодексу України.

Поза процесуальний контроль за судовими рішеннями та ухвалами не передбачається чинним законодавством України.

Голова Апеляційного суду м. Києва     *[signature]*     А.В. Чернушенко