# EXHIBIT X

*[National Emblem of Ukraine]*
## KYIV REGION COMMERCIAL COURT
<u>16 Kominternu Str., 01032, Kyiv</u>

### DECREE

**November 29, 2007**                                                                 **Case No. 19/530-07**

Judge **T.P. Karpechkin**, upon review of the petition for injunctive relief by E.C. Venture Capital S.A., Geneva, Rue Generai-Dufour No. 11,
**in the case upon the claim of** E.C. Venture Capital S.A., Geneva, Rue General-Dufour No. 11
**against the respondent** Alpren Limited, Bila Tserkva, Kyiv region
**third party without independent claims as to the subject matter of the dispute on the respondent's side** Limited Liability Company "Storm", Kyiv
**seeking** recognition of an agreement as null and void

**Parties' representatives not summoned**

### Merits of the case:

The Kyiv Region Commercial Court received the statement of claim by E.C. Venture Capital S.A. (hereinafter, the claimant) against Alpren Limited (hereinafter, the respondent), third party – Limited Liability Company "Storm", seeking recognition of an agreement as null and void.

The claimant supports its claims with the statement that the agreement on sale and purchase of equity interest in charter capital as of July 13, 2004, where it concerns the sale to Alpren Limited of the equity interest in the charter capital of Limited Liability Company "Storm" held by E.C. Venture Capital S.A. amounting to 23.98467% of the charter capital of Limited Liability Company "Storm", is in conflict with the provisions of Ukrainian law, specifically, with Article 24 of the Law of the Ukrainian Soviet Socialist Republic "On languages in the Ukrainian SSR" and, therefore, is subject to invalidation.

Along with the statement of claim, the claimant brought a petition for injunctive relief through attachment of all the movable and immovable property and other assets, including shares, owned by Limited Liability Company "Storm" (1 Narodnogo Opolchennya Str., Kyiv, code 23163325) **and** through enjoining Limited Liability Company "Storm" (1 Narodnogo Opolchennya Str., Kyiv, code 23163325) and its bodies, officials and officers from taking any actions, including making decisions, entering into any transactions, issuing powers of attorney on behalf of Limited Liability Company "Storm" (1 Narodnogo Opolchennya Str., Kyiv, code 23163325), holding general meetings of participants of Limited Liability Company "Storm" (1 Narodnogo Opolchennya Str., Kyiv, code 23163325), participating in general meetings of a company, whose shares belong to Limited Liability Company "Storm" (1 Narodnogo Opolchennya Str., Kyiv, code 23163325).

The said petition is substantiated with the statement that, in the course of case consideration in the court, the respondent will exercise its current rights to make decisions as to alienation of the property of Limited Liability Company "Storm" and, therefore, withholding the injunctive relief may render the future enforcement of the court's decision impossible.

Pursuant to Article 66 of the Commercial Procedure Code of Ukraine, upon petition of a party, public prosecutor or its deputy who brought a claim, or upon its own initiative, a commercial court has the right to grant injunctive relief to secure the claim. Granting injunctive

*[round seal of the Kyiv Region Commercial Court]*

relief is allowed in any stage of the proceeding if withholding such relief may complicate the enforcement of a commercial court decision or render it impossible. Under part 1 of Article 67 of the Commercial Procedure Code of Ukraine, a claim is secured by: attachment of property or money owned by a respondent; enjoining a respondent from taking certain actions; enjoining other persons from taking actions relating to the subject matter of the dispute; suspending collection on the basis of an enforcement document or other document under which collection is performed without recourse.

Injunctive relief is granted as a means of prevention of possible infringements on property rights or legitimate interests of a legal entity or individual.

It appears from the statement of claim and annexes thereto that the claimant has all the grounds to assert that withholding injunctive relief may render the enforcement of a commercial court's decision difficult or impossible.

Pursuant to Article 18 of the Law of Ukraine "On Enforcement Proceedings", a commercial court decree on injunctive relief shall be an enforcement document.

Based on the foregoing and governed by Articles 65, 66, 67, 86 of the Commercial Procedure Code of Ukraine, the court –

## HAS RULED TO:

1. Grant the petition of E.C. Venture Capital S.A. for injunctive relief.
2. Attach all the movable and immovable property and other assets, including shares, owned by Limited Liability Company "Storm" (1 Narodnogo Opolchennya Str., Kyiv, code 23163325).
3. Enjoin Limited Liability Company "Storm" (1 Narodnogo Opolchennya Str., Kyiv, code 23163325) and its bodies, officials and officers from taking any actions, including making decisions, entering into any transactions, issuing powers of attorney on behalf of Limited Liability Company "Storm" (1 Narodnogo Opolchennya Str., Kyiv, code 23163325), holding general meetings of participants of Limited Liability Company "Storm" (1 Narodnogo Opolchennya Str., Kyiv, code 23163325), participating in general meetings of a company, whose shares belong to Limited Liability Company "Storm" (1 Narodnogo Opolchennya Str., Kyiv, code 23163325).

The recoverer under the present Decree shall be E.C. Venture Capital S.A., a company under the laws of Switzerland, as represented in Ukraine by Andriy Mykhaylovych Konoplya, residing at 6-b Mashynobudivelnykiv Str., Apt. 65, village of Chabany, Kyiv Region, holding passport CH 822494, issued on July 31, 1998 by Chabanskiy SVM GUMVS of Ukraine in Kyiv Region.

The Decree may be submitted for enforcement within three years.

The Decree is subject to immediate execution and may be appealed within the term provided for in Article 93 of the Commercial Procedure Code of Ukraine.

**Judge**            [*signature*]            T.P. Karpechkin

[*round seal of the Kyiv Region Commercial Court*]



## ГОСПОДАРСЬКИЙ СУД КИЇВСЬКОЇ ОБЛАСТІ
01032, м. Київ, вул. Комінтерну, 16

### УХВАЛА

29 листопада 2007 року

Справа № 19/530-07

Суддя Карпечкін Т.П., розглянувши заяву І.Сі. Венче Кепітел С. А. (E.C. Venture Capital SA), Geneva, Rue General-Dufour № 11 про забезпечення позову
у справі за позовом І. Сі. Венче Кепітел С. А. (E.C. Venture Capital S.A.), Geneva, Rue General-Dufour № 11
до відповідача Компанії Альпрен Лімітед (Alpren Limited) м. Біла Церква, Київська область
третя особа без самостійних вимог на предмет спору на стороні відповідача Товариство з обмеженою відповідальністю „Сторм", м. Київ
про визнання недійсною угоди

**Без виклику представників сторін**

### Обставини справи:

До господарського суду Київської області надійшла позовна заява І.Сі.Венче Кепітел С. А. (E.C. Venture Capital SA) (далі-позивач) до Компанії Альпрен Лімітед (Alpren Limited) (далі - відповідач), третя особа Товариство з обмеженою відповідальністю „Сторм" про визнання недійсною угоди.

В обґрунтування позовних вимог позивач посилається на те, що угода купівлі-продажу частки в статутному фонді від 13.07.2004 року в частині продажу Компанії Альпрен Лімітед частки І. Сі. Венче Кепітел С. А. у статутному фонді Товариства з обмеженою відповідальністю „Сторм", що склала 23,98467% статутного фонду Товариства з обмеженою відповідальністю „Сторм" суперечить положенням законодавства України, а саме ст. 24 Закону Української Радянської Соціалістичної Республіки „Про мови в Українській РСР" тому підлягає визнанню недійсною.

Одночасно з позовною заявою позивачем подана заява про забезпечення позову шляхом накладення арешту на все рухоме та нерухоме майно та інші активи, в тому числі акції, що належать Товариству з обмеженою відповідальністю „Сторм" (м. Київ, вул. Народного Ополчення, 1, код 23163325) на праві власності та шляхом заборони Товариству з обмеженою відповідальністю „Сторм" (м. Київ, вул. Народного Ополчення, 1, код 23163325) та його органам, службовим та посадовим особам вчиняти будь-які дії, в тому числі приймати рішення, вчиняти будь-які правочини, видавати довіреності від імені Товариства з обмеженою відповідальністю „Сторм" (м. Київ, вул. Народного Ополчення, 1, код 23163325), проводити загальні збори учасників Товариства з обмеженою відповідальністю „Сторм" (м. Київ, вул. Народного Ополчення, 1, код 23163325), приймати участь у загальних зборах товариства, акції яких належать Товариству з обмеженою відповідальністю „Сторм" (м. Київ, вул. Народного Ополчення, 1, код 23163325).

Зазначену заяву мотивовано тим, що за час розгляду справи у суді відповідач скористується на даний час належними йому правами щодо прийняття рішень по відчуженню майна Товариства з обмеженою відповідальністю „Сторм", отже невжиття заходів забезпечення позову може зробити неможливим в подальшому виконання рішення суду.

Згідно статті 66 ГПК України господарський суд за заявою сторони, прокурора, чи його заступника, який подав позов, або із своєї ініціативи має право вжити заходів до забезпечення позову. Забезпечення позову допускається в будь-якій стадії провадження у

справі, якщо невжиття таких заходів може утруднити чи зробити неможливим виконання рішення господарського суду. Відповідно до ч.1 ст. 67 ГПК України позов забезпечується: накладанням арешту на майно або грошові суми, що належать відповідачеві; забороною відповідачеві вчиняти певні дії; забороною іншим особам вчиняти дії, що стосуються предмета спору; зупиненням стягнення на підставі виконавчого документа або іншого документа, за яким стягнення здійснюється у безспірному порядку.

Забезпечення позову застосовується як засіб запобігання можливим порушенням майнових прав чи охоронюваних законом інтересів юридичної або фізичної особи.

З позовної заяви та додатків до неї вбачається, що у позивача є всі підстави стверджувати, що наслідком невжиття заходів забезпечення позову може утруднити чи зробити неможливим виконання рішення господарського суду.

Згідно з ст. 18 Закону України „Про виконавче провадження" ухвала господарського суду про забезпечення позову є виконавчим документом.

Враховуючи вищевикладене, керуючись ст. ст. 65, 66, 67, 86 Господарського процесуального кодексу України, суд

## УХВАЛИВ:

1. Заяву І. Сі. Венче Кепітел С. А. (E.C. Venture Capital SA) про забезпечення позову задовольнити.
2. Накласти арешт на все рухоме та нерухоме майно та інші активи, в тому числі акції, що належать Товариству з обмеженою відповідальністю „Сторм" (м. Київ, вул. Народного Ополчення, 1, код 23163325) на праві власності.
3. Заборонити Товариству з обмеженою відповідальністю „Сторм" (м. Київ, вул. Народного Ополчення, 1, код 23163325) та його органам, службовим та посадовим особам вчиняти будь-які дії, в тому числі приймати рішення, вчиняти будь-які правочини, видавати довіреності від імені Товариства з обмеженою відповідальністю „Сторм" (м. Київ, вул. Народного Ополчення, 1, код 23163325), проводити загальні збори учасників Товариства з обмеженою відповідальністю „Сторм" (м. Київ, вул. Народного Ополчення, 1, код 23163325), приймати участь у загальних зборах товариства, акції яких належать Товариству з обмеженою відповідальністю „Сторм" (м. Київ, вул. Народного Ополчення, 1, код 23163325).

Стягувачем за даною ухвалою є І.Сі. Венче Кепітел С.А. (E.C. Venture Capital S.A.), компанія за законодавством Швейцарії в особі представника в Україні - Коноплі Андрія Михайловича, що проживає за адресою: Київська обл. смт. Чабани, вул. Машинобудівельників, 6-б, кв. 65, паспорт СН 822494, виданий 31 липня 1998 р. Чабанським СВМ ГУМВС України в Київській області.

Строк пред'явлення ухвали до виконання три роки.

Ухвала підлягає негайному виконанню та може бути оскаржена в апеляційному порядку у строк передбачений ст. 93 Господарського процесуального кодексу України.



Суддя                                                                                                    Т.П. Карпечкін