67. A poll demanded on the election of a chairman or on a question of adjournment of the Meeting shall be taken forthwith. A poll demanded on any other question shall be taken at such time as the chairman of the Meeting directs, and any business other than upon which a poll has been demanded may be proceeded with, pending the taking of the poll.

## VOTES OF MEMBERS

68. Subject to any rights or restrictions for the time being attached to any class or classes of shares, on a show of hands every Member present in person shall have one vote, and on a poll every Member shall have one vote for each share of which he is the holder.

69. In the case of joint holders the vote of the senior who tenders a vote, whether in person or by proxy, shall be accepted to the exclusion of the votes of the other joint holders; and for this purpose seniority shall be determined by the order in which the names stand in the register of Members.

70. A Member of unsound mind, or in respect of whom an order has been made by any Court having jurisdiction in lunacy, may vote, whether on a show of hands or on a poll, by the administrator of his property, his committee, receiver, curator bonis, or other person in the nature of an administrator, committee, receiver or curator bonis appointed by that Court, and any such administrator, committee, receiver, curator bonis or other person may, on a poll, vote by proxy.

71. No Member shall be entitled to vote at any General Meeting unless all calls or other sums presently payable by him in respect of shares in the Company have been paid.

72. No objection shall be raised to the qualification of any voter except at the Meeting or adjourned Meeting at which the vote objected to is given or tendered and every vote not disallowed at such Meeting shall be valid for all purposes. Any such objection made in due time shall be referred to the chairman of the Meeting whose decision shall be final and conclusive.

73. On a poll votes may be given either personally or by proxy.

74. The instrument appointing a proxy shall be in writing under the hand of the appointer or of his attorney duly authorised in writing, or, if the appointer is a corporation, either under seal or under the hand of an officer or attorney duly authorised. A proxy need not be a Member of the Company.

75. The instrument appointing a proxy and the power of attorney or other authority, if any, under which it is signed or a notarially certified copy of that power or authority shall be deposited at the registered office of the Company or at such other place within Cyprus as is specified for that purpose in the notice convening the Meeting, at any time before the time for holding the Meeting or adjourned Meeting, at which the person named in the instrument proposes to vote, or, in the case of a poll, at any time before the time appointed for the taking of the poll, and in default the instrument of proxy shall not be treated as valid.

76. An instrument appointing a proxy shall be in the following form or a form as near thereto as circumstances admit-

"     (Name of the Company)     Limited

I/We     , of

being a Member/Members of the above-named Company, hereby appoint, , of ,

or failing him     of     ,

as my/our proxy to vote for me/us or on my/our behalf at the (Annual or Extraordinary, as the case may be) General Meeting of the Company, to be held on the day of ,20 , and at any adjournment thereof.

    Signed this day of     , 20 "

77. Where it is desired to afford Members an opportunity of voting for or against a resolution the instrument appointing a proxy shall be in the following form or a form as near thereto as circumstances admit-

"     (Name of the Company)     Limited.

I/We,     , of     .

being a Member/Members of the above-named Company, hereby appoint , , of ,

or failing him     of     ,

as my/our proxy to vote for me/us or on my/our behalf at the (Annual or Extraordinary, as the case may be) General Meeting of the Company, to be held on the day of ,20 , and at any adjournment thereof.

    Signed this day of     ,20

This form is to be used in favour of/* against the resolution. Unless otherwise instructed, the proxy will vote as he thinks fit.

*Strike out whichever is not desired."

78. The instrument appointing a proxy shall be deemed to confer authority to demand or join in demanding a poll.

79. A vote given in accordance with the terms of an instrument of proxy shall be valid notwithstanding the previous death or insanity of the principal or revocation of the proxy or of the authority under which the proxy was executed or the transfer of the share in respect of which the proxy is given, provided that no intimation in writing of such death, insanity, revocation or transfer as aforesaid shall have been received by the Company at its office before the commencement of the Meeting or adjourned Meeting at which the proxy is used.

80. Subject to the provisions of the Law, a resolution in writing signed or approved by letter, email or facsimile by each Member for the time being entitled to receive notice of and to attend and vote at General Meetings (or being corporations by their duly authorised representatives) shall be as valid and effective as if the same had been passed at a General Meeting of the Company duly convened and held. Any such resolution may consist of several documents in the like form each signed by one or more of the Members or their attorneys, and signature in the case of a corporate body which is a Member shall be sufficient if made by a director or other authorised officer thereof or its duly appointed attorney.

## CORPORATIONS ACTING BY REPRESENTATIVES AT MEETINGS

81. Any corporation which is a Member of the Company may by resolution of its directors or other governing body authorise such person as it thinks fit to act as its representative at any Meeting of the Company or of any class of Members of the Company, and the person so authorised shall be entitled to exercise the same powers on behalf of the corporation which he represents, as that corporation could exercise if it were an individual Member of the Company.

## DIRECTORS

82. Unless and until otherwise determined by the Company in General Meeting there shall be no minimum or maximum number of Directors. The first Directors of the Company shall be appointed in writing by the subscribers to the memorandum of association or a majority of them and it shall not be necessary to hold any meeting for that purpose.

83. The remuneration of the Directors shall from time to time be determined by the Company in General Meeting. Such remuneration shall be deemed to accrue from day to day. The Directors may also be paid all traveling, hotel and other expenses properly incurred by them in attending and returning from meetings of the Directors or any committee of the Directors or General Meetings of the Company or in connection with the business of the Company.

84. The shareholding qualification for Directors may be fixed by the Company in General Meeting, and unless and until so fixed no qualification shall be required.

85. A Director of the Company may be or become a director or other officer of, or otherwise interested in, any company promoted by the Company or in which the Company may be interested as a shareholder or otherwise, and no such Director shall be accountable to the Company for any remuneration or other benefits received by him as a director or officer of, or from his interest in, such other company unless the Company otherwise directs.

## BORROWING POWERS

*It has been amended by special resolution dated 23/1/xxx see Doc*

\* 86. The Directors may exercise all the powers of the Company to borrow or raise money without limitation or to guarantee and to mortgage, pledge, assign or otherwise charge its undertaking, property, assets, rights, choses in action and book debts, receivables, revenues and uncalled capital or any part thereof and to issue and create debentures, debenture stock, mortgages, pledges, charges and other securities as security for any debt, liability or obligation of the Company or of any third party.

23

## POWERS AND DUTIES OF DIRECTORS

*It has been amended by Special resolution dated [illegible] see p[illegible]*

87. The business of the Company shall be managed by the Directors, who may pay all expenses incurred in promoting and registering the Company, and may exercise all such powers of the Company as are not, by the Law or by these Regulations, required to be exercised by the Company in General Meeting, subject, nevertheless to any of these Regulations, to the provisions of the Law and to such Regulations, being not inconsistent with the aforesaid Regulations or provisions as may be prescribed by the Company in General Meeting. But no Regulation made by the Company in General Meeting shall invalidate any prior act of the Directors which would have been valid if that Regulation had not been made.

88. The Directors may from time to time and at any time appoint any company, firm or person or body or persons, whether nominated directly or indirectly by the Directors, to be the authorised representative or attorney of the Company for such purposes and with such powers, authorities and discretions (not exceeding those vested in or exercisable by the Directors under these Regulations) and for such period and subject to such conditions as they may think fit, and any such authorisation or power of attorney may contain such provisions for the protection and convenience of persons dealing with any such authorised representative or attorney as the Directors may think fit and may also authorise any such authorised representative or attorney to delegate all or any of the powers, authorities and discretions vested in him.

89. The Company may exercise the powers conferred by section 36 of the Law with regard to having an official seal for use abroad, and such powers shall be vested in the Directors.

90. The Company may exercise the powers conferred upon the Company by sections 114 to 117 (both inclusive) of the Law with regard to the keeping of a dominion register, and the Directors may (subject to the provisions of those sections) make and vary such Regulations as they may think fit respecting the keeping of any such register.

91. (1) A Director who is in any way, whether directly or indirectly, interested in a contract or proposed contract or employment with the Company shall declare the nature of his interest at a meeting of the Directors in accordance with section 191 of the Law.

(2) A Director may vote in respect of any contract or proposed contract or arrangement notwithstanding that he may be interested therein and if he does so his vote shall be counted and he may be counted in the quorum at any meeting of the Directors at which any such contract or proposed contract or arrangement shall come before the meeting for consideration.

(3) A Director may hold any other office or place of profit under the Company (other than the office of auditor) in conjunction with his office of Director for such period and on such terms (as to remuneration and otherwise) as the Directors may determine and no Director or intending Director shall be disqualified by his office from contracting with the Company either with regard to his tenure of any such other office or place of profit or as vendor, purchaser or otherwise, nor shall any such contract, or any contract or arrangement entered into by or on behalf of the Company in which any Director is in any way interested, be liable to be avoided, nor shall any Director so contracting or being so interested be liable to account to the Company for

any profit realised by any such contract or arrangement by reason of such Director holding that office or of the fiduciary relation thereby established.

(4) Any Director may act by himself or his firm in a professional capacity for the Company, and he or his firm shall be entitled to remuneration for professional services as if he were not a Director; provided that nothing herein contained shall authorise a Director or his firm to act as auditor of the Company.

92. All cheques, promissory notes, drafts, bills of exchange, and other negotiable instruments, and all receipts for moneys paid to the Company, shall be signed, drawn, accepted, endorsed, or otherwise executed, as the case may be, in such manner as the Directors shall from time to time by resolution determine.

93. The Directors shall cause minutes to be made in books provided for the purpose:-

(a) of all appointments of officers made by the Directors;

(b) of the names of the Directors present at each meeting of the Directors and of any committee of the Directors;

(c) of all resolutions and proceedings at all meetings of the Company, and of the Directors, and of committees of Directors.

## PENSIONS

94. The Directors may grant retirement pensions or annuities or other gratuities or allowances, including allowances on death, to any person or persons in respect of services rendered by him or them to the Company whether as managing Directors or in any other office or employment under the Company or indirectly as officers or employees of any subsidiary, associated or allied company of the Company, notwithstanding that he or they may be or may have been Directors of the Company and the Company may make payments towards insurance, trusts, schemes or funds for such purposes in respect of such person or persons and may include rights in respect of such pensions, annuities and allowances in the terms of engagement of any such person or persons.

## DISQUALIFICATION OF DIRECTORS

95. The office of Director shall be vacated if the Director:-

(a) ceases to be a Director by virtue of section 176 of the Law; or

(b) becomes bankrupt or makes any arrangement or composition with his creditors generally; or

(c) becomes prohibited from being a director by reason of any order made under section 180 of the Law; or

(d) becomes of unsound mind; or

(e) resigns his office by notice in writing to the Company.

## APPOINTMENT OF ADDITIONAL DIRECTORS
## AND REMOVAL OF DIRECTORS

96. The Directors shall have power at any time, and from time to time, to appoint any person to be a Director, either to fill a casual vacancy or as an addition to the existing Directors, but so that the total number of Directors shall not at any time exceed the number fixed in accordance with these Regulations. Any Director so appointed shall hold office only until the next following Annual General Meeting, and shall then be eligible for re-election.

97. The Company may by ordinary resolution, of which special notice has been given in accordance with section 136 of the Law, remove any Director before the expiration of his period of office notwithstanding anything in these Regulations or in any agreement between the Company and such Director. Such removal shall be without prejudice to any claim such Director may have for damages for breach of any contract of service between him and the Company.

98. At any time, and from time to time, the Company may (without prejudice to the powers of the Directors under Regulation 96) by ordinary resolution appoint any person as Director and determine the period for which such person is to hold office.

## PROCEEDINGS OF DIRECTORS

99. The Directors may meet together for the despatch of business, adjourn, and otherwise regulate their meetings as they think fit and questions arising at any meeting shall be decided by a simple majority of votes. In case of equality of votes the chairman shall not have a second or casting vote. A Director may, and the secretary on the requisition of a Director shall, at any time summon a meeting of the Directors. It shall be necessary to give at least a 96 hour notice of a meeting of Directors to any Director for the time being absent from Cyprus who has supplied to the Company a registered address situated outside Cyprus. A meeting may be held by telephone or other means whereby all persons present may at the same time hear and be heard by everybody else present and persons who participate in this way shall be considered present at the meeting. In such case the meeting shall be deemed to be held where the secretary of the meeting is located. All board and Committee meetings shall take place in Cyprus, where the management and control of the company shall rest.

100. The quorum necessary for the transaction of the business of the Directors may be fixed by the Directors, and unless so fixed shall be one Director or his alternate.

101. The continuing Directors may act notwithstanding any vacancy in their body, but, if and so long as their number is reduced below the number fixed by or pursuant to the Regulations of the Company as the necessary quorum of Directors, the continuing Directors or Director may act for the purpose of increasing the number of Directors to that number, or of summoning a General Meeting of the Company, but for no other purpose.

102. The Directors may elect a chairman of their meeting and determine the period for which he is to hold office; but if no such chairman is elected, or if at any meeting the chairman is not present within five minutes after the time appointed for holding the same, the Directors present may choose one of their number to be chairman of the meeting.

103. The Directors may delegate any of their powers to a committee or committees consisting of such Member or Members of their body as they think fit; any committee so formed shall in the exercise of the powers so delegated conform to any Regulations that may be imposed on it by the Directors, as to its powers, constitution, proceedings, quorum or otherwise.

104. A committee may elect a chairman of its meetings; if no such chairman is elected, or if at any meeting the chairman is not present within five minutes after the time appointed for holding the same, the Members present may choose one of their number to be chairman of the meeting.

105. Subject to any Regulations imposed on it by the Directors, a committee may meet and adjourn as it thinks proper and questions arising at any meeting shall be determined by a majority of votes of the Members present.

106. All acts done by any meeting of the Directors or of a committee of Directors or by any person acting as a Director shall, notwithstanding that it be afterwards discovered that there was some defect in the appointment of any such Director or person acting as aforesaid, or that they or any of them were disqualified, be as valid as if every such person had been duly appointed and was qualified to be a Director.

107. A resolution in writing signed or approved by letter, email or facsimile by each Director or his alternate shall be as valid and effectual as if it had been passed at a meeting of the Directors or a committee duly convened and held and when signed may consist of several documents each signed by one or more of the persons aforesaid.

## ALTERNATE DIRECTORS

108. (a) Each Director shall have power from time to time to nominate another Director or any person, not being a Director, to act as his alternate Director and at his discretion to remove such alternate Director.

(b) An alternate Director shall (except as regards power to appoint an alternate Director and remuneration) be subject in all respects to the terms and conditions existing with reference to the other Directors, and shall be entitled to receive notices of all meetings of the Directors and to attend, speak and vote at any such meeting at which his appointor is not present.

(c) One person may act as alternate Director to more than one Director and while he is so acting shall be entitled to a separate vote for each Director he is representing and, if he is himself a Director, his vote or votes as an alternate Director shall be in addition to his own vote.

(d) Any appointment or removal of an alternate Director may be made by letter, email or facsimile or in any other manner approved by the Directors. Any email or facsimile shall be confirmed as soon as possible by letter but may be acted upon by the Company meanwhile.

(e) If a Director making any such appointment as aforesaid shall cease to be a Director otherwise than by reason of vacating his office at a meeting of the Company at which he is re-elected, the person appointed by him shall thereupon cease to have any power or authority to act as an alternate Director.

(f) An alternate Director shall not be taken into account in reckoning the minimum or maximum number of Directors allowed for the time being but he shall be counted for the purpose of reckoning whether a quorum is present at any meeting of the Directors attended by him at which he is entitled to vote.

## MANAGING DIRECTOR

109. The Directors may from time to time appoint one or more of their body to the office of managing Director for such period and on such terms as they think fit, and, subject to the terms of any agreement entered into in any particular case, may revoke such appointment. A Director so appointed shall not, whilst holding that office, be subject to retirement by rotation or be taken into account in determining the rotation of retirement of Directors, but his appointment shall be automatically determined if he ceases from any cause to be a Director.

110. A managing Director shall receive such remuneration (whether by way of salary, commission or participation in profits, or partly in one way and partly in another) as the Directors may determine.

111. The Directors may entrust to and confer upon a managing Director any of the powers exercisable by them upon such terms and conditions and with such restrictions as they may think fit, and either collaterally with or to the exclusion of their own powers and may from time to time revoke, withdraw, alter or vary all or any of such powers.

## SECRETARY

112. The secretary shall be appointed by the Directors for such term, at such remuneration and upon such conditions as they may think fit; and any secretary so appointed may be removed by them.

113. No person shall be appointed or hold office as secretary who is:-

(a) the sole Director of the Company; or

(b) a corporation the sole director of which is the sole Director of the Company; or

(c) the sole director of a corporation which is the sole Director of the Company.

These restrictions shall not apply at all times when the Company has one and only Member.

114. A provision of the Law or these Regulations requiring or authorising a thing to be done by or to a Director and the secretary shall not be satisfied by its being done by or to the same person acting both as Director and as, or in place of, the secretary. The present Regulation shall not apply at all times when the Company has one and only Member.

## THE SEAL

115. The Directors shall provide for the safe custody of the seal, which shall only be used by the authority of the Directors or of a committee of the Directors authorised by the Directors in that behalf, and every instrument to which the seal shall be affixed shall be signed by a Director or his alternate and shall be countersigned by

the Secretary or by a second Director or his alternate or by some other person appointed by the Directors for the purpose.

## DIVIDENDS AND RESERVE

*[handwritten margin note: has been amended by special resolution dated 31/1/06 see Q20]*

116. The Company in General Meeting may declare dividends, but no dividend shall exceed the amount recommended by the Directors.

117. The Directors may from time to time pay to the Members such interim dividends as appear to the Directors to be justified by the profits of the Company.

118. No dividend shall be paid otherwise than out of profits.

119. The Directors may, before recommending any dividend, set aside out of the profits of the Company such sums as they think proper as a reserve or reserves which shall, at the discretion of the Directors, be applicable for any purpose to which the profits of the Company may be properly applied, and pending such application may, at the like discretion, either be employed in the business of the Company or be invested in such investments (other than shares of the Company) as the Directors may from time to time think fit. The Directors may also without placing the same to the reserve carry forward any profits which they may think prudent not to divide.

120. Subject to the rights of persons, if any, entitled to shares with special rights as to dividends, all dividends shall be declared and paid according to the amounts paid or credited as paid on the shares in respect whereof the dividend is paid, but not amount paid or credited as paid on a share in advance of calls shall be treated for the purposes of this Regulation as paid on the share. All dividends shall be apportioned and paid proportionately to the amounts paid or credited as paid on the shares during any portion or portions of the period in respect of which the dividend is paid; but if any share is issued on terms providing that it shall rank for dividend as from a particular date such share shall rank for dividend accordingly.

121. The Directors may deduct from any dividend payable to any Member all sums of money (if any) presently payable by him to the Company on account of calls or otherwise in relation to the shares of the Company.

122. Any General Meeting declaring a dividend or bonus may direct payment of such dividend or bonus wholly or partly by the distribution of specific assets and in particular of paid up shares, debentures or debenture stock of any other Company or in any one or more of such ways, and the Directors shall give effect to such resolution, and where any difficulty arises in regard to such distribution, the Directors may settle the same as they think expedient, and in particular may issue fractional certificates and fix the value for distribution of such specific assets or any part thereof and may determine that cash payments shall be made to any Members upon the footing of the value so fixed in order to adjust the rights of all parties, and may vest any such specific assets in trustees as may seem expedient to the Directors.

123. Any dividend, interest or other moneys payable in cash in respect of shares may be paid by cheque or warrant sent through the post directed to the registered address of the holder or, in the case of joint holders, to the registered address of that one of the joint holders who is first named in the register of Members or to such person and to such address as the holder or joint holders may in writing direct. Every such cheque or warrant shall be made payable to the order of the person to whom it is sent. Any one of two or more joint holders may give effectual receipts for any

dividends, bonuses or other moneys payable in respect of the shares held by them as joint holders.

124. No dividend shall bear interest against the Company.

## ACCOUNTS

125. The Directors shall cause proper books of account to be kept with respect to:

(a) all sums of money received and expended by the Company and the matters in respect of which the receipt and expenditure takes place;

(b) all sales and purchases of goods by the Company; and

(c) the assets and liabilities of the Company.

Proper books shall not be deemed to be kept if there are not kept such books of account as are necessary to give a true and fair view of the state of the Company's affairs and to explain its transactions.

126. The books of account shall be kept at the registered office of the Company, or, subject to section 141(3) of the Law, at such other place or places as the Directors think fit, and shall always be open to the inspection of the Directors.

127. The Directors shall from time to time determine whether and to what extent and at what times and places and under what conditions or Regulations the accounts and books of the Company or any of them shall be open to the inspection of Members not being Directors and no Member (not being a Director) shall have any right of inspecting any account or book or document of the Company except as conferred by statute or authorised by the Directors or by the Company in General Meeting.

128. The Directors shall from time to time, in accordance with sections 142, 144 and 151 of the Law, cause to be prepared and to be laid before the Company in General Meeting such profit and loss accounts, balance sheets, group accounts (if any) and reports as are referred to in those sections.

129. A copy of every balance sheet (including every document required by law to be annexed thereto) which is to be laid before the Company in General Meeting, together with a copy of the auditors' report shall, not less than twenty-one days before the date of the meeting, be sent to every Member of, and every holder of debentures of the Company and to every person registered under Regulation 37. Provided that this Regulation shall not require a copy of those documents to be sent to any person of whose address the Company is not aware or to more than one of the joint holders of any shares or debentures.

## CAPITALISATION OF PROFITS

130. The Company in General Meeting may upon the recommendation of the Directors resolve that it is desirable to capitalise any part of the amount for the time being standing to the credit of any of the Company's reserve accounts or to the credit of the profit and loss account or otherwise available for distribution, and accordingly that such sum be set free for distribution, amongst the Members who would have been entitled thereto if distributed by way of dividend and in the same proportions on condition that the same be not paid in cash but be applied either in or towards paying

up any amounts for the time being unpaid on any shares held by such Members respectively or paying up in full unissued shares or debentures of the Company to be allotted, distributed and credited as fully paid up to and amongst such Members in the proportions aforesaid, or partly in the one way and partly in the other, and the Directors shall give effect to such resolution:

Provided that a share premium account and a capital redemption reserve fund may, for the purposes of this Regulation, only be applied in the paying up of unissued shares to be issued to Members of the Company as fully paid bonus shares.

131. Whenever such a resolution as aforesaid shall have been passed, the Directors shall make all appropriations and applications of the undivided profits resolved to be capitalised thereby, and all allotments and issues of fully paid up shares or debentures, if any, and generally shall do all acts and things required to give effect thereto, with full power to the Directors to make such provisions by the issue of fractional certificates or by payment in cash or otherwise as they think fit for the case of shares or debentures becoming distributable in fractions and also to authorise any person to enter on behalf of all the Members entitled thereto into an agreement with the Company providing for the allotment to them respectively, credited as fully paid up, of any further shares or debentures to which they may be entitled upon such capitalisation, or (as the case may require) for the payment up by the Company on their behalf, by the application thereto of their respective proportions of the profits resolved to be capitalised, of the amounts or any part of the amounts remaining unpaid on their existing shares, and any agreement made under such authority shall be effective and binding on all such Members.

## AUDIT

132. Auditors shall be appointed and their duties regulated in accordance with sections 153 to 156 (both inclusive) of the Law.

## NOTICES

133. A notice may be given by the Company to any Member either personally or by sending it by post, email or facsimile to him or to his registered address. Where a notice is sent by post, service of the notice shall be deemed to be effected, provided that it has been properly mailed, addressed, and posted, at the expiration of 24 hours after same is posted. Where a notice is sent by email or facsimile it shall be deemed to be effected as soon as it is sent, provided there will be the relevant transmission confirmation.

134. A notice may be given by the Company to the joint holders of a share by giving the notice to the joint holder first named in the register of Members in respect of the share.

135. A notice may be given by the Company to the persons entitled to a share in consequence of the death or bankruptcy of a Member by sending it through the post in a prepaid letter addressed to them by name, or by the title of representative of the deceased, or trustee of the bankrupt, or by any like descriptions, at the address, if any, supplied for the purpose by the persons claiming to be so entitled, or (until such an address has been so supplied) by giving the notice in any manner in which the same might have been given if the death or bankruptcy had not occurred.

136. Notice of every General Meeting shall be given in any manner herein-before authorised to:

(a) every Member except those Members who have not supplied to the Company a registered address for the giving of notices to them;

(b) every person upon whom the ownership of a share devolves by reason of his being a legal personal representative or a trustee in bankruptcy of a Member where the Member but for his death or bankruptcy would be entitled to receive notice of the meeting; and

(c) the auditor for the time being of the Company.

No other person shall be entitled to receive notices of General Meetings.

## WINDING UP

137. If the Company shall be wound up the liquidator may, with the sanction of an extraordinary resolution of the Company and any other sanction required by the Law, divide amongst the Members in specie or kind the whole or any part of the assets of the Company (whether they shall consist of property of the same kind or not) and may for such purpose set such value as he deems fair upon any property to be divided as aforesaid and may determine how such division shall be carried out as between the Members or different classes of Members. The liquidator may, with the like sanction, vest the whole or any part of such assets in trustees upon such trusts for the benefit of the contributories as the liquidator, with the like sanction, shall think fit, but so that no Member shall be compelled to accept any shares or other securities whereon there is any liability.

## INDEMNITY

138. Every Director or other officer for the time being of the Company shall be indemnified out of the assets of the Company against any losses or liabilities which he may sustain or incur in or about the execution of his duties including liability incurred by him in defending any proceedings whether civil or criminal in which judgment is given in his favour or in which he is acquitted or in connection with any application under section 383 of the Law in which relief is granted to him by the Court and no Director or officer of the Company shall be liable for any loss, damage or misfortune which may happen to or be incurred by the Company in the execution of the duties of his office or in relation thereto. But this clause shall only have effect insofar as its provisions are not avoided by section 197 of the Law.

[Handwritten margin notes: Addition of a new regulation (136A) by special resolution dated 23/1/02 see R20. Addition of new regulations 139 & 40 by special resolution dated 23/1/02 See R20]

NAMES, ADDRESSES AND DESCRIPTION OF SUBSCRIBERS

ABACUS (CYPRUS) LIMITED

........Sophia Ioannou..............
Limited Liability Company
Julia House
1st floor
3 Themistocles Dervis Street
Nicosia – Cyprus
Registration No: 14002

Dated this 2nd day of ............1.1............ 2003.

Witness to the above signatures: Xenia Georgiou
                                 Dali
                                 9 El. Venizelou Street
                                 Private employer

I confirm that I settled the
above Memorandum and Articles of
Association of the Company

Sgd ........................
Elena Nicolaides
Advocate.
Sofouli 29
Chanteclair Bl. 406
P O Box 24314
Nicosia 1703

specenglish

TRANSLATED TRUE COPY
FOR REGISTRAR OF COMPANIES
16/11/07

33

## Alpren Limited

Following a written decision by all members of the above company dated 27 January 2006, in accordance with paragraph 80 of the company's articles of association the following resolution was approved:

**SPECIAL RESOLUTION**

1.  **THAT** the Articles of Association of the Company be amended as follows:

A.  By the addition of the following definition in Regulation 1 immediately after the definition of "the secretary":

" Loan Agreement" means a certain facility agreement dated on or about 31 January 2006 as amended varied or supplemented from time to time made between Credit Suisse, London Branch (the "Lender"), Alfa Telecom Limited (the "Guarantor") and the Company and Alpren Limited (the "Borrowers") whereby the Lender has agreed to make available to the Borrowers n loan facility in the amount of up to U$D450.000.000."

B.  By the addition of the following Regulation 138A:

" 138A.  Notwithstanding any other provision in the present Regulation, the Company shall not:

(a) Issue or allot or grant any options over or in respect of, any new shares or debentures or any other securities of any nature in the capital of the Company or do any act would could dilute or affect the investment or equity holding of any Member in the Company except as expressly permitted under the Loan Agreement.

(b) Recognise, register or accept any Member assigning, transferring or selling or disposing or pledging or encumbering in any way its shareholding interest in the share capital of the Company, other than pursuant to any security interest granted in connection with or under the Loan Agreement.

(c) Incur any Financial Indebtedness (as defined in the Loan Agreement) except as expressly permitted under the Loan Agreement.

(d) Declare or pay any dividend and/or distribution under or in respect of any of the shares in share capital of the Company except as expressly permitted pursuant to the Loan Agreement.

C. By the addition of a new Regulation. 28A:

**"Notwithstanding anything contained in these Regulations, the directors shall not decline to register any transfer of shares, nor may they suspend registration thereof where such transfer is executed by any bank or institution to whom such shares have been charged or pledged by way of security, or by any nominee of such bank or institution, pursuant to the power of sale under such security, and a certificate by any official of such bank or institution that the shares were so charged or pledged and the transfer was so executed shall be conclusive evidence of such facts".**

D. By the addition of the following sentence at the beginning of Regulation 5:

**"Subject to the provisions of Regulation 138A..."**

E. By the addition of the following sentence at the beginning of Regulation 6:

**"Subject to the provisions of Regulation 138A..."**

F. By the addition of the following sentence at the beginning of Regulation 27:

**"Subject to the provisions of Regulation 138A..."**

G. By the addition of the following sentence at the beginning of Regulation 29:

**"Subject to the provisions of Regulation 138A..."**

H. By the addition of the following sentence at the beginning of Regulation 34:

**"Subject to the provisions of Regulation 138A..."**

I. By the addition of the following sentence at the beginning of Regulation 50:

**"Subject to the provisions of Regulation 138A..."**

J. By the addition of the following sentence at the beginning of Regulation 51:

**"Subject to the provisions of Regulation 138A..."**

K. By the addition of the following sentence at the beginning of Regulation 86:

**"Subject to the provisions of Regulation 138A..."**

L.  By the addition of the following sentence at the beginning of Regulation 87:

**"Subject to the provisions of Regulation 138A..."**

M.  By the addition of the following sentence at the beginning of Regulation 116:

**"Subject to the provisions of Regulation 138A..."**

N.  By the insertion of a new Regulation 139:

"Notwithstanding anything contained in the Memorandum of Association of the Company the sole subject of activity of the Company shall be the holding of participants interests in Storm LLC a limited liability company registered in Ukraine as company number 23163325 ("**Storm**"), the exercise of any and all rights and obligations associated with or related to such shareholding and the entry into documents in connection with borrowings from Credit Suisse, London Branch and the lenders from time to time under the Loan Agreement. The Company shall not engage into or carry out. any other business activity of any nature whatsoever."

O.  By the insertion of a new Regulation 140:

"The Company shall at all times exercise all rights it has as a participant in Storm solely In compliance with its obligations pursuant to its borrowing from Credit Suisse, London Branch and the lenders from time to time under the Loan Agreement."

**CertifiedTrue copy**

........[signature]........
Sophia Ioannou
For Abacus Secretarial Limited
Secretary

TRANSLATED
TRUE COPY
[signature]
FOR REGISTRAR OF COMPANIES
16/11/03

# Alpren Limited

Following a written decision by all members of the above company dated 22 May 2007, in accordance with paragraph 80 of the company's articles of association the following resolution was approved:

## SPECIAL RESOLUTION

1. **THAT** the Articles of Association of the Company be amended as follows:

A. By the deletion of the existing definition of "Loan Agreement" in Regulation 1 immediately after the definition of "the secretary" and its substitution with the following new definition:

" Loan Agreement" means a certain facility agreement dated on or about 9 March 2006 as amended and restated on 27 April 2007 and as further amended, varied or supplemented from time to time made between Credit Suisse, London Branch (the "Original Lender"), Altimo Holdings & Investments Limited (the "Guarantor") and the Company and Hardlake Limited (the "Borrowers") whereby the Lender has agreed to make available to the Borrowers n loan facility in the amount of up to U$D750.000.000."

CertifiedTrue copy

..................
Sophia Ioannou
For Abacus Secretarial Limited
Secretary

TRANSLATED
TRUE COPY

FOR REGISTRAR OF COMPANIES

16/11/07