Robert L. Sills (RS 8896)
Jay K. Musoff (JM 8716)
Orrick, Herrington & Sutcliffe LLP
666 Fifth Avenue, New York, New York 10103
Telephone: (212) 506-5000
Facsimile: (212) 506-5151
Attorneys for Petitioner

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x

TELENOR MOBILE COMMUNICATIONS AS,

                Petitioner,

    -against-

STORM LLC,

                Respondent,

    -and-

ALTIMO HOLDINGS & INVESTMENTS
LIMITED, HARDLAKE LIMITED AND ALPREN
LIMITED,

                Additional Contemnors.

------------------------------------------------------------------ x

07 Civ. 6929 (GEL)

ECF Case

DECLARATION OF
TROND MOE

      I, **TROND MOE**, declare the following to be true:

      1.     I am the Country Manager for Ukraine for Telenor ASA ("Telenor"). Prior to serving as head of Telenor's representative office in Ukraine, I was the CFO and Vice President of Closed Joint Stock Company "Kyivstar G.S.M." ("Kyivstar"). I have widespread international experience through having served in top management positions at Telenor companies in Ukraine, Russia, Bangladesh and Norway. I make this declaration at the request of Telenor Mobile Communications AS

("Telenor Mobile") and pursuant to 28 U.S.C. § 1746 in support of Telenor Mobile's motion to have Storm LLC ("Storm"), Altimo Holdings & Investments Limited ("Altimo"), Alpren Limited ("Alpren") and Hardlake Limited ("Hardlake" and, together with Storm, Altimo and Alpren, collectively, the "Altimo Entities"), held in contempt of this Court's November 2, 2007 Opinion and Order confirming the Final Award in the arbitration between Telenor Mobile and Storm, issued on August 1, 2007. I am very familiar with the facts and issues involved in this case.

2. I understand that E.C. Venture Capital S.A. ("E.C. Venture") is a Swiss company that, in 2004, purportedly sold its interest in Storm to Alpren, a wholly-owned subsidiary of Altimo. On November 29, 2007, the Kyiv Region Commercial Court of Ukraine issued a decision (the "E.C. Venture Order") purporting to: (1) hold the agreement between E.C. Venture and Alpren relating to the sale and purchase of E.C. Venture's interest in Storm null and void; (2) enjoin Storm and its officers from taking any actions on behalf of Storm; and (3) attach all of Storm's assets, including its shares in Kyivstar.

3. On December 20, 2007, Vladimir Jmak, a former director of Kyivstar nominated by Storm, who is now employed by Kyivstar and who is not an employee of Storm or any of the Altimo Entities, telephoned me to discuss the E. C. Venture Order, which had been the subject of press coverage in Ukraine.

4. Mr. Jmak informed me that he knew the former owner of E.C. Venture, Mr. Vladimir Kishenin, from previous business with Storm. Mr. Jmak said that he recently telephoned Mr. Kishenin to inquire about the current press articles concerning E.C. Venture and the purportedly nullified sale of its shares.

5.  Mr. Jmak said Mr. Kishenin had told him that representatives of the Alfa Group Consortium, the parent of the Altimo Entities (the "Alfa Group"), had approached Mr. Kishenin recently, offering to buy E.C. Venture. According to Mr. Jmak, because the price offered by the Alfa Group was attractive and E.C. Venture had no assets, Mr. Kishenin saw no reason not to sell E.C. Venture to the Alfa Group and later did so. Based on this conversation and the E.C. Venture Order, I have no doubt that E.C. Venture is now under the direct ownership and control of the Alfa Group.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 22nd day of January, 2008

_____
TROND MOE