Robert L. Sills (RS 8896)
Jay K. Musoff (JM 8716)
Orrick, Herrington & Sutcliffe LLP
666 Fifth Avenue
New York, New York 10103
Telephone: (212) 506-5000
Facsimile: (212) 506-5151
Attorneys for Petitioner


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
                                    :

TELENOR MOBILE COMMUNICATIONS AS,

                         Petitioner,      :

           -against-            :

                                      :       07 Civ. 6929 (GEL)
STORM LLC,

                                      :       ECF Case
                       Respondent,

                                      :

           -and-                 **DECLARATION OF**
                                      :       **TROND WESTLIE**
ALTIMO HOLDINGS & INVESTMENTS
LIMITED, HARDLAKE LIMITED AND ALPREN : 
LIMITED,

                                      :
                     Additional Contemnors.

                                      :
------------------------------------------------------------------ x

       I, **TROND WESTLIE**, declare the following to be true:

           1.       I am the Chief Financial Officer of Telenor ASA ("Telenor"). I

make this declaration at the request of Telenor Mobile Communications AS ("Telenor

Mobile") and pursuant to 28 U.S.C. § 1746 in support of Telenor Mobile's motion to

have Storm LLC ("Storm"), Altimo Holdings & Investments Limited ("Altimo"), Alpren

Limited ("Alpren") and Hardlake Limited ("Hardlake" and, together with Storm, Altimo

and Alpren, collectively, the "Altimo Entities") held in contempt of this Court's

November 2, 2007 Opinion and Order (the "Confirmation Order") confirming the Final

Award in the arbitration between Telenor Mobile and Storm, issued on August 1, 2007

(the "Final Award").

        2.      I have reviewed and am familiar with the Final Award. As part of

the Final Award, the Arbitration Tribunal (the "Tribunal") ordered that "Respondent

Storm, and anyone acting in concert with it, are enjoined from taking any actions to

hinder or preclude Claimant Telenor, Ernst & Young and their related entities from

carrying our their rights and obligations under the Shareholders Agreement or other

pertinent agreements with Kyivstar." (Petition of Telenor Mobile to Confirm Arbitration

Award dated August 1, 2007, Ex. C at p. 68).

        3.      The Tribunal also enjoined Storm and the Altimo Entities from the

commencement or prosecution of any and all court actions in connection with the

Shareholders Agreement dated January 30, 2004 among Telenor Mobile, Storm and

Closed Joint Stock Company "Kyivstar G.S.M." ("Kyivstar"), including the actions by

which Storm and Alpren obtained injunctions preventing Ernst & Young from auditing

Kyivstar.

        4.      As a result of those injunctions, Ernst & Young, Telenor's auditor

(and who has also served as Kyivstar's auditor), required that Telenor deconsolidate

Kyivstar's financial results from Telenor's consolidated financial statements. A true and

correct copy of Telenor's press statement announcing that deconsolidation is attached

hereto as Exhibit A.

2

5.    I understand that the three injunctions issued by the Ukrainian courts purporting to prohibit Ernst & Young from proceeding with its audit of Kyivstar's financial statements have been terminated. A true and correct copy of Telenor's press statement announcing the termination of those injunctions is attached hereto as Exhibit B.

6.    Although as a consequence of the termination of the three injunctions, Telenor can now obtain financial information from Kyivstar, that financial information is unaudited and Telenor still cannot consolidate Kyivstar's financial results with Telenor's financial statements. A true and correct copy of Telenor's press statement announcing its receipt of financial information from Kyivstar is attached hereto as Exhibit C.

7.    As a result of their continued boycott of meetings of Kyivstar's shareholders and Board of Directors (the "Board"), Storm and its affiliates continue to prevent the approval of changes to Kyivstar's charter that are necessary for the election of a new Board. The Board is the only corporate body of Kyivstar that can approve the engagement by Kyivstar of Ernst & Young or any other international auditor Kyivstar might wish to engage.

8.    On December 14, 2007, Ernst & Young informed Telenor that, to include Kyivstar's financial results in Telenor's consolidated financial statements, under International Accounting Standard ("IAS") 27, Telenor needs to demonstrate control over Kyivstar, which is defined in IAS 27 as "the power to govern the financial and operating policies of [the] entity so as to obtain benefits from its activities", and that "restored and stable corporate governance including an appropriate elected Board of Directors in compliance with the Award, is a prerequisite for Telenor to be able to demonstrate

3

control over Kyivstar". A true and correct copy of that letter is attached hereto as Exhibit D.

       9.    Ernst & Young's conclusion is directly attributable to Storm and its affiliates' refusal to attend meetings of the Kyivstar shareholders and Board.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 22nd day of January, 2008 at Fornebu, Norway.

TROND WESTLIE