Lynch, J

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

TELENOR MOBILE COMMUNICATIONS AS,

                 Petitioner,

      -against-

STORM LLC,

                 Respondent,

      -and-

ALTIMO HOLDINGS & INVESTMENTS
LIMITED, HARDLAKE LIMITED AND ALPREN
LIMITED,

                 Additional Contemnors.

------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/7/08

07 Civ. 6929 (GEL)

ECF Case

## STIPULATION AND PROTECTIVE ORDER

      Good cause appearing, and in conformance with the agreement of Altimo Holdings & Investments Limited ("Altimo"), Alpren Limited ("Alpren") and Hardlake Limited ("Hardlake") (collectively "Altimo et al.")[1], Storm LLC, and Telenor Mobile Communications AS:

      IT IS STIPULATED BETWEEN AND AMONG THE UNDERSIGNED that this Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure be entered.

      1.     This Protective Order shall be applicable to and govern all depositions; documents produced in response to requests for production of documents; and all other discovery taken pursuant to the Federal Rules of Civil Procedure; together with any other information

---

[1] Altimo et al.'s participation in discovery and this agreement is not an admission or concession of party status and is made without prejudice to Altimo et al.'s claims and defenses, which are expressly reserved.

hereafter furnished, directly or indirectly, by or on behalf of any producing person in connection with this action that such person designates as "Confidential" and that such person in good faith believes comprises or reflects (A) confidential business plans, strategies, methods or information, financial data, contracts or agreements; or (B) other sensitive non-public information that, if improperly disclosed, is likely to cause the producing person commercial harm. A producing person may also designate discovery materials provided in this litigation as "Confidential Attorneys' Eyes Only" when that person has a good faith belief that such materials require a heightened level of protection.

2. Any document produced in this action that was previously produced in a litigation, investigation or other proceeding shall be treated as "Confidential" if it was labeled in that litigation, investigation or other proceeding as "Confidential", "Subject to Protective Order" or bears any other designation indicating that its confidentiality should be preserved.

3. Material produced in this litigation, including depositions and documents, whether or not designated "Confidential" or "Confidential Attorneys' Eyes Only" shall be used by any recipient solely for the purpose of conducting this litigation, and not for any other purpose whatsoever, and such material shall not be disclosed to anyone except as provided herein, or as required by law, rule, regulation or order.

4. Any information or document produced by any producing person as part of discovery in this action may be designated by such person pursuant to Paragraphs 5 through 7 of this Protective Order.

5. The designation of information or documents for purposes of this Protective Order shall be made in the following manner by the producing party seeking protection:

2

      a.     In the case of documents, exhibits, briefs, or memoranda: by affixing a plainly visible confidentiality designation legend to: (i) each page containing any confidential information or material; or (ii) physically on the outside of any media for storing electronic documents, at the time such documents are produced or such information is disclosed, or as soon thereafter as the producing person seeking protection becomes aware of the confidential nature of the information disclosed and sought to be protected hereunder. The term "document," as used in this Protective Order, shall have the broadest meaning permissible under the Federal Rules of Civil Procedure and shall include, without limitation, all "writings," "recordings" and "photographs" as defined in Rule 1001 of the Federal Rules of Evidence, and any information stored in or through any computer system or other electronic or optical data storage device.

      b.     In the case of depositions or other testimony: (i) by a statement on the record, by counsel, during such deposition or other proceeding that the entire transcript or a portion thereof shall be designated hereunder; or (ii) by written notice of such designation sent by counsel to all parties within two (2) days after the receipt by email or otherwise to counsel by the court reporter of the transcript. At or before a deposition or other proceeding, the deponent or his counsel, or any other counsel of record, acting in good faith, may invoke the provisions of this Protective Order in a timely manner, giving adequate warning to counsel for the party or nonparty that testimony about to be given is deemed protected under this Protective Order. The parties shall treat all deposition and other testimony as protected to the fullest extent under this Protective Order until the expiration of ten (10) days after the mailing (via next business day delivery) to counsel of the transcript. Unless designated as confidential pursuant to this Protective Order, any confidentiality is waived after the expiration of the ten-day period unless otherwise stipulated or ordered. The parties may modify this procedure for any particular

deposition or proceeding through agreement on the record at such deposition or proceeding or otherwise by written stipulation, without approval of the Court. If any document designated under this Protective Order is used during the course of a deposition or other proceeding, that portion of the record reflecting such confidential information shall also be treated with the same confidential protection as that document.

6. Information or documents designated as "Confidential" under this Protective Order, or copies or extracts therefrom and compilations thereof, may be disclosed, described, characterized, or otherwise communicated or made available in whole or in part only to the following qualified persons:

a. Outside counsel of record in this litigation and staff and supporting personnel of such attorneys, such as paralegals, secretaries, stenographic and clerical employees and contractors, and outside copying, imaging and presentation services, who are working on this litigation under the direction of such attorneys and to whom it is necessary that the materials be disclosed for purposes of this litigation;

b. In-house counsel for the parties herein who are participating in this litigation and staff and supporting personnel of such attorneys;

c. The directors, officers or executives of the parties to this litigation;

d. Subject to Paragraph 9, persons who are expressly retained or sought to be retained by a party as consultants or testifying experts, provided that the disclosure of such material to any person under this subparagraph shall only be to the extent necessary to perform their work in connection with this litigation;

4

    e. Any other person who is designated to receive material designated "Confidential" by order of this Court after notice to the parties, or by written stipulation of the parties;

    f. Subject to Paragraph 10 herein, any person of whom testimony is taken in this action;

    g. The Court and Court personnel;

    h. Court reporters, interpreters and videographers employed in connection with this action.

  7. Information or documents designated as "Confidential Attorneys' Eyes Only" under this Protective Order, or copies or extracts therefrom and compilations thereof, may be disclosed, described, characterized, or otherwise communicated or made available in whole or in part only to persons identified above in Paragraph 6 with the exception of parties to this litigation and in-house counsel for the parties.

  8. For the purposes of this Protective Order, a consultant shall be restricted to a person who is retained or employed as a bona fide consultant or expert for purposes of this litigation, by or at the direction of counsel for a party. The name, business address, curriculum vitae ("CV") and affiliation of each such consultant or expert must be disclosed to the designating party at least five (5) days prior to the consultant's or expert's review of material designated under this Protective Order. The CV shall contain a list of all present employers/clients as well as all past employers/clients for the 36 months preceding the date of employment in this case. During that five-day period, counsel for the designating party shall have the opportunity to oppose the proposed disclosure. Any party opposing disclosure shall within the five-day period provide the other party with a written objection, setting forth in

5

reasonable detail the specific grounds for such opposition. If no written objection is received by 5:00 p.m., Eastern time, on the fifth day following the date of disclosure of the identity of the proposed consultant or expert, then the party seeking to disclose may do so and failure to object shall constitute waiver of the specific objection. However, after the five-day period has expired without objection, a party may still move the Court to allow it to object if it can show: a) there is new, material information, which was not available to the objecting party within the five-day objection period; and b) had the objecting party been aware of the information at the time, it would have objected. In the event that an objection is received, the objecting party shall, within two (2) days send to the other party by facsimile or next business day delivery its portion of a joint discovery dispute letter. Within three (3) court days of receipt of such portion of the joint letter, the party seeking to disclose shall send its portion of the joint letter to the objecting party by facsimile or next business day delivery. Within one (1) day of receipt of both portions of the joint letter, the objecting party shall submit the joint letter to the Court and a hearing shall be scheduled at the Court's earliest convenience. In the event such resolution by the Court is necessary, the material at issue shall not be disclosed to the consultant or expert pending resolution of the issue by the Court.

9.  Each person set forth in Paragraphs 6 and 7 of whom testimony is to be taken, may be examined during a deposition or other proceeding concerning any document designated under this Protective Order that such person had lawfully received or authored prior to and apart from this action. During examination, any such witness may be shown any document designated under this Protective Order by a producing person that appears on its face or from other documents or testimony to have been received or authored by such witness from, or communicated to such witness by that producing person.

10. All information and documents designated under this Protective Order shall be kept in a manner intended to preserve confidentiality. Access to those facilities shall be permitted only to those persons set forth in Paragraphs 6 and 7. The recipient of any material designated under this Protective Order shall use its best efforts to maintain the confidentiality of such material.

11. Nothing contained in this Protective Order shall affect the right of any party to make any objection, claim any privilege, or otherwise contest any request for production of documents, subpoena, or question at a deposition or to seek further relief or protective order from the Court as permitted by the Federal Rules of Civil Procedure. Nothing in this Protective Order shall constitute an admission or waiver of any claim or defense by any party.

12. In the event that any material designated under this Protective Order is used, described, characterized, excerpted or referenced in, or attached to, any court proceeding or submission in connection with this litigation: (i) it shall not lose its confidential status through such use; (ii) the parties shall take all steps reasonably required to protect its confidentiality during such proceedings; and (iii) the party shall file such material under seal, except that upon the default of the filing party to so designate, any party may do so. Envelopes used to seal such material shall carry the notation: "SUBJECT TO PROTECTIVE ORDER - FILED UNDER SEAL" and shall comply with all requirements of the Court for filing material under seal. Envelopes so marked shall be delivered sealed to the Clerk of the Court and the contents thereof shall not be made available for public inspection. Counsel for the designating party shall have the opportunity to oppose any request for public inspection.

13. Any information or document produced by nonparties, pursuant to subpoena or otherwise, may be designated pursuant to the terms of this Protective Order by any party or nonparty.

14. A party shall not be obligated to challenge the propriety of the confidentiality designation of any material under this Protective Order at the time the designation is made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any state of these proceedings with a particular confidentiality designation, such party shall provide to the designating person a letter stating its objection to the designation and basis of that objection. The designating person shall respond by letter within three (3) days to such letter. If not resolved, the objecting party shall, within three (3) days of the designating person's letter response (or the lapse of the time period for such response) send to the designating person by facsimile or next business day delivery its portion of a joint discovery dispute letter. Within three (3) days of receipt of such portion of the joint letter, the designating person shall send its portion of the joint letter to the objecting party by fax or next business day delivery. Within one (1) day of receipt of both portions of the joint letter, the objecting party shall submit the joint letter to the Court and a hearing shall be scheduled at the Court's earliest convenience.

15. Nothing in this Protective Order shall preclude any producing person or its counsel: (a) from showing a document designated under this Protective Order to an individual who either prepared or reviewed the document prior to the filing of this action; or (b) from disclosing or using, in any manner or for any purpose, any information or document it has designated under this Protective Order.

8

16.  Nothing in this Protective Order shall prevent disclosure beyond the terms of this Protective Order if the designating person consents in writing to such disclosure, or if a court orders such disclosure. A producing person requested to disclose material designated under this Protective Order to a nonparty pursuant to a validly served subpoena, civil investigative demand, discovery procedure permitted under the Federal Rules of Civil Procedure, or other formal discovery request shall object to its production to the extent permitted by applicable law and notify the requesting nonparty of the existence of this Protective Order and that the material requested by the nonparty has been designated under this Protective Order, and shall further give notice of such request, by facsimile and next business day delivery, upon the producing person which designated the material as soon as is reasonably possible, but in all instances reasonably prior to the date on which such confidential material is to be produced to the nonparty.

17.  If a producing person inadvertently fails to designate any information or document, when producing or otherwise disclosing such material, it shall not be deemed a waiver in whole or in part of a claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. As soon as the receiving party is informed by the producing person that it is designating previously produced material as "Confidential" or "Confidential Attorneys' Eyes Only", the material must be treated as if it had been timely designated under this Protective Order, and the receiving party must endeavor in good faith to obtain all copies of the document which it distributed or disclosed to persons not authorized to access such information by Paragraphs 6 or 7 above, as well as any copies made by such persons.

18.     Entering into, agreeing to, and/or producing or receiving information or documents designated under this Protective Order, or otherwise complying with the terms of this Protective Order shall not:

    a.     prejudice in any way the rights of any producing person to object to the production of documents they consider not subject to discovery;

    b.     prejudice in any way the rights of any producing person to object to the authenticity or admissibility into evidence of any information or document subject to this Protective Order;

    c.     prejudice in any way the rights of any producing person to seek a determination by the Court whether any information or document should be subject to the terms of this Protective Order or to vacate or modify this Stipulation and Order; or

    d.     prejudice in any way the rights of any producing person to petition the Court for a further protective order relating to any purportedly confidential information.

19.     In the event that material in the possession or control of a person or entity involves the confidentiality rights of a nonparty or its disclosure would violate an existing protective order issued in another action, the producing person with possession or control of the material will promptly attempt to obtain the consent of the nonparty to disclose the material under this Protective Order. To the best of the parties' knowledge, information and belief, there is no existing protective order. If the consent of the nonparty is refused or otherwise cannot be obtained, the party will promptly thereafter notify the party seeking discovery by the written response due date for such discovery of: (a) the existence and description (to the extent disclosable) of the material without producing such information; and (b) the identity of the nonparty (provided, however, that such disclosure of the identity of the nonparty does not violate

any confidentiality obligations). The party seeking discovery may then make further application to the nonparty or seek an order compelling discovery.

20. Within sixty (60) days after the final termination of litigation between the parties, all material designated under this Protective Order and all copies thereof (including summaries and excerpts) shall be either returned to the person that produced it or destroyed and a certification of destruction supplied to the producing person; provided, however, that for each party, counsel who is entitled access to such designated material under Paragraphs 6 or 7 may retain one complete and unredacted set of its work product that contains designated material as well as pleadings and papers filed with the Court or served on the other party solely for reference in the event of, and only in the event of, further proceedings or litigation between the parties to this action, a dispute over such counsel's performance or a dispute over the use or dissemination of material designated under this Protective Order. Such retained copy of pleadings and papers shall be maintained in a file accessible only by properly authorized counsel under the provisions of, and bound by, this Protective Order. This Protective Order shall survive the final termination of this litigation with respect to any such retained confidential material.

21. If information or documents subject to a claim of attorney-client privilege, attorney work product or any other legal privilege protecting information from discovery is inadvertently produced to a party, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product or other ground for withholding production to which the producing person or other person would otherwise be entitled. In the event information or documents subject to a claim of attorney-client privilege, attorney work product or any other legal privilege is inadvertently produced, upon request of the producing person, the documents, together with all copies thereof and any notes made therefrom

11

shall promptly (and no later than two days after receipt of such request) be returned forthwith to the person claiming privilege and/or attorney work product protection without the need to show the production was inadvertent, unless the other parties contend the discovery material is not privileged or that such privilege has been waived. Nothing in this paragraph shall prejudice the right of the producing party to seek return of any such discovery material, documents and things as to which a claim of privilege has been made.

February 5, 2008

ORRICK, HERRINGTON & SUTCLIFFE LLP

by *[signature]*
Robert L. Sills (RS-8896)

666 Fifth Avenue
New York, NY 10103-0001
(212) 506-5000
rsills@orrick.com

*Attorneys for Petitioner Telenor Mobile Communications AS*

February 5, 2008

LOVELLS LLP

by *[signature]*
Pieter Van Tol (PVT-2455)

590 Madison Avenue
New York, NY 10022
(212) 909-0600
pieter.vantol@lovells.com

*Attorneys for Respondent Storm LLC*

February 5, 2008

CRAVATH, SWAINE & MOORE LLP

by [signature]
 Ronald S. Rolfe (RR-0846)

Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
(212) 474-1000
rrolfe@cravath.com

*Attorneys for Additional Contemnors Altimo Holdings & Investments Limited, Alpren Limited and Hardlake Limited*

**SO ORDERED:**

DATED: Feb. 7, 2008

[signature]
Hon. Gerard E. Lynch